CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART G
-----------------------------------------------------------------x

ARTHUR RANSOME HOUSES LP,                          :

                   Petitioner (Landlord),          :          **L&T Index No. 308781-23/NY**

    -against-                                        :

LEONARDA GARCIA,                                     :          **AFFIRMATION IN SUPPORT
                                                                OF MOTION**

                 Respondent (Tenant).          :

Address of the Subject Premises:                    :
151 West 123rd Street, Apartment 6C
New York, NY 10027                                   :
-----------------------------------------------------------------x

    **ELIZA CHUNG**, an attorney duly admitted to practice law before the Courts of the State

of New York, hereby affirms the truth of the following under penalty of perjury:

    1.     I am of counsel to Twyla Carter, Attorney-in-Chief of The Legal Aid Society and

attorney for Respondent Leonarda Garcia-Ramirez (hereinafter "Respondent"). As such, I am

fully familiar with the facts of this proceeding.

    2.     I make this affirmation in support of Respondent's motion for an Order:

    a)  Granting Respondent leave to interpose an amended answer, pursuant to

        CPLR § 3025(b); and, upon interposing Respondent's proposed verified

        amended answer, deeming Respondent's Proposed Verified Amended Answer

        served and filed *nunc pro tunc*; and upon deeming the Verified Answer served

        and filed.

    b)  Granting such further relief as this Court deems just and proper.

**FACTUAL AND PROCEDURAL HISTORY**

    3.     Upon information and belief, the basis of which is conversations with

NYSCEF DOC. NO. 11 Case 1:25-cv-08489 Document 1-8 Filed 10/14/25 Page 2 of 4 RECEIVED NYSCEF: 07/13/2023

Respondent, Respondent has lived at the subject premises for approximately 9 years.

4.      Petitioner purportedly served a rent demand on or about April 6, 2023. See Exhibit A – Rent Demand and Affidavit of Service for Rent Demand.

5.      Petitioner purportedly served a notice of petition and petition on or about May 6, 2023. See Exhibit B – Notice of Petition, Petition, and Affidavit of Service for Notice of Petition and Petition.

6.      Respondent filed a *pro se* answer on or about May 12, 2023. See Exhibit C.

7.      This proceeding first appeared on the calendar on May 22, 2023, during which Respondents were referred to The Legal Aid Society for representation and the proceeding was adjourned to July 17, 2023.

## GRANTING RESPONDENT LEAVE TO INTERPOSE AN AMENDED ANSWER

8.      This Court should allow Respondent to interpose an Amended Answer. Indeed, Respondent will be prejudiced if his newly retained counsel, The Legal Aid Society, is not permitted to assert appropriate defenses on her behalf.

9.      Respondent should be granted leave to amend her *pro se* answer. CPLR § 3025(b) empowers courts to grant leave to submit amended pleadings. Respondent's proposed verified amended answer is annexed hereto as Exhibit D.

10.     Leave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay. Fahey v. County of Ontario, 44 N.Y.2d 934, 408 N.Y.S.2d 315 (1978); McCasky, Davies and Associates, Inc. v. New York City Health & Hospitals Corp., 91 A.D.2d 972, 456 N.Y.S.2d 388 (1st Dept. 1981), *modif'd on these grounds*, 59 N.Y.2d 755, 463 N.Y.S.2d 434 (1983).

11.     Furthermore, "[t]he legal sufficiency or merits of proposed amendments will not

be examined on a motion to amend unless the insufficiency or lack of merit is clear and free from doubt." Sentry Insurance Co. v. Kero-Sun, Inc., 122 A.D.2d 204, 504 N.Y.S.2d 739 (2nd Dept. 1986).

12.     An amended answer is necessary in this case because Respondent has meritorious defenses and counterclaims that she should be permitted to raise.

13.     On information and belief, the basis of which is conversations with the Respondent, Respondent appeared *pro se*, and she had no legal background that would have facilitated her self-representation. Thus, Respondent was unaware of meritorious defenses she could have raised against Petitioner's claims.

14.     Among these defenses is that Respondent is not liable for the Section 8 share of the rent,

15.     The burden of proof is on Petitioner to show that it will be prejudiced or surprised by Respondents' proposed amended answer. Hickey v. Hutton, 182 A.D.2d 801, 802, 582 N.Y.S.2d 786, 787 (2nd Dept. 1992) citing Herrick v. Second Cuthouse, Ltd., 64 N.Y.2d 692, 485 N.Y.S.2d 514 (1984).

16.     However, here, Petitioner will not be prejudiced if an amendment to Respondent's answer is permitted, as the proposed amended answer does not allege facts that Petitioner is no longer in position to investigate. In fact, this information is entirely within the Petitioner's knowledge.

17.     On the other hand, refusing to permit Respondent to amend her answer will greatly prejudice her capacity to defend against the allegations made by Petitioner and will severely compromise Respondents' due process rights. See e.g., Harlem Restoration Project v. Alexander, N.Y.L.J. July 5, 1995, at 27:2 (N.Y. Civ. Ct. N.Y. Co.) citing Pignataro v. Balsamo,

108 A.D.2d 1086, 485 N.Y.S.2d 656 (3rd Dept 1985) ("Where a non-lawyer answers *pro se* and subsequently retains counsel, justice and fairness require such leave to amend their answers.").

18.    For the above stated reasons, the Court should grant Respondent's request for leave to amend her answer and deem the annexed proposed amended answer filed and served upon Petitioner *nunc pro tunc.*

**WHEREFORE**, the respondent respectfully requests this Court grant the accompanying motion as outlined above and award such other and further relief as may be just and proper.

Dated: July 12, 2023
          New York, New York

Yours,

Eliza Chung, Of Counsel
Twyla Carter, Attorney-in-Chief
The Legal Aid Society
Harlem Community Law Office
2090 Adam Clayton Powell, Jr. Blvd, 3rd Fl.
New York, New York 10027
(347) 213-0179
Echung@legal-aid.org
*Attorneys for Respondent*

To:    SDK Heiberger LLP
          205 East 42nd Street, 6th Floor
          New York, NY 10017
          (917) 351-1335
          info@sdkhlaw.com
          *Attorneys for Petitioner*