UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LEONARDA GARCIA,

                Plaintiff,

   -against-

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSE LP, and
PRESTIGE MANAGEMENT, INC.,

                Defendants.
------------------------------------------------------X

Case No. 1:25-cv-8489 (JGK)

**ANSWER**

Defendants Eric H. Kahan ("Kahan") and Sperber Kahan Law Group PLLC ("SKLG") (collectively, the "Attorney Defendants"), by their attorneys Kaufman Dolowich LLP, hereby answer the allegations in the Complaint ("Complaint") of Plaintiff Leonarda Garcia ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1.    Deny the allegations contained in paragraph "1" of the Complaint.

2.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

3.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4.    Deny the allegations contained in paragraph "4" of the Complaint, except admit that the Attorney Defendants have represented defendant Arthur Ransome Houses LP ("Ransome Houses").

5.    Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

## JURISDICTION AND VENUE

7. Paragraph "7" of the Complaint states legal conclusions and thus requires no response.

8. Paragraph "8" of the Complaint states legal conclusions and thus requires no response.

9. Paragraph "9" of the Complaint states legal conclusions and thus requires no response.

## PARTIES

10. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint, except admit that Plaintiff is a natural person.

11. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint, except admit that Ransome Houses is a New York limited partnership and was the petitioner in a proceeding against Plaintiff.

12. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint, except admit that SKLG is a law firm organized under New York law that engages in business in New York State.

15. Deny the allegations contained in paragraph "15" of the Complaint, except admit that SKLG was formed in 2024.

16. Deny the allegations contained in paragraph "16" of the Complaint.

17. Admit the allegations contained in paragraph "17" of the Complaint.

18. Deny the allegations contained in paragraph "18" of the Complaint.

19. Paragraph "19" of the Complaint states legal conclusions and thus requires no response. To the extent that a response is required, the allegations are denied.

## STATEMENT OF FACTS

20. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint.

23. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26. Paragraph "26" of the Complaint states a legal conclusion and thus requires no response.

27. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint and respectfully refer the Court to the alleged HAP contract for its content.

28. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint and respectfully refer the Court to the alleged HAP contract for its content.

29. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint and respectfully refer the Court to the alleged HAP contract for its content.

30. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint and respectfully refer the Court to the alleged HAP contract for its content.

31. Paragraph "31" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

32. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint and respectfully refer the Court to the cited exhibits for their content.

34. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint and respectfully refer the Court to the cited exhibits for their content.

38. Deny the allegations contained in paragraph "38" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

39. Deny the allegations contained in paragraph "39" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

40. Deny the allegations contained in paragraph "40" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

41. Deny the allegations contained in paragraph "41" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

42. Deny the allegations contained in paragraph "42" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

43. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint.

44. Deny the allegations contained in paragraph "44" of the Complaint, except admit that SDK Heiberger LLP and Kahan, as counsel for Ransome Houses, commenced the nonpayment proceeding titled, <u>Arthur Ransome Houses LP v. Garcia</u>, Index No. LT-308781-23/NY (the "2023

Proceeding"), and respectfully refer the Court to the pleadings in the 2023 Proceeding for their content.

45. Neither admit nor deny the allegations contained in paragraph "45" of the Complaint and respectfully refers the Court to the petition for its content.

46. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint.

47. Deny the allegations contained in paragraph "47" of the Complaint.

48. Deny the allegations contained in paragraph "48" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

49. Deny the allegations contained in paragraph "49" of the Complaint.

50. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint, except admit that Plaintiff interposed an answer in the 2023 Proceeding.

51. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint.

52. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Complaint, except admit that counsel from the Legal Aid Society filed a Notice of Appearance in June 2023.

53. Admit the allegations contained in paragraph "53" of the Complaint.

54. Deny the allegations contained in paragraph "54" of the Complaint, except admit that the parties entered into a stipulation adjourning the 2023 Proceeding to August 31, 2023 and respectfully refer the Court to the stipulation for its content.

55. Deny the allegations contained in paragraph "55" of the Complaint.

56. Deny the allegations contained in paragraph "56" of the Complaint.

57. Deny the allegations contained in paragraph "57" of the Complaint and respectfully refer the Court to the cited exhibits for their content.

58. Deny the allegations contained in paragraph "58" of the Complaint, except admit that the 2023 Proceeding was discontinued pursuant to a stipulation dated April 1, 2024, and respectfully refer the Court to the stipulation for its content.

