Telephone: (718) 522-7900  
Fax: (877) 496-7809

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

January 26, 2026

**VIA ECF**

District Judge John G. Koeltl  
United States District Court,  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

>  Re:  Letter motion for extension *nunc pro tunc* of time to file Order to Show Cause for a default judgement as to Defendant Arthur Ransome Houses L.P. *Garcia. v. Sperber Kahan Law Group PLLC, et al.,* 1:25-cv-08489-JGK

Dear Judge Koeltl:

The undersigned represents Plaintiffs in this action against Defendants Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan ("the Attorney Defendants"); Arthur Ransome Houses L.P. ("Ransome Houses"), a landlord which retained, directly or through a servicer, the Attorney Defendants to collect rental arrears against consumers including the Plaintiffs for debts which did not exist either in their entirety or in their alleged forms; and Prestige Management, Inc. ("Prestige"), a real estate management company which managed and oversaw Ransome Houses' residential portfolio. (Ransome Houses and Prestige are collectively the "Landlord Defendants.")

On December 24 the Court issued an order [Dkt. No. 23] stating, in relevant part:

> The time for all of the defendants to respond to the complaint is extended to January 16, 2026. If any defendant fails to respond to the complaint by that date, the plaintiff may file a proposed order to show cause for a default judgment against that defendant in accordance with the Local Rules and this Court's Individual Practices by January 23, 2026. If the plaintiff fails to move for a default judgment against any defendant who has not responded to the complaint against that defendant by that date, the case may be dismissed without prejudice against that defendant for failure to prosecute.

On January 20 I received an email from counsel Asher Kest asking for consent to an extension of time for Prestige to answer, to which I promptly consented. On January 22 Mr. Kest filed a notice of appearance and a consent application to extend the deadline for Prestige to answer. Today, co-counsel for Mr. Kest filed a notice of appearance. It was only today that I noticed the notice of appearance was only on behalf of one of the Landlord Defendants, Prestige (the property management company) only, and not the other Landlord Defendant, Ransome Houses, the owner of the building.

The thrust of the Complaint was that the property management company ("Prestige") was the agent of, and was taking the affirmative steps to collect for, the owner of the building ("Ransome Houses"). *See* Complaint (Dkt. No. 1, especially paragraphs 13, 14). In prior FDCPA cases brought by my office for similar claims, the same firm represented both the property management company and the owner of the building. Consequently, the undersigned had made an error in presuming the same firm would represent both Prestige and Ransome Houses. Reviewing the prior correspondence and filings in the case again today, obviously that is not the case. I made an error and apologize to the Court.

Plaintiff now moves for an extension, *nunc pro tunc*, to file a proposed order to show cause for a default judgment against Ransome Houses from January 23 to February 2. The slight extension would not delay the resolution of the case. The Attorney Defendants have only answered on January 16. Counsel for Prestige has only just noticed an appearance a few days ago and has requested a 30-day extension to file an answer. Indeed, judicial resources would be conserved rather than expended, as Ransome Houses may indeed answer in the interim. The length of the extension is due, in part, to the undersigned continuing to be unable to return to New York given the flight delays brought by the storm, and has limited computer access.

This is the first request for extension. Again, Plaintiff apologizes to the Court for the error and will be more diligent in the future.

Respectfully,
/s/
Ahmad Keshavarz