# AHMAD KESHAVARZ

*Attorney at Law*

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

February 2, 2026

**VIA ECF**

District Judge John G. Koeltl
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    **Default of Arthur Ransome Houses LP.**
>        ***Garcia. v. Sperber Kahan Law Group PLLC, et al.,*** **1:25-cv-08489-JGK**

Dear Judge Koeltl:

The undersigned represents Plaintiffs in this action against Defendants Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan ("the Attorney Defendants"); Arthur Ransome Houses L.P. ("Arthur Ransome"), a landlord which retained, directly or through a servicer, the Attorney Defendants to collect rental arrears against consumers including the Plaintiffs for debts which did not exist either in their entirety or in their alleged forms; and Prestige Management, Inc. ("Prestige"), a real estate management company which managed and oversaw Arthur Ransome's residential portfolio.

This action was commenced on October 14, 2025 by the filing of the summons and complaint. [DE 1]. A copy of the summons and complaint was served on the defendant Arthur Ransome Houses L.P. on October 24, 2025 by personal service on Alexander Jones, who is of suitable age and discretion and authorized agent at the New York Office of the Secretary of State, [DE 5]. Proof of service by the Process Server was filed on October 24, 2025. [DE 5]. Pursuant to Your Honor's Scheduling Order of December 18, 2025, Dkt. No. 23, after two Defendants failed to timely appear in this action and Plaintiff obtained certificates of default against those Defendants, Plaintiff served copies of the Scheduling Order on those Defendants, Prestige Management, Inc. and Arthur Ransome Houses L.P., via mail at the addresses registered with the New York Secretary of State, and filed proof of service on the docket. Dkt. No. 24. In response, Defendant Prestige Management, Inc. appeared in this action through counsel on January 22, 2026, after earlier informing Plaintiff's counsel that they would do so. Dkt. No. 28. Defendant Arthur Ransome Houses L.P., however, did not respond. Defendant Arthur Ransome Houses L.P. is the only Defendant who has not yet appeared in this action.

Plaintiff requests that the Court refrain from entering default judgment against Arthur Ransome Houses, L.P., until such time as a resolution of the case is reached as to the Answering Defendants. In support of this request, Plaintiff cites *Rivera v. Limassol Grocery Corp.*, 2019 WL 1320339 (E.D.N.Y. January 4, 2019), in which now-District Judge Sanket J. Bulsara, then a Magistrate Judge, held that entry of default against one defendant whose liability overlapped with the liability of other defendants, in the form of vicarious liability and joint and several liability, could lead to inconsistent judgments on the merits of an action. Arthur Ransome's

liability is inextricably tied to the liability of Prestige Management and closely related to the liability of the Attorney Defendants, and the concerns which counseled Judge Bulsara against a default judgment in *Rivera*, quoted below, apply equally in the instant case:

> In *Frow v. De La Vega*, decided in 1872, the Supreme Court explained that in a multi-defendant case where defendants are alleged to be jointly liable, entering a default judgment against only one party runs the risk of inconsistent judgments. 82 U.S. 552, 554 (1872). That is, there is a risk that the defaulting defendant is held liable, while the non-defaulting defendants that continue to litigate are found not liable. Such a result is inconsistent because joint liability requires all defendants to be found liable for any one of them to be liable. *Id.* ("If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill."). The proper course in such a situation is to postpone decision on the default judgment until the case against the litigating defendants concludes; if the litigating defendants lose, the default judgment can then be entered against the non-appearing defendant, and if the litigating defendants win, the default judgment motion should be denied. *Id.* ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."); *see also RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 414 (S.D.N.Y. 2009) ("More than 125 years ago, the Supreme Court held that when a defendant defaults in an action asserting joint liability, judgment should not be entered against the defaulting defendant until the matter has been resolved against the other defendants[.]") (quotations omitted), *aff'd*, 387 F. App'x 72 (2d Cir. 2010); *Peralta v. Roros 940, Inc.*, No. 11-CV-6242, 2016 WL 1389597, at *1 (E.D.N.Y. Apr. 6, 2016) (following *Frow* ) ("[W]hen one defendant defaults in a multi-defendant case, the district court should not enter a final decree on the merits against the defaulting defendant alone[.]"); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2690 (4th ed. 2018) ("[W]hen one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). "The purpose of this rule is to prevent the inconsistent judicial decrees that arise if a judgment is entered against the defaulting defendant while the non-defaulting defendants are relieved from liability after trial." *Peralta*, 2016 WL 1389597, at *1 (quotations omitted).

The *Frow* rule—that in a multi-defendant case, a default judgment should not be entered until litigation has completed against all parties—does not apply simply because there are multiple defendants in the case. Most of the modern cases dealing with *Frow* involve—as the original Supreme Court case did—situations where a plaintiff has asserted a claim for joint liability, *i.e.* a claim under which a defendant can only be liable if all other defendants are also liable. *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980) ("Joint or common liability arises when a tortious act is committed by several

persons acting in concert.").

