**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

LEONARDA GARCIA,                                          **Case No. 1:25-cv-08489**

                                        Plaintiff,

              - against -

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and
PRESTIGE MANAGEMENT, INC.,

                                        Defendants.

-------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRESTIGE
MANAGEMENT INC.'S RULE 12(b)(6) MOTION TO DISMISS**


                        **FURMAN KORNFELD & BRENNAN LLP**
                        *Attorneys for Defendant*
                        *PRESTIGE MANAGEMENT, INC.*
                        88 Pine St., 32nd Floor
                        New York, New York 10005
                        Tel:    (212) 867-4100
                        FKB File No.: 314.064


By Counsel:

Rachel Aghassi, Esq.
Asher Kest, Esq.

## **TABLE OF CONTENTS**                                    Page

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

FACTUAL BACKGROUND ........................................................................................ 3

     Plaintiff's Section 8 Subsidies ............................................................................. 3

     HPD does not Pay the Section 8 Subsidies ......................................................... 4

     The First Debt Action and Plaintiff Retains Counsel ......................................... 4

     The Second Debt Action ...................................................................................... 5

     Alleged Further Rent Collection Efforts ............................................................. 5

PROCEDURAL HISTORY .......................................................................................... 5

LEGAL STANDARD .................................................................................................... 6

LEGAL ARGUMENT ................................................................................................... 8

I.    GBL § 349 DOES NOT APPLY TO LANDLORD-TENANT DISPUTES
      OR LAWSUITS ................................................................................................. 7

  A.  GBL § 349 is Inapplicable to Plaintiff's Claims............................................. 7

  B.  Plaintiff does not Allege She was Misled ...................................................... 9

II.   PLAINTIFF CANNOT ASSERT LIABILITY AGAINST AN AGENT
      FOR ACTS BY ITS PRINCIPAL ................................................................. 10

  A.  Prestige Cannot be Liable for Acts by Ransome or Kahan ............................ 10

  B.  Plaintiff Cannot Assert Claims Against Ransome Regardless ...................... 12

III.   PLAINTIFF CANNOT ASSERT A CLAIM FOR NEGLIGENCE ................ 23

CONCLUSION ............................................................................................................ 25

i

## <u>TABLE OF AUTHORITIES</u>

Page

*435 Cent. Park W. Tenant Ass'n v. Park Front Apartments, LLC*,
56 Misc. 3d 772 (Sup. Ct. N.Y. Cty. 2017),
*aff'd as modified*, 164 A.D.3d 411 (1st Dept 2018) ........................................................8

*Angermeir v. Cohen*,
14 F. Supp. 3d 134 (S.D.N.Y. 2014) ..........................................................................9

*Aguaiza v. Vantage Props., LLC*,
69 A.D.3d 422 (1st. Dept. 2010) ................................................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................................6,7,15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..........................................................................................6,7,15

*Borrerro v. Haks Grp., Inc.*,
165 A.D.3d 1216 (2d Dept. 2018) ............................................................................14

*Brake v. Slochowsky & Slochowsky, LLP*,
504 F. Supp. 3d 103 (E.D.N.Y. 2020) ......................................................................9

*Collazo v. Netherland Prop. Assets LLC*,
2017 WL 947618 (Sup. Ct. N.Y. Cty. 2017) ...........................................................8

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991) ......................................................................................7

*Cosmas v. Hassett*,
886 F.2d 8 (2d Cir. 1989) .........................................................................................7

*DeJesus v. Sears Roebuck & Co.*,
87 F.3d 65 (2d Cir. 1996) .........................................................................................7

*Doherty v. Citibank (S. Dakota) N.A.*,
375 F. Supp. 2d 158 (E.D.N.Y. 2005) ....................................................................13

*Dunn v. Brown*,
261 A.D.2d 432 (2d Dept. 1999) ..............................................................................14

*Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*,
754 F.3d 136 (2d Cir. 2014) ....................................................................................7

*Finch v. Slochowsky & Slochowsky, LLP,*
2020 WL 5848616 (E.D.N.Y. 2020)....................................................................9

*Giraldo v. Kessler,*
694 F.3d 161 (2d Cir. 2012)...............................................................................7

*Hawkins-El v. First American Funding, LLC,*
891 F. Supp. 2d 402 (E.D.N.Y. 2012))............................................................14

*Haygood v. Prince Holdings 2012 LLC,*
186 A.D.3d 1157 (1st Dept. 2020)..................................................................8,9

