# A HMAD  K ESHAVARZ

*Attorney at Law*

| | | |
|---|---|---|
| 16 COURT STREET, #2600<br>BROOKLYN, NY 11241 | WWW.NEWYORKCONSUMERATTORNEY.COM<br>E-mail: ahmad@NewYorkConsumerAttorney.com | Telephone: (718) 522-7900<br>Fax: (877) 496-7809 |

March 27, 2026

**VIA ECF**

Judge Gary Stein
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:     Consent application to enlarge time to amend and join parties from for two weeks from March 10 to April 11.**
> ***Garcia. v. Sperber Kahan Law Group PLLC, et al.,* 1:25-cv-08489-JGK**

Dear Judge Stein:

The undersigned represents Plaintiff Leonarda Garcia in this action against Defendants Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan ("the Attorney Defendants"); and Arthur Ransome Houses L.P. ("Ransome") and its property management company Prestige Management, Inc. ("Prestige") (collectively "Landlord Defendants). The Complaint alleges Defendants have for years, through billing statements, threats of suit, three actual lawsuits, and a threatened fourth lawsuit, have sought to collect rent from Ms. Garcia that for rent they admit the does not owe. Plaintiff filed the instant case bringing FDCPA and Judiciary Law § 489 claims against the Attorney Defendants, and violations of GBL § 349 and gross negligence against all Defendants.

Despite being given multiple opportunities to appear, Ransome has defaulted. On February 10 the Court entered a scheduling order setting March 27 as the deadline to move to amend pleadings or join additional parties.

On consent of Defendants, Plaintiff seeks to enlarge the deadline to amend by two weeks from March 27 to April 10. There is good cause to do so. Plaintiff promptly served discovery demands on February 13, just 3 days after the initial conference, and order to obtain discovery to determine if there was a basis to amend – and especially, given the default of Ransome, to determine if there was another entity that should be joined. It made little sense that Ransome, an owner of a portfolio of properties, would default.

Oddly, my office was copied on a denial of coverage letter (attached) that indicated a claim for coverage was made for an entity named Abyssinian Development Corporation for the claims made by Ms. Garcia in this complaint. The letter suggested a relationship between Abyssinian, Ransome (the defaulting defendant) and Prestige, the property management company for Ransome. Plaintiff has issued subpoenas for documents to Abyssinian and Ransome and is awaiting a response. Counsel for Prestige informally indicated that Abyssinian was the owner of Ransome.

1

In the meantime, last week the Attorney Defendants issued interrogatory answers the indicated that the information the Attorney Defendants that falsely stating that Ms. Garcia owed rent – and was the basis of their suit – came not from Ransome but from Prestige. This was evidence of Prestige's direct liability for the repeated wrongful lawsuits against Ms. Garcia.

The most important information related to amending suit or adding potential defendants apparently is held by Prestige. The discovery answers of Prestige were due on March 16. Other than request for admission, Prestige has ignored the discovery demands. The undersigned send multiple emails over many days seeking discovery answers and flagging at least the most important information we needed given the upcoming motion to amend deadline. I have called counsels for Prestige about 11 times to discuss but they neither take my calls nor return my calls. Apparently a motion to compel will be needed to get a response, which I will do after responding to their pending motion to dismiss.

For these reasons Plaintiff requests a two week extension for the deadline to submit a request for a motion to amend or join parties from March 10 to April 11.

Sincerely,

/s/
Ahmad Keshavarz