

## JAMES RIVER INSURANCE

February 20, 2026

**Certified Mail**

Abyssinian Development Corp
c/o Prestige Management Inc
1776 Eastchester Rd, Suite 210
Bronx, NY 10461

Joann Perkins  jperkins@prestigemgt.com

| RE: | Insured: | **Abyssinian Development Corp** |
|---|---|---|
| | Policy No.: | **P00000234** |
| | Policy Period: | **09/15/2023 - 09/15/2024; 09/15/2024 - 09/15/2025; 09/15/2025 - 09/15/2026** |
| | Date of Loss: | **6/13/2022 to present** |
| | Lawsuit: | **LEONARDA GARCIA v. SPERBER KAHAN LAW GROUP, PLLC; ARTHUR RANSOME HOUSES, LP; PRESTIGE MANAGEMENT, INC and ERIC H. KAHAN** |
| | Our File No.: | **000-00-001969** |

### DISCLAIMER OF COVERAGE

Dear Ms. Perkins and Abyssinian Development Corp:

James River Insurance Company ("James River") received notice from H&N Insurance Agency regarding the above referenced matter. I am the James River claims professional assigned to handle this claim, and all future correspondence intended for James River should be directed to my attention.  Please feel free to contact me at the address or telephone number listed in this letter regarding any questions about James River's coverage position.

James River issued a Commercial General Liability policy to Abyssinian Development Corp ("Abyssinian"), under policy number P00000234, effective 09/15/2023 - 09/15/2024; 09/15/2024 - 09/15/2025 and 09/15/2025 -  09/15/2026 with limits of insurance of $1,000,000 per occurrence and $2,000,000 in general aggregate ("Policy").  Arthur Ransome Houses, LP is an Additional Named Insured pursuant to policy form AP1005US 07-05.  Prestige Management Inc. may be considered an Additional Insured under the policy form AP2004US 04-03, however, the form explicitly states: "Where no coverage shall apply herein for the Named Insured, no coverage or defense shall be afforded to the Additional Insured".

Please be advised, as further explained below, that James River denies coverage for this matter under the terms and conditions of the Policy.  In considering your request for coverage, we have reviewed the insurance Policy referenced above, as well as the allegations asserted.  If you assert

Abyssinian Development Corp
February 20, 2026
Page **2** of **12**

a right to coverage under another policy issued by James River, please submit notice pursuant to the notice provisions contained in that policy.

## Background

On October 16, 2025, Leonarda Garcia ("Plaintiff"), a tenant residing at the insured's premises located at 151 West 123rd Street, New York, New York ("subject premises"), commenced an action in the United States District Court for the Southern District of New York, Civil Action No. 1:25-cv-08489-JGK, entitled *LEONARDA GARCIA v. SPERBER KAHAN LAW GROUP, PLLC; ARTHUR RANSOME HOUSES, LP; PRESTIGE MANAGEMENT, INC and ERIC H. KAHAN (*"Lawsuit*"),* wherein plaintiff alleges that on, or about, April 2023, the defendants Arthur Ransome Houses, LP and Prestige Management, Inc. (Collectively "landlord") retained defendants Sperber Kahan Law Group, PLLC and Eric H. Kahan (collectively "attorneys") to file a complaint in New York County Housing Court against plaintiff for unpaid rents. The complaint failed to credit plaintiff for rent plaintiff had timely paid, to account for the rent owed by NYC Housing Preservation and Development / Section 8 (collectively "HPD") and failed to identify plaintiff as a recipient of HPD benefits. The lawsuit outlines the disposition of that initial complaint, as Dismissed, marked "Petition Satisfied". The Lawsuit alleges a second complaint was filed against Plaintiff in November 2024, with the same allegations of nonpayment of rents and omissions of HPD involvement. That complaint was also Dismissed, via Stipulation of Discontinuance, in which the Attorneys admitted the complaint was unlawful; Plaintiff had no obligation to pay the HPD share of the rent; and that Plaintiff had paid her share of the rent timely and in full. Plaintiff alleges the even after the Discontinuance, defendants continued to harass the plaintiff related to unpaid rents, despite knowing the rents were not her responsibility to pay, including threatening to file a third complaint and commence eviction proceedings.

