UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEONARDA GARCIA,

                        Plaintiff,

   -against-

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and
PRESTIGE MANAGEMENT, INC.,

                    Defendants.
------------------------------------------------------------x

Civil Action No. 1:25-cv-08489-JGK

## PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO DEFENDANTS

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Dated:  February 13, 2026

Respectfully submitted,
*/s/ Ahmad Keshavarz*

_____

Ahmad Keshavarz
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241
Tel: (347) 308-4859
Fax: (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above referenced document to the parties listed below via email:

***Attorneys for Defendants Sperber Kahan Law Group PLLC and Eric H. Kahan, Esq.***
        Adam Marshall
        Brett Scher
        Kaufman Dolowich LLP

1

135 Crossways Park Dr, Suite 201
Woodbury, NY 11797
amarshall@kaufmandolowich.com
bscher@kdvlaw.com

***Attorneys for Defendant Prestige Management, Inc.***
Asher Kest
Rachel Aghassi
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006
akest@fkblaw.com
raghassi@fkblaw.com

Date: F e b r u a r y  1 3 ,  2 0 2 6
Brooklyn, NY
/s/
Ahmad Keshavarz

2

## DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Leonarda Garcia.

2. "**Answering Defendants**" means the defendants who have appeared in this federal lawsuit: Sperber Kahan Law Group PLLC, Eric H. Kahan, and Prestige Management, Inc.

3. "**Landlord Defendants**" means Prestige Management, Inc., and non-answering Defendant Arthur Ransome Houses L.P.

4. "**Attorney Defendants**" means Sperber Kahan Law Group PLLC and Eric H. Kahan.

5. "**Building**" means the property bearing the address 151 West 123rd Street, New York, New York 10027.

6. "**You**" or "**Your**" means "Answering Defendants", their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

7. "**Possession, custody, or control**" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

8. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. The term "**2025 Putative Debt**" means the putative debt alleged in the documents attached as **Exhibit Y** and **Exhibit Z** to the Original Complaint in this action.

10. The term "**2024 Putative Debt**" means the putative debt alleged in the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express*, 93 Civ. 5594 (LBS), 1998 WL 43125 at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.").

11. The term "**2023 Putative Debt**" means the putative debt alleged in the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.

12. The term "the **2023 Lawsuit**" means the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.

13. The term "the **2024 Lawsuit**" means the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.

14. The term "**2025 Collection Letter**" means the document attached as **Exhibit Y** to the Original Complaint in this action.

15. The term the "**2025 Certification to HPD**" means the May 2, 2025 pre-suit certification to HPD, notifying them of their intent to pursue a nonpayment eviction proceeding against Ms. Garcia, attached as Exhibit Z to the Original Complaint (a copy of which was included with the "**2025 Collection Letter**" mailed to Ms. Garcia.

16. The term "the **2025 Billing Statements**" means the rent billing statements dated 03/28/2025 and 06/20/2025 attached as Exhibit X and Exhibit BB to the Original Complaint [Dkt. No. 1]

17. The term "**The Rent Seeking Documents**" means the 2023 Lawsuit, the 2024 Lawsuit, the 2025 Collection Letter, the 2025 Certification to HPD, and the 2025 Billing Statements.

18. The term "**Rent Ledger**" means a document the same or substantially similar to the document attached as **Exhibit S** to the Original Complaint in this action.

19. The term the "**putative debt**" means the rental arrears the Attorney Defendants or the Landlord Defendants alleged are or were owed by Ms. Garcia.

20. "**Section 8**" means the federal housing subsidy program created 42 U.S.C. § 1437 and regulated by 24 C.F.R. § in which participants' monthly rent is subsidized by the government.

21. "**Public Housing Agency**" or "**PHA**" means the state or local governmental entity that administers the Section 8 program. Examples include NYCHA, HUD, HPD, DHCR, CDCLI.

22. "**NYCHA**" means New York City Housing Authority, a PHA that administers Section 8.

23. **"HPD" means New York City Housing of Preservation and Development, a PHA that administers Section 8.**

24. "**HQS Violations**" means Housing Quality Standards violations.

25. **"Tenant Share"** means the rental portion a Section 8 participant is responsible for paying to the landlord, which is 30% of the tenant's income.

26. **"Section 8 Share"** means the rental portion the PHA is responsible to pay the landlord pursuant to a tenant's Section 8 participation.

27. **"Identify" as to Non-Payment Proceedings** means the caption and index number of the Petition in the Non-Payment Proceeding and the total number of the Non-Payment

4

Proceedings.

28. "**Eviction Certification Form**" means the certified form that is required to be sent to NYCHA before initiating eviction proceeding – including a non-payment proceeding -- against a NYCHA Section 8 participant, such as the document attached as **Exhibit Z** to the Original Complaint in this action.

