# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

April 9, 2026

**VIA ECF**

Judge Gary Stein
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   **Plaintiff's second application to enlarge time to amend and join parties from for two weeks from April 11 to April 27.**
> *Garcia. v. Sperber Kahan Law Group PLLC, et al.,* **1:25-cv-08489-JGK**

Dear Judge Stein:

The undersigned represents Plaintiff Leonarda Garcia in this action against Defendants Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan ("the Attorney Defendants"); and Arthur Ransome Houses L.P. ("Ransome") and its property management company Prestige Management, Inc. ("Prestige") (collectively "Landlord Defendants). The Complaint alleges Defendants have for years, through billing statements, threats of suit, three actual lawsuits, and a threatened fourth lawsuit, have sought to collect rent from Ms. Garcia for rent they admit the does not owe. Plaintiff filed the instant case bringing FDCPA and Judiciary Law § 487 claims against the Attorney Defendants, and violations of GBL § 349 and gross negligence against all Defendants.

Despite being given multiple opportunities to appear, Ransome has defaulted. I have applied for and received a clerk's certificate of default and repeatedly mailed notice of the same to Ransome at the address listed with the New York Secretary of State, which is also Prestige's address.

Plaintiff seeks to enlarge the deadline to amend by two weeks from April 11 to April 27. Attorney Defendants consent with respect to both amending the complaint and joining parties; Prestige consents only with respect to joining parties.

There is good cause to enlarge these deadlines. Plaintiff promptly served discovery demands on February 13, just 3 days after the initial conference, in order to obtain discovery to determine if there was a basis to amend – and especially, given the default of Ransome, to determine if there was another entity that should be joined. It made little sense that Ransome, an owner of a portfolio of properties, would default.

Oddly, my office was copied on a denial of coverage letter (attached) that indicated a claim for coverage was made for an entity named Abyssinian Development Corporation for the claims made by Ms. Garcia in this complaint. The letter suggested a relationship between Abyssinian, Ransome (the defaulting defendant) and Prestige, the property management company for Ransome.

Plaintiff has since served subpoenas on Ransome, the New York City Department of Housing Preservation and Development, and Abyssinian Development Corporation, with return dates of today; only the City agency has responded, with documents largely irrelevant to the question of amending the complaint or joining additional parties (but responsive to Plaintiff's subpoena.)

In the meantime, the Attorney Defendants issued interrogatory answers that indicated that the information the Attorney Defendants were given, falsely stating that Ms. Garcia owed rent – and was the basis of their suit – came not from Ransome but from Prestige. This was evidence of Prestige's direct liability for the repeated wrongful lawsuits against Ms. Garcia.

The most important information related to amending the complaint or adding potential defendants apparently is held by Prestige. The discovery answers of Prestige were due on March 16. Other than requests for admission, Prestige has ignored these discovery demands. The undersigned sent multiple emails over many days seeking discovery answers and flagging at least the most important information we needed given the upcoming motion to amend deadline. The undersigned also called counsels for Prestige more than a dozen times without receiving an answer or a return call. After responding to Prestige's Motion to Dismiss, On April 1, 2026, I filed a Motion to Compel [Dkt. No. 56] regarding Prestige's continued noncompliance with its discovery obligations. Prestige has not responded to the Motion.

For these reasons, Plaintiff requests a two-week extension for the deadline to submit a request for a motion to amend or join parties from April 11 to April 27. This is Plaintiff's Second Application.

Sincerely,

/s/
Ahmad Keshavarz