**FKB** Furman Kornfeld & Brennan LLP

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

April 15, 2026

**VIA ECF**
Hon. Gary Stein, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:        *Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
           Docket No.: 25-cv-08489
           FKB File No.: 314.064

Dear Judge Stein:

We represent defendant Prestige Management, Inc. ("Defendant" or "Prestige") in the above referenced action. Pursuant to the Court's order of April 10, 2026, we write in response to Plaintiff's letter motion for a conference concerning outstanding discovery.

A conference with Judge John Koeltl was held on February 11, 2026, at which the undersigned advised of Prestige's intention to file a pre-motion conference letter seeking leave to move to dismiss the instant action. In response to the Court's inquiry, we advised that we would seek such leave based on the reasoning that the only claim asserted against Prestige is an alleged violation of New York's GBL § 349; both federal and state courts have repeatedly held this statute does not apply to landlord-tenant disputes over rent.

Judge Koeltl dispensed with the need for a pre-motion conference letter, permitting Prestige to move to dismiss immediately. The undersigned sought an extended briefing schedule as concerning the time to submit a reply in support, since the undersigned had long ago scheduled a vacation for April, the first in many years. Judge Koeltl therefore provided additional time, until today's date, to submit the reply.

As Plaintiff was therefore aware, the undersigned was not available for much of March addressing the motion to dismiss and other deadlines, through April 12. Nonetheless, Plaintiff almost immediately served particularly lengthy, excessive demands of 13 pages, in addition to twenty-six requests for admission. It is of course Plaintiff's right to serve such demands; however Plaintiff's stated reason for haste and disproportion was that she wanted to investigate adding yet more defendants to the instant action, since co-defendant Arthur Ransome Houses LP ("Ransome") had defaulted. Although Prestige takes no position on whether Plaintiff should be able to add other parties for such a reason, it does not appear to be a valid basis for demanding an excess of discovery from another party in so immediate a time frame.

In any event, the undersigned has advised Plaintiff that discovery will be very shortly forthcoming once the reply in support of the motion to dismiss is filed, as of today. Prestige therefore respectfully requests that the Court deny Plaintiff's request for a motion to compel

*Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*; Docket No.: 25-cv-08489
Page 2

production, as it will soon be rendered moot. Moreover, based on discussions with Plaintiff's counsel today, it appears the parties will require motion practice to resolve disputes over privilege and relevance for some of Plaintiff's demands; such anticipated forthcoming motion practice will give Plaintiff the opportunity to seek to compel production of any other discovery as well.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

Asher Kest

CC:    All Counsel of Record (via ECF)