# AHMAD KESHAVARZ
*Attorney at Law*

| 16 COURT STREET, #2600 BROOKLYN, NY 11241 | WWW.NEWYORKCONSUMERATTORNEY.COM E-mail: ahmad@NewYorkConsumerAttorney.com | Telephone: (718) 522-7900 Fax: (877) 496-7809 |
|---|---|---|

April 15, 2026

**VIA ECF**

Magistrate Judge Gary Stein
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:** **Second Letter Motion for Pre-Motion Conference on Motion to Compel Prestige as to Requests for Admission and First Letter Motion to Compel Attorney Defendants.**
> ***Garcia v. Sperber Kahan Law Group PLLC, et al.,* 1:25-cv-08489-JGK**

Dear Judge Stein:

The undersigned represents Plaintiff Leonarda Garcia in this action against Defendants Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan ("the Attorney Defendants"); Arthur Ransome Houses L.P. ("Arthur Ransome"), a landlord in whose name the Attorney Defendants filed two rental arears and eviction lawsuits, and sent a demand letter threatening a third, for rent Ms. Garcia did not owe; and Prestige Management, Inc. ("Prestige"), a real estate management company which managed and oversaw Arthur Ransome's residential portfolio. Specifically, Attorney Defendants sued Ms. Garcia for the government's share of Section 8 rent – which is never chargeable to the tenant. According to Attorney Defendants, Prestige provided the information that was the basis for the Attorney Defendants to sue twice and threaten to sue a third time, even though they signed a stipulation acknowledging that they had been suing solely on the Section 8 share of rent and owed nothing. Defendant Arthur Ransome has defaulted.

On April 1 Plaintiff filed a Letter Motion to Compel against Prestige [Dkt. No. 56] for failure to serve answers or produce any documents in response to Plaintiff's discovery demands due March 15. On April 10 the Court granted [Dkt. No. 56] the application and set an in-person hearing for April 16 at noon. Plaintiff had intended to file this application on April 13 but held off to allow time for Attorney Defendants to amend by today.

**Compelling Landlord Defendants**

Plaintiff moves for a pre-motion conference pursuant to Your Honor's Individual Rule II(C)(2), specifically regarding a motion to compel certain responses from Defendant Prestige, and to compel the Attorney Defendants to fully answer Plaintiff's first set of discovery demands served on February 13, 2026. *See* **Exhibit A**. The deadline to answer was March 15, 2026.

In addition to the deficiencies identified below in the Attorney Defendants' responses, which also apply to Prestige's responses, as well as Prestige's continued failure to meaningfully answer any discovery beyond voluminous objections to the Requests for Admission, the

1

following additional deficiencies exist in Prestige's discovery responses (*see* **Exhibit B** (Prestige's Requests for Admission answers)):

1. Defendant Prestige has not responded to Requests for Admission Nos. 7-14, all of which ask whether the Section 8 Share constituted some or all of the amounts sought in each of the various lawsuits and collection letters. This is an essential factual issue on which the entire case turns; whether Defendants sought to collect Section 8 rent from a paying tenant rather than the government is the central question of this FDCPA case as well as the associated state law claims.

2. Defendant Prestige also fails to answer Requests for Admission Nos. 15-19, all of which cover similar substance to Requests for Admission Nos. #7-14 but relate to communications sent and actions taken by the Landlord Defendants specifically.

3. In addition to failing to produce a privilege log, Defendant Prestige has been unclear about whether it is a client of the Attorney Defendants, while the Attorney Defendants have maintained that Defendant Prestige is their client and that they are as such bound by attorney-client privilege to make many redactions and objections. Plaintiff seeks to compel a definitive answer as to whether Prestige is the Attorney Defendants' client; if the answer is no, Plaintiff seeks for Prestige to instruct the Attorney Defendants to remove their privilege objections.

**<u>Compelling Attorney Defendants</u>**

On March 13, 2026, Attorney Defendants answered the requests, interposing lengthy objections to many of the demands. *See* **Exhibit C** (Attorney Defendants' Interrogatory Answers); **Exhibit D** (Attorney Defendants' Answers to Requests for Production). Attorney Defendants amended their responses on April 15, 2026, withdrawing many of the objections to Requests for Admissions and producing a privilege log. However, Attorney Defendants' responses remain deficient in the following ways:

1. Attorney Defendants have claimed privilege in response to certain demands, but have produced a deficient privilege log which does not fully identify the parties to the communications being withheld as privileged. *See* **Exhibit E** (Attorney Defendants Privilege Log).

2. Attorney Defendants have not definitively answered Request for Admission 19: "The 2025 Certification to HPD was included in the envelope with the 2025 Collection Letter."

3. Attorney Defendants have not answered Interrogatory 12: "Identify the persons against whom you have brought or caused to bring non-payment proceedings including the Section 8 Share in the amount alleged to be due." This pattern-and-practice information is essential to Plaintiff's state law claims.

4. Attorney Defendants have not answered the request for production misnumbered by the undersigned and referred to by Attorney Defendants as the Second Request for Production 21: "Documents sufficient to identify the persons against whom you have brought or caused to bring non-payment proceedings including the Section 8 Share in the amount alleged to be due." This pattern-and-practice information is essential to Plaintiff's state law claims.

