UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

LEONARDA GARCIA                                Civil Action No. 1:25-cv-08489-JGK

                    Plaintiff,

          – against –                          **RESPONSE TO PLAINTIFF'S
                                               REQUESTS FOR ADMISSIONS**
                                               .
ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and,
PRESTIGE MANAGEMENT, INC.,

                    Defendants.

------------------------------------------------------------------------- X

**PLEASE TAKE NOTICE THAT** the Defendant, PRESTIGE MANAGEMENT, INC.

("Defendant"), by and through their attorneys, FURMAN KORNFELD & BRENNAN LLP

hereby provide the following responses and objections ("the Responses") to Plaintiff,

LEONARDA GARCIA's ("Plaintiff") First Set of Requests for Admission ("the Requests"), as

follows:

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's Request for Admission to the extent that they

attempt to impose obligations upon the Defendant that are inconsistent with and/or in addition to

those imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States

District Court for the Southern District of New York.

2.      Defendant objects to each and every demand in Plaintiff's Request for Admission

to the extent that it seeks to require the Defendant to organize its responses to the demands by

any method other than that in which the records are kept in the normal course of business on the

grounds that to do otherwise would impose an undue burden and unreasonable expense on the

Defendant.

1

3.    Defendant objects to each and every demand in Plaintiff's Request for Admission to the extent it purports to require the disclosure of matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted.  The inadvertent production of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

4.    Defendant objects to each and every demand in Plaintiff's Request for Admission to the extent it purports to seek production of information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

5.    Defendant objects to each and every demand in Plaintiff's Request for Admission to the extent that it is vague, ambiguous, and ill-defined.

6.    Defendant objects to each and every demand in Plaintiff's Request for Admission to the extent that the compilation of such information would be unduly burdensome, oppressive, unreasonably expensive, and/or would require unreasonable investigation on the part of the Defendant.

7.    Defendant objects to each and every demand in the Plaintiff's Request for Admission to the extent that the information sought is a matter of public record and is equally accessible and available through an examination of public records.

8.    Defendant objects to each and every demand in Plaintiff's Request for Admission to the extent it seeks information not within the Defendant's possession, custody or control on

2

the grounds that said discovery is overly broad, unduly burdensome, and could require Defendant to search for non-party information and answer on behalf of non-parties.

9.      Defendant objects to each and every demand in Plaintiff's Request for Admission to the extent that it seeks information that is already in the possession of Plaintiff or information that is equally accessible to Plaintiff.

10.      Any response provided by the Defendant in response to Plaintiff's Request for Admission is made on the basis of the best information available to the Defendant at the time of gathering responsive materials, within the limits of, and subject to the Defendant general and specific objections to the aforementioned request. The Defendant's production of responsive information to any particular request does not constitute an admission or acknowledgment that the demand is proper, that the information it seeks is within the proper bounds of discovery, or that demands for similar information will be treated in similar fashion.  Furthermore, any and all responses provided pursuant to the aforementioned request are for the purposes of this action only, and are not responses for any other purpose, nor may they be used against the Defendant in any other proceedings. Defendant reserves the right to supplement or modify the responses and objections if and as additional information becomes available.

In addition to these General Objections, Defendant may also make, where appropriate, other specific objections to individual requests. By setting forth such specific objections, Defendant does not limit or waive the General Objections. To the extent that Defendant responds to the demands to which they object, such objections are not waived. Defendant expressly reserves the right to supplement these responses should further information become available.

**RESPONSES TO REQUESTS FOR ADMISSION**

**Request No. 1:** You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq.

**Response**: Defendant objects to this request on the grounds that it seeks admissions as to a question of law or legal conclusion. To the extent a response is necessary, denied.

**Request No. 2:** The Putative Debt you sought to collect in the Lawsuit was an alleged obligation incurred primarily for family, personal, or household purposes.

**Response**: Defendant objects to this request on the grounds that it assumes facts and includes terms which are conclusory and/or argumentative. Defendant further objects on the grounds that it seeks admission as to a question of law or legal conclusion. Defendant further objects on the grounds that it is vague and ambiguous and lacking in specificity such that Defendant cannot in good faith respond to the request.

**Request No. 3:** You regularly file actions in Housing Court seeking to collect alleged past due rent from tenants.

**Response:** Denied.

**Request No. 4:** You regularly use ledgers with the same form and fields or with a substantially similar form and fields to the Rent Ledger.

**Response**: Defendant objects to this request on the grounds that it is improper and unduly burdensome since it incorporates documents by reference and cannot be admitted or denied by reference only to facts stated in the request. Defendant further objects on that grounds that the terms are vague, ambiguous, and lacking in specificity such that Defendant cannot in good faith respond to the request.

**Request No. 5:** You regularly file collection lawsuits to collect on putative consumer debt from tenants who participate in Section 8.

**Response**: Denied.

**Request No. 6:** You do not have any written policies or procedures regarding consumers or tenants who participate in Section 8.

**Response**: Defendant objects to this request on the grounds that the terms are vague, ambiguous, and lacking in specificity that Defendant cannot in good faith respond to the request.

