UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LEONARDA GARCIA,

                      Plaintiff,

      -against-

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSE LP, and
PRESTIGE MANAGEMENT, INC.,

                   Defendants.
-------------------------------------------------------X

Case No. 1:25-cv-8489 (JGK)

**ATTORNEY DEFENDANTS'
RESPONSES TO PLAINTIFF'S
INTERROGATORIES**

Defendants Eric H. Kahan ("Kahan") and Sperber Kahan Law Group PLLC ("SKLG")

(collectively, the "Attorney Defendants"), by their attorneys Kaufman Dolowich LLP, hereby

respond to the Interrogatories served by Plaintiff Leonarda Garcia ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1.     The Attorney Defendants object to each Interrogatory to the extent it is overly

broad, seeks irrelevant information and not reasonably calculated to lead to the discovery of

relevant or admissible evidence.

2.     The Attorney Defendants object to each Interrogatory to the extent it seeks

information protected by the attorney-client privilege, work product privilege, material prepared

for litigation privilege, or any other privilege or immunity from discovery.

4.     The Attorney Defendants object to each Interrogatory to the extent the information

sought is not in the Attorney Defendants' possession or control and/or is already in the possession

or control of Plaintiff, or is readily obtainable from a source other than the Attorney Defendants in

a more convenient manner.

1

5.      The Attorney Defendants object to each Interrogatory to the extent it is vague, ambiguous, overly broad or otherwise lacks sufficient precision or particularity to permit formulation of a responsive answer.

6.      The Attorney Defendants object to each Interrogatory to the extent it imposes upon the Attorney Defendants obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules applicable to this Court.

7.      The Attorney Defendants object to each Interrogatory to the extent it seeks to impose upon the Attorney Defendants an obligation to review documents that are in the possession of others.

10.      The Attorney Defendants reserve the right to supplement, amend or correct their responses should the need arise.

**RESPONSES TO INTERROGATORIES**

**Interrogatory No. 1**

Identify all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

**Response:**

The Attorney Defendants object to this Interrogatory on the ground that it seeks information beyond the scope permitted by Local Civil Rule 33.3(a).  Subject to and without waiving the foregoing objections, persons with knowledge of relevant facts include the following:

a.   Plaintiff – c/o the Law Office of Ahmad Keshavarz.

b.   Arthur Ransome Houses LP ("Arthur Ransome").

c.   Prestige Management, Inc. ("Prestige") – c/o Furman Kornfeld & Brennan LLP.

d.   Kahan – c/o Kaufman Dolowich LLP.

e.   SKLG – c/o Kaufman Dolowich LLP.

    f.   SKLG employee Jessica Morales – c/o Kaufman Dolowich LLP.

    g.   Former SKLG employee Tiffany Iriziarry.

    h.   Former Prestige employee Detra Williams.

**Interrogatory No. 2**

Identify the name and address of every witness you expect to call at the trial of this case.

**Response:**

The Attorney Defendants have not yet determined who they will call as witnesses at trial.

**Interrogatory No. 3**

Identify all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

**Response:**

Kahan, with the assistance of the undersigned counsel.

**Interrogatory No. 4**

Identify the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

**Response:**

The Attorney Defendants are in possession of case files concerning the 2023 Lawsuit, the 2024 Lawsuit, the 2025 Collection Letter and 2025 Certification to HPD.[1]

**Interrogatory No. 5**

If documents responsive to Plaintiff discovery demands are in the possession of a third party, identify that third party and the documents you believe in their possession.

---

[1] Unless otherwise noted, the capitalized terms in Plaintiff's Interrogatories have the same meanings when used herein.

**Response:**

Upon information and belief, Defendants Arthur Ransome and Prestige are in possession of documents concerning Plaintiff and her apartment.  Upon information and belief, attorneys Eliza Chung of the Legal Aid Society and James B. Fishman of Fishman Law Group, PLLC are in possession of documents concerning the 2023 Lawsuit and 2024 Lawsuit, respectively.

**Interrogatory No. 6**

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or  when it could no longer be located, and the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

**Response:**

The Attorney Defendants are still searching for responsive documents and will supplement this response as necessary upon completion of the search

**Interrogatory No. 7**

If your document production uses abbreviations, codes, or identifies persons only by  firm name or initials, please identify the meaning of each abbreviation or code, and identify each such person.

**Response:**

The Attorney Defendants object to this Interrogatory on the ground that it seeks information beyond the scope permitted by Local Civil Rule 33.3(a).

**Interrogatory No. 8**

Identify each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

4

**Response:**

Upon information and belief, the owner of the Building is Arthur Ransome. Upon information and belief, Prestige provides property management services.

**Interrogatory No. 9**

Identify the person(s) who made the decision

a.  to file the 2023 Lawsuit,
b.  to file the 2024 lawsuit,
c.  to send the 2025 Collection Letter,
d.  to send the 2025 Certification to HPD to Ms. Garcia, and
e.  to send the 2025 Billing Statements.

**Response:**

The Attorney Defendants respond to each subpart as follows:

a.      SDK Heiberger LLP ("SDKH"), at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

b.      SKH Heiberger LLP ("SKHH"), at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

c.      SKLG, at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

d.      SKLG, at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

e.      The Attorney Defendants had no role with respect to the 2025 Billing Statements and refer Plaintiff's inquiry regarding those documents to Prestige.

**Interrogatory No. 10**

Identify the person(s) who made the decision as to how much money should be alleged to be due in

a.  the 2023 Lawsuit,

5

b.  the 2024 lawsuit,
c.  the Rent Ledger,
d.  the 2025 Collection Letter,
e.  the 2025 Certification to HPD,
f.  the rent ledger attached to the 2025 Certification to HPD, AND
g.  the 2025 Billing Statements.

