UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LEONARDA GARCIA,

                 Plaintiff,

    -against-

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSE LP, and
PRESTIGE MANAGEMENT, INC.,

                 Defendants.

-------------------------------------------------------X

Case No. 1:25-cv-8489 (JGK)

**ATTORNEY DEFENDANTS'
RESPONSES TO PLAINTIFF'S
REQUESTS FOR PRODUCTION
OF DOCUMENTS**

Defendants Eric H. Kahan ("Kahan") and Sperber Kahan Law Group PLLC ("SKLG") (collectively, the "Attorney Defendants"), by their attorneys Kaufman Dolowich LLP, hereby respond to the Requests for Production of Documents served by Plaintiff Leonarda Garcia ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1.     The Attorney Defendants object to each Request to the extent that it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2.     The Attorney Defendants object to each Request to the extent that it seeks information protected by the attorney-client privilege, work product privilege, material prepared for litigation privilege, or any other privilege or immunity from discovery.

4.     The Attorney Defendants object to each Request to the extent that the information sought is not in the Attorney Defendants' possession or control and/or is already in the possession or control of Plaintiff, or is readily obtainable from a source other than the Attorney Defendants in a more convenient manner.

1

5.      The Attorney Defendants object to each Request to the extent it is vague, ambiguous, overly broad or otherwise lacks sufficient precision or particularity to permit formulation of a responsive answer.

6.      The Attorney Defendants object to each Request to the extent that it imposes upon the Attorney Defendants obligations beyond those imposed by the Federal Rules of Civil Procedure and/or the Local Rules applicable to this Court.

7.      The Attorney Defendants object to each Request to the extent that it seeks to impose upon the Attorney Defendants an obligation to review documents in the possession of others.

10.      The Attorney Defendants reserve the right to supplement, amend or correct their responses should the need arise.

## RESPONSES TO REQUESTS

### Request No. 1

Documents regarding Plaintiff, each putative debt, or attempts to collect each putative debt.

#### Response:

The Attorney Defendants object to this Request on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine, as well as documents prepared in anticipation of litigation.  Without waiving or limiting the foregoing objections, the Attorney Defendants refer Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

### Request No. 2

The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.

**Response:**

The Attorney Defendants are not in possession of any documents responsive to this Request.

**Request No. 3**

Your account notes, screen shots, and any other documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

**Response:**

The Attorney Defendants object to this Request on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine, as well as documents prepared in anticipation of litigation. The Attorney Defendants further object to this Request to the extent it seeks "screen shots" that are cumulative or duplicate other documents. Without waiving or limiting the foregoing objections, the Attorney Defendants refer Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

**Request No. 4**

Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.

**Response:**

The Attorney Defendants refer Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

**Request No. 5**

Any contracts or agreements that govern the collection of the putative debt.

**<u>Response</u>:**

The Attorney Defendants object to this Request on the grounds that it is vague and ambiguous to the extent it seeks "contracts or agreements" that "concern the Putative Debt." As to "collection," the Attorney Defendants are searching for responsive documents.

**<u>Request No. 6</u>**

The documents, if any, reflecting your policies and procedures as to consumers or tenants who participate in Section 8.

**<u>Response</u>:**

The Attorney Defendants are searching for responsive documents.

**<u>Request No. 7</u>**

The documents reflecting the policies and procedures in connection with the use of rent ledgers and/or breakdowns such as the Rent Ledgers used in the Lawsuits against Plaintiff.

**<u>Response</u>:**

The Attorney Defendants object to this Request on the ground that it is vague and ambiguous in that the Request fails to specify whose "policies and procedures" are being sought.

**<u>Request No. 8</u>**

The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used to generate the letter.

**<u>Response</u>:**

The Attorney Defendants object to this Request on the ground that it is vague and ambiguous in that the Request fails to specify whose "policies and procedures" are being sought and seemingly uses a defined term – "Collection Letter" – that is not defined anywhere in Plaintiff's Requests.

4

**Request No. 9**

The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used specifically for tenants who participate in Section 8.

**Response:**

The Attorney Defendants object to this Request on the ground that it is vague and ambiguous in that the Request fails to specify whose "policies and procedures" are being sought and seemingly uses a defined term – "Collection Letter" – that is not defined anywhere in Plaintiff's Requests.

**Request No. 10**

Documents reflecting the policies and procedures in verifying the amounts sought in rent ledgers, including, without limitation, any documents used to verify the amounts sought from Ms. Garcia.

**Response:**

The Attorney Defendants object to this Request on the ground that it is vague and ambiguous in that the Request fails to specify whose "policies and procedures" are being sought.

**Request No. 11**

The documents that were the basis of the demand for $12,478.43 in the Collection Letter, including but not limited to account notes, court documents, and screenshots of any program used to generate the Collection Letter.

