UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

LEONARDA GARCIA,                                         **Case No. 1:25-cv-08489**

                                        Plaintiff,

              - against -

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and
PRESTIGE MANAGEMENT, INC.,

                                        Defendants.

---------------------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT PRESTIGE MANAGEMENT INC.'S MOTION TO DISMISS THE COMPLAINT


                              **FURMAN KORNFELD & BRENNAN LLP**
                              *Attorneys for Defendant*
                              *PRESTIGE MANAGEMENT, INC.*
                              88 Pine St., 32nd Floor
                              New York, New York 10005
                              Tel:    (212) 867-4100
                              FKB File No.: 314.064


By Counsel:

Rachel Aghassi, Esq.
Asher Kest, Esq.

**<u>TABLE OF CONTENTS</u>**                                                            Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

LEGAL ARGUMENT.........................................................................................................3

   I.    PLAINTIFF UTTERLY FAILS TO REBUT THE BLACK LETTER LAW WHICH
       BARS THE INBSTANT GBL § 349 CLAIM ....................................................3

     A.  The Opposition Cannot Distinguish the Ampe Precedent Precluding this Action .............3

     B.  Plaintiff Fails to Reform the complaint which does not Allege She was Misled ................6

  II.   THE OPPOSITION IGNORES THE THRUST OF THE VICARIOUS LIABILITY
       ARGUMENT.......................................................................................................6

 III.   PLAINTIFF CANNOT REMEDY THE LACK OF REQUISITE DUTY FOR HER
       NEGLIGENCE CLAIMS ....................................................................................7

CONCLUSION ...................................................................................................................8

Certificate of Compliance ................................................................................................10

## TABLE OF AUTHORITIES

Page

*435 Cent. Park W. Tenant Ass'n v. Park Front Apartments, LLC*,
56 Misc. 3d 772 (Sup. Ct. N.Y. Cty. 2017),
*aff'd as modified*, 164 A.D.3d 411 (1st Dept 2018) ...........................................................6

*Angermeir v. Cohen*,
14 F. Supp. 3d 134 (S.D.N.Y. 2014)...................................................................................6

*Aguaiza v. Vantage Props., LLC*,
69 A.D.3d 422 (1st. Dept. 2010) .........................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...............................................................................................................5

*Brake v. Slochowsky & Slochowsky, LLP*,
504 F. Supp. 3d 103 (E.D.N.Y. 2020) ..............................................................................5,6

*Collazo v. Netherland Prop. Assets LLC*,
2017 WL 947618 (Sup. Ct. N.Y. Cty. 2017) ................................................................. 5-6

*Collazo v. Netherland Prop. Assets LLC*,
35 N.Y.3d 987 (2020) .........................................................................................................6

*Finch v. Slochowsky & Slochowsky, LLP*,
2020 WL 5848616 (E.D.N.Y. 2020)........................................................................ *passim*

*Gaidon v. Guardian Life Ins. Co. of Am.*,
94 N.Y.2d 330, 344 (1999) ...................................................................................................4

*Hawkins-El v. First American Funding, LLC*,
891 F. Supp. 2d 402 (E.D.N.Y. 2012)) ..............................................................................8

*Haygood v. Prince Holdings 2012 LLC*,
186 A.D.3d 1157 (1st Dept. 2020).....................................................................................6

*Lautman v. 2800 Coyle St. Owners Corp.*,
2014 WL 2200909 (E.D.N.Y. 2014).....................................................................................6

*Lozano v. Grunberg*,
195 A.D.2d 308 (1st Dept. 1993).......................................................................................4

*Mayfield v. Asta Funding, Inc.*,
95 F. Supp. 3d 685 (S.D.N.Y. 2015)..............................................................................................4

*McCrobie v. Palisades Acquisition XVI, LLC*,
359 F. Supp. 3d 239 (W.D.N.Y. 2019) ...........................................................................................4

*Meyerson v. Prime Realty Servs., LLC*,
7 Misc. 3d 911 (Sup. Ct. 2005) ......................................................................................................4

*Nezry v. Haven Ave. Owner LLC*,
28 Misc. 3d 1226(A) (Sup. Ct. N.Y. Cty. 2010)............................................................................6

*Onfroy v. L. Offs. of Geoffrey T. Mott, P.C.*,
751 F. Supp. 3d 195 (E.D.N.Y. 2024) ............................................................................................6

