**FKB   Furman Kornfeld & Brennan LLP**

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

April 28, 2026

**VIA ECF**

Honorable John G. Koeltl, District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   GARCIA V. ERIC H. KAHAN ET AL.
> Docket No.   :   1:25-cv-08489-JGK-GS
> FKB File No.  :   314.064

Your Honor:

We represent Defendant Prestige Management, Inc. ("Prestige") who has filed a motion for dismissal of this action (*see* ECF Doc. No. 44). We write in response to Plaintiff's letter dated April 22, 2026 (ECF Doc. No. 73). That letter, which raises unrelated case law that had been decided at the time of the filing of Plaintiff's Opposition, attempts to make new arguments in opposition to Prestige's motion. Had Plaintiff included the decision in its Opposition, Prestige would have had an opportunity to respond in reply. Therefore, the Court should disregard Plaintiff's letter because it is an impermissible sur-reply to Prestige's motion.

*First*, Prestige's motion to dismiss is already fully submitted. Plaintiff previously filed her opposition to that motion on March 31, 2026. *See* ECF Doc. No.54. Moreover, Prestige filed its Reply on April 15, 2026. *See* ECF Doc. No.71.

*Second*, Local Rule 6.1, which governs the service and filing of motion papers in S.D.N.Y., does not contemplate sur-replies. Furthermore, the Court's Order dated February 11, 2026, which set a briefing schedule for the Prestige's motion, did not allow for a Sur-Reply. *See* ECF Doc. No. 41. While subsequent orders extended the initial briefing schedule, none of these orders ever contemplated opportunity to submit a sur-reply for any party. *See* ECF Docs. No. 48, 52, 58.

*Third*, Plaintiff submits *Wilson v. Selip & Stylianou, LLP,* 2026 WL 851338 (S.D.N.Y. Mar. 27, 2026) as if it is new case law on the motion arguments. Plaintiff herself admits, however, that *Wilson* was decided four days before Plaintiff submitted her opposition to Prestige's motion. Plaintiff could have discovered and incorporated *Wilson* in that time. Courts in S.D.N.Y. deny sur-replies where no new information is offered. *In re Safra*, 2022 WL 3584541, at *1 (S.D.N.Y. Aug. 22, 2022). As this Court has held, "[a]llowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." *Kapiti v. Kelly*, No. 07 CIV. 3782 RMB KNF, 2008 WL 754686, at *1 (S.D.N.Y. Mar. 12, 2008), *aff'd*, No. 07 CIV. 3782 RMBKNF, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008).

*Garcia v. Eric H. Kahan et al.*
FKB File No. 314.064
Page 2 of 2

     *Fourth*, to the extent Plaintiff is seeking to overcome Prestige's arguments on its motion to dismiss, Plaintiff fails to do so, and Plaintiff's complaint should be dismissed. As Prestige's motion papers establish, Plaintiff cannot sustain a GBL § 349 claim because Plaintiff fails to establish that Prestige participated in consumer-oriented conduct with a "broader impact on consumers at large." *Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). While courts applying GBL § 349 consider disputes over landlords' *routine* deceptive practices against renters generally to fall into this purview, individual landlord-tenant disputes do not. *Aguaiza v. Vantage Props., LLC*, 69 A.D.3d 422, 423 (1st. Dept. 2010). The complaint also fails to adequately allege that Plaintiff has been misled as required by the statute. The motion also establishes that agents are generally not liable for their principals' wrongdoings that they did not participate in. *See, e.g., Hotel Constructors, Inc. v. Seagrave Corp.*, 99 F.R.D. 591, 592 (S.D.N.Y. 1983). Furthermore, the motion establishes that Plaintiff fails to identify any legal duty owed by Prestige sufficient to support a negligence claim. *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 467 (2d Cir. 1995)(requiring, *inter alia*, plaintiff to allege that defendant owed plaintiff a cognizable duty of care).

     *Wilson* is inapposite on every ground Plaintiff seems to invoke. First, *Wilson* involved attorney-defendants and their process-server agents, not a property manager like Prestige, and the court never addressed the consumer-oriented conduct requirement of GBL § 349. Second, unlike here, the *Wilson* plaintiff *did* allege she was materially misled, and this Court found that the *attorney defendants'* continued prosecution of the underlying action despite improper service to be misleading. Third, in assessing negligence, the *Wilson* court found that defendants owed Plaintiff a duty flowing directly from the court's finding of valid FDCPA and GBL § 349 claims against the attorney-defendants, claims that are fully addressed in Prestige's motion. As for the process server defendants, the court found a duty based on a provision of the New York City Administrative Code applicable specifically to process servers. N.Y.C. Admin. Code § 20-406.2(b). It is undisputed that Prestige is neither an attorney nor a process server and did not directly prosecute the underlying litigation. *Wilson* is therefore of no consequence to Prestige's motion.

     If Plaintiff had included the *Wilson* case in their opposition papers, which they had every opportunity to do, Prestige would have had been able to address the case in its reply. Plaintiff's failure to include the case in the opposition should not give Plaintiff the opportunity to get the last word. Therefore, we respectfully request that the Court disregard Plaintiff's letter to the Court dated April 22, 2026.

Yours respectfully,

FURMAN KORNFELD & BRENNAN LLP

*Sarah M. Igarashi*

Rachel Aghassi
Sarah M. Igarashi

cc:    <u>Via ECF</u>
       All Parties