

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

May 7, 2026

**<u>VIA ECF</u>**
The Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:        *Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
           Case No.: 25-cv-08489
           FKB File No.: 314.064

Dear Judge Stein:

We represent defendant Prestige Management, Inc. ("Prestige") in the above-referenced action. We write to respectfully request that the Court stay depositions in this matter until Prestige's pending motion to dismiss is decided. In the alternative, we respectfully request an abeyance of depositions until Plaintiff's remaining time to amend the Complaint joining additional parties or asserting additional causes of action elapses. Additionally, we respectfully request an abeyance of depositions until remaining outstanding written discovery is complete. We have met and conferred with Plaintiff's counsel in good faith and were unable to resolve this dispute.

Prestige recognizes that discovery is not generally stayed in this matter. Furthermore, Prestige has no objection to engaging in paper discovery and is working with other parties to this end. An abeyance of depositions, however, is appropriate here because the Court's decision on Prestige's motion may change the operative allegations and positions of the parties. It could also result in unnecessary and wasteful expenses for all parties. Similarly, it would be prejudicial to conduct depositions before Prestige files an answer to the complaint, given that it has yet to assert cross- or counter-claims.

Courts in the Southern District of New York have ordered a stay for good cause shown where, as here, a dispositive motion is pending, "the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software and Info. Services, LLC v. RPost Intern. Ltd.*, 206 FRD 367, 368 (S.D.N.Y. 2002); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 94CIV.2120(LMM)(AJP), 1996 WL 101277 (S.D.N.Y. 1996). This is true where the dispositive motion has substantial arguments that appear not to be unfounded in the law. *Alapaha View Ltd. V. Prodigy Network, LLC*, 20-CV-7572 (VSB), 2021 WL 1893316 (S.D.N.Y. 2021); *Spencer Trask Software*; 206 F.R.D. at 368. The Court in *Alpaha View* found that the breadth of discovery and burden of responding to it warranted such a stay, given that plaintiffs intended to 1) serve document requests and interrogatories on the moving defendant, and 2) serve third party subpoenas. *Id.*, 2021 WL 1893316 at *2. This is the exact case here, where Plaintiff and Prestige have both served document requests and interrogatories, and Plaintiff has also served multiple

*Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
Case No.: 25-cv-08489
Page 2

third party subpoenas. The *Alapaha* court further found that the stay was appropriate because, as here, the decision on the dismissal motion had the potential to "significantly narrow, if not eliminate, the issues remaining in this case", and that "proceeding with discovery would waste the parties' resources and constitute an undue burden on Defendant," *Id.*, 2021 WL 1893316 at *2 (quoting *HAHA Glob., Inc. v. Barclays*, No. 119CV04749VECSDA, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020))(internal citations omitted). Additionally, the Court found that the plaintiffs would not suffer unfair prejudice given that the case was "relatively young", and because the stay would be short given that the movant's motion to dismiss was already fully briefed. *Alapaha View,* 2021 WL 1893316 at *3.

In the alternative, a stay of depositions until the operative complaint is finalized is appropriate. By way of background, a conference was held on April 16, 2026 with Judge Stein, whereby Plaintiff was permitted to file an amended complaint by June 1, 2026 after paper discovery was completed. Should depositions be conducted before Plaintiff amends the complaint, Prestige will be prejudiced in that it will not have a copy of Plaintiff's claims against it before testifying.  Further, defendants could be deprived of the opportunity to question the parties on potential new claims. Co-defendants Eric H. Kahan and Sperber Kahan Law Group PLLC's counsel has already asserted that he would oppose any requests for an additional deposition of his client which is currently scheduled for May 15, 2026, and the parties may not get a second chance to obtain testimony from these defendants on any supplemented claims asserted by Plaintiff in a future version of the complaint.

Further, depositions are not appropriate until Plaintiff has responded to Prestige's discovery requests.

Accordingly, Prestige respectfully requests that the Court stay depositions in this matter until Judge Koeltl has ruled on Prestige's motion to dismiss. In the alternative, we respectfully request an abeyance of depositions until Plaintiff's remaining time to amend the Complaint joining additional parties or asserting additional causes of action elapses and until remaining outstanding written discovery is complete.

Thank you for your consideration herein.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

/s/ Rachel Aghassi
Rachel Aghassi

cc:    All counsel of record (via ECF)