

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

May 7, 2026

**VIA ECF**
The Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:        *Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
           Case No.: 25-cv-08489
           FKB File No.: 314.064

Dear Judge Stein:

Our firm represents defendant Prestige Management, Inc. ("Prestige") in the above-referenced action. Prestige is working to provide all responsive documents which may exist.

Prestige met and conferred with Plaintiffs and asked Plaintiffs' counsel to identify items that were deemed missing from its production. Plaintiffs' counsel responded by demanding that Prestige identifies its responses to each of Plaintiffs' document demands by Bates stamp numbers. This is outside the scope of Prestige's document obligations. Despite these issues, Prestige will nonetheless produce any other responsive documents by May 21, 2026. To the extent Prestige will need to supplement its responses to Plaintiff's Request for Admissions and Initial Disclosures in light of documents discovered, we will provide the amended responses on May 28, 2026. We will also supplement our initial disclosures to provide the names and titles of Prestige employees with personal knowledge of the facts of the case.

Prestige notes that Plaintiff's initial disclosures are deficient. Plaintiff fails to provide a description of the location of all documents, data compilations, and tangible things that are in the possession, custody or control of Plaintiff identifies and intends to use to support her claims.

Prestige stands by the substantive objections in its responses to Plaintiff's document demands and interrogatories. To the extent that Plaintiff intends to move to compel further responses, Prestige intends to and reserves all rights to oppose these motions.

We note that Plaintiffs' counsel improperly unilaterally scheduled a number of depositions of Prestige employees. We did not agree to any of the dates, and repeatedly informed Plaintiffs, both over the phone and in writing, that we were not available to produce our clients on those dates. Nonetheless, Plaintiffs' counsel informed of his intent to attend the virtual deposition despite notice that no party would appear, in what seems to be an inappropriate attempt to drive up fees in this litigation. Therefore, if Prestige's letter motion to stay depositions (ECF No. 76) is denied, Prestige requests that a 30(b)(6) deposition of a representative of Prestige will be held on a date

*Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
Case No.: 25-cv-08489
<u>Page 2</u>
mutually acceptable to all parties, and that the subpoenas that Plaintiff attempted to serve of other employees of Prestige be held in abeyance until after Prestige's 30(b)(6) deposition. After Prestige's 30(b)(6) deposition is complete, we will work to come to an agreement with all other counsel on additional depositions, if any, that Plaintiff is entitled to.

Furthermore, to avoid the necessity of a motion to quash, Prestige respectfully requests that this Court preserves Prestige's right to object to the subpoenas until after the 30(b)(6) deposition, when the issues that may require further depositions are more narrowly tailored.

As of the time of the filing of this document at the close of business on May 7, 2026, we note that we have not yet received a proposed joint letter from other parties. Accordingly, Prestige reserves the right to respond to any filed letters regarding discovery by other parties.

Thank you for your consideration herein.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

<u>/s/ Sarah Igarashi</u>
Rachel Aghassi
Sarah Igarashi

cc:     All counsel of record (via ECF)