UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LEONARDA GARCIA,

               Plaintiff,

v.

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and
PRESTIGE MANAGEMENT, INC.,

               Defendants.
-----------------------------------------------------------------------X

Civil Action No. 1:25-cv-08489-JGK

**DFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant, PRESTIGE MANAGEMENT, INC. ("Defendant" or "Prestige"), by its attorneys FURMAN KORNFELD & BRENNAN LLP, as and for their response to Plaintiff, LEONARDA GARCIA's First Set of Interrogatories alleges:

## GENERAL OBJECTIONS

1.    Defendant objects to each and every interrogatory in Plaintiff's demands to the extent that it attempts to impose obligations upon Defendant that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the New York Civil Practice Laws and Rules, or any other applicable rules or laws.

2.    Defendant objects to each and every interrogatory in Plaintiff's demands to the extent that it seeks to require Defendant to organize their responses by any method other than that in which the records are kept in the normal course of business on the grounds that to do otherwise would impose an undue burden and unreasonable expense on Defendant.

3.    Defendant objects to each and every interrogatory in Plaintiff's demands to the extent it purports to require the disclosure of matters protected by the attorney-client privilege,

work-product doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. The inadvertent production of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

4. Defendant objects to each and every interrogatory in Plaintiff's demands to the extent it purports to seek production of information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. Defendant objects to each and every interrogatory in Plaintiff's demands to the extent that it is vague, ambiguous, and/or ill-defined.

6. Defendant objects to each and every interrogatory in Plaintiff's demands to the extent that the compilation of such information would be unduly burdensome, oppressive, unreasonably expensive, or would require unreasonable investigation on the part of Defendant.

7. Defendant objects to each and every interrogatory in Plaintiff's demands to the extent that the information sought is a matter of public record and is equally accessible and available through an examination of public records.

8. Defendant objects to each and every interrogatory in Plaintiff's demands to the extent it seeks information not within Defendant's possession, custody, or control on the grounds that said discovery is overly broad, unduly burdensome, and could require Defendant to search for non-party information and answer on behalf of non-parties.

9. Defendant objects to each and every interrogatory in Plaintiff's demands to the extent that it seeks information that is already in the possession of Plaintiff or information that is equally accessible to Plaintiff.

10.     Any response provided by Defendant in response to Plaintiff's demands are made on the basis of the best information available to Defendant at the time of gathering responsive materials, within the limits of, and subject to Defendant's general and specific objections to the aforementioned demand. The fact that Defendant is willing to provide responsive information to any particular demand does not constitute an admission or acknowledgement that the demand is proper, that the information it seeks is within the proper bounds of discovery, or that demands for similar information will be treated in a similar fashion. Furthermore, any and all responses provided pursuant to the aforementioned demand are for the purposes of this action only, and are not responses for any other purpose, nor may they be used against Defendant in any other proceedings. Defendant reserves the right to supplement or modify their responses and objections if and as additional information becomes available.

11.     In addition to these General Objections, Defendant may also make, where appropriate, other specific objections to individual demands. By setting forth such specific objections, Defendant does not limit or waive these General Objections. To the extent that Defendant responds to the demands to which it objects, such objections are not waived by such responses.

12.     Defendant expressly reserves the right to supplement these responses should further information become available.

### RESPONSES TO INTERROGATORIES

**Demand No. 1**: Identify all persons who have knowledge of relevant facts, identify the issues upon which you believe they have knowledge.

**Response**: Defendant objects to this Request on the grounds that it is vague, ambiguous, and ill-defined. Defendant further objects on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that the information sought is equally

accessible to Plaintiff, or seeks information that is already in the possession of Plaintiff. Subject to, and without waiver of, the foregoing objections, Defendant identifies the persons described in the Complaint and initial disclosures. Defendant reserves the right to amend and/or supplement this response up to and including at the conclusion of discovery.

