UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x    Civil Action No. 1:25-cv-08489-JGK

LEONARDA GARCIA,

                    Plaintiff,                          **<u>RESPONSE TO</u>**
    -against-                               **<u>PLAINTIFF'S FIRST SET OF</u>**
                                            **<u>DOCUMENT DEMANDS</u>**

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and
PRESTIGE MANAGEMENT, INC.,

                    Defendants.
------------------------------------------------------------------x

      Defendant, PRESTIGE MANAGEMENT, INC. ("Defendant" or "Prestige"), by its

attorneys FURMAN KORNFELD & BRENNAN LLP, as and for a response to Plaintiff,

LEONARDA GARCIA's First Set of Discovery Demands, alleges:

## **<u>GENERAL OBJECTIONS</u>**

      1.     Defendant objects to each and every demand in Plaintiff's demands to the extent

that it attempts to impose obligations upon Defendant that are inconsistent with and/or in addition

to those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States

District Courts for the Eastern District of New York, the New York Civil Practice Laws and Rules,

or any other applicable rules or laws.

      2.     Defendant objects to each and every demand in Plaintiff's demands to the extent

that it seeks to require Defendant to organize their responses by any method other than that in

which the records are kept in the normal course of business on the grounds that to do otherwise

would impose an undue burden and unreasonable expense on Defendant.

      3.     Defendant objects to each and every demand in Plaintiff's demands to the extent it

purports to require the disclosure of matters protected by the attorney-client privilege, work-

product doctrine, or any other applicable privilege, restriction, immunity or protection from

discovery, all of which are herein invoked and asserted. The inadvertent production of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to constitute a waiver of any applicable privilege or protection.

4. Defendant objects to each and every demand in Plaintiff's demands to the extent it purports to seek production of information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action.

5. Defendant objects to each and every demand in Plaintiff's demands to the extent that it is vague, ambiguous, and/or ill-defined.

6. Defendant objects to each and every demand in Plaintiff's demands to the extent that the compilation of such information would be unduly burdensome, oppressive, unreasonably expensive, or would require unreasonable investigation on the part of Defendant.

7. Defendant objects to each and every demand in Plaintiff's demands to the extent that the information sought is a matter of public record and is equally accessible and available through an examination of public records.

8. Defendant objects to each and every demand in Plaintiff's demands to the extent it seeks information not within Defendant's possession, custody, or control on the grounds that said discovery is overly broad, unduly burdensome, and could require Defendant to search for non-party information and answer on behalf of non-parties.

9. Defendant objects to each and every demand in Plaintiff's demands to the extent that it seeks information that is already in the possession of Plaintiff or information that is equally accessible to Plaintiff.

10. Any documents provided by Defendant in response to Plaintiff's demands are made on the basis of the best information available to Defendant at the time of gathering responsive materials, within the limits of, and subject to Defendant's general and specific objections to the

aforementioned demand.  The fact that Defendant is willing to provide responsive information to any particular demand does not constitute an admission or acknowledgement that the demand is proper, that the information it seeks is within the proper bounds of discovery, or that demands for similar information will be treated in a similar fashion.  Furthermore, any and all responses provided pursuant to the aforementioned demand are for the purposes of this action only, and are not responses for any other purpose, nor may they be used against Defendant in any other proceedings.  Defendant reserves the right to supplement or modify their responses and objections if and as additional information becomes available.

11.    In addition to these General Objections, Defendant may also make, where appropriate, other specific objections to individual demands.  By setting forth such specific objections, Defendant does not limit or waive these General Objections. To the extent that Defendant responds to the demands to which it objects, such objections are not waived by such responses.

12.    Defendant expressly reserves the right to supplement these responses should further information become available.

### RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**Demand No. 1**: Documents regarding Plaintiff, each putative debt, or attempts to collect each putative debt.

**Response**: Defendant objects to this Request on the grounds that it is not a debt collector and made no attempts to collect any debt from Plaintiff. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 2**: The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative [sic], or attempts to collect the putative debt.

**Response**: Defendant objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 3**: Your account notes, screen shots, and any other documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

**Response**: Defendant objects to this request on the grounds that it is not a debt collector and made no attempts to collect any debt from Plaintiff. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, or control under separate cover.

**Demand No. 4**: Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, and ill-defined. Defendant further objects on the grounds that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to the extent it seeks information not within the Defendant's possession, custody or control.

**Demand No. 5**: Any contracts or agreements that govern the collection of the putative debt.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, and ill-defined. Defendant further objects on the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product

doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted.

**Demand No. 6**: The documents, if any, reflecting your policies and procedures as to consumers or tenants who participate in Section 8.

    **Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 7**: The documents reflecting the policies and procedures in connection with the use of rent ledgers and/or breakdowns such as the Rent Ledgers used in the Lawsuits against Plaintiff.

