

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

May 14, 2026

**VIA ECF**
The Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:         *Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
            Case No.: 25-cv-08489
            FKB File No.: 314.064

Dear Judge Stein:

We represent defendant Prestige Management, Inc. ("Prestige") in the above-referenced action. We write to respectfully request direction regarding the deposition of defendant Sperber Kahan Law Group PLLC and Eric H. Kahan ("Attorney Defendants") currently scheduled for tomorrow, May 15, 2026.

As the court is aware, the parties have submitted multiple correspondences drawing the Court's attention to potential prejudice to the parties if depositions are to proceed in this matter. ECF No. 76, 77, 81. Namely, depositions are conducted before Prestige's motion to dismiss is decided would be prejudicial before Prestige files an answer to the complaint, given that it has yet to assert cross- or counter-claims. Furthermore, depositions held while Plaintiff still has a chance to amend the complaint are prejudicial because the parties cannot know Plaintiff's final claims against it before testifying. Relevant here, Attorney Defendants' counsel has already asserted that he would oppose any requests for an additional deposition of his client which is currently scheduled for May 15, 2026, and the parties may not get a second chance to obtain testimony from these defendants on any supplemented claims asserted by Plaintiff in a future version of the complaint. These arguments are briefed more fulsomely in ECF Nos. 76, 77, 81.

Furthermore, the parties stipulated in the joint letter submitted on May 12, 2026 that by May 15, 2026, Attorney Defendants would give Prestige "unredacted copies of documents that Attorney Defendants redacted based on attorney client privilege or work product to Prestige" for Prestige to review and determine if it is able to instruct Attorney Defendants to remove the redaction. Attorney Defendants have yet to provide this information. Even assuming that Attorney Defendants turn over these unredacted documents by the deadline, they have until the close of business on May 15, 2026, after the deposition, to do so. Conducting the deposition of Attorney Defendants before Prestige has a chance to review and analyze these files would be prejudicial, as the parties may not be able to obtain testimony from Attorney Defendants that may be necessary based on the material disclosed.

*Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
Case No.: 25-cv-08489
<u>Page 2</u>

      We recognize that the Court is still considering the arguments on discovery put forth by the parties in their previous filings. ECF Nos. 76, 77, and 81. In the interim, however, we respectfully request direction from the Court regarding the deposition of co-defendants scheduled for tomorrow.

      Thank you for your consideration herein.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

<u>/s/ Rachel Aghassi</u><br>Rachel Aghassi

cc:     All counsel of record (via ECF)