# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (347) 308-4859
Fax: (877) 496-7809

May 15, 2026

**VIA ECF**

Magistrate Judge Gary Stein
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

> **Re:** **Plaintiff's Opposition to Defendant Prestige's Letter Motion to Stay Depositions [Dkt. No. 76].**
> ***Garcia v. Sperber Kahan Law Group PLLC, et al.,* 1:25-cv-08489-JGK**

Dear Judge Stein:

The undersigned represents Plaintiff in this action against Defendants Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan ("the Attorney Defendants"); Arthur Ransome Houses L.P. ("Arthur Ransome"), a landlord which retained, directly or through a servicer, the Attorney Defendants to collect rental arrears against consumers including the Plaintiffs for debts which did not exist either in their entirety or in their alleged forms; and Prestige Management, Inc. ("Prestige"), a real estate management company which managed and oversaw Arthur Ransome's residential portfolio. Defendant Arthur Ransome has defaulted. Plaintiff writes to oppose Defendant Prestige's Letter Motion to Stay Depositions [Dkt. No. 76].

In order to obtain a stay of discovery Prestige must show "good cause" pursuant to Fed.R.Civ.P. 26(c). Prestige does not come close. Notably, the Attorney Defendants have not joined the application of Prestige.

> **I.    The Court already rejected Prestige's argument that discovery should be limited to written discovery, noting the need for depositions to get key information sought.**

At the April 16, 2026 hearing, Mr. Kest, counsel for Prestige, suggested that discovery should be limited to document production. *See* **Exh. A** (Transcript of April 16, 2026 Hearing ("Transcript," 44:14-24). Plaintiff argued that pattern and practice evidence[1] could likely be obtained by asking in deposition what the normal practice was of defendants in collecting rent from tenants in Section 8. *Id*. 41:3-41:16. For example, in their ordinary practice, does Prestige break out the government's share of rent from the total amount of rent owed when you transfer that information to a collection law firm. *Id*. See also *Id*. 27:01-16. Your Honor indicated that a deposition would be the preferable way to get that information, rather than through written

---

[1] The pattern and practice evidence was sought to support Plaintiff's Judiciary Law 487 claim against the Attorney Defendants, and Plaintiff's gross negligence and GBL 349 claim against all defendants.

discovery.

> THE COURT: Well, look, I agree that, to the extent plaintiff's counsel is asking for what the ordinary practice is, it doesn't seem to me susceptible to answer by means of a document production because you would have to produce a vast amount of documents related to other plaintiffs to get at it that way. It also doesn't strike me as suitable for an interrogatory response or a request to admit. It does strike me as a fair ground for a deposition question.

*Id*. 43:25-44:09

Prestige is essentially filing a motion for reconsideration, the deadline for the filing of which has long since passed.

**II.     Prestige could have made all of these arguments when it filed its motion to dismiss – not literally the evening before the deposition of their Fed. R. Civ. P. 30(b)(6) witness.**

Prestige could have moved to stay discovery when after the February 10, 2026 Initial Conference or when it filed its Motion to Dismiss on March 4, 2026. Instead they waited to file their stay application until May 7, 2026, literally the ***day before*** the long sought deposition of the Prestige Fed.R.Civ.P. 30(b)(1) witness, and just a few days before the depositions of a current and a former employee.

Plaintiff has sought the deposition of Prestige for three months. Plaintiff served her First Notice of Deposition on February 13, 2026. *See* **Ex. B** (Feb 13 Deposition Notice). The notice indicated that the date of the deposition would be set by agreement or subsequent notice. The undersigned with Mr. Kest to set up a date by agreement shortly after their discovery answers were due, March 16, 2026. Mr. Kest asked for depositions not to be until the first week of May because, he indicated, he was busy with other matters and was going on vacation. On April 17 counsels conferred on the phone and cleared dates certain they were available for the Prestige depositions. The undersigned codified the conversation in an email about the dates certain. *See* **Exh. C** (April 17 email on depositions), ¶ 5 ("We will take the above depositions on dates within this range: May 5 – 8, 12 or 13."). On April 23, 2026 Plaintiff served a notice of deposition on defendants, with the Prestige Fed.R.Civ.P. 30(b)(6) deposition on May 8, the Prestige employees Arlyane McGlashan on May 12 and Detra Williams on May 13; the deposition of the Attorney Defendants had previously been set by agreement for May 15. *See* **Ex. D** (Feb 13 Deposition Notice).

Prestige could have moved to stay depositions at any point after April 23, at which time Plaintiff would have an opportunity to respond and the Court possibly could rule on the application prior to the depositions.  Instead, exercised a pocket veto by waiting until the day before the deposition for a protective order to prevent the depositions by automatically creating a stay until the application is ruled upon. When a motion seeks to prevent a duly noticed deposition, "the motion should be filed far enough before the noticed deposition to allow the court to rule on the motion. Otherwise, [Rule 45] would effectively give litigants rather than the

2

court the power to quash subpoenas." *Graduation Solutions, LLC v. Acadima, LLC*, 2018 WL 10398566 at *3 (D. Conn. June 21, 2018).

Even if a discovery stay may otherwise be warranted – and it is not – this gamesmanship should not be rewarded. The depositions set by way of the April 23 should proceed to be completed by June 5.

### III.    Even if Prestige had moved from the outset for a discovery stay, they would not meet the elements for good cause to stay – and even less so now

In order to obtain a discovery stay the burden is on Prestige to show "good cause" for its application. The main argument of Prestige is that the Court should stay discovery until a ruling on its motion to dismiss. The Attorney Defendants have not filed a motion to dismiss, so this case would proceed against them regardless.

