**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LEONARDA GARCIA, | § | |
|        Plaintiff | § | Case No.:  1:25-cv-8489-JGK |
| v. | § | |
| SPERBER KAHAN LAW GROUP PLLC, | § | |
| ERIC H. KAHAN, PRESTIGE | § | |
| MANAGEMENT, INC., and ARTHUR | § | |
| RANSOME HOUSES L.P., | § | |
|        Defendants. | | |

**PLAINTIFF'S FIRST NOTICE OF DEPOSITIONS**

Plaintiff, LEONARDA GARCIA, serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
/s/
Ahmad Keshavarz

*Attorneys for Plaintiff Leonarda Garcia*
The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

**C E R T I F I C A T E   O F   S E R V I C E**

I hereby certify that on this day I served the above referenced document to the parties listed below via email to:

 *Attorneys for Defendants Sperber Kahan Law Group PLLC and Eric H. Kahan*

Adam Marshall
Brett Scher
Kaufman Dolowich LLP
135 Crossways Park Dr, Suite 201
Woodbury, NY 11797
amarshall@kaufmandolowich.com
bscher@kdvlaw.com

*Attorneys for Defendant Prestige Management, Inc.*

1

Last saved: 2/13/2026 7:03 PM

Asher Kest
Rachel Aghassi
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006
akest@fkblaw.com
raghassi@fkblaw.com


Date:  February 13, 2026
          Brooklyn, NY
/s/
Ahmad Keshavarz
*Attorney for Plaintiff*

## DEFINITIONS

Please refer to SDNY Local Rule 26.3 Uniform Definitions in Discovery Requests for the terms used in these discovery demands. Those definitions control in the event of any conflict with the following additional definitions.

1. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Leonarda Garcia.

2. "**Answering Defendants**" means the defendants who have appeared in this federal lawsuit: Sperber Kahan Law Group PLLC, Eric H. Kahan, and Prestige Management, Inc.

3. "**Landlord Defendants**" means Prestige Management, Inc., and non-answering Defendant Arthur Ransome Houses L.P.

4. "**Attorney Defendants**" means Sperber Kahan Law Group PLLC and Eric H. Kahan.

5. "**Building**" means the property bearing the address 151 West 123rd Street, New York, New York 10027.

6. "**You**" or "**Your**" means "Answering Defendants", their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

7. "**Possession, custody, or control**" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

8. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. The term "**2025 Putative Debt**" means the putative debt alleged in the documents attached as **Exhibit Y** and **Exhibit Z** to the Original Complaint in this action.

10. The term "**2024 Putative Debt**" means the putative debt alleged in the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.

11. The term "**2023 Putative Debt**" means the putative debt alleged in the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express*, 93 Civ. 5594 (LBS), 1998 WL 43125 at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391 at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.").

Last saved: 2/13/2026 7:03 PM

12. The term "the **2023 Lawsuit**" means the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.

13. The term "the **2024 Lawsuit**" means the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.

14. The term "**2025 Collection Letter**" means the document attached as **Exhibit Y** to the Original Complaint in this action.

15. The term the "**2025 Certification to HPD**" means the May 2, 2025 pre-suit certification to HPD, notifying them of their intent to pursue a nonpayment eviction proceeding against Ms. Garcia, attached as Exhibit Z to the Original Complaint (a copy of which was included with the "**2025 Collection Letter**" mailed to Ms. Garcia.

16. The term "the **2025 Billing Statements**" means the rent billing statements dated 03/28/2025 and 06/20/2025 attached as Exhibit X and Exhibit BB to the Original Complaint [Dkt. No. 1]

17. The term "**The Rent Seeking Documents**" means the 2023 Lawsuit, the 2024 Lawsuit, the 2025 Collection Letter, the 2025 Certification to HPD, and the 2025 Billing Statements.

18. The term "**Rent Ledger**" means a document the same or substantially similar to the document attached as **Exhibit S** to the Original Complaint in this action.

19. The term the "**putative debt**" means the rental arrears the Attorney Defendants or the Landlord Defendants alleged are or were owed by Ms. Garcia.

20. "**Section 8**" means the federal housing subsidy program created 42 U.S.C. § 1437 and regulated by 24 C.F.R. § in which participants' monthly rent is subsidized by the government.

21. "**Public Housing Agency**" or "**PHA**" means the state or local governmental entity that administers the Section 8 program. Examples include NYCHA, HUD, HPD, DHCR, CDCLI.

22. "**NYCHA**" means New York City Housing Authority, a PHA that administers Section 8.

23. **"HPD" means New York City Housing of Preservation and Development, a PHA that administers Section 8.**

24. "**HQS Violations**" means Housing Quality Standards violations.

25. **"Tenant Share"** means the rental portion a Section 8 participant is responsible for paying to the landlord, which is 30% of the tenant's income.

26. **"Section 8 Share"** means the rental portion the PHA is responsible to pay the landlord pursuant to a tenant's Section 8 participation.

27. **"Identify" as to Non-Payment Proceedings** means the caption and index number of the Petition in the Non-Payment Proceeding and the total number of the Non-Payment Proceedings.

28. "**Eviction Certification Form**" means the certified form that is required to be sent to NYCHA before initiating eviction proceeding – including a non-payment proceeding -- against a NYCHA Section 8 participant, such as the document attached as **Exhibit Z** to the Original Complaint in this action.

29. The term "**Non-Payment Proceeding**" means an action filed by Sperber Kahan Law Group PLLC, or its predecessors as counsel to the Landlord Defendants, that includes a demand for rent alleged to be due pursuant the alleged breach of a lease.

Last saved: 2/13/2026 7:03 PM

### Fed.R.Civ.P. 30(b)(1) NOTICE OF DEPOSITION TO
### ERIC H. KAHAN

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), Plaintiff will take the oral deposition of **ERIC H. KAHAN on a date to be agreed by the parties at 10:30 AM Eastern Standard Time by the videoconferencing program Zoom or a similar videoconferencing program.** The deposition will be recorded stenographically before a court reporter and will be videotaped.

6

Last saved: 2/13/2026 7:03 PM

## **Fed.R.Civ.P. 30(b)(1) NOTICE OF DEPOSITION TO**
## **ARLYANE McGLASHAN**

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(1), Plaintiff will take the oral deposition of **ARLYANE McGLASHAN on a date to be agreed by the parties at 10:30 AM Eastern Standard Time by the videoconferencing program Zoom or a similar videoconferencing program.** The deposition will be recorded stenographically before a court reporter and will be videotaped. If the Landlord Defendants will not accept deposition of Ms. McGlashan by notice, Plaintiff will draft and serve a subpoena.

Last saved: 2/13/2026 7:03 PM

## **Fed.R.Civ.P. 30(b)(6) NOTICE OF DEPOSITION TO PRESTIGE MANAGEMENT, INC.**

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of **PRESTIGE MANAGEMENT, INC. ("Prestige Management") by the videoconferencing program Zoom or a similar videoconferencing program at a time to be agreed by the parties.** The deposition will be recorded stenographically before a court reporter and will be videotaped. Prestige Management is directed to designate a corporate representative to testify on its behalf on the following topics:

NOTE: When this notice seeks information from you, it also equally applies to your agents.

1. The claims raised in the Complaint, and the response and defenses raised by Prestige and the other Defendants in their Answer in this action.

2. Prestige's substantive answers to Plaintiff's discovery demands, and the factual basis for the answers.

3. The identity of persons listed in Prestige's document production and, if known, in the document production of any Person, including the other Defendants, even if identified by abbreviation or code, and whether they work for Prestige or not.

4. The terms of any agreements governing the Putative Debt, the Lawsuits and Rent Seeking Documents, or the HQS Violations in Plaintiff's apartment, including any documents incorporated by reference or supplements or addendums to such agreements.

5. The contents of any documents relating to the Putative Debt, the Lawsuits and Rent Seeking Documents, or the HQS Violations in Plaintiff's apartment, including any documents incorporated by reference or supplements or addendums to such agreements.

6. Your relationship to and role regarding 1) Plaintiff; 2) each of the other Defendants; and 3) the Lawsuits and Rent Seeking Documents. Identify any other Persons so involved (including Defendants, vendors), and the manner they are involved.

7. The identity of the current custodian or owner of the documents concerning Plaintiff, the Putative Debt, the Lawsuits, and the Rent Seeking Documents.

8. Identify every Person to whom you communicated with regarding the Putative Debt, the Lawsuits, and the Rent Seeking Documents, when the communications happened, and the sum and substance of what was communicated, and identify by bate-stamp number the documents that reflect the same.

9. The substance of what You communicated to whom and when either directly or through another Person including, without limitation, the other Defendants, regarding Plaintiff, the Putative Debt, the Lawsuits, and the Rent Seeking Documents.

10. Each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

11. The decision

Last saved: 2/13/2026 7:03 PM

a.  to file the 2023 Lawsuit,

b.  to file the 2024 lawsuit,

c.  to send the 2025 Collection Letter,

d.  to send the 2025 Certification to HPD to Ms. Garcia, and

e.  to send the 2025 Billing Statements.

12. The decision as to how much money should be alleged to be due in

a.  the 2023 Lawsuit,

b.  the 2024 lawsuit,

c.  the Rent Ledger,

d.  the 2025 Collection Letter,

e.  the 2025 Certification to HPD,

f.  the rent ledger attached to the 2025 Certification to HPD, and

g.  the 2025 Billing Statements

13. The information provided to the Attorney Defendants as how much Ms. Garcia owed and how it was calculated

a.  to file the 2023 Lawsuit,

b.  to file the 2024 lawsuit,

c.  to send the 2025 Collection Letter, and

d.  to send the 2025 Certification to HPD.

14. Why have you brought or caused to bring non-payment proceedings which include the Section 8 Share in the amount alleged to be due?

15. Efforts to address or remedy the alleged HQS Violations in the Building.

16. Any accounting involved in the calculation of rents alleged to be due.

17. How much the Attorney Defendants were paid or how much the Landlord Defendants paid for

a.  the 2023 Lawsuit,

b.  the 2024 lawsuit,

c.  the 2025 Collection Letter,

d.  the 2025 Certification to HPD, and

e.  the 2025 Billing Statements

18. The persons who issued the 2025 Billing Statements and the decision to issue them.

9

Last saved: 2/13/2026 7:03 PM

## <u>Fed.R.Civ.P. 30(b)(6) NOTICE OF DEPOSITION TO<br>SPERBER KAHAN LAW GROUP PLLC</u>

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of **SPERBER KAHAN LAW GROUP PLLC ("Sperber Kahan") by the videoconferencing program Zoom or a similar videoconferencing program at a time to be agreed by the parties.** The deposition will be recorded stenographically before a court reporter and will be videotaped. Sperber Kahan is directed to designate a corporate representative to testify on its behalf on the following topics:

NOTE: When this notice seeks information from you, it also equally applies to your agents. Plaintiff will accept the designation of Eric H. Kahan as corporate representative if his deposition is taken in both a 30(b)(1) capacity and a 30(b)(6) capacity to save the time and expense of a second deposition.

1. The claims raised in the Complaint, and the response and defenses raised by Sperber Kahan and the other Defendants in their Answer in this action.

2. Sperber Kahan's substantive answers to Plaintiff's discovery demands, and the factual basis for the answers.

3. The identity of persons listed in Sperber Kahan's document production and, if known, in the document production of any Person, including the other Defendants, even if identified by abbreviation or code, and whether they work for Prestige or not.

4. The terms of any agreements governing the Putative Debt, the Lawsuits and Rent Seeking Documents, or the HQS Violations in Plaintiff's apartment, including any documents incorporated by reference or supplements or addendums to such agreements.

5. The contents of any documents relating to the Putative Debt, the Lawsuits and Rent Seeking Documents, or the HQS Violations in Plaintiff's apartment, including any documents incorporated by reference or supplements or addendums to such agreements.

6. Your relationship to and role regarding 1) Plaintiff; 2) each of the other Defendants; and 3) the Lawsuits and Rent Seeking Documents. Identify any other Persons so involved (including Defendants, vendors), and the manner they are involved.

7. The identity of the current custodian or owner of the documents concerning Plaintiff, the Putative Debt, the Lawsuits, and the Rent Seeking Documents.

8. Identify every Person to whom you communicated with regarding the Putative Debt, the Lawsuits, and the Rent Seeking Documents, when the communications happened, and the sum and substance of what was communicated, and identify by bate-stamp number the documents that reflect the same.

9. The substance of what You communicated to whom and when either directly or through another Person including, without limitation, the other Defendants, regarding Plaintiff, the Putative Debt, the Lawsuits, and the Rent Seeking Documents.

10. Each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

10

Last saved: 2/13/2026 7:03 PM

11. The decision

    a. to file the 2023 Lawsuit,

    b. to file the 2024 lawsuit,

    c. to send the 2025 Collection Letter,

    d. to send the 2025 Certification to HPD to Ms. Garcia, and

    e. to send the 2025 Billing Statements.

12. The decision as to how much money should be alleged to be due in

    a. the 2023 Lawsuit,

    b. the 2024 lawsuit,

    c. the Rent Ledger,

    d. the 2025 Collection Letter,

    e. the 2025 Certification to HPD,

    f. the rent ledger attached to the 2025 Certification to HPD, and

    g. the 2025 Billing Statements.

13. The information provided to the Attorney Defendants as how much Ms. Garcia owed and how it was calculated

    a. to file the 2023 Lawsuit,

    b. to file the 2024 lawsuit,

    c. to send the 2025 Collection Letter, and

    d. to send the 2025 Certification to HPD.

14. Why have you brought or caused to bring non-payment proceedings which include the Section 8 Share in the amount alleged to be due?

15. Efforts to address or remedy the alleged HQS Violations in the Building.

16. Any accounting involved in the calculation of rents alleged to be due.

17. How much the Attorney Defendants were paid or how much the Landlord Defendants paid for

    a. the 2023 Lawsuit,

    b. the 2024 lawsuit,

    c. the 2025 Collection Letter,

    d. the 2025 Certification to HPD, and

    e. the 2025 Billing Statements

18. The persons who issued the 2025 Billing Statements and the decision to issue them.

Last saved: 2/13/2026 7:03 PM