

Wall Street Plaza
88 Pine Street, 32nd Floor, New York, NY 10005
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

May 19, 2026

**VIA ECF**
The Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re:      *Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
         Case No.: 25-cv-08489
         FKB File No.: 314.064

Dear Judge Stein:

We represent defendant Prestige Management, Inc. ("Prestige") in the above-referenced action. We write to respectfully clarify representations made by Plaintiff in her May 15, 2026 letter to the Court regarding outstanding discovery.

Plaintiff's counsel includes as Exhibit C of counsel's May 15, 2026 letter a self-serving email from Plaintiff's counsel that purportedly supports Plaintiff's claim that Prestige's May 7, 2026 letter motion seeking an abeyance of depositions was filed "the day before" a deposition of one of Prestige's employees was scheduled. Plaintiff, however, omits the rest of the email thread, where, on April 22, 2026, Prestige's counsel informed Plaintiff's counsel that they could not confirm the unilaterally noticed dates. *See* Exhibit A. On May 1, 2026, a further meet and confer was held, wherein Prestige informed Plaintiff's counsel of its intent to seek an abeyance of depositions and reiterated that Prestige's counsel could not confirm depositions of Prestige employees at the time. Therefore, Plaintiff's characterization that Prestige waited until the eve of a mutually scheduled deposition to inform Plaintiff of its intent to seek an abeyance of depositions is patently false.

Plaintiff also incorrectly contends that Prestige could have brought its request for an abeyance of depositions with its motion to dismiss. Prestige's motion to dismiss, however, is completely unrelated to discovery. Furthermore, when the motion was filed, Prestige had no way of knowing that Plaintiff would insist on moving forward with discovery before Plaintiff's time to amend the complaint expired or before paper discovery was complete. Therefore, Prestige had no reason to file such a request at that time.

Finally, Plaintiff insists that she "needs depositions of Prestige to assist in amending the complaint." Plaintiff has therefore indicated that she already anticipates amending the complaint, but is deliberately waiting to do so until depositions occur, expecting to use Prestige's deposition as a fishing expedition to seek additional claims. Further, Plaintiff is prejudicing Prestige by refusing to disclose potential amendments before Prestige's deposition. This improper conduct

*Leonarda Garcia v. Eric H. Kahan Law Group PLLC, et al.*
Case No.: 25-cv-08489
<u>Page 2</u>
constitutes yet another reason that depositions should not proceed until the operative complaint is finalized.

        Thank you for your consideration herein.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

<u>/s/ Rachel Aghassi</u>
Rachel Aghassi

cc:      All counsel of record (via ECF)