# AHMAD KESHAVARZ
## *Attorney at Law*

---

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (347) 308-4859
Fax: (877) 496-7809

June 17, 2026

**VIA ECF**

Magistrate Judge Gary Stein
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  **Joint Status of Discovery Letter pursuant to Dkt. No. 91.**
> ***Garcia v. Sperber Kahan Law Group PLLC, et al.,* 1:25-cv-08489-JGK**

Dear Judge Stein:

The undersigned represents Plaintiff.  This is a joint discovery status letter between Plaintiff and now-former Defendant Prestige Management pursuant to the Court's order of June 8, 2026 [Dkt. No. 91] that "the parties shall submit a joint letter by no later than June 12, 2026 regarding (1) whether the parties resolved any of the discovery disputes mentioned in Dkt. No. 81, and (2) the specific relief requested regarding those outstanding discovery disputes, if any." Dkt. No. 81 was itself a joint letter is also in compliance the Court's ECF Order of May 11, 2026 that "Plaintiff and the remaining defendants shall file letters responding to Prestige Management's letter, and otherwise advising the Court on the status of discovery, and whether the Court's intervention remains necessary as to any outstanding discovery issues." Prior to that, on April 1, 2026, Plaintiff filed a motion to compel Prestige to answer the requests for production and interrogatories that were due on March 15, 2026 and for which no answers we served. Plaintiff issued deposition notices on Prestige, which, weeks later, moved to quash. On June 15, 2026, the Honorable John G. Koeltl issued an Order [Dkt. No. 94] granting Prestige's motion to dismiss without prejudice. Plaintiff was afforded 21 days to amend, if she wished, and if no amended complaint was filed, the Order would function to dismiss the claims against Prestige with prejudice. The discovery deadline is August 11, 2026.

The Parties apologize to the Court for the late submission.

**Prestige's position.**

Pursuant to the June 13, 2026 Order of the Honorable John G. Koeltl, Prestige has been dismissed from this case. Given that there were no outstanding demands that were served to Prestige prior to the dismissal, Prestige does not believe it is obligated to take part in further discovery.

Prestige has provided written responses, including two document productions, to Plaintiff's February 13, 2026 discovery demands. These included documents in Prestige's possession responsive to Plaintiff's demands. Even if Plaintiff did subpoena Prestige as a non-party for documents and information responsive to Plaintiff's demands, Prestige cannot produce documents not in its possession, custody, or control, and would stand on the same objections

noted in its written responses.

As a nonparty, Plaintiff is no longer entitled to a deposition of Prestige as a matter of right. Prestige's arguments on a potential non-party subpoena to take Prestige's deposition would differ substantively from those presented in Prestige's May 7, 2026 letter (Dkt. No. 76). Therefore, the issue cannot be resolved until Plaintiff actually presents Prestige with a non-party subpoena and Prestige has the opportunity to respond accordingly.

Moreover, to the extent that Plaintiff seeks to depose Prestige's employees, this would be premature until it is confirmed whether Prestige will be a party to this case or not. As noted, Plaintiff has until July 4, 2026, 21 days after the Honorable John G. Koeltl issued the Order dismissing Prestige, to amend the Complaint to assert claims against Prestige. Prestige should have the benefit of knowing what claims, if any, are operative against Prestige before any depositions of its employees are conducted.

Regarding Plaintiff's requests for the contact information of the individuals listed by Plaintiff, Prestige notes that Arlyane McGlashan and Devon Kelly are employees of Prestige, and thus are represented by and should be served through Prestige's counsel. Prestige has provided Plaintiff with the last known contact information of Detra Williams, a former employee of Prestige, but Prestige does not have a record of Ms. Williams' current address.

**Plaintiff's position.**

Since Plaintiff propounded her discovery demands on February 13, 2026, Prestige has refused to sit for deposition and failed to provide any discovery of value (other than a 24-year-old property management and collection agreement between Prestige and Ransome, the landlord who has defaulted on this case, and whose signature is illegible.) Plaintiff has no more information from Prestige today than she did when she filed suit.

Plaintiff suggests a practical way to proceed: to treat the February 13, 2026 as subpoenas *nunc pro tunc* and to rule on the existing disputes now even if Prestige is a non-party. Otherwise, Plaintiff will subpoena Prestige as a non-party for the same discovery and we will be back in the same position in 3 weeks.

Likewise, Plaintiff suggests that the deposition notices and deposition subpoenas previously served on Prestige and its current and former employees as being deposition subpoenas *nunc pro tunc* and rule on Prestige's motion to quash depositions now as if served as non-parties. Otherwise, Plaintiff will now reissue the subpoenas on the current and former employees and for a corporate representative, Prestige will move to quash, and we will be back in the same place in three weeks.

In addition, subpoenas to Ransome, served through its registered agent Prestige, have been ignored and will require a motion to enforce.

As to the joint discovery letter, this is Plaintiff's position.

1. Prestige has not identified any person at Ransome. Prestige works for Ransome, pays rent it collects to Ransome, provide property management services for Ransome, and more. And yet Prestige will not identify a single person at Ransome: no one who is in charge, no one who they communicate with, no one the pay money with, who at Ransome (illegibly) signed the property management agreement with Ransome, who they forward

2

subpoenas to, or any other interaction. Prestige must identify those people. The undersigned has been asking for this information repeatedly from the very outset of this case and has not been provided with that information. As Ransome has ignored subpoenas served upon it (through its registered agent), serving an individual would seem like an efficient way to proceed.

This was sought in the May 12, 2026 joint letter (Dkt. No. 81 p. 3). Also sought was the identification information (last known address, phone number) for the following persons so they can be subpoenaed for deposition as needed.

- Detra Williams (who signed the stipulation that the debt was not owed)
- Devon Kelly (who was copied on the email forwarding the case for collections)
- Arlyane McGlashan (registered managing agent representative, and whose name appears in the housing court pleadings)
- The persons at Ransome that Prestige is in communication with in relation to collection letters and collection litigation, including that against Ms. Garcia

2. In the May 12, 2016 Joint Letter [Dkt. No. 81] Prestige (and their counsel) agreed (p. 5) as follows:

> 5. By May 21, Prestige will supplement its document production and will amend its production responses for which it indicates it has produced responsive documents to ***affirmatively state that, after a reasonable inquiry, Prestige has produced all documents responsive to the document production demand that is in possession, custody, or control***.(emphasis added).

Prestige produced certain (limited and immaterial) documents, but did not amend its production answers as agreed. Plaintiff does not believe the production could be complete (such as there being no other agreements other than one more than two decades old) but the certification by counsel would address that concern.

Respectfully,
/s/
Ahmad Keshavarz

Enclosures (Prestige's most recent production and interrogatory answers).

3