59. Deny the allegations contained in paragraph "59" of the Complaint, except admit that SKH Heiberger LLP and Kahan, as counsel for Ransome Houses, commenced the nonpayment proceeding titled, <u>Arthur Ransome Houses LP v. Garcia</u>, Index No. LT-319223-24/NY (the "2024 Proceeding"), and respectfully refer the Court to the pleadings in the 2024 Proceeding for their content.

60. Deny the allegations contained in paragraph "60" of the Complaint, except admit that SKH Heiberger LLP executed the April 1, 2024 stipulation in the 2023 Proceeding as counsel.

61. Deny the allegations contained in paragraph "61" of the Complaint.

62. Deny the allegations contained in paragraph "62" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

63. Deny the allegations contained in paragraph "63" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

64. Deny the allegations contained in paragraph "64" of the Complaint and respectfully refer the Court to the cited exhibits for their content.

65. Deny the allegations contained in paragraph "65" of the Complaint and respectfully refer the Court to the pleadings in the 2024 Proceeding for their content.

66. Deny the allegations contained in paragraph "66" of the Complaint and respectfully refer the Court to the pleadings in the 2024 Proceeding for their content.

67. Neither admit nor deny the allegations contained in paragraph "67" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

68. Neither admit nor deny the allegations contained in paragraph "68" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

69. Deny the allegations contained in paragraph "69" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

70. Deny the allegations contained in paragraph "70" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

71. Deny the allegations contained in paragraph "71" of the Complaint and respectfully refer the Court to the cited exhibits for their content.

72. Deny the allegations contained in paragraph "72" of the Complaint and respectfully refer the Court to the cited exhibits for their content.

73. Deny the allegations contained in paragraph "73" of the Complaint, except admit that Plaintiff interposed a *pro se* answer in the 2024 Proceeding dated December 10, 2024, and respectfully refer the Court to that answer for its content.

74. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint, except admit that James Fishman of the Fishman Law Group, PLLC appeared as Plaintiff's counsel in the 2024 Proceeding.

75. Admit the allegations contained in paragraph "75" of the Complaint.

76. Deny the allegations contained in paragraph "76" of the Complaint, except admit that the parties to the 2024 Proceeding executed a stipulation dated December 17, 2024 and respectfully refer the Court to the stipulation for its content.

77. Deny the allegations contained in paragraph "77" of the Complaint, except admit that the parties to the 2024 Proceeding agreed to discontinue the 2024 Proceeding with prejudice pursuant to a stipulation dated January 27, 2025, that said stipulation was executed by the Attorney Defendants, and respectfully refer the Court to the stipulation for its content.

78. Deny the allegations contained in paragraph "78" of the Complaint, except admit that the parties to the 2024 Proceeding agreed to discontinue the 2024 Proceeding with prejudice pursuant to a stipulation dated January 27, 2025, and respectfully refer the Court to the stipulation for its content.

79. Deny the allegations contained in paragraph "79" of the Complaint.

80. Deny having knowledge or information to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint, except admit that the Attorney Defendants and Ransome Houses executed the January 27, 2025 stipulation, with defendant Prestige Management Inc. ("Prestige") as the agent for Ransome Houses.

81. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82. Deny the allegations contained in paragraph "82" of the Complaint, except admit that SKLG sent Plaintiff a letter dated April 8, 2025, and respectfully refer the Court to the letter for its content.

83. Deny the allegations contained in paragraph "83" of the Complaint, except admit that the Attorney Defendants submitted a Certification for Basis of Eviction Proceeding Against

9

Tenant Participating in the Section 8 Housing Choice Voucher Program dated May 8, 2025, and respectfully refer the Court to that document for its content.

84. Deny the allegations contained in paragraph "84" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

85. Deny the allegations contained in paragraph "85" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

86. Deny the allegations contained in paragraph "86" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

87. Deny the allegations contained in paragraph "87" of the Complaint and respectfully refer the Court to the cited exhibit for its content.

88. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint.

89. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Complaint.

90. Deny the allegations contained in paragraph "90" of the Complaint.

91. Deny the allegations contained in paragraph "91" of the Complaint.

92. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Complaint.

93. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Complaint.

94. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Complaint.

95. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Complaint.

96. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Complaint.

97. Deny the allegations contained in paragraph "97" of the Complaint.

98. Deny the allegations contained in paragraph "98" of the Complaint.

99. Deny the allegations contained in paragraph "99" of the Complaint.

100. Deny the allegations contained in paragraph "100" of the Complaint.

101. Deny the allegations contained in paragraph "101" of the Complaint.

102. Deny the allegations contained in paragraph "102" of the Complaint.

103. Deny the allegations contained in paragraph "103" of the Complaint.

104. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Complaint.

## ANSWERING THE FIRST CLAIM
### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*
### (Against Attorney Defendants)

105. In response to paragraph "105" of the Complaint, the Attorney Defendants repeat their responses to paragraphs "1" through "104" of the Complaint as if fully set forth herein.

106. Paragraph "106" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

107. Paragraph "107" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

108. Paragraph "108" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

109. Paragraph "109" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

110. Paragraph "110" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

111. Deny the allegations contained in paragraph "111" of the Complaint.

112. Deny the allegations contained in paragraph "112" of the Complaint.

113. Deny the allegations contained in paragraph "113" of the Complaint.

114. Deny the allegations contained in paragraph "114" of the Complaint.

115. Deny the allegations contained in paragraph "115" of the Complaint.

## ANSWERING THE SECOND CLAIM
### Violation of GBL § 349
### (Against All Defendants)

116. In response to paragraph "116" of the Complaint, the Attorney Defendants repeat their responses to paragraphs "1" through "115" of the Complaint as if fully set forth herein.

117. Paragraph "117" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

118. Deny the allegations contained in paragraph "118" of the Complaint.

119. Deny the allegations contained in paragraph "119" of the Complaint.

120. Deny the allegations contained in paragraph "120" of the Complaint.

121. Deny the allegations contained in paragraph "121" of the Complaint.

122. Deny the allegations contained in paragraph "122" of the Complaint.

123. Deny the allegations contained in paragraph "123" of the Complaint.

124. Deny the allegations contained in paragraph "124" of the Complaint.

125. Deny the allegations contained in paragraph "125" of the Complaint.

126. Deny the allegations contained in paragraph "126" of the Complaint.

127. Deny the allegations contained in paragraph "127" of the Complaint.

128. Deny the allegations contained in paragraph "128" of the Complaint.

### ANSWERING THE THIRD CLAIM
### Violation of New York Judiciary Law § 487
### (Against Attorney Defendants)

129. In response to paragraph "129" of the Complaint, the Attorney Defendants repeat their responses to paragraphs "1" through "128" of the Complaint as if fully set forth herein.

130. Paragraph "130" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

131. Paragraph "131" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

132. Deny the allegations contained in paragraph "132" of the Complaint.

### ANSWERING THE FOURTH CLAIM
### Negligence *Per Se* and Gross Negligence
### (Against all Defendants)

133. In response to paragraph "133" of the Complaint, the Attorney Defendants repeat their responses to paragraphs "1" through "132" of the Complaint as if fully set forth herein.

134. Deny the allegations contained in paragraph "134" of the Complaint.

135. Deny the allegations contained in paragraph "135" of the Complaint.

136. Deny the allegations contained in paragraph "136" of the Complaint.

137. Deny the allegations contained in paragraph "137" of the Complaint.

138. Paragraph "138" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

139. Paragraph "139" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

140. Paragraph "140" of the Complaint states a legal conclusion and thus requires no response. To the extent that a response is required, the allegations are denied.

141. Deny the allegations contained in paragraph "141" of the Complaint.

142. Deny the allegations contained in paragraph "142" of the Complaint.

143. Deny the allegations contained in paragraph "143" of the Complaint.

144. Deny the allegations contained in paragraph "144" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

145. Plaintiff has not suffered a concrete injury in fact sufficient to confer standing under Article III.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

146. Plaintiff has failed to state a claim against the Attorney Defendants upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

147. Plaintiff's claims against the Attorney Defendants are barred, in whole or in part, under the applicable statutes of limitation.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

148. Plaintiff's claims against the Attorney Defendants are barred, in whole or in part, under the doctrines of waiver and equitable estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

149. To the extent Plaintiff has sustained damages as alleged in the Complaint, which the Attorney Defendants expressly deny, such damages were the result of Plaintiff's own actions or inaction, or the result of intervening causes beyond the Attorney Defendants' control.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

150. To the extent Plaintiff has sustained damages as alleged in the Complaint, which the Attorney Defendants expressly deny, such damages were caused by third parties beyond the Attorney Defendants' control.

**WHEREFORE**, the Attorney Defendants respectfully pray for judgment as follows:

a. Dismissing the Complaint against the Attorney Defendants with prejudice; and

b. Awarding the Attorney Defendants interest, costs, attorneys' fees and all such other and further relief as the Court may deem just and proper.

Dated: Woodbury, New York
January 16, 2026

**KAUFMAN DOLOWICH LLP**

By: _____
Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendants*
*Eric H. Kahan*
*and Sperber Kahan Law Group PLLC*
135 Crossway Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

15