The question most often raised in the modern context is whether *Frow* has any application outside of cases involving pure allegations of joint liability. (*Frow*, after all, pre-dates the Rules of Civil Procedure and its rules governing the entry of partial and final judgment and default, among others). Many cases have confronted whether *Frow* applies to claims asserting joint and several liability among defendants. *See, e.g., In re Uranium Antitrust Litig.*, 617 F.2d at 1256-58; *Viznai v. United Homes of N.Y., Inc.*, No. 07-CV-4173, 2009 WL 931178, at *1 (E.D.N.Y. Apr. 3, 2009). Courts have almost uniformly come to the conclusion that the *Frow* principle does not extend to a claim asserting joint and several liability, because there the liability of any one defendant is not dependent upon the liability of the other defendants. 10A Wright & Miller, *supra*, § 2690 ("[W]hen one party defaults while the action is still pending as to the others and the liability is several, relief may be available against each defendant and a judgment may be entered against the defaulting party. The liability of one defendant can be adjudicated without affecting the rights of others[.]"); *e.g., Friedman v. Lawrence*, No. 90-CV-5584, 1991 WL 206308, at *3 (S.D.N.Y. Oct. 2, 1991) ("In contrast, if the liability sought to be imposed is joint and several rather than joint, most courts have held that the rationale of *Frow* does not directly apply, since it would not be inconsistent to hold some but not all defendants liable."). Thus, *Frow* does not apply simply because there are multiple defendants and one has defaulted. Nor, however, is *Frow* only limited to cases asserting claims of joint liability. In this Circuit, *Frow* is interpreted narrowly but has still been applied in contexts beyond joint liability; as the Second Circuit has explained, "*Frow* controls in situations where the liability of one defendant necessarily depends upon the liability of others." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976).[2]

Vicarious liability is precisely that—a theory of liability where the liability of one defendant depends on that of another. Vicarious liability is "a theory by which a third party can be held responsible for a tort committed by another party." *Lai v. Deiorio Foods Inc.*, No. 15-CV-195, 2016 WL 814930, at *8 (N.D.N.Y. Feb. 29, 2016); *see also* 1 Joel W. Mohrman & Robert J. Caldwell, Handling Business Tort Cases § 3:1 (2015) ("Vicarious liability is liability for the tort of another. It is an indirect responsibility imposed by the law and is distinguishable from direct liability, which is established based upon a party's own acts, and joint liability, which is established based upon a party's actions taken in concert with another tortfeasor."). "The vicariously liable party has not committed any breach of duty to the plaintiff but is held liable simply as a matter of legal imputation of responsibility for another's tortious acts." Restatement (Third) of Torts: Apportionment Liab. § 13 cmt. c (2000). Vicarious liability cannot exist—that is, it is impossible for liability to be imputed from defendant to another—if there is no underlying liability. So, for example, it is impossible for a corporation to be vicariously liable for the acts of its employees, if the employees themselves engaged in no wrongful conduct.

Ultimately, "[t]he key in deciding whether to extend Frow outside situations in which liability is joint and several is to recognize that the Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent." 10A Wright

& Miller, *supra*, § 2690. Cases involving vicarious liability require consistency of judgments between defendants. It is inconsistent, for example, for a corporation to be held liable—solely on the basis of vicarious liability—if none of its employees are held liable. *See Jones v. Dep't of Hous. Pres. & Dev.*, No. 06-CV-2085, 2007 WL 582751, at *2 (S.D.N.Y. Feb. 22, 2007) ("It is a well-settled princip[le] that vicarious liability cannot exist without direct liability."). Inconsistent judgments would result if a court were to enter a default judgment against a defaulting corporation, while the individual whose liability would be imputed to the corporation continues to litigate and is potentially exonerated. *See Burg v. Brunswick Hosp. Ctr. Inc.*, No 85-CV-50, 1987 WL 19431, at *7 (E.D.N.Y. Oct. 23, 1987) ("When ... there is a substantial relationship between the parties requiring vicarious liability, as plaintiff here insists there is between the defaulting doctor and the hospital, then there is a danger of inconsistent verdicts if, for example, the party upon whom liability is imputed prevails at trial."); *see also In re Uranium Antitrust Litig.*, 617 F.2d at 1257 ("Several or independent liability, on the other hand, arises when one defendant is found to have committed a tort without the aid of other defendants. A finding of liability as to one defendant is consistent with a finding of no liability as to the others, *so long as there is no relationship between the parties requiring vicarious liability.*") (emphasis added); *So v. Land Base, LLC*, No.08-CV-3336, 2008 WL 11337735, at *4 (C.D. Cal. Oct. 7, 2008) ("[D]efault judgment is improper where the plaintiff seeks to hold the defaulting defendant vicariously liable for the acts of others against whom the action continues.").

As the resolution of this action with regards to the Answering Defendants is essential to determining the liability of Arthur Ransome, and a default judgment against Arthur Ransome could lead to inconsistent judgments in this action, Plaintiff respectfully requests that the Court refrain from entering default judgment against Arthur Ransome at this time.

Respectfully,
/s/
Ahmad Keshavarz