*Hotel Constructors, Inc. v. Seagrave Corp.,*
99 F.R.D. 591 (S.D.N.Y. 1983) .......................................................................11

*In re Lernout & Hauspie Sec. Litig.,*
236 F Supp 2d 161 (D. Mass 2003) .................................................................11

*In re Ramus,* 23-60403,
2024 WL 3246406 (Bankr N.D. Ohio 2024) ...................................................11

*Jones v. Bank of Am. Nat. Ass'n,*
97 A.D.3d 639 (2d Dept. 2012) .......................................................................10

*Koppel v. 4987 Corp.,*
167 F.3d 125 (2d Cir. 1999)...............................................................................6

*Kugel v. Reynolds,*
228 A.D.3d 743 (2d Dept. 2024) .....................................................................11

*Kuklachev v. Gelfman,*
600 F. Supp. 2d 437 (E.D.N.Y. 2009) ...............................................................6

*Lautman v. 2800 Coyle St. Owners Corp.,*
2014 WL 2200909 (E.D.N.Y. 2014)...............................................................8,10

*MaGee v. Paul Revere Life Ins. Co.,*
954 F.Supp. 582 (E.D.N.Y.1997) ......................................................................8

*Maguire v. Citicorp Retail Servs., Inc.,*
147 F.3d 232 (2d Cir. 1998)..............................................................................13

*Morrow v. MetLife Invs. Ins. Co.,*
177 A.D.3d 1288 (4th Dept. 2019) ..................................................................14

*Nezry v. Haven Ave. Owner LLC*,
28 Misc. 3d 1226(A) (Sup. Ct. N.Y. Cty. 2010)....................................................8

*O'Brien v. Di Grazia*,
544 F.2d 543 n.3 (1st Cir. 1976)...........................................................................6

*Onfroy v. L. Offs. of Geoffrey T. Mott, P.C.*,
751 F. Supp. 3d 195 (E.D.N.Y. 2024) ...........................................................9,10,15

*Orlander v. Staples, Inc.*,
802 F.3d 289 (2d Cir. 2015)................................................................................7,9

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y.2d 20(1995)   ............................................................................................7

*Schmidt v. Bishop*,
779 F. Supp. 321, 324 (S.D.N.Y. 1991).................................................................15

*Stagl v. Delta Airlines, Inc.*,
52 F.3d 463 (2d Cir. 1995)...................................................................................13

*Starr v. Sony BMG Music Entm't*,
592 F.3d 314 (2d Cir. 2010).................................................................................15

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002).............................................................................................6

*Teller v. Bill Hayes, Ltd.*,
213 A.D.2d 141 (2d Dept. 1995) ...........................................................................8

*Trichell v. Midland Credit Mgmt., Inc.*,
964 F.3d 990 (11th Cir. 2020) .............................................................................10

*United Nat. Ins. Co. v. Tunnel, Inc.*,
988 F.2d 351, 353 (2d Cir. 1993)..........................................................................15

*Wahlstrom v. Metro-N. Commuter R. Co.*,
89 F. Supp. 2d 506 (S.D.N.Y. 2000)......................................................................15

*Wilson v. Nw. Mut. Ins. Co.*,
625 F.3d 54, 64 (2d Cir. 2010)...............................................................................8

## <u>STATUTES</u>

GBL § 349........................................................................................................... *passim*

Fed. R. Civ. Pro. § 12(b)(6) ..........................................................................1,6,7

This Memorandum of Law is respectfully submitted in support of Defendant Prestige Management, Inc.'s ("Prestige" or "Defendant") motion to dismiss the Complaint (the "Complaint") of Plaintiff Leonarda Garcia ("Plaintiff" or "Garcia"), pursuant to Fed. R. Civ. Pro. § 12(b)(6) with prejudice, and for such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

The instant action asserts claims predicated on an alleged violation of the Fair Debt Collection Practices Act ("FDCPA") against attorney Eric H. Kahan and Sperber Kahan Law Group PLLC (collectively, "Kahan"), for debt collection lawsuits (the "Debt Actions") against Plaintiff to collect rent arrears. The Complaint also tries to assert tenuous claims under New York's General Business Law § 349 and for negligence against defendant landlord Arthur Ransome Houses LP ("Ransome"), and Prestige, which is Ransome's agent. It is quite clear that the latter have no basis in law and must be dismissed, even if every factual assertion in the Complaint is true.

By way of background, the Complaint alleges that Plaintiff was overcharged rent, and then sued twice by Kahan, representing creditor Ransome, to collect rent Plaintiff avers she did not owe. Such assertions may create an FDCPA claim, but by law they unambiguously cannot create any other cause of action here.

***First***, a GBL § 349 claim requires that a defendant has engaged in "consumer-oriented conduct" that affects consumers at large; it is incontrovertible that private disputes between parties do not constitute a basis for § 349 claims. Thus, New York courts, and Federal courts applying New York law, have consistently and unambiguously held that landlord-tenant disputes do not create a basis for § 349 violations. It is black letter that even when landlord-tenant disputes concern

1

alleged rent overcharges and repeated rent collection lawsuits – exactly as alleged here – § 349's "consumer oriented" prerequisite does not apply.

GBL § 349 claims also require that the alleged violation was "materially misleading." This means that the "the least sophisticated consumer" would be misled by the consumer oriented act; but it also requires that plaintiffs themselves have been deceived and misled in order to state a claim. Both state and federal courts have again consistently held that if a complaint does not plead that the Plaintiff herself was misled, it is immaterial whether another purported consumer would be. The Complaint quite plainly does not, and cannot, assert that Plaintiff misbelieved she owed the disputed rent at any time.

**Second**, the entirety of the Complaint's factual assertions concern the Debt Actions by Kahan, for which Ransome was the Plaintiff, and other supposed acts by Ransome to collect rent. Although the Complaint disingenuously tries to invent a new role for Prestige by referring to Ransome and Prestige jointly as "Landlord Defendants," it is clear from the Complaint's own assertions (and common sense) that Prestige is a managing agent of Ransome, not a joint owner; indeed the Complaint specifically notes that: Prestige signed documents for Ransome "As Agent"; that Prestige was a "property management agent"; Prestige acted "in the course and scope of being agent for Ransome Houses"; Prestige was "the landlord's agent."

It is uncontroversial that while a principal may be vicariously liable for torts committed by its agent within the scope of the agent's duties, the reverse is not ordinarily true. There is not liability flowing from any alleged acts by Ransome to its agent Prestige, no matter how many times the Complaint asserts vague, conclusory assertions that Prestige was "involved."

In fact, although Ransome has not appeared in this action, it seems apparent that Plaintiff cannot even assert a meritorious claim against them regardless, let alone their agent. In addition to

2

the lack of any basis for a § 349 claim for the reasons discussed above, the law is quite clear that a creditor is not liable for acts of its debt collector agent under the FDCPA. Even if a creditor attempts to collect its own debt, it is not liable, absent specific exceptions.

*Third*, Plaintiff has not pleaded the basic elements of a negligence claim against Prestige. As is well known, a negligence claim requires a duty of care owed to the plaintiff; here, the Complaint cannot and does not assert any such duty by Prestige. The Complaint makes a half-hearted effort to assert that "creditors and debt collectors in general owe debtors a duty of reasonable care in collecting their debts," but it is undisputed that Prestige is neither a creditor nor a debt collector. The Complaint then tries to contend that "GBL § 349 also imposes on Defendants a duty to not engage in deceptive acts," but as discussed, § 349 is totally inapplicable to the instant assertions of fact.

Further, the Complaint asserts that the defendants committed "intentional wrongdoing," but New York Law is clear that negligence claims cannot be predicated on intentional acts, and must be dismissed.

Even if Plaintiff's assertions are true that she was overcharged rent, and improperly sued for rent, it cannot and does not create a cause of action pursuant to § 349, nor is there any basis for a negligence claim as against Prestige. The instant action is therefore subject to dismissal.

## FACTUAL BACKGROUND

### Plaintiff's Section 8 Subsidies

According to the Complaint, Plaintiff resides in an apartment building owned by Ransome. *See* Dkt. No. 1, Complaint, at ¶ 22. Plaintiff claims that she receives government housing assistance through Section 8. *Id.*, at ¶ 23.

**HPD does not Pay the Section 8 Subsidies**

The Complaint asserts that from May 2022 to February 2024, New York City Department of Housing Preservation and Development ("HPD") did not pay Plaintiff's housing subsidies to Ransome due to purported Housing Quality Standards ("HQS") violations. *Id*., at ¶ 37. The Complaint alleges that a tenant is not liable for Section 8 payments which are unpaid by HPD. *Id.*, at ¶ 30.

The Complaint contends that due to overcharges, she has overpaid a sum total of $699.36 in rent for the period of May 2023 through February 2024. *Id.*, at ¶ 35.

**The First Debt Action and Plaintiff Retains Counsel**

According to the exhibits annexed to the Complaint, on April 25, 2023, Kahan represented Ransome in an eviction lawsuit against Plaintiff entitled *Arthur Ransome Houses LP v. Leonarda Garcia*, Index No. LT-308781-23 (Civ. Ct. N.Y. Cty) (the "Debt Action"). *See* Dkt. No. 1-5, Complaint's Ex. E. The Debt Action sought $5,112.72 in rent arrears. *Id.* The Complaint avers that Plaintiff did not owe this back rent. *See* Complaint at ¶ 39. Prestige was not a party to the Debt Action.

The Complaint asserts that on May 1, 2023, Kahan "commenced" the Debt Action, described as a "non-payment of rent proceeding." *Id.*, at ¶ 44. Plaintiff later secured representation for the Debt Action from the Legal Aid Society. *Id.*, at ¶ 52.

Exhibits annexed to the Complaint demonstrate that on April 1, 2024, the parties stipulated to discontinue the Debt Action without prejudice, that the "petition is hereby satisfied," that Section 8 had resumed payments, and that Plaintiff's motion was withdrawn. *See* Dkt. No. 1-16, Complaint's Ex. P.

**The Second Debt Action**

On October 29, 2024, Kahan initiated another non-payment petition dwelling for its client Ransome, entitled *Arthur Ransome Houses LP v. Leonarda Garcia*, Index No. LT-319223-24 (Civ. Ct. N.Y. Cty) (the "Second Debt Action") (collectively with the Debt Action, the "Debt Actions"). *See* Dkt. No. 1-17, Complaint's Ex. Q. The Second Debt Action asserted unpaid rent of $11,712.91. *Id.* The Complaint alleges that Plaintiff did not owe these rental arrears. *See* Complaint at ¶ 61. This time Plaintiff retained Fishman law Group as her attorney. *Id.*, at ¶ 74. Prestige was not a party to the Second Debt Action.

On January 27, a stipulation was signed which "acknowledges that [Plaintiff] has paid her share of the rent for the subject apartment," and discontinued the Second Debt Action with prejudice. *See* Dkt. No. 1-23, Complaint's Ex. W.

**Alleged Further Rent Collection Efforts**

According to the Complaint's exhibits, on or about March 28, 2025, Plaintiff received a statement from "**ARTHUR RANSOME 151W123** c/o Prestige Management Inc." noting a balance of $12,478. *See* Dkt. No. 1-24, Complaint's Ex. X. On or about April 8, 2025, Kahan sent a letter to Plaintiff seeking that amount in rental arrears. *See* Dkt. No. 1-25, Complaint's Ex. Y.

The Complaint annexes an exhibit indicating that Plaintiff received a notice from "Arthur Ransome Houses LP c/o Prestige Management Inc" which advised of a balance of $13,237. *See* Dkt. No. 1-26, Complaint's Ex. Z.

## PROCEDURAL HISTORY

Plaintiff initiated the instant action on October 10, 2025. The Complaint asserts causes of action of violation of FDCPA against Kahan, violation of Judiciary Law § 487 against Kahan,

violation of GBL § 349 against all defendants, and negligence per se and gross negligence against all defendants. *See* Dkt. No. 1, Complaint.

At an initial conference held on February 11, 2026, the Court granted Prestige's request seeking leave to move to dismiss. *See* Dkt. No. 41.

## LEGAL STANDARD

### Fed. R. Civ. P. § 12(b)(6)

FRCP § 12(b)(6) provides that a party may assert a defense of "failure to state a claim upon which relief can be granted" by way of a motion to dismiss. In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all well-pleaded allegations, and view those allegations in the light most favorable to plaintiff. *See Koppel v. 4987 Corp.*, 167 F.3d 125 (2d Cir. 1999).

The allegations in an initiating pleading "must meet the standard of 'plausibility.'" *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 455 (E.D.N.Y. 2009). A plaintiff's complaint must contain factual allegations which are sufficient "to raise a right to relief above the speculative level" and not simply generic labels, broad conclusions, or formulaic recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Further, the Court should not credit "[t]hreadbare recitals of the elements of a cause of action" or "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Supreme Court has held that a complaint should not be dismissed unless there are no set of facts that the plaintiff could prove which would entitle him to relief (*see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)), the court has clarified that this standard should not be taken to mean that the court has a duty to "conjure up unpleaded facts." *Twombly*, 534 U.S. at 556 (quoting *O'Brien v. Di Grazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976)). The Second Circuit's view is consistent — a party must set forth sufficient facts to allege each element of their claim. *See*

*DeJesus v. Sears Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996). More specifically, a party must allege facts to demonstrate "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556.

For purposes of a motion to dismiss, a complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference (*see Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)), as well as documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit (*see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)). Furthermore, when deciding a motion to dismiss, the court can take judicial notice of relevant matters of public record. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012).

## LEGAL ARGUMENT

### POINT I
### GBL § 349 DOES NOT APPLY TO LANDLORD-TENANT DISPUTES OR LAWSUITS

#### A. GBL § 349 is Inapplicable to Plaintiff's Claims

Even if every assertion in the Complaint is true, Plaintiff still cannot state a GBL § 349 claim against Prestige. Whether or not FDCPA is applicable to the pleaded allegations, it is undeniable that § 349 is not.

To state a claim under § 349, a "plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). The first element, consumer-oriented conduct, means that "private contract disputes cannot form the basis of a § 349 claim." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 143 (2d Cir. 2014). Thus, a plaintiff must "demonstrate that the acts or practices have a broader impact on consumers at large." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). "New York courts have recognized that private

contract disputes between the parties do not fall within the ambit of the statute [§ 349]." *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010)(*citing MaGee v. Paul Revere Life Ins. Co.*, 954 F.Supp. 582 (E.D.N.Y.1997)("[T]he injury must be to the public generally as distinguished from the plaintiff alone."); *Teller v. Bill Hayes, Ltd.*, 213 A.D.2d 141 (2d Dept. 1995) ("[T]he deceptive act or practice may not be limited to just the parties.")).

It is uncontroversial and unambiguous that in New York, landlord-tenant disputes do not fall within the definition of "consumer oriented conduct." Dismissal of a § 349 claim is therefore required when "allegations of unlawfully deceptive acts and practices under General Business Law § 349 presented only private disputes between landlords and tenants, and not consumer-oriented conduct aimed at the public at large, as required by the statute." *Aguaiza v. Vantage Props., LLC*, 69 A.D.3d 422, 423 (1st. Dept. 2010). Indeed, New York "caselaw expressly holds that GBL § 349 does not apply to private landlord-tenant disputes." *Nezry v. Haven Ave. Owner LLC*, 28 Misc. 3d 1226(A) (Sup. Ct. N.Y. Cty. 2010); *see also Haygood v. Prince Holdings 2012 LLC*, 186 A.D.3d 1157 (1st Dept. 2020) (§ 349 claim dismissed because "rent overcharge claim at issue here is a private dispute between one landlord and one tenant and does not concern consumer-oriented conduct aimed at the public at large"); *Collazo v. Netherland Prop. Assets LLC*, 2017 WL 947618 (Sup. Ct. N.Y. Cty. 2017) (dismissing GBL § 349 claim premised on rent overcharge because the claim "relate[d] to the private dispute between a tenant and a landlord"); *435 Cent. Park W. Tenant Ass'n v. Park Front Apartments, LLC*, 56 Misc. 3d 772 (Sup. Ct. N.Y. Cty. 2017), *aff'd as modified*, 164 A.D.3d 411 (1st Dept. Dept. 2018).

Federal courts applying New York law have held exactly the same. Even more so, the exact claims asserted here, of overcharging rent and purportedly improper lawsuits over rental arrears, have been specifically excluded from § 349: "allegations regarding [] Housing Court proceedings do not involve the deceptive consumer-oriented type of conduct targeted by the statute." *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, at *8 (E.D.N.Y. 2014). Federal Courts have time and again found that GBL § 349 claims predicated on back-rent demands and repeated

housing court actions for purported nonpayment of rent were "a private dispute with [defendants] rather than 'showing injury or potential injury to the public.'" *Brake v. Slochowsky & Slochowsky, LLP*, 504 F. Supp. 3d 103 (E.D.N.Y. 2020); *see also Finch v. Slochowsky & Slochowsky, LLP*, 2020 WL 5848616 (E.D.N.Y. 2020)(dismissing § 349 against law firm for initiating repeated debt-collection actions in housing court on behalf of a landlord client); *cf. Angermeir v. Cohen*, 14 F. Supp. 3d 134, 157 (S.D.N.Y. 2014)(dismissal of § 349 warranted where "Plaintiffs' allegations primarily concern injuries they sustained from the allegedly fraudulent lawsuits Defendants filed against them individually").

Here, Plaintiff's § 349 claims are predicated entirely on the assertion that she was charged for, and sued for, rental arrears she avers did not owe. Even if Plaintiff's assertions are entirely true, Plaintiff is still unable to assert a cause of action pursuant to GBL § 349, since individual landlord tenant-disputes are specifically excluded from § 349. A "rent overcharge claim…is a private dispute between one landlord and one tenant and does not concern consumer-oriented conduct aimed at the public at large." *Haygood*, 186 A.D.3d at 1158.

### B. Plaintiff Does Not Allege She was Misled

The Complaint also cannot assert the second requisite element of a § 349 claim, which requires that the alleged act be "materially misleading." *Orlander*, 802 F.3d at 300. However, it must be not only materially misleading to consumers generally, but in addition a plaintiff must have actually been misled herself in order to meet this pleading requisite.

Courts in this district have dismissed § 349 claims (alongside FDCPA claims under § 1692(e) based on deceptive practices) when the Complaint "alleges that the least sophisticated consumer would have been misled to believe that she owed the same debt twice. But [Plaintiff] does not allege that she was misled." *Onfroy v. L. Offs. of Geoffrey T. Mott, P.C.*, 751 F. Supp. 3d 195, 206 (E.D.N.Y. 2024)(emphasis in original). The Eastern District in *Onfroy* therefore dismissed § 349 claims where Plaintiff could not assert "that she personally was misled by the conduct at issue," and further noting that "[i]n this district, judges have repeatedly held that no

standing arises in this situation." *Id.*[1](citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020)("a statutory violation" that injures "consumers in general, but not...the individual plaintiff, cannot fairly be described as causing a particularized injury to the plaintiff")). *See also Jones v. Bank of Am. Nat. Ass'n*, 97 A.D.3d 639 (2d Dept. 2012)("plaintiffs failed to allege that the appellants' alleged acts and practices misled them in a material way").

Here, the Complaint does not assert that Plaintiff was misled by the repeated Debt Actions nor rental arrears whatsoever. Dismissal is therefore necessary since "plaintiff does not assert that he himself was in any way misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings." *Lautman*, 2014 WL 2200909, at *8. Regardless of whether any conduct alleged is consumer-oriented (which it is not), without any allegation of having been personally misled <u>herself</u>, Plaintiff cannot assert a § 349 claim.

### POINT II
### PLAINTIFF CANNOT ASSERT LIABILITY AGAINST AN AGENT FOR ACTS BY ITS PRINCIPAL

### A. Prestige Cannot be Liable for Acts by Ransome

The Complaint also improperly attempts to assert claims against Prestige, an agent, based on the purported actions of its principal, Ransome. The Complaint makes numerous allegations concerning the Debt Actions by Kahan to collect rent arrears Plaintiff purportedly did not owe to Ransome. What the Complaint fails to do is make any actionable assertions as against Prestige itself.

The Complaint slyly tries to conflate Prestige with Ransome to avoid the lack of assertions against the former, by stating that Prestige "are jointly referred to [with Ransome] as the "Landlord Defendants." This supposedly innocuous ease of reference is a thin guise to lump Prestige together

---

[1] The Court in *Onfroy* dismissed Plaintiff's FDCPA claim pursuant to § 1692(e) and then dismissed the § 349 claims under the same analysis; "For the same reasons that Onfroy lacks standing for her FDCPA Section 1692e, she necessarily fails to establish standing for her Section 349 claim. *Id.* at 207.

with other parties against whom Plaintiff has asserted more thorough claims. This is belied both by law and common sense; a landlord and an agent are of course not both "landlords" in plain meaning; even more so, an agent and a principal are legally distinct entities.[2]

It is well understood in both state and federal court that, while a principal may be vicariously liable for the acts of its agent, an agent is generally not liable for acts of its principal. *See, e.g., Hotel Constructors, Inc. v. Seagrave Corp.*, 99 F.R.D. 591, 592 (S.D.N.Y. 1983) ("plaintiffs may have breached the subcontract and they may be liable to defendant, but the resulting cause of action is against plaintiffs, not their agent"); *see also Kugel v. Reynolds*, 228 A.D.3d 743 (2d Dept. 2024)("inasmuch as the relationship created between an attorney and his [or her] client is that of principal and agent, an attorney is not liable for inducing his [or her] principal to breach a contract with a third person"); *In re Ramus*, 23-60403, 2024 WL 3246406 (Bankr N.D. Ohio 2024) ("While the common law doctrine of respondeat superior generally renders a principal liable for the torts committed by its agent within the scope of the agent's duties, the reverse is not ordinarily true"); *In re Lernout & Hauspie Sec. Litig.*, 236 F Supp 2d 161, 175 (D. Mass 2003) (common law agency doctrines hold principals liable for the actions of their agents, not the other way around).

The Complaint itself makes this distinction quite clear; it admits, as it must, that Prestige's only connection to the instant allegations are as Ransome's agent: Prestige "signed directly on behalf of Arthur Ransome by Detra Williams, with the notation 'PMI As Agent'" (Complaint, at ¶ 13); "Section 8 would send rent "directly to Ransome Houses, the landlord, or to Prestige, its

---

[2] Combining legally distinct parties to allege a slew of claims that do not apply to all is disingenuous, at best. It also leads to absurd conclusions where the Complaint contradicts its own pleadings; for example, asserting that all "Defendants owed Ms. Garcia a duty pursuant to the FDCPA." *See* Complaint, at ¶ 138. In fact, the Complaint does not even allege an FDCPA claim against any party but Kahan. Similarly, the Complaint asserts that "Defendants initiated an eviction suit against [Plaintiff]," whereas even a cursory reading of the annexed exhibits demonstrates that Kahan was the attorney for Ransome in the Debt Action, and Prestige was not a party.

property management agent" (¶ 25); "Prestige, in the course and scope of being agent for Ransome Houses" (¶ 34); "She spoke to Prestige Management, the landlord's agent" (Exhibit A to Complaint, Dkt. No. 1-1).

Plaintiff cannot assert any actions taken by Prestige themselves which could lead to a claim or liability. The Complaint avers that "many of the relevant actions for Ransome Houses are done by Prestige." *See* Complaint, at ¶ 13. While this may describe the point of an agent in the first place, it has nothing to do with any allegation in the Complaint; nor does the Complaint assert any actions by Prestige.

The Complaint and annexed exhibits also admit, as is obvious from the Debt Actions' captions, that the only party to the Debt Actions was Ransome. Prestige's management contract with Ransome explicitly specifies that Prestige is retained as Ransome's agent. Even if Ransome could somehow be liable under § 349 for attempting to collect rent, Plaintiff could not also assert those claims against Ransome's agent.

Thus, to make its half-hearted attempt at suing Prestige, the Complaint absurdly contends that because Prestige acts as Ransome's agent by, for example, signing a document for Ransome "As Agent," therefore "[t]his shows direct involvement by Prestige in the wrongful rental arrears collection lawsuits." *See* Complaint at ¶ 13. This is not an assertion of fact; rather it is a vague and bald legal conclusion, and it is not only irrelevant to a proper pleading, but it is in fact belied here by fact and law.

### B. Plaintiff Cannot Assert Claims Against Ransome for Acts by its Collectors Regardless

It is apparent that Plaintiff can, at best, state a claim for an FDCPA violation for the Debt Actions; the Complaint vainly tries to throw in the kitchen sink to find any other basis whatsoever to state claims against non-debt collector defendants for the same alleged occurrence.

12

As discussed in Point I(A), *supra*, efforts to collect rent, even if mistaken, cannot form the basis of a § 349 claim. Nor can Ransome be liable for any alleged acts by Kahan; it is unambiguous that "creditors are not subject to the FDCPA." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). Indeed, even "a creditor's in-house collection division…is not considered a debt collector so long as [it uses] the creditor's true business name when collecting." *Id*.

Even more so, a creditor is not liable for the acts of debt collectors as agents of the creditor. "To the extent that the Plaintiff is alleging that Citibank violated the FDCPA due to an agency relationship with the Debt Collectors, a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts." *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005).

The Complaint's claims are predicated on the collection of supposedly improper rent which is excluded from § 349, and Kahan's Debt Actions, for which Ransome cannot be liable. Plaintiffs has not only failed to assert a claim against Prestige, but it cannot even do so against Ransome, for whom Prestige was an agent.

## POINT III
## PLAINTIFF CANNOT ASSERT A CLAIM FOR NEGLIGENCE

In another effort to create further non-FDCPA claims, Plaintiff also asserts claims for negligence and gross negligence against all defendants. However, the Complaint fails to allege the prerequisites for this straightforward cause of action.

To plead a negligence claim under New York law, a plaintiff must plausibly allege "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995).

As an initial matter, Plaintiff has not and cannot state a duty owed by Prestige. The Complaint makes three attempts at pleading a duty, but none are cognizable as against Prestige. First, the Complaint asserts that "Defendants owed Ms. Garcia a duty pursuant to the FDCPA." *See* Complaint at ¶ 138. Plaintiff's attempts to conflate all defendants for the alleged wrongdoing by a debt collector does nothing but confuse the issues; the Complaint does not plead that Prestige is a debt collector, which it is not, nor does the Complaint assert an FDCPA claim against Prestige. Next, the Complaint alleges that "Creditors and debt collectors in general owe debtors a duty of reasonable care in collecting their debts," by citing to *Hawkins-El v. First American Funding, LLC*, 891 F. Supp. 2d 402 (E.D.N.Y. 2012). *Hawkins* also concerned an FDCPA violation, which again is irrelevant to Prestige. Regardless, there is no ambiguity here that Prestige is neither a creditor nor a debt collector.

Finally, the Complaint tries to assert that "GBL § 349 also imposes on Defendants a duty to not engage in deceptive acts and unlawful practices in the conduct of their business." *See* Complaint at ¶ 140. As discussed in Point I(A), *supra*, Plaintiff cannot even assert a § 349 claim altogether, and she certainly cannot then plead a violation thereof as the basis for a duty.

Additionally, the Complaint alleges that all defendants' purportedly negligent acts were the result of "intentional wrongdoing." *See* Complaint at ¶¶ 136. Such pleading cannot create a cause of action for negligence.

It is unambiguous that under New York law, "allegations of intentional conduct cannot form the basis of a claim founded in negligence." *Dunn v. Brown*, 261 A.D.2d 432, 433 (2d Dept. 1999); *see also Borrero v. Haks Grp., Inc.*, 165 A.D.3d 1216 (2d Dept. 2018)(affirming dismissal of negligence claim based on "intentional, rather than negligent, conduct"); *Morrow v. MetLife Invs. Ins. Co.*, 177 A.D.3d 1288 (4th Dept. 2019). Federal courts applying New York law have

recognized this undisputed principle; "New York courts have rejected uniformly such attempts to transmogrify intentional torts into negligence." *Schmidt v. Bishop*, 779 F. Supp. 321, 324 (S.D.N.Y. 1991); *see also United Nat. Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993) (recognizing the "mutual exclusivity" of negligent and intentional conduct); *Onfroy*, 751 F. Supp. 3d 195 (dismissing negligence and gross negligence claims where Plaintiff alleged FDCPA violation for filing repetitive debt collection lawsuits).

Thus, when a complaint alleges actions that are "intentional...in their nature, the claims "are outside the ambit of actionable negligence." *Wahlstrom v. Metro-N. Commuter R. Co.*, 89 F. Supp. 2d 506, 531-32 (S.D.N.Y. 2000). Plaintiff plainly asserts a series of "intentional" and "willful" acts by other parties as the basis for the claims against Prestige, but such assertions clearly cannot form the basis of a negligence claim.

In a last ditch effort to preserve some basis for any sort of claim, the Complaint concludes with the *pro forma*, rote allegation that "[t]o the degree that negligence, negligence *per se*, and gross negligence claims are inconsistent with intentional misconduct, those allegations are made in the alternative." *See* Complaint, at ¶ 144. However, this is insufficient as a basis for pleading; it is a bare legal conclusion, devoid of any assertion of fact of such "allegations made in the alternative." Without any facts in support of such "alternative" basis for a cause of action, Plaintiff is left with only a rote recitation of an element of a claim. "[E]ntitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)("we are not bound to accept as true a legal conclusion couched as a factual allegation"); *Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010)(giving "no effect to legal conclusions couched as factual allegations").

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the instant action be dismissed in its entirety, with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
        March 4, 2026

                                        FURMAN KORNFELD & BRENNAN LLP

                            By:     /s/ Asher Kest_____
                                    Rachel Aghassi, Esq.
                                    Asher Kest, Esq.
                                    *Attorneys for Defendant*
                                    *Prestige Management, Inc.*
                                    88 Pine St., 32nd Floor
                                    New York, New York 10005
                                    Tel:    (212) 867-4100
                                    FKB File No.: 313.637

16