The complaint alleges the following causes of action and seeks declaratory and injunctive relief, actual damages, statutory damages, treble damages, exemplary and punitive damages as well as costs and fees:

| | |
|---|---|
| 1st Count: | Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et.seq. (as to Attorney defendants) |
| 2nd Count: | Deceptive Acts or Practices in Violation of New York General Business Law §349(a)(h) (as to all Defendants) |
| 3rd Count: | Violation of New York Judiciary Law §487 (as to Attorney Defendants) |
| 4th Count: | Negligence *Per Se* and Gross Negligence (as to all Defendants) |

## Coverage Analysis

For the purposes of our analysis, we may summarize the policy provisions and endorsements that we rely on. Please refer to the Policy for its complete terms and conditions which are determinative of the existence of coverage.

Due to the applicability of the below referenced exclusions, there are no damages to which this insurance applies, and James River denies coverage for this matter.

Abyssinian Development Corp
February 20, 2026
Page **3** of **12**

## I.  DISCLAIMER OF COVERAGE: "BODILY INJURY", "PROPERTY DAMAGE", "PERSONAL AND ADVERTISING INJURIES" AND/OR "OCCURRENCE"

Please refer to COMMERCIAL GENERAL LIABILITY COVERAGE FORM, Insuring Agreement, which states in part the following:

The Commercial General Liability Coverage Form, Coverage A – Bodily Injury and Property Damage Liability, provides as follows:

**1.  Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations in the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

* * *

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

The policies define "occurrence" as an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

The policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

The policies define "property damage" as "a. physical injury to tangible property, including all resulting loss of use of that property. All such loss shall be deemed to occur at the time of the physical injury that caused it.

**Claims Department**
**James River Insurance Company**
P.O. Box 27648 ● Richmond, VA 23261 ● 804.289.2700 ● Fax 804.420.1058
**www.jamesriverins.com**

Abyssinian Development Corp
February 20, 2026
Page **4** of **12**

**The allegations in the lawsuit do not meet the definition of an occurrence. James River Insurance Company therefore denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

**\*\*\*\***

The Commercial General Liability Coverage Form, Coverage B – Personal and Advertising Injury Liability, provides as follows:

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

The Policies define Personal and Advertising Injury to mean "injury, including consequential 'bodily injury'," arising out of the following relevant offenses:

**a.** False arrest, detention or imprisonment;
**b.** Malicious prosecution;
**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

Abyssinian Development Corp
February 20, 2026
Page **5** of **12**

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

There is no coverage for this loss as the claims asserted against Arthur Ransome Houses LP and Prestige Management, Inc. (Deceptive Acts or Practices in Violation of New York General Business Law §349 and Negligence Per Se and Gross Negligence) do not constitute "personal and advertising injury", as defined by the Policy. **Accordingly, James River disclaims any duty to defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

****

## SECTION V – DEFINITIONS

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.** Notices that are published include material placed on the Internet or on similar electronic means of communication; and

**b.** Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.
****

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
****

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

****

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;
**b.** Malicious prosecution;
**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;
**f.** The use of another's advertising idea in your "advertisement"; or

Abyssinian Development Corp
February 20, 2026
Page **6** of **12**

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

****
**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

****

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.** An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.** Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

****

Commercial General Liability Coverage Form, Coverage A – Bodily Injury and Property Damage Liability

**2.     Exclusions**
This insurance does not apply to:

      **a.     Expected Or Intended Injury**
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

      **b.     Contractual Liability**
"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**Claims Department**
**James River Insurance Company**
P.O. Box 27648 ● Richmond, VA 23261 ● 804.289.2700 ● Fax 804.420.1058
**www.jamesriverins.com**

Abyssinian Development Corp
February 20, 2026
Page **7** of **12**

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged

The Policy contains exclusion **2a. Expected or Intended Injury** which states this insurance does not apply to "bodily injury" or "property damage" expected or intended from the standpoint of the insured. Plaintiff alleges ongoing nuisance / harassment created by the defendants, infliction of emotional distress and retaliation as a result of the defendants reckless actions in continuing to pursue and file court actions to collect rent that they were aware was not due from plaintiff. **As such, James River Insurance Company therefore denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

**To the extend this matter arises out of breach of contract James River Insurance Company denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

****

Commercial General Liability Coverage Form Coverage B – Personal and Advertising Injury Liability

**2. Exclusions**
This insurance does not apply to:

> **a. Knowing Violation Of Rights Of Another**
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"
> **d. Criminal Acts**
> "Personal and advertising injury" arising out of a criminal act committed by or at the direction                            of                            the                            insured.
> **f. Breach Of Contract**
> "Personal and advertising injury" arising out of  a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

The Policy as stated, contains exclusion 2a. Knowing Violation Of Rights Of Another which states this insurance does not apply to "Personal and advertising injury" caused by or at the

direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".  Plaintiff alleges ongoing nuisance / harassment created by the defendants, in filing additional court actions to collect rent that they were aware was not due from plaintiff. **As such, James River Insurance Company therefore denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

**To the extend this matter arises out of Criminal Acts or Breach of Contract, James River Insurance Company denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

## II. DISCLAIMER OF COVERAGE: CLAIMS IN PROGRESS & PROFESSIONAL LIABILITY EXCLUSION

Please refer to endorsement AP2029US-1210, Combined Policy Exclusions, which states, as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERGE PART

**A.** The following exclusions are added to Paragraph 2. **Exclusions of Section I Coverage A Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I Coverage B Personal and Advertising Injury Liability:**

This insurance does not apply to:

**2. Claim(s) in Progress**

   a. "Bodily injury", "property damage" or "personal and advertising injury" or any damages arising out of or related to such "bodily injury", "property damage" or "personal and advertising injury" which begins, occurs or takes place, or is alleged to have begun, occurred or taken place, in whole or in part, before the inception date of this Policy.

   This exclusion applies regardless of whether such "bodily injury", "property damage" or "personal and advertising injury":

   **(1)** Is known to any insured, even though the nature and extent of such damage or injury may change and even though the damage may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" or offense causing such "bodily injury", "property damage" or "personal and advertising injury" may be or may involve a continuous or repeated exposure to substantially the same general harm;

   **(2)** Are, or are alleged to be, in the process of occurring as of the inception date of the Policy even if the "bodily injury" or "property damage" continues during this policy period;

**\*\*\*\***

**According to the Lawsuit, the initial complaint was filed against the plaintiff in April, 2023, which is prior to the September 15, 2023 inception date of the James River policy. As such, if there is found to be any "bodily injury", "property damage" or "personal and advertising injury" damages originating with that complaint, James River Insurance Company denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

### 4. Professional Liability

"Bodily injury", property damage, "personal or advertising injury" or loss arising out of providing or failure to provide any "professional services" performed by an insured or  by others on behalf of any insured, for others, unless such coverage is specifically endorsed onto this Policy.
This exclusion applies to and is inclusive of:

    **a.** Any obligation to share damages with or repay anyone else who must pay damages arising out of "professional services"

    **b.** The negligent employment, investigation, hiring, supervision, training, or retention of any person who rendered "professional services".

**B.** For the purposes of this endorsement, the following definitions are added to the Definitions section:

**5.** "Professional services" means services arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual. "Professional Services" includes but is not limited to services and advice by licensed professionals as well as vocations which do not require licensure.

**To the extent that this matter arises out of failure to provide "professional services" James River Insurance Company denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**
**\*\*\*\***

### III: DISCLAIMER OF COVERAGE: PUNITIVE DAMAGES and ATTORNEYS FEES

Plaintiff's lawsuit asserts that the Defendants were grossly negligent, acted outside the scope of its authority, acted in bad faith and seeks punitive damages. Claims for punitive damages are not permitted in New York State. **As insurance coverage for punitive damages is not permitted under New York law, there is no coverage available to Arthur Ransome Houses, LP and/or Prestige Management, Inc. for any claim seeking punitive damages, attorney's fees and costs, compensatory damages, exemplary damages, fines, penalties or multiplied damages**.

Abyssinian Development Corp
February 20, 2026
Page **10** of **12**

\*\*\*\*

## IV: DISCLAIMER OF COVERAGE NEW YORK AMENDATORY ENDORSEMENT

Form AP5036US 01-09 New York Amendatory Endorsement—Notice Provisions modifies all coverage parts of Policies delivered in New York State and provides that Failure to give notice to the carrier as required under the Policy conditions shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide such timely notice has prejudiced the carrier.  However, no claim made by the insured, injured person or other claimant will be invalidated if it shall be shown not to have been reasonably possible to give such timely notice and that notice was given as soon as was reasonably possible thereafter. Here, the Lawsuit was filed on October 16, 2025, and the Court Order stating a final answer date of January 16, 2026 (and date certain of January 23, 2026 for Plaintiff to file a Default Motion), was postmarked December 19, 2025, but neither were submitted to James River Insurance Company until January 14, 2025.  **To the extent the failure to provide timely notice prejudices James River Insurance Company, James River Insurance Company denies coverage and will not defend or indemnify Arthur Ransome Houses, LP and/or Prestige Management, Inc.**

## Binding Arbitration:

Please refer to endorsement AP2107US 04-03, Binding Arbitration, which states, as follows:

This endorsement modifies insurance provided under the following:
ALL COVERAGE PARTS

Should we and the insured disagree as to the rights and obligations owed by us under this policy, including the effect of any applicable statutes or common law upon the contractual obligations otherwise owed, either party may make a written demand that the dispute be subjected to binding arbitration.

When such a request is made, The American Arbitration Association shall be used, with each party selecting an arbitrator from the list of qualified arbitrators for insurance coverage disputes provided by that Association. The two chosen arbitrators shall select a third arbitrator from the same list; if they cannot agree to a selection, The American Arbitration Association shall make the selection for them. Each party shall bear the costs of its arbitrator and shall share equally the costs of the third arbitrator and of the arbitration process. A decision agreed to by two of the arbitrators will be binding.

In the event you prevail in the arbitration, and we promptly offer to you arbitration costs and reasonable attorney fees incurred in connection therewith, in addition to the disputed contract benefit, you shall have no right to sue us for breach of implied covenants or unreasonable withholding of contract benefits.

Abyssinian Development Corp
February 20, 2026
Page **11** of **12**

To the extent that we prevail in the arbitration, the arbitrators may award us any expenses and/or damages incurred or paid under reservation of rights in excess of our contract obligations as determined by the arbitrators.

**The Policy contains a Binding Arbitration Endorsement, which states that should James River and any insured disagree as to the rights and obligations owed by James River under the Policy, including the effect of any applicable statutes or common law upon the contractual obligations otherwise owed, either party may make a written demand that the dispute be subjected to binding arbitration.**

## <u>Conclusion</u>

For the reasons stated herein, and any others that may apply, James River is unable to provide either a defense or indemnification in this matter to any party.  The policy terms, provisions, and conditions cited in this letter are not intended to be all-inclusive with regard those found in the policy.  Kindly refer to the policy for complete wording.  Nothing in this letter is intended to infer negligence or liability to any party, whether or not referenced herein.

Because the plaintiff's claims do not raise the potential for coverage under the James River policy, James River has no duty to defend or indemnify; or to take action; or perform acts or services.  Therefore, in accordance with the above referenced provisions, and any others not cited that may apply, we must respectfully decline coverage under the James River policy for the above captioned lawsuit.

Our decision to deny coverage is based on the facts presented to date.  We reserve the right to review any additional claims, lawsuits, or amendments to any lawsuits and to make a separate determination with regard to indemnification and defense.

James River specifically reserves all of its rights and remedies under the policy, and under the statutes and common law.  James River, by this Disclaimer of Coverage, does not waive any of its rights nor does it waive any of the terms, conditions or provisions of the policy of insurance.

While we regret that this claim does not fall within the purview of coverage, it is our intent to provide coverage that is available under your policy.  Therefore, we encourage you to submit all future incidents for our review.

Should you have any additional information you would like us to consider, please forward such documentation to our attention so we may receive it in a timely and prompt manner. If you have additional information that should be considered in James River's decision, please forward the information to James River's attention.  In the event you receive any additional claims, demands, requests, notices, orders or suit papers related to this incident, please notify James River immediately so that it may review its position, as stated herein.

> **Should you wish to take this matter up with the New York State Department of Financial Services, you may file with the Department either on its website at** http://www.dfs.ny.gov/consumer/fileacomplaint.htm **or you may write to or visit the**

Abyssinian Development Corp
February 20, 2026
Page **12** of **12**

**Consumer Assistance Unit, Financial Frauds and Consumer Protection Division, New York State Department of Financial Services, at: 25 Beaver Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 163B Mineola Boulevard, Mineola, NY 11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY 14202**.

If you have any questions or wish to discuss any of the above, please do not hesitate to contact me at (804)289-2934 or via Email: Dawn.VanHouten@jamesriverins.com.

Sincerely,

*Dawn VanHouten*

Dawn VanHouten, CCP, CCLA
Claims Specialist

**Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and substantial civil penalties.**

Cc:

Ahmad Keshavarz, Esq.
Law Office of Ahmad Keshavarz
16 Court Street Ste 2600
Brooklyn NY 11241


Cc via email:

Ahmad Keshavarz, Law Office of Ahmad Keshavarz - ahmad@NewYorkconsumerattorney.com

Marcia Richards,   Prestige Management, Inc - mrichards@prestigemgt.com

Ashmani Persaud, H&A Insurance Agency - ashmanie@hnagency.com

Adrian Hamilton RT Specialty - Adrian.Hamilton@rtspecialty.com

Daniel Christensen, Applied Underwriters Claim # M49120 -  dachristensen@auw.com