29. The term "**Non-Payment Proceeding**" means an action filed by Sperber Kahan Law Group PLLC, or its predecessors as counsel to the Landlord Defendants, that includes a demand for rent alleged to be due pursuant the alleged breach of a lease.

30. When a document production demand asks for "documents sufficient to demonstrate…," you may use an affidavit to respond to the demand if you wish.

31. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

32. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

33. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

34. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2023 to the present**.

35. PLEASE NOTE: If the documents sought exist in an electronic form please produce those documents in their native electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

6

**INTERROGATORIES**

1.  Identify all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

2.  Identify the name and address of every witness you expect to call at the trial of this case.

3.  Identify all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

4.  Identify the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

5.  If documents responsive to Plaintiff discovery demands are in the possession of a third party, identify that third party and the documents you believe in their possession.

6.  For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

7.  If your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and identify each such person.

8.  Identify each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

9.  Identify the person(s) who made the decision

    a.  to file the 2023 Lawsuit,

    b.  to file the 2024 lawsuit,

    c.  to send the 2025 Collection Letter,

    d.  to send the 2025 Certification to HPD to Ms. Garcia, and

    e.  to send the 2025 Billing Statements.

10. Identify the person(s) who made the decision as to how much money should be alleged to be due in

    a.  the 2023 Lawsuit,

    b.  the 2024 lawsuit,

    c.  the Rent Ledger,

    d.  the 2025 Collection Letter,

    e.  the 2025 Certification to HPD,

7

     f.   the rent ledger attached to the 2025 Certification to HPD, and

     g.   the 2025 Billing Statements

11. Identify who provided the information to the Attorney Defendants as how much Ms. Garcia owed and how it was calculated

     a.   to file the 2023 Lawsuit,

     b.   to file the 2024 lawsuit,

     c.   to send the 2025 Collection Letter, and

     d.   to send the 2025 Certification to HPD.

12. Identify the persons against whom you have brought or caused to bring non-payment proceedings including included the Section 8 Share in the amount alleged to be due.

13. Identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

14. Identify any accounting firm that does your accounting.

15. Identify the person who knows how much the Attorney Defendants were paid or how much the Landlord Defendants paid for

     a.   the 2023 Lawsuit,

     b.   the 2024 lawsuit,

     c.   the 2025 Collection Letter,

     d.   the 2025 Certification to HPD, and

     e.   the 2025 Billing Statements

16. Identify the persons who issued the 2025 Billing Statements.

9

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE NOTE**: If the documents sought exist in an electronic form (e.g., a database of dates and locations of putative service of process) please produce those documents in its native electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

Please produce all of the following documents in your possession, custody, or control:

1. Documents regarding Plaintiff, each putative debt, or attempts to collect each putative debt.

2. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.

3. Your account notes, screen shots, and any other documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

4. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.

5. Any contracts or agreements that govern the collection of the putative debt.

6. The documents, if any, reflecting your policies and procedures as to consumers or tenants who participate in Section 8.

7. The documents reflecting the policies and procedures in connection with the use of rent ledgers and/or breakdowns such as the Rent Ledgers used in the Lawsuits against Plaintiff.

8. The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used to generate the letter.

9. The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used specifically for tenants who participate in Section 8.

10. Documents reflecting the policies and procedures in verifying the amounts sought in rent ledgers, including, without limitation, any documents used to verify the amounts sought from Ms. Garcia.

11. The documents that were the basis of the demand for $12,478.43 in the Collection Letter, including but not limited to account notes, court documents, and screenshots of any program used to generate the Collection Letter.

12. Any insurance policies and declaration sheets, and renewals, that may cover the claims

10

brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.

13. The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.

14. The documents you refer to in your initial disclosures.

15. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

16. Every document that you intend to use or introduce into evidence at the trial of this case.

17. Correspondence and other documents, including emails and texts, with any person regarding the putative debt or The Rent Seeking Documents the Lawsuit.

18. Documents you received from NYC Housing Preservation and Development regarding Housing Quality Standards Inspection and/or Reports for the Building, including Plaintiff's apartment.

19. Documents concerning payments you received from or on behalf of Plaintiff from January 1, 2023 through the present.

20. The contracts that would govern Attorney Defendants' representation of Landlord Defendants related to The Rent Seeking Documents.

21. The contracts that govern the ownership of the Building, or the property management, accounting, or billing services related to the building.

22. Documents that are sufficient to show why the Section 8 Share were including in the amount alleged to be owed in the

    a. the 2023 Lawsuit,

    b. the 2024 lawsuit,

    c. the 2025 Collection Letter,

    d. the 2025 Certification to HPD, and

    e. the 2025 Billing Statements.

23. The documents upon which the amount Attorney Defendants based their allegations of the amount due and the calculation of those amounts, in the

    a. the 2023 Lawsuit,

    b. the 2024 lawsuit,

    c. the 2025 Collection Letter, and

    d. the 2025 Certification to HPD.

24. The documents state form the basis of the assertion of the Attorney Defendants that they

11

performed a meaningful attorney review that the amounts alleged to be due were lawfully chargeable against Ms. Garcia in:

   a.   the 2023 Lawsuit,

   b.   the 2024 lawsuit,

   c.   the 2025 Collection Letter, and

   d.   the 2025 Certification to HPD.

25. The documents sufficient to show the reason why you included the Section 8 Share in the amount alleged to be owed in

   a.   the 2023 Lawsuit,

   b.   the 2024 lawsuit,

   c.   the 2025 Collection Letter,

   d.   the 2025 Certification to HPD, and

   e.   the 2025 Billing Statements.


17. Documents sufficient to identify each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

18. Documents sufficient to identify the person(s) who made the decision

   a.   to file the 2023 Lawsuit,

   b.   to file the 2024 lawsuit,

   c.   to send the 2025 Collection Letter,

   d.   to send the 2025 Certification to HPD, and

   e.   to send the 2025 Billing Statements.

19. Documents sufficient to identify the person(s) who made the decision as to how much money should be alleged to be due in

   a.   the 2023 Lawsuit,

   b.   the 2024 lawsuit,

   c.   the Rent Ledger,

   d.   the 2025 Collection Letter,

   e.   the 2025 Certification to HPD,

   f.   the rent ledger attached to the 2025 Certification to HPD, and

   g.   the 2025 Billing Statements.

20. Documents sufficient to identify who provided the information to the Attorney Defendants as how much Ms. Garcia owed and how it was calculated

   a.    to file the 2023 Lawsuit,

12

    b.  to file the 2024 lawsuit,

    c.  to send the 2025 Collection Letter, and

    d.  to send the 2025 Certification to HPD.

21. Documents sufficient to identify the persons against whom you have brought or caused to bring non-payment proceedings including included the Section 8 Share in the amount alleged to be due.

22. Documents sufficient to identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

23. Documents sufficient to identify any accounting firm that does your accounting.

24. Documents sufficient to identify the person who knows how much the Attorney Defendants were paid or how much the Landlord Defendants paid for

    a.  the 2023 Lawsuit,

    b.  the 2024 lawsuit,

    c.  the 2025 Collection Letter,

    d.  the 2025 Certification to HPD, and

    e.  the 2025 Billing Statements.

25. Documents sufficient to show how much was the Section 8 Share in the amount Ms. Garcia was alleged to owe in

    a.  the 2023 Lawsuit,

    b.  the 2024 lawsuit,

    c.  the 2025 Collection Letter,

    d.  the 2025 Certification to HPD, and

    e.  the 2025 Billing Statements.

**REQUESTS FOR ADMISSION**

Admit or deny the following:

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The Putative Debt you sought to collect in the Lawsuit was an alleged obligation incurred primarily for family, personal, or household purposes.

3. You regularly file actions in Housing Court seeking to collect alleged past due rent from tenants.

4. You regularly use ledgers with the same form and fields or with a substantially similar form and fields to the Rent Ledger.

5. You regularly file collection lawsuits to collect on putative consumer debt from tenants who participate in Section 8.

6. You do not have any written policies or procedures regarding consumers or tenants who participate in Section 8.

7. The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2023 Lawsuit.

8. The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2024 Lawsuit.

9. The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

10. The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

11. The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Certification to HPD to Ms. Garcia.

12. The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Billing Statements to Ms. Garcia.

13. The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2023 Lawsuit.

14. The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2024 Lawsuit.

15. The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

16. The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

17. The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Certification to HPD to Ms. Garcia.

18. The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Billing Statements to Ms. Garcia.

19. The 2025 Certification to HPD was included in the envelope with the 2025 Collection Letter.

20. Part of the amount Ms. Garcia pays for rent in the Building goes to Prestige

21. When the Attorney Defendants filed the 2023 Lawsuit they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

22. When the Attorney Defendants filed the 2024 Lawsuit they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

23. When the Attorney Defendants mailed to Ms. Garcia the 2025 Collection Letter they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

24. When the Attorney Defendants mailed the 2025 Certification to HPD to Ms. Garcia they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

25. The Landlord Defendants sent the 2025 Billing Statements to Ms. Garcia.

26. The amount alleged to be due by the 2025 Billing Statements to Ms. Garcia included the Section 8 Share.