Plaintiff moves for a pre-motion conference to compel written responses to her discovery

demands, and to compel the production of documents responsive to her discovery requests.

**Proving the Elements of Plaintiff's Claims Requires the Discovery Sought**

Plaintiff's discovery demands for pattern-and-practice evidence are relevant and certainly can lead to the discovery of relevant information. Pattern-and-practice evidence is one way (although not the only way) to meet the consumer-oriented element of a GBL § 349 claim. See, e.g. *Samms v. Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP*, 163 F. Supp. 3d 109, 115 (S.D.N.Y. 2016) (consumer granted summary judgment on consumer-oriented prong of GBL § 349 claim by demonstrating that collection law firm filed collection lawsuits against 147 other consumers falsely representing a right to attorney's fees). Pattern-and-practice evidence may be relevant to establish the award or amount of the award for punitive damages under certain circumstances. *See, e.g., Rocanova v. Equitable Life Assur. Soc. of U.S.*, 83 N.Y.2d 603, 613, 634 N.E.2d 940, 943 (1994) (discussing punitive damages and misconduct aimed against the public generally). Plaintiff has a claim for gross negligence, which includes the possibility of punitive damages. *See* Calixto v A. Balsamo & Rosenblatt, P.C., No. 2022-03787, 506969/21, 2025 N.Y. Slip Op. 06686, --- N.Y.S.3d ---, 2025 WL 3466767, at *2 (N.Y.A.D. 2 Dept., Dec. 03, 2025) (allowing claims for gross negligence against landlord and landlord law firm for collecting on rental arrears not owed); and *Wilson v. Selip & Stylianou, LLP*, No. 24-CV-4108 (ALC), 2026 WL 851338 (S.D.N.Y. Mar. 27, 2026) (allowing gross negligence claims to go forward against creditor and collection law firm for using a process server they had reason to know was executing false affidavits of service). Pattern-and-practice evidence could also be relevant to establish Attorney Defendants' conduct to support an "intent to deceive" under Judiciary Law § 487. *See* Calixto v A. Balsamo & Rosenblatt, P.C., No. 2022-03787, 506969/21, 2025 N.Y. Slip Op. 06686, --- N.Y.S.3d ---, 2025 WL 3466767, at *2 (N.Y.A.D. 2 Dept., Dec. 03, 2025 (allowing Judiciary Law § 487 claims to go forward for collecting on rental arrears not owed); and *Wilson v. Selip & Stylianou, LLP*, No. 24-CV-4108 (ALC), 2026 WL 851338 (S.D.N.Y. Mar. 27, 2026) (allowing Judiciary Law § 487 claims to go forward against collection law firm for using a process server they had reason to know was executing false affidavits of service).

The Parties are on a relatively short scheduling order and Plaintiff urgently needs this information, especially given the reset deadline to amend the complaint is April 27.

Respectfully,
/s/
Ahmad Keshavarz

**Certificate of Conference**

The undersigned spoke with counsel for Attorney Defendants on April 13, 2026, and had a good discussion regarding our discovery needs, with counsel for Attorney Defendants agreeing to provide updated answers to the above-identified items by Wednesday, April 15. However, as to Attorney Defendants' actual responses to the discovery propounded by Plaintiff, the parties are at an impasse, as counsel for Attorney Defendants have rebuffed or ignored requests for responses and the deadline to serve discovery responses has passed. *See* **Exhibit F** (email conferral attempts itemizing most important issues) and **Exhibit G** (records of phone calls to counsel for

Attorney Defendants). Counsels for Defendant Prestige have not answered or returned any of the undersigned's numerous phone calls and emails regarding discovery. *See* **Exhibit H** (records of phone calls to counsels for Prestige).

I met and conferred with Adam Marshall, counsel for Attorney Defendants, in good faith to avoid the necessity of obtaining the relief requested in this application without court action, but those attempts have failed.

I spoke with Mr. Marshall on April 13 for six minutes and discussed our respective discovery needs and requests. The deadline for the Attorney Defendants to answer discovery was March 15. I also attempted to both call and email Mr. Marshall following his production of the amended answers and privilege log. I have attempted to confer with opposing counsel via email (**Exhibit E**) on the dates listed below about a date certain to get discovery answers, and itemizing the most urgently needed documents. **Exhibit F** (calls to Prestige counsel).

Prior to today, I was unable to meet and confer with any of the counsels for Defendant Prestige, despite a number of phone calls. I spoke with Asher Kest, counsel for Defendant Prestige, today, April 15, for twenty-one minutes. During the call, I confirmed with Mr. Kest that the Parties are at an impasse with regards to pattern-and-practice evidence and those Requests for Admission which inquire specifically about amounts sought in the lawsuits against Plaintiff (Nos. 7-8, 13-14); as to the Requests for Admissions inquiring about amounts sought in collection letters and billing statements, as well as whether Prestige is a client of the Attorney Defendants, Mr. Kest stated that he needed more time to review his client's documents to know the answer.

Dated: April 15, 2026
Brooklyn, NY
/s/
Ahmad Keshavarz

4