**Request No. 7**: The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2023 Lawsuit.

**Response**: Defendant objects to this request on the grounds that it assumes facts and includes terms which are conclusory and/or argumentative. Defendant further objects on the grounds that it seeks admission as to a question of law or legal conclusion. Defendant further objects on the grounds that it is vague and ambiguous and lacking in specificity such that Defendant cannot in good faith respond to the request.

**Request No. 8**: The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2024 Lawsuit.

**Response**: Defendant objects to this request on the grounds that it is improper and unduly burdensome since it incorporates documents by reference and cannot be admitted or denied by reference only to facts stated in the request.

**Request No. 9**: The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

**Response**: Defendant objects to this request on the grounds that it is improper and unduly burdensome since it incorporates documents by reference and cannot be admitted or denied by reference only to facts stated in the request. Defendant further objects on the grounds that it assumes facts and includes terms which are conclusory and/or argumentative. Defendant further objects on the grounds that it seeks admission as to a question of law or legal conclusion. Defendant further objects on the grounds that it is vague and ambiguous and lacking in specificity such that Defendant cannot in good faith respond to the request.

**Request No. 10**: The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

    **Response:** See response to request no. 9.

**Request No. 11**: The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Certification to HPD to Ms. Garcia.

    **Response**: See response to request no. 9.

**Request No. 12**: The Section 8 Share constitutes some of the amount alleged to be owed by Ms. Garcia in the 2025 Billing Statements to Ms. Garcia.

    **Response**: See response to request no. 9.

**Request No. 13**: The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2023 Lawsuit.

    **Response**: See response to request no. 9.

**Request No. 14**: The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2024 Lawsuit.

    **Response**: See response to request no. 9.

**Request No. 15**: The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

    **Response**: See response to request no. 9.

**Response No. 16**: The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Collection Letter.

    **Response**:  See response to request no. 9.

**Request No. 17**: The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Certification to HPD to Ms. Garcia.

    **Response**: See response to request no. 9.

**Request No. 18**: The Section 8 Share constitutes all of the amount alleged to be owed by Ms. Garcia in the 2025 Billing Statements to Ms. Garcia.

**Response**: See response to request no. 9.

**Request No. 19**: The 2025 Certification to HPD was included in the envelope with the 2025 Collection Letter.

**Response**:  See response to request no. 9.

**Request No. 20**: Part of the amount Ms. Garcia pays for rent in the Building goes to Prestige.

**Response**: Denied.

**Request No. 21**: When the Attorney Defendants filed the 2023 Lawsuit they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

**Response**: Defendant objects on the grounds that Defendant does not have sufficient information to answer on behalf of other parties.

**Request No. 22**: When the Attorney Defendants filed the 2024 Lawsuit they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

**Response**: See response to request no. 21.

**Request No. 23**: When the Attorney Defendants mailed to Ms. Garcia the 2025 Collection Letter they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

**Response**: See response to request no. 21.

**Request No. 24**: When the Attorney Defendants mailed the 2025 Certification to HPD to Ms. Garcia they knew the amount alleged to be owed by Ms. Garcia included the Section 8 Share.

**Response**: See response to request no. 21.

**Request No. 25**: The Landlord Defendants sent the 2025 Billing Statements to Ms. Garcia.

**Response**: Defendant objects to this request on the grounds that the term "Landlord Defendants" is lacking in specificity and compounds distinct parties such that Defendant cannot

7

in good faith respond to the request. Defendant further objects to this request on the grounds that it fails to separately set forth each matter as to which an admission is sought as required by Rule 36(a)(2); instead the request presents compound parties or alleged acts and/or omissions within a single request.

**Request No. 26**: The amount alleged to be due by the 2025 Billing Statements to Ms. Garcia included the Section 8 Share.

> **Response**: Defendant objects to this request on the grounds that it is improper and unduly burdensome since it incorporates documents by reference and cannot be admitted or denied by reference only to facts stated in the request. Defendant further objects on the grounds that it assumes facts and includes terms which are conclusory and/or argumentative. Defendant further objects on the grounds that it seeks admission as to a question of law or legal conclusion. Defendant further objects on the grounds that it is vague and ambiguous and lacking in specificity such that Defendant cannot in good faith respond to the request.

**PLEASE TAKE FURTHER NOTICE THAT,** Defendant reserves the right to amend and/or supplement this response up to and including the time of trial.

Dated: March 13, 2026
New York, NY

Yours, etc.,

FURMAN KORNFELD & BRENNAN LLP

By: __/s/ Asher Kest_____
Asher Kest, Esq.
*Attorneys for Defendant*
PRESTIGE MANAGEMENT, INC.
88 Pine Street, 32nd Floor
New York, New York 10005
Tel: (212) 867-4100
FKB File No.: 314.064

8

To:    The Law Office of Ahmad Keshavarz
Ahmad Keshavarz, Esq.
*Attorneys for Plaintiff*
16 Court Street, 26th Floor
Brooklyn, New York 11241
Tel: (347) 308-4859