**Response:**

The Attorney Defendants respond to each subpart as follows:

a.      SDKH, at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

b.      SKHH, at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

c.      SKHH, at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

d.      SKLG, at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

e.      SKLG, at the direction and based upon information provided by Prestige as managing agent for Arthur Ransome.

f.      The Attorney Defendants object to this subpart as vague and ambiguous in that there is no "rent ledger" attached to the 2025 Certification to HPD.  To the extent Plaintiff is referring to the Tenant Ledger, the Attorney Defendants had no role in preparing that document and refer Plaintiff's inquiry regarding that document to Prestige.

g.      The Attorney Defendants had no role with respect to the 2025 Billing Statements and refer Plaintiff's inquiry regarding those documents to Prestige.

**Interrogatory No. 11**

Identify who provided the information to the Attorney Defendants as how much Ms. Garcia

owed and how it was calculated

    a.   to file the 2023 Lawsuit,
    b.   to file the 2024 lawsuit,
    c.   to send the 2025 Collection Letter, and
    d.   to send the 2025 Certification to HPD.

**Response:**

The Attorney Defendants respond to each subpart as follows:

a.      Prestige as managing agent for Arthur Ransome.

b.      Prestige as managing agent for Arthur Ransome.

c.      Prestige as managing agent for Arthur Ransome.

d.      Prestige as managing agent for Arthur Ransome.

**Interrogatory No. 12**

Identify the persons against whom you have brought or caused to bring non-payment proceedings including included the Section 8 Share in the amount alleged to be due.

**Response:**

The Attorney Defendants object to this Interrogatory on the grounds that it exceeds the permissible number of interrogatories (including discrete subparts) allowed under Fed. R. Civ. P. 33(a)(1) and seeks information beyond the scope permitted by Local Civil Rule 33.3(a).

**Interrogatory No. 13**

Identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

**Response:**

The Attorney Defendants object to this Interrogatory on the grounds that it exceeds the permissible number of interrogatories (including discrete subparts) allowed under Fed. R. Civ. P. 33(a)(1) and seeks information beyond the scope permitted by Local Civil Rule 33.3(a).

**Interrogatory No. 14**

Identify any accounting firm that does your accounting.

**Response:**

The Attorney Defendants object to this Interrogatory on the grounds that it exceeds the permissible number of interrogatories (including discrete subparts) allowed under Fed. R. Civ. P. 33(a)(1) and seeks information beyond the scope permitted by Local Civil Rule 33.3(a).  Moreover, the identity of "any accounting firm that does [the Attorney Defendants'] accounting" is utterly irrelevant to the parties' claims and defenses in this action.

**Interrogatory No. 15**

Identify the person who knows how much the Attorney Defendants were paid or how much the Landlord Defendants paid for

a.  the 2023 Lawsuit,
b.  the 2024 lawsuit,
c.  the 2025 Collection Letter,
d.  the 2025 Certification to HPD, and
e.  the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Interrogatory on the grounds that it exceeds the permissible number of interrogatories (including discrete subparts) allowed under Fed. R. Civ. P. 33(a)(1) and seeks information beyond the scope permitted by Local Civil Rule 33.3(a).

**Interrogatory No. 16**

Identify the persons who issued the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Interrogatory on the grounds that it exceeds the permissible number of interrogatories (including discrete subparts) allowed under Fed. R. Civ. P. 33(a)(1).

8

Dated: Woodbury, New York
       March 23, 2026

**KAUFMAN DOLOWICH LLP**

By:    <u>/s/ Adam M. Marshall</u>
        Brett A. Scher, Esq.
        Adam M. Marshall, Esq.
        *Attorneys for Defendants*
        *Eric H. Kahan*
        *and Sperber Kahan Law Group PLLC*
        135 Crossway Park Drive, Suite 201
        Woodbury, New York 11797
        (516) 681-1100

To:    Ahmad Keshavarz, Esq.
       The Law Office of Ahmad Keshavarz
       *Attorneys for Plaintiff*
       16 Court Street, Suite 2600
       Brooklyn, NY 11241
       (718) 522-7900
       ahmad@newyorkconsumerattorney.com
       (Via Electronic Mail)

       Aher Kest, Esq.
       Furman Kornfeld & Brennan LLP
       *Attorneys for Defendant*
       *Prestige Management, Inc.*
       88 Pine Street, 32nd Floor
       (212) 867-4100
       akest@fkblw.com.com
       (Via Electronic Mail)

## **VERIFICATION**

ERIC H. KAHAN hereby declares the following to be true under the penalties of perjury pursuant to 28 U.S.C. § 1746:

1. I am a named Defendant in this action and a partner in Defendant Sperber Kahan Law Group PLLC.

2. I have read the foregoing responses to Plaintiff's Interrogatories and know the statements therein to be true, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Dated: March 23, 2026

_____

ERIC H. KAHAN

10

Case 1:25-cv-08489-JGK-GS   Document 70-3   Filed 04/15/26   Page 11 of 11

## VERIFICATION

ERIC H. KAHAN hereby declares the following to be true under the penalties of perjury pursuant to 28 U.S.C. § 1746:

1.     I am a named Defendant in this action and a partner in Defendant Sperber Kahan Law Group PLLC.

2.     I have read the foregoing responses to Plaintiff's Interrogatories and know the statements therein to be true, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

Dated: March 23, 2026

_____
ERIC H. KAHAN

10