**Response:**

The Attorney Defendants object to this Request on the ground that it is vague and ambiguous in that the Request seemingly uses a defined term – "Collection Letter" – that is not defined anywhere in Plaintiff's Requests.  The Attorney Defendants further object to this Request

5

on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine, as well as documents prepared in anticipation of litigation. The Attorney Defendants additionally object to this Request to the extent it seeks "screenshots" that are cumulative or duplicate other documents.

**Request No. 12**

Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier

**Response:**

The Attorney Defendants object to this Request on the ground that it is overly broad. Without waiving or limiting the foregoing objection, the Attorney Defendants agree to produce the declaration sheet for the applicable insurance policy.

**Request No. 13**

The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.

**Response:**

The Attorney Defendants object to this Request on the ground that it is overly broad.

**Request No. 14**

The documents you refer to in your initial disclosures.

**Response:**

The Attorney Defendants refer Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

**Request No. 15**

If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

**Response:**

The Attorney Defendants object to this Request on the ground that it is overly broad. Without waiving or limiting the foregoing objection, the Attorney Defendants will provide the meanings of any non-privileged codes or abbreviations as needed.

**Request No. 16**

Every document that you intend to use or introduce into evidence at the trial of this case.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is premature, palpably improper and overly broad.

**Request No. 17**

Correspondence and other documents, including emails and texts, with any person regarding the putative debt or The Rent Seeking Documents the Lawsuit.

**Response:**

The Attorney Defendants object to this Request on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine, as well as documents prepared in anticipation of litigation.  The Attorney Defendants further object to this Request on the ground that it is vague and ambiguous in that it seemingly uses a defined term – "the Lawsuit" – that is not defined anywhere in Plaintiff's Requests.  Subject to and without waiving the foregoing objections, the Attorney Defendants refer Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

**Request No. 18**

Documents you received from NYC Housing Preservation and Development regarding Housing Quality Standards Inspection and/or Reports for the Building, including Plaintiff's apartment.

**Response:**

The Attorney Defendants object to this Request on the grounds that it vague, ambiguous and overly broad in that the terms "Housing Quality Standards Inspection" and "Reports" are undefined and not limited to Plaintiff's apartment.

**Request No. 19**

Documents concerning payments you received from or on behalf of Plaintiff from January 1, 2023 through the present.

**Response:**

The Attorney Defendants are not in possession of documents responsive to this Request.

**Request No. 20**

The contracts that would govern Attorney Defendants' representation of Landlord Defendants related to The Rent Seeking Documents.

**Response:**

The Attorney Defendants are searching for responsive documents.

**Request No. 21**

The contracts that govern the ownership of the Building, or the property management, accounting, or billing services related to the building.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad and more appropriately directed to other defendants.

8

**Request No. 22**

Documents that are sufficient to show why the Section 8 Share were including in the

amount alleged to be owed in the

a. the 2023 Lawsuit,
b. the 2024 lawsuit,
c. the 2025 Collection Letter,
d. the 2025 Certification to HPD, and
e. to send the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous,

argumentative and assumes facts that have not been proven.  The Attorney Defendants further

object to this Request to the extent it assumes that SKLG was the law firm that filed the 2023

Lawsuit and 2024 Lawsuit.

**Request No. 23**

The documents upon which the amount Attorney Defendants based their allegations of  the

amount due and the calculation of those amounts, in the

a. the 2023 Lawsuit,
b. the 2024 lawsuit,
c. the 2025 Collection Letter, and
d. the 2025 Certification to HPD.

**Response:**

The Attorney Defendants object to this Request on the grounds that it seeks material

protected from disclosure under the attorney-client privilege and work product doctrine, as well as

documents prepared in anticipation of litigation.  The Attorney Defendants further object to this

Request to the extent it assumes that SKLG was the law firm that filed the 2023 Lawsuit and 2024

Lawsuit.  Subject to and without waiving the foregoing objections, the Attorney Defendants refer

Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

9

**Request No. 24**

The documents state form the basis of the assertion of the Attorney Defendants that they performed a meaningful attorney review that the amounts alleged to be due were lawfully chargeable against Ms. Garcia in:

a. the 2023 Lawsuit,
b. the 2024 lawsuit,
c. the 2025 Collection Letter, and
d. the 2025 Certification to HPD.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous, argumentative and assumes that SKLG was the law firm that filed the 2023 Lawsuit and 2024 Lawsuit.

**Request No. 25**

The documents sufficient to show the reason why you included the Section 8 Share in the amount alleged to be owed in

a. the 2023 Lawsuit,
b. the 2024 lawsuit,
c. the 2025 Collection Letter,
d. the 2025 Certification to HPD, and
e. the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous, argumentative and assumes facts that have not been proven. The Attorney Defendants further object to this Request to the extent it assumes that SKLG was the law firm that filed the 2023 Lawsuit and 2024 Lawsuit.

10

**Second Request No. 17**

Documents sufficient to identify each person who has an ownership interest in the Building

or who provides accounting, billing, and property management services for the Building.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous,

overly broad and more appropriately directed to other defendants.

**Second Request No. 18**

Documents sufficient to identify the person(s) who made the decision

a. to file the 2023 Lawsuit,
b. to file the 2024 lawsuit,
c. to send the 2025 Collection Letter,
d. to send the 2025 Certification to HPD to Ms. Garcia, and
e. to send the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Request on the grounds that it seeks material

protected from disclosure under the attorney-client privilege and work product doctrine, as well as

documents prepared in anticipation of litigation.  Without waiving or limiting the foregoing

objections, the Attorney Defendants refer Plaintiff to the accompanying documents Bates-

numbered AD 0001 to 0101.

**Second Request No. 19**

Documents sufficient to identify the person(s) who made the decision as to how much

money should be alleged to be due in

a. the 2023 Lawsuit,
b. the 2024 lawsuit,
c. the Rent Ledger,
d. the 2025 Collection Letter,
e. the 2025 Certification to HPD,
f. the rent ledger attached to the 2025 Certification to HPD, and
g. the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Request on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine, as well as documents prepared in anticipation of litigation. Without waiving or limiting the foregoing objections, the Attorney Defendants refer Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

**Second Request No. 20**

Documents sufficient to identify who provided the information to the Attorney Defendants as how much Ms. Garcia owed and how it was calculated

    a.   to file the 2023 Lawsuit,
    b.   to file the 2024 lawsuit,
    c.   to send the 2025 Collection Letter, and
    d.   to send the 2025 Certification to HPD.

**Response:**

The Attorney Defendants object to this Request on the grounds that it seeks material protected from disclosure under the attorney-client privilege and work product doctrine, as well as documents prepared in anticipation of litigation. Without waiving or limiting the foregoing objections, the Attorney Defendants refer Plaintiff to the accompanying documents Bates-numbered AD 0001 to 0101.

**Second Request No. 21**

Documents sufficient to identify the persons against whom you have brought or caused to bring non-payment proceedings including included the Section 8 Share in the amount alleged to be due.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous, argumentative, assumes facts that have not been proven, and seeks documents that irrelevant to the parties' claims and defenses in this action.

**Second Request No. 22**

Documents sufficient to identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous, overly broad and more appropriately directed to other defendants.

**Second Request No. 23**

Documents sufficient to identify any accounting firm that does your accounting.

**Response:**

The Attorney Defendants object to this Request on the ground that it seeks documents that are irrelevant to the parties' claims and defenses in this action.

**Second Request No. 24**

Documents sufficient to identify the person who knows how much the Attorney Defendants were paid or how much the Landlord Defendants paid for

- a. the 2023 Lawsuit,
- b. the 2024 lawsuit,
- c. the 2025 Collection Letter,
- d. the 2025 Certification to HPD, and
- e. the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Request on the ground that it seeks documents that are irrelevant to the parties' claims and defenses in this action.

**Second Request No. 25**

Documents sufficient to show how much was the Section 8 Share in the amount Ms.

Garcia was alleged to owe in

    a.   the 2023 Lawsuit,
    b.   the 2024 lawsuit,
    c.   the 2025 Collection Letter,
    d.   the 2025 Certification to HPD, and
    e.   the 2025 Billing Statements.

**Response:**

The Attorney Defendants object to this Request on the grounds that it is vague, ambiguous,

argumentative and assumes facts that have not been proven.  The Attorney Defendants further

object to this Request to the extent it assumes that SKLG was the law firm that filed the 2023

Lawsuit and 2024 Lawsuit.

Dated: Woodbury, New York
       March 23, 2026

                            **KAUFMAN DOLOWICH LLP**

              By:    /s/ Adam M. Marshall
                    Brett A. Scher, Esq.
                    Adam M. Marshall, Esq.
                    *Attorneys for Defendants*
                    *Eric H. Kahan*
                    *and Sperber Kahan Law Group PLLC*
                    135 Crossway Park Drive, Suite 201
                    Woodbury, New York 11797
                    (516) 681-1100

To:    Ahmad Keshavarz, Esq.
       The Law Office of Ahmad Keshavarz
       *Attorneys for Plaintiff*
       16 Court Street, Suite 2600
       Brooklyn, NY 11241
       (718) 522-7900
       ahmad@newyorkconsumerattorney.com
       (Via Electronic Mail)

Aher Kest, Esq.
Furman Kornfeld & Brennan LLP
*Attorneys for Defendant*
*Prestige Management, Inc.*
88 Pine Street, 32nd Floor
(212) 867-4100
akest@fkblw.com.com
(Via Electronic Mail)