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y.2d 20(1995)    ....................................................................................................................3

*Samms v. Abrams, et al.*,
112 F. Supp. 3d 160 (S.D.N.Y. 2015)..............................................................................................5

*Samms v. Abrams, et al.*,
163 F. Supp. 3d 109 (S.D.N.Y. 2016)..............................................................................................4

*Sanchez v. Ehrlich*,
2018 WL 2084147 (S.D.N.Y. 2018) ...............................................................................................4

*Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*,
2018 WL 1545687 (E.D.N.Y. 2018)...............................................................................................4

## STATUTES

GBL § 349................................................................................................................................. *passim*

iii

## PRELIMINARY STATEMENT

In the opposition ("Opposition") to the motion to dismiss[1] ("Motion"), Plaintiff offers only blank denial of well-established precedent, erroneous citations to decisions she has misread, and obstinate refusal to acknowledge a number of basic pleading requirements.

*First*, the Opposition completely fails to contend with the undisputed black-letter law that individual rent disputes between a landlord and tenant does not constitute "consumer-oriented conduct" that affects consumers at large as required for GBL §349. The Opposition only tries to distinguish two of the many cases referenced in the Motion, and one of those isn't even the right citation. By contrast, the few cases Plaintiff cites are vastly different, with either completely different topics or highly specified pleadings regarding bulk conduct against consumers at large.

The Opposition mischaracterizes the Motion's argument, claiming Prestige avers that a tenant can never have a §349 claim. This is of course absurd; what the Motion argues is that a particular rent dispute between a landlord and tenant, like here – even one that results in multiple lawsuits – is not sufficient to allege conduct regarding consumers at large, and that such private disputes cannot be the basis for §349 claims. To the extent that the Complaint and Opposition meekly reiterate the formulaic, rote, conclusory allegation that Prestige is engaged in "conduct aimed at consumers, courts in this jurisdiction have dismissed such bald, bare pleadings again and again, even if such plaintiffs pleaded that those defendants had numerous debt collection actions.

The Opposition also fails to persuade that the allegation that Plaintiff was herself misled is stated in the complaint, since it quite evidently is not there.

*Second*, Plaintiff tries to argue that the lack of vicarious liability for an agent is not relevant, because Prestige is responsible for its own acts as a debt collector. This is nonsensical, not least

---

[1] All terms defined in the Prestige's Motion are incorporated by reference herein.

because it is undisputed that Prestige is not a debt collector and is not named as an FDCPA defendant. It is unclear how Prestige could nonetheless be liable for the Debt Action lawsuits, as Plaintiff contends.

*Third*, this same confusion pervades the Opposition's attempt to rebut lack of any basis for any duty for the negligence claims. After agreeing that FDCPA only applies to debt collectors, and acknowledging that Prestige is not a debt collector and is not sued pursuant to the FDCPA, the Opposition bizarrely alleges that there could still be a claim for negligence based on a duty as a debt collector – and cites to an FDCPA case, no less. Here Plaintiff really seems to be confused; Prestige, who are not sued under FDCPA and are not debt collectors under FDCPA, surely cannot be reasonably alleged to somehow still have a duty under FDCPA.

For the same reasons as explained in the Motion and herein, Plaintiff also cannot allege a negligence duty based on a non-existent § 349 claim.

In a seeming attempt to avoid actually making substantive arguments, the Opposition spends 13 of its 25 pages pointlessly reiterating the same assertions found in the complaint. It is unclear what this is meant to accomplish, since affirmations by counsel cannot reform a Complaint anyway, even if there were new allegations. The remaining 12 pages do not fare much better, either misunderstanding, avoiding, or ignoring pleading precedent entirely in an attempt to twist the deficient Complaint into something resembling sufficient claims. As is apparent, the instant claims are readily disposed of for the numerous reasons explained in the Motion and herein. The Court should dismiss the claims against Prestige so that Plaintiff can focus on claims that may actually be relevant to her allegations.

**LEGAL ARGUMENT**
**POINT I**
**PLAINTIFF UTTERLY FAILS TO REBUT THE BLACK LETTER LAW WHICH BARS THE INSTANT GBL § 349 CLAIM**

**A.  The Opposition Fails to Distinguish the Ample Precedent Precluding this Action**

As the Motion points out, a § 349 claim requires consumer-oriented conduct that "has a broader impact on consumers at large." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). This is not optional. Thus, as state and federal courts have held again and again, landlord-tenant rent disputes are typically private disputes and are not aimed at the public at large. "[C]ourts have rejected tenants' attempts to bring Section 349 claims against their landlords arising out of private and unique landlord-tenant transactions." *Finch v. Slochowsky & Slochowsky, LLP*, 2020 WL 5848616, at *5 (E.D.N.Y. 2020)

The instant claims involve a particular circumstance where attorneys for Ransome appear to have sued Plaintiff multiple times for the same alleged rent arrears. The Complaint does not and cannot plead that anything to do with Plaintiff's supposed back rent is "consumer oriented." The Opposition therefore resorts to bare legal conclusions which are little more than rote recitation: that "Prestige is the property manager" and "demonstrated a standard practice." Opp., at p.14. There is no indication of why the particular dispute between Ransome and Plaintiff is a "standard practice," nor how this dispute demonstrated anything at all beyond itself. This follows the Complaint's bare legal conclusion and mere reiteration that "The Defendants' deceptive conduct towards Plaintiff is the type of conduct that has a broad impact on consumers at large." Such pleading, and base repetition in the Opposition, do not constitute a basis for a claim.

Indeed, a Plaintiff must actually plead and allege conduct that is "aimed at consumers at large." As discussed, individual landlord-tenant rent disputes do not meet this criteria. Failing to rebut this black-letter law, the Opposition instead attempts a slight-of-hand, arguing that tenants are not "categorically" excluded from GBL §349. This purposefully or mistakenly ignores the

point Motion's argument; there are obviously instances where tenants may have §349 claims,[2] but private disputes over rent are not such an instance. Contrary to the Opposition's weak attempt, this is not a "suggestion" by Prestige of some invented rule, this is black-letter law applicable to the allegations in this action.

The Opposition tacitly concedes this point by the easily distinguished cases it cites in its paltry attempt at rebuttal. *McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239 (W.D.N.Y. 2019) alleged facts "sufficient to create the inference that the defendants buy consumer debts and judgments in bulk." *Id*. Landlord-tenant rent disputes were not even addressed. *Samms v. Abrams, et al.*, 163 F. Supp. 3d 109 (S.D.N.Y. 2016) specifically alleged §349 based on a "request for attorneys' fees" without legal basis in a nursing home debt lawsuit. Moreover, defendants there "filed approximately 147 collection lawsuits" seeking attorney's fees *en masse*. *Id*. *Sanchez v. Ehrlich*, 2018 WL 2084147 (S.D.N.Y. Mar. 29, 2018) finally addresses rent, but unlike here, *Sanchez* specifically pleaded facts sufficient for "a pattern and practice of Defendants' commencing housing court proceedings." *Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*, 2018 WL 1545687 (E.D.N.Y. 2018) similarly "set forth numerous deceptive acts and practices…[and] demonstrate the recurring nature of defendants' alleged deceptive rent collection practices over the course of several years."

Even worse, Plaintiff completely misrepresents *Lozano v. Grunberg*, 195 A.D.2d 308 (1st Dept. 1993) which ruled only on venue, and *Meyerson v. Prime Realty Servs., LLC*, 7 Misc. 3d 911 (Sup. Ct. 2005) where the trial court noted that the concept of "'public at large' is not properly before the court because it was raised only in reply papers."

Plaintiff has not alleged any basis whatsoever to assert "conduct aimed at consumers"

---

[2] For example, where a defendant filed fraudulent debt collection lawsuits against thousands of New York consumers in *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685 (S.D.N.Y. 2015), or a "marketing scheme that had a broader impact on consumers at large." *Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 344 (1999).

beyond merely reciting those words, as if by incantation. As is well known, pleadings require more than "labels and conclusions," or "a formulaic recitation of a cause of action's elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)("we are not bound to accept as true a legal conclusion couched as a factual allegation"). Indeed, it is not sufficient where a plaintiff merely "conclusorily asserts a broader 'pattern and practice' of misrepresenting the fact and amount of rental arrears to tenants and to courts…[b]ut she sets out no factual allegations to support that claim." *Finch*, 2020 WL 5848616, at *6; *see also Brake v. Slochowsky & Slochowsky*, LLP, 504 F. Supp. 3d 103 (E.D.N.Y. 2020)(mere allegation of "a pattern and practice of misrepresenting the fact and amount of rent[]" is a "conclusory allegation does not nearly meet plaintiff's burden to plead that an injury or potential injury to the public might arise from defendants' conduct").

In fact, even if a plaintiff does plead that a defendant has initiated multiple lawsuits, it <u>still</u> is not sufficient: *Finch* alleged the defendants were "litigating more than 120 currently pending Housing Court lawsuits that it commenced on behalf of landlords seeking to collect alleged rental arrears. But there is nothing inherently inappropriate about a debt collector suing tenants for rental arrears." *Finch* 2020 WL 5848616, at *6; *Samms v. Abrams, et al.*, 112 F. Supp. 3d 160 (S.D.N.Y. 2015)(plaintiff "alleges in conclusory fashion that '[defendant] has filed suits against consumers other than [plaintiff] demanding judgment that includes attorney's fees…this allegation falls short of establishing that Abrams's conduct had a 'broader impact on consumers at large.'").

Aside from these irrelevant cases, the Opposition actually only tries to distinguish two cases of the Motion's numerous citations of the substantial case law barring the instant claims, and fails even at that. Plaintiff acknowledges at last that *Brake*, 504 F. Supp. 3d 103 dismissed similar claims but "specifically invited the plaintiff to replead the claim with 'concrete allegations concerning similar conduct aimed at an appreciable number of other tenants" – but that is exactly what Plaintiff here cannot and does not do. The only other distinguishing attempt doesn't even refer to the right decision; the Motion cited *Collazo v. Netherland Prop. Assets LLC*, 2017 WL

947618 (Sup. Ct. 2017) (dismissing GBL § 349 claim premised on rent overcharge because the claim "relate[d] to the private dispute between a tenant and a landlord"), but the Opposition tries to address *Collazo v. Netherland Prop. Assets LLC*, 35 N.Y.3d 987 (2020), which, in any event, helpfully affirmed the earlier dismissal of §349.

The Opposition does not even try to distinguish: *Finch*, 2020 WL 5848616; *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909 (E.D.N.Y. 2014); *Angermeir v. Cohen*, 14 F. Supp. 3d 134 (S.D.N.Y. 2014); *Aguaiza v. Vantage Props., LLC*, 69 A.D.3d 422 (1st. Dept. 2010); *Haygood v. Prince Holdings 2012 LLC*, 186 A.D.3d 1157 (1st Dept. 2020); *435 Cent. Park W. Tenant Ass'n v. Park Front Apartments, LLC*, 56 Misc. 3d 772 (Sup. Ct. 2017), *aff'd as modified*, 164 A.D.3d 411 (1st Dept. Dept. 2018); *Nezry v. Haven Ave. Owner LLC*, 28 Misc. 3d 1226(A) (Sup. Ct. 2010).

Which is just as well, as it would be a pointless attempt; in almost identical actions, where defendants repeatedly sued tenants for rent not actually owed, Courts have nonetheless dismissed such claims as "[p]rivate contract disputes, unique to the parties," that do "not fall within the ambit of the statute." *Finch*, 2020 WL 5848616, at *5; *see also Brake*, 504 F.Supp.3d 103.

**B. Plaintiff Fails to Reform the Complaint which does not Allege She was Misled**

As argued in the Motion, a §349 Plaintiff must allege "that she personally was misled by the conduct at issue." *Onfroy v. L. Offs. of Geoffrey T. Mott, P.C.*, 751 F. Supp. 3d 195, 206 (E.D.N.Y. 2024). Recognizing that the Complaint does not do so, the Opposition spends three pages arguing that this requisite element does not exist, and that in any event, Plaintiff was "scared, shocked, and upset." Opp., at p. 20. The Opposition appears to recognize that nowhere in the Complaint does Plaintiff allege she was ever misled.

## POINT II
### THE OPPOSITION IGNORES THE THRUST OF THE VICARIOUS LIABILITY ARGUMENT

As the Motion pointed out, the instant §349 claims are a guise to try and hold parties which are not debt collectors responsible for debt collector's alleged FDCPA violations, and add to the

pool of defendants in this fee-shifting case. Even if such assertions were applicable to creditor Ransome which was the plaintiff in the Debt Actions (which they are not), it certainly is not applicable to Ransome's agent, Prestige. Inaccurately calling Prestige a "landlord" does not make them nor Ransome liable for debt collector violations.

As if to demonstrate the baselessness of the tacked-on § 349 claims, the Opposition argues that Prestige is responsible for its own acts for "debt collection services for Ransome." Opp., at p.21. This is nonsensical; Plaintiff has not pleaded an FDCPA claim against Prestige, which is quite obviously not a debt collector.

The Opposition reiterates the irrelevant assertions in the Complaint that because Prestige is Ransome's agent, therefore Prestige is responsible for Ransome if they sought to collect improper rent, or even more bewilderingly, are somehow liable for the Debt Actions by Kahan because they signed documents as agents for Ransome – even though the Opposition admits that creditors are not debt collectors the very next page. Plaintiff's evident confusion about the basis for a lawsuit against Prestige, which is undisputedly not a debt collector, continues in the Opposition's arguments concerning duty in Point III.

**POINT III**
**PLAINTIFF CANNOT REMEDY THE LACK OF REQUISITE DUTY FOR HER**
**NEGLIGENCE CLAIMS**

The Motion demonstrated that negligence claims of course require the existence of some duty; since the Complaint does not allege any duty by Prestige, there cannot be any such claims.

The Opposition cant get out of its own way in response. First, the Opposition agrees that "FDCPA only applies to debt collectors," acknowledging that Plaintiff has not pleaded an FDCPA claim against Prestige. Then the Opposition turns right around and contends a few pages later that Prestige owes a duty "for the debt collection services it provides." Opp., at p. 23. Amusingly, the

Opposition even cites to *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp. 2d 402 (E.D.N.Y. 2012), an FDCPA case, as the basis for a duty by management company Prestige–under the FDCPA. It should be axiomatic that Prestige, who are not sued under FDCPA and are not debt collectors under FDCPA, do not owe a duty under FDCPA. This is the exact point in the Motion, and the Opposition is chasing its own tail in response.

Nor can Plaintiff assert any supposed duty under §349 as a basis for negligence, let alone a violation, for the reasons discussed in the Motion and Point I(A), *supra*.

Though the negligence claims must be dismissed for these reasons alone, Plaintiff also fails to rebut that alleged intentional conduct cannot be the basis of a negligence claim. The Opposition discusses what "smacks" of intentional conduct, what constitutes reckless conduct and, for some reason, when "physical contact" is requisite. None of this has anything to do with the instant allegations, which outright alleges not "smacks," or "recklessness," but actual "intentional wrongdoing." The Opposition does not explain how intentional wrongdoing can be basis for a negligence claim. To the extent Plaintiff argues that the negligence claims are pleaded in the alternative, the Opposition is unable to reform the Complaint's bare, formulaic assertion of a negligence claim. In fact, Plaintiff does not even allege bare formulation, since the Complaint does not even assert the elements of a negligence claim in the alternative.

Plaintiff's negligence claims, such as they are, demonstrate an ill-conceived afterthought, with as little basis or justification as the §349 claims that precede them.

## CONCLUSION

For the foregoing reasons and those discussed in the Motion, Defendant respectfully requests that the instant action be dismissed in its entirety, with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 15, 2026

                               FURMAN KORNFELD & BRENNAN LLP

       By:    /s/ Asher Kest_____
              Rachel Aghassi, Esq.
              Asher Kest, Esq.
              *Attorneys for Defendant*
              *Prestige Management, Inc.*
              88 Pine St., 32nd Floor
              New York, New York 10005
              Tel:    (212) 867-4100
              FKB File No.: 313.637

## CERTIFICATE OF COMPLIANCE

The total number of words in the foregoing reply memorandum of law, inclusive of headings and footnotes and exclusive of the caption, table of contents, table of authorities and signature block, is 2,654, and is in compliance with the formatting rules of the individual practices of Hon. John G. Koeltl, U.S.D.J.

Dated: New York, New York
      April 15, 2026

                        FURMAN KORNFELD & BRENNAN LLP

By:    /s/ Asher Kest_____
       Rachel Aghassi, Esq.
       Asher Kest, Esq.
       *Attorneys for Defendant*
       *Prestige Management, Inc.*
       88 Pine St., 32nd Floor
       New York, New York 10005
       Tel:   (212) 867-4100
       FKB File No.: 313.637