**Demand No. 2**: Identify the name and address of every witness you expect to call at the trial of this case.

**Response**: Defendant objects to this interrogatory as premature, as discovery is still ongoing. Subject to, and without waiver of, the foregoing objections, Defendant has not identified witnesses expected to be called at trial. Defendant reserves the right to amend and/or supplement this response up to and including at the conclusion of discovery.

**Demand No. 3**: Identify all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

**Response**: Subject to, and without waiver of, the General Objections, Defendant identifies Devon Kelly, an employee of Defendant.

**Demand No. 4**: Identify the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements.

**Response**: See Defendant's Initial Disclosures.

**Demand No. 5**: If documents responsive to Plaintiff discovery demands are in the possession of a third party, identify that third party and the documents you believe in their possession.

**Response**: Defendant objects to this Request on the grounds that it seeks information not within the Defendant's possession, custody or control, and would require Defendant to search for other party's and non-party's information and answer on behalf of other parties and non-parties.

**Demand No. 6**: For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passes out of existence, or when it could

no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

**Response**: Subject to, and without waiver of, the General Objections, Defendant has no

information responsive to this request.

**Demand No. 7**: If your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and identify such person.

**Response**: Subject to, and without waiver of, the General Objections, Defendant has no

information responsive to this request.

**Demand No. 8**: Identify each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

**Response**: Defendant objects to this Request on the grounds that it seeks information not

within the Defendant's possession, custody or control, and would require Defendant to search

for other party's and non-party's information and answer on behalf of other parties and non-

parties. Defendant further objects on the grounds that it seeks information not permitted under

Local Civil Rule 33.3, applicable in the Southern District of New York.

**Demand No. 9**: Identify the person(s) who made the decision
   a.   to file the 2023 Lawsuit,
   b.   to file the 2024 lawsuit,
   c.   to send the 2025 Collection Letter,
   d.   to send the 2025 Certification to HPD to Ms. Garcia, and
   e.   to send the 2025 Billing Statements.

**Response**: Defendant objects to this Request on the grounds that it seeks information not

within the Defendant's possession, custody or control, and would require Defendant to search

for other party's and non-party's information and answer on behalf of other parties and non-

parties. Defendant further objects on the grounds that it seeks information not permitted under

Local Civil Rule 33.3, applicable in the Southern District of New York. Defendant further objects to this request on the grounds that it impermissibly compounds multiple requests.

**Demand No. 10**: Identify the person(s) who made the decision as to how much money should be alleged to be due in
   a.  the 2023 Lawsuit,
   b.  the 2024 lawsuit,
   c.  the Rent Ledger,
   d.  the 2025 Collection Letter,
   e.  the 2025 Certification to HPD,
   f.  the rent ledger attached to the 2025 Certification to HPD, and
   g.  the 2025 Billing Statements.

**Response**: Defendant objects to this Request on the grounds that it seeks information not within the Defendant's possession, custody or control, and would require Defendant to search for other party's and non-party's information and answer on behalf of other parties and non-parties. Defendant further objects on the grounds that it seeks information not permitted under Local Civil Rule 33.3, applicable in the Southern District of New York. Defendant further objects to this request on the grounds that it impermissibly compounds multiple requests.

**Demand No. 11**: Identify who provided the information to the Attorney Defendants as how much Ms. Garcia owed and how it was calculated
   a.  to file the 2023 Lawsuit,
   b.  to file the 2024 lawsuit,
   c.  to send the 2025 Collection Letter, and
   d.  to send the 2025 Certification to HPD.

**Response**: Defendant objects to this Request on the grounds that it seeks information not within the Defendant's possession, custody or control, and would require Defendant to search for other party's and non-party's information and answer on behalf of other parties and non-parties. Defendant further objects on the grounds that it seeks disclosure of matters and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein

invoked and asserted. Defendant further objects to the extent that it seeks information not permitted under Local Civil Rule 33.3, applicable in the Southern District of New York. Defendant further objects on the grounds that it seeks information not permitted under Local Civil Rule 33.3, applicable in the Southern District of New York. Defendant further objects to this request on the grounds that it impermissibly compounds multiple requests.

**Demand No. 12**: Identify the persons against whom you have brought or caused to bring non-payment proceedings including included the Section 8 Share in the amount alleged to be due.

**Response**: Defendant objects to this Request on the grounds that it seeks interrogatories exceeding the numerical limit set forth in Federal Rule of Civil Procedure ("FRCP") 33(a)(1). Defendant also objects on the grounds that it seeks information which is irrelevant, not material and necessary to the prosecution of this action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this demand to the extent that it purports to impose obligations which are greater than those imposed by the FRCP, specifically, this demand contemplates information well beyond the scope of this litigation and is akin to a fishing expedition. Defendant further objects on the grounds that it seeks information not permitted under Local Civil Rule 33.3, applicable in the Southern District of New York.

**Demand No. 13**: Identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

**Response**: Defendant objects to this Request on the grounds that it seeks interrogatories exceeding the numerical limit set forth in FRCP 33(a)(1). Defendant also objects on the grounds that it seeks information which is irrelevant, not material and necessary to the prosecution of this action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it seeks information not permitted under Local Civil Rule 33.3, applicable in the Southern District of New York.

**Demand No. 14**: Identify any accounting firm that does your accounting.

**Response**: Defendant objects to this Request on the grounds that it seeks interrogatories exceeding the numerical limit set forth in FRCP 33(a)(1). Defendant further objects on the grounds that it seeks information which is irrelevant, not material and necessary to the prosecution of this action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it seeks information not permitted under Local Civil Rule 33.3, applicable in the Southern District of New York.

**Demand No. 15**: Identify the person who knows how much the Attorney Defendants were paid or how much the Landlord Defendants paid for
   a. the 2023 Lawsuit,
   b. the 2024 lawsuit,
   c. the 2025 Collection Letter,
   d. the 2025 Certification to HPD, and
   e. the 2025 Billing Statements

**Response**: Defendant objects to this Request on the grounds that it seeks interrogatories exceeding the numerical limit set forth in FRCP 33(a)(1). Defendant further objects on the grounds that it seeks information which is irrelevant, not material and necessary to the prosecution of this action or reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that it seeks disclosure of matters and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and ill-defined. Defendant further objects on the grounds that it is overly broad and unduly burdensome. Defendant further objects on the grounds that the information sought is equally accessible to Plaintiff, or seeks information that is already in the possession of Plaintiff. Defendant further objects on the grounds that it seeks information not permitted under Local

Civil Rule 33.3, applicable in the Southern District of New York. Defendant further objects to this request on the grounds that it impermissibly compounds multiple requests.

**Demand No. 16**: Identify the persons who issued the 2025 Billing Statements.

**Response**: Defendant objects to this Request on the grounds that it seeks interrogatories exceeding the numerical limit set forth in FRCP 33(a)(1). Defendant further objects on the grounds that it seeks information not permitted under Local Civil Rule 33.3, applicable in the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE THAT** Defendant PRESTIGE MANAGEMENT, INC. reserves all rights to amend and/or supplement these responses to the extent any additional information becomes available and/or at the conclusion of discovery.

Dated: May 1, 2026
      New York, New York

Yours, Etc.,

**FURMAN KORNFELD & BRENNAN LLP**

By: _____
Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.
Attorneys for Defendant
PRESTIGE MANAGEMENT, INC.
Wall Street Plaza
88 Pine Street – 32nd Floor
New York, New York 10005
(212) 867-4100
FKB File No.: 314.064

## Verification

Pursuant to FRCP 33, ⟨signature⟩ hereby declares under penalty of perjury that I have read the foregoing interrogatory responses, which are true and correct to the best of my knowledge.