    **Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 8**: The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used to generate the letter.

    **Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 9**: The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used specifically for tenants who participate in Section 8.

    **Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, and ill-defined. Subject to, and without waiver of, the foregoing objections, Defendant

will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 10**: Documents reflecting the policies and procedures in verifying the amounts sought in rent ledgers, including, without limitation, any documents used to verify the amounts sought from Ms. Garcia.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, overbroad, and ill-defined. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 11**: The documents that were the basis of the demand for $12,478.43 in the Collection Letter, including but not limited to account notes, court documents, and screenshots of any program used to generate the Collection Letter.

**Response**: Defendant objects to this request to the extent it seeks information not within the Defendant's possession, custody or control. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 12**: Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this request the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Subject to, and without

6

waiver of, the foregoing objections, Defendants respond that they have already produced responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 13**: The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.

**Response**: Defendant objects to this request the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 14**: The documents you refer to in your initial disclosures.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 15**: If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 16**: Every document that you intend to use or introduce into evidence at the trial of this case.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects on the grounds that it is premature, and reserve the right

to retain experts and produce discoverable documents that are not protected by the attorney client privilege and/or the attorney work product doctrine or exempt from disclosure at a later time. Subject to, and without waiver of, the foregoing objections, Defendant has not identified documents it intends to use or introduce into evidence at the trial of this case. Defendant reserves the right to amend and/or supplement this response up to and including at the conclusion of discovery.

**Demand No. 17**: Correspondence and other documents, including emails and texts, with any person regarding the putative debt or The Rent Seeking Documents the Lawsuit.

 **Response**: Defendant objects to this Request on the grounds that it is vague, ambiguous, overbroad, and ill-defined. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 18**: Documents you received from NYC Housing Preservation and Development regarding Housing Quality Standards Inspection and/or Reports for the Building, including Plaintiff's apartment.

 **Response**:  Defendant objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 19**: Documents concerning payments you received from or on behalf of Plaintiff from January 1, 2023 through the present.

 **Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to

the discovery of admissible evidence in this action. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 20**: The contracts that would govern Attorney Defendants' representation of Landlord Defendants related to The Rent Seeking Documents.

**Response**: Defendant objects to this Request the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this request on the grounds that Plaintiff's definition of Defendant as a "Landlord Defendant" is improper, as Defendant is not the owner of any property at issue in this litigation.

**Demand No. 21**: The contracts that govern the ownership of the Building, or the property management, accounting, or billing services related to the building.

**Response**: Defendant objects to this Request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 22**: Documents that are sufficient to show why the Section 8 Share were including in the amount alleged to be owed in the [sic]
   a.  the 2023 Lawsuit,
   b.  the 2024 lawsuit,
   c.  the 2025 Collection Letter,
   d.  the 2025 Certification to HPD, and
   e.  the 2025 Billing Statements.

**Response**: Defendant objects to this Request on the grounds that it was not a party to either the 2023 or 2024 lawsuits. Defendant further objects to this Request to the extent it seeks

9

information not within the Defendant's possession, custody or control. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**Demand No. 23**: The documents upon which the amount Attorney Defendants based their allegations of the amount due and the calculation of those amounts, in the
   a. the 2023 Lawsuit,
   b. the 2024 lawsuit,
   c. the 2025 Collection Letter, and
   d. the 2025 Certification to HPD.

   **Response**: Defendant objects to this Request on the grounds that they are not defined as "Attorney Defendants", and thus this request is not applicable. Defendant further objects to this Request to the extent it seeks information not within the Defendant's possession, custody or control. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 24**: The documents state form [sic] the basis of the assertion of the Attorney Defendants that they performed a meaningful attorney review that the amounts alleged to be due were lawfully chargeable against Ms. Garcia in:
   a. the 2023 Lawsuit,
   b. the 2024 lawsuit,
   c. the 2025 Collection Letter, and
   d. the 2025 Certification to HPD.

   **Response**: Defendant objects to this Request on the grounds that they are not defined as "Attorney Defendants", and thus this request is not applicable. Defendant further objects to this Request to the extent it seeks information not within the Defendant's possession, custody or control. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to the premise of this request on the grounds that it is not the party alleged to have made the assertion alleged within the request, and it has no knowledge of the

alleged assertion. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 25**: The documents sufficient to show the reason why you included the Section 8 Share in the amount alleged to be owed in
   a. the 2023 Lawsuit,
   b. the 2024 lawsuit,
   c. the 2025 Collection Letter,
   d. the 2025 Certification to HPD, and
   e. the 2025 Billing Statements.

 **Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this request to the extent it seeks information not within the Defendant's possession, custody, or control. Defendant further objects to the premise of this request on the grounds that it did not make the decisions alleged in the request. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 26 (labeled as Plaintiff's Request 17 [sic])**: Documents sufficient to identify each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

 **Response**: Defendant objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 27 (labeled as Plaintiff's Request 18 [sic])**: Documents sufficient to identify the person(s) who made the decision
   a. to file the 2023 Lawsuit,
   b. to file the 2024 lawsuit,
   c. to send the 2025 Collection Letter,
   d. to send the 2025 Certification to HPD, and

11

e.  to send the 2025 Billing Statements.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this request to the extent it seeks information not within Defendant's possession, custody, or control. Defendant further objects to the premise of this request on the grounds that it did not make the decisions alleged in the request. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 28 (labeled as Plaintiff's Request 19 [sic])**: Documents sufficient to identify the person(s) who made the decision as to how much money should be alleged to be due in
a.  the 2023 Lawsuit,
b.  the 2024 lawsuit,
c.  the 2025 Collection Letter,
d.  the 2025 Certification to HPD,
e.  the rent ledger attached to the 2025 Certification to HPD, and
f.  the 2025 Billing Statements.

**Response**: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this request to the extent it seeks information not within Defendant's possession, custody, or control. Subject to, and without waiver of, the foregoing objections, Defendant is not in possession, custody and control of documents responsive to this request.

**Demand No. 29 (labeled as Plaintiff's Request 20 [sic])**: Documents sufficient to identify who provided the information to the Attorney Defendants as how much Ms. Garcia owed and how it was calculated
a.  to file the 2023 Lawsuit,
b.  to file the 2024 lawsuit,
c.  to send the 2025 Collection Letter, and
d.  to send the 2025 Certification to HPD.

**Response**: Defendant objects to this Request the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection

from discovery, all of which are herein invoked and asserted. Defendant further objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to the premise of this request on the grounds that it did not make the decisions alleged in the request.

**Demand No. 30(labeled as Plaintiff's Request 21 [sic])**: Documents sufficient to identify the persons against whom you have brought or caused to bring non-payments proceedings including included the Section 8 Share in the amount alleged to be due [sic].

**Response**: Defendant objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to the premise of this request on the grounds that it has not been established that Defendant brought or caused to bring non-payments proceedings at any point in time.

**Demand No. 31(labeled as Plaintiff's Request 22 [sic])**:: Documents sufficient to identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

**Response**: Defendant objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad.

**Demand No. 32(labeled as Plaintiff's Request 23 [sic])**: Documents sufficient to identify any accounting firm that does your accounting.

**Response**: Defendant objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the

13

discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad.

**Demand No. 33(labeled as Plaintiff's Request 24 [sic])**: Documents sufficient to identify the person who knows how much the Attorney Defendants were paid or how much the Landlord Defendants paid for
  a.  the 2023 Lawsuit,
  b.  the 2024 lawsuit,
  c.  the 2025 Collection Letter,
  d.  the 2025 Certification to HPD, and
  e.  the 2025 Billing Statements.

**Response**: Defendant objects to this request on the grounds that it seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence in this action. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Defendant further objects to this request on the grounds that it is duplicative of Plaintiff's Interrogatory No. 15. Defendant further objects to this Request the grounds that this request seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted.

**Demand No. 34(labeled as Plaintiff's Request 25 [sic])**: Documents sufficient to show how much was the Section 8 Share in the amount Ms. Garcia was alleged to owe in
  a.  the 2023 Lawsuit,
  b.  the 2024 lawsuit,
  c.  the 2025 Collection Letter,
  d.  the 2025 Certification to HPD, and
  e.  the 2025 Billing Statements.

**Response**: Defendant objects to this request on the grounds that it seeks to require the disclosure of matters protected by the attorney-client privilege, the work-product doctrine, the common interest doctrine, or any other applicable privilege, restriction, immunity or protection from discovery, all of which are herein invoked and asserted. Defendant further objects to this

14

request to the extent it seeks information not within Defendant's possession, custody, or control. Defendant further objects to this request on the grounds that it is vague, ambiguous, and overbroad. Subject to, and without waiver of, the foregoing objections, Defendant will produce responsive documents in Defendant's possession, custody, and control under separate cover.

**PLEASE TAKE FURTHER NOTICE THAT** Defendant PRESTIGE MANAGEMENT, INC. reserves all rights to amend and/or supplement these responses to the extent any additional information becomes available and/or at the conclusion of discovery.

Dated:  New York, New York
        May 1, 2026

FURMAN KORNFELD & BRENNAN LLP

By :  _____

Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.
*Attorneys for Defendant*
PRESTIGE MANAGEMENT, INC.
Wall Street Plaza
88 Pine Street – 32nd Floor
New York, New York 10005
(212) 867-4100
FKB File No.: 314.064