"The mere filing of a dispositive motion does not warrant the issuance of a stay under Rule 26(c)." *Hachette Distribution, Inc. v. Hudson County News Co., Inc*., 136 F.R.D. 356, 358 (E.D.N.Y. 1991); *see also Fantastic Graphics Inc. v. Hutchinson*, 2010 WL 475309, * 3 (E.D.N.Y. 2010). Instead, courts look to a number of factors, no one of which is dispositive. *Id*.

First, the cases cited by Prestige are inapposite. *Spencer Trask Software and Info. Services, LLC v. RPost Intern. Ltd.* concerned a stay of discovery where the pending dispositive motion would have entirely resolved the case by dismissing all defendants. "A stay pending determination of a dispositive motion that **potentially eliminates the entire action** will neither substantially nor unduly delay the action, should it continue." *Spencer Trask*, 206 F.R.D. 367, 368 (quoting *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)) (emphasis added). Unlike in *Alapaha View Ltd. v. Prodigy Network, LLC*, and the therein-quoted case *HAHA Global, Inc. v. Barclays*, the resolution of the dispositive motion would not "significantly narrow, if not eliminate, the issues remaining in this case." *Alapaha View*, 2021 WL 1893316 at *2 (S.D.N.Y. May 10, 2021) (quoting *HAHA Global*, 2020 WL 832341 at *1 (S.D.N.Y. Feb. 20, 2020)). For the reasons discussed below, discovery from Prestige will be necessary regardless of the resolution of their dispositive motion.

Among the other factors are whether all defendants have sought dismissal and the nature and complexity of the action; whether the defendant has made a ***strong showing*** that the plaintiff's claim is unmeritorious; the risk of unfair prejudice to the party opposing the stay; and the breadth of discovery and the burden of responding to it. *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 78 (E.D.N.Y. 2006) (emphasis added).

Next, Prestige, the only defendant seeking dismissal, would still be subject to non-party discovery. *ADL, LLC v. Tirakian*, No. CV2006-5076(SJF) (MDG), 2007 WL 1988751, at *3 (E.D.N.Y. July 5, 2007) (denying motion to stay) ("Given the nature of the allegations against defendants, the moving defendants are important witnesses... Even if the moving defendants are dismissed, the plaintiffs are likely to continue to seek discovery from the moving defendants as non-parties.").

In the case at bar, it is easy to expect the testimony and evidence by Defendant Prestige would differ with the Attorney Defendants as to the following key points: why they filed repeated collection lawsuits and sent repeated collection letters against Plaintiff for a debt that consisted entirely of the government's Section 8 Share; what and when Prestige and the Attorney

Defendants each knew of the Section 8 status and payment history when the collection lawsuit was filed; why they continued to vigorously litigate the collection lawsuit after Plaintiff (repeatedly) told the Attorney Defendants the debt consisted entirely of Section 8; and if the Attorney Defendants even checked with Prestige regarding Plaintiff's claims that the debt was chargeable only to Section 8. The consistency of the evidence and testimony provided by the Attorney Defendants and Prestige could be expected to differ sharply on these points, and this evidence is key to Plaintiffs' gross negligence claim against the Attorney Defendants.

Similarly, by waiting until after Plaintiff has served discovery, and moved to compel the same, Prestige has weakened its own argument as to a benefit as to minimizing fees as to discovery if it is dismissed.

## IV.    Prestige's other arguments are unavailing.

Prestige alternatively seeks a discovery stay because it would be prejudiced in not knowing the basis of claims if depositions are not taken before pleadings are closed. Prestige cites to no authority for the proposition that this could constitute good cause under Fed.R.Civ.P. 26(c).   If Prestige wanted for pleadings to close prior to depositions it could have simply answered, waited for the deadline to amend to pass, and then move for a judgment on the pleadings, which has the same standard as the Fed.R.Civ.P. 12(b)(6) motion to dismiss it is currently seeking.

Moreover, such a stay would prejudice Plaintiff.  Plaintiff needs depositions of Prestige to assist in amending the complaint. Prestige has produced no documents indicating the owners of the building even though Prestige appears to be the repository of information for Ransome. *Id*., 4:23-7:05. Ransome has simply ignored document subpoenas against them.  Prestige, not the Attorney Defendants, is the party likeliest to have knowledge of other landlord and management entities involved in the wrongful eviction nonpayment lawsuits against Plaintiff, particularly given the Attorney Defendants' representations that Prestige was the sole entity with whom the Attorney Defendants communicated throughout the course of the events which form the basis for this action.

As discussed in Dkt. No. 81, Prestige's answers to Plaintiff's written discovery demands are all but useless to Plaintiff. The only way Plaintiff will get meaningful information is from depositions.

Lastly, a stay as to depositions until the resolution of the motion to dismiss would require the deadlines in the current scheduling order to be adjourned, to be reset after the ruling on the motion to dismiss, slowing the resolution of the case.

## V.    Conclusion.

For these reasons, Plaintiff prays the Court deny Prestige's application in full; order the depositions to go forward as noticed by June 5 at a time and place to either be promptly agreed to by counsel or, if no agreement, then by deposition notice; and for Prestige to provide within one day of your order the last known contact information for Detra Williams, a former Prestige employee, so Plaintiff can serve a deposition subpoena.

Respectfully,
/s/
Ahmad Keshavarz

4