AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | /s/ |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Leonarda Garcia.

2. "**Answering Defendants**" means the defendants who have appeared in this federal lawsuit: Sperber Kahan Law Group PLLC, Eric H. Kahan, and Prestige Management, Inc.

3. "**Landlord Defendants**" means Prestige Management, Inc., and non-answering Defendant Arthur Ransome Houses L.P.

4. "**Attorney Defendants**" means Sperber Kahan Law Group PLLC and Eric H. Kahan.

5. "**Building**" means the property bearing the address 151 West 123rd Street, New York, New York 10027.

6. "**You**" or "**Your**" means Abyssinian Development Corporation, their successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.

7. "**Possession, custody, or contro**l" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]

8. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. The term "**2025 Putative Debt**" means the putative debt alleged in the documents attached as **Exhibit Y** and **Exhibit Z** to the Original Complaint in this action.

10. The term "**2024 Putative Debt**" means the putative debt alleged in the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.

11. The term "**2023 Putative Debt**" means the putative debt alleged in the state court case

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express*, 93 Civ. 5594 (LBS), 1998 WL 43125 at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.").

1

captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.

12. The term "the **2023 Lawsuit**" means the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.

13. The term "the **2024 Lawsuit**" means the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.

14. The term "**2025 Collection Letter**" means the document attached as **Exhibit Y** to the Original Complaint in this action.

15. The term the "**2025 Certification to HPD**" means the May 2, 2025 pre-suit certification to HPD, notifying them of their intent to pursue a nonpayment eviction proceeding against Ms. Garcia, attached as Exhibit Z to the Original Complaint (a copy of which was included with the "**2025 Collection Letter**" mailed to Ms. Garcia.

16. The term "the **2025 Billing Statements**" means the rent billing statements dated 03/28/2025 and 06/20/2025 attached as Exhibit X and Exhibit BB to the Original Complaint [Dkt. No. 1]

17. The term "**The Rent Seeking Documents**" means the 2023 Lawsuit, the 2024 Lawsuit, the 2025 Collection Letter, the 2025 Certification to HPD, and the 2025 Billing Statements.

18. The term "**Rent Ledger**" means a document the same or substantially similar to the document attached as **Exhibit S** to the Original Complaint in this action.

19. The term the "**putative debt**" means the rental arrears the Attorney Defendants or the Landlord Defendants alleged are or were owed by Ms. Garcia.

20. "**Section 8**" means the federal housing subsidy program created 42 U.S.C. § 1437 and regulated by 24 C.F.R. § in which participants' monthly rent is subsidized by the government.

21. "**Public Housing Agency**" or "**PHA**" means the state or local governmental entity that administers the Section 8 program. Examples include NYCHA, HUD, HPD, DHCR, CDCLI.

22. "**NYCHA**" means New York City Housing Authority, a PHA that administers Section 8.

23. **"HPD" means New York City Housing of Preservation and Development, a PHA that administers Section 8.**

24. "**HQS Violations**" means Housing Quality Standards violations.

25. "**Tenant Share**" means the rental portion a Section 8 participant is responsible for paying to the landlord, which is 30% of the tenant's income.

26. "**Section 8 Share**" means the rental portion the PHA is responsible to pay the landlord pursuant to a tenant's Section 8 participation.

27. "**Identify**" as to Non-Payment Proceedings means the caption and index number of the Petition in the Non-Payment Proceeding and the total number of the Non-Payment Proceedings.

28. "**Eviction Certification Form**" means the certified form that is required to be sent to NYCHA before initiating eviction proceeding – including a non-payment proceeding -- against a NYCHA Section 8 participant, such as the document attached as **Exhibit Z** to the

2

Original Complaint in this action.

29. The term "**Non-Payment Proceeding**" means an action filed by Sperber Kahan Law Group PLLC, or its predecessors as counsel to the Landlord Defendants, that includes a demand for rent alleged to be due pursuant the alleged breach of a lease.

30. When a document production demand asks for "documents sufficient to demonstrate…," you may use an affidavit to respond to the demand if you wish.

31. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

32. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

33. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

34. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2023 to the present**.

35. PLEASE NOTE: If the documents sought exist in an electronic form please produce those documents in their native electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

**EXHIBIT B: DOCUMENTS TO BE PRODUCED**

Please produce all of the following documents in your possession, custody, or control:

1. Documents regarding Plaintiff, each putative debt, or attempts to collect each putative debt.

2. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the putative, or attempts to collect the putative debt.

3. Your account notes, screen shots, and any other documentation regarding Plaintiff, the putative debt, or attempts to collect the putative debt.

4. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the debt.

5. Any contracts or agreements that govern the collection of the putative debt.

6. The documents, if any, reflecting your policies and procedures as to consumers or tenants who participate in Section 8.

7. The documents reflecting the policies and procedures in connection with the use of rent ledgers and/or breakdowns such as the Rent Ledgers used in the Lawsuits against Plaintiff.

8. The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used to generate the letter.

9. The documents reflecting the policies and procedures in connection with the Collection Letter, including any template or program used specifically for tenants who participate in Section 8.

10. Documents reflecting the policies and procedures in verifying the amounts sought in rent ledgers, including, without limitation, any documents used to verify the amounts sought from Ms. Garcia.

11. Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.

12. The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.

13. The documents you refer to in your initial disclosures.

14. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

15. Correspondence and other documents, including emails and texts, with any person regarding the putative debt or The Rent Seeking Documents the Lawsuit.

4

16. Documents you received from NYC Housing Preservation and Development regarding Housing Quality Standards Inspection and/or Reports for the Building, including Plaintiff's apartment.

17. The contracts that would govern Attorney Defendants' representation of Landlord Defendants related to The Rent Seeking Documents.

18. The contracts that govern the ownership of the Building, or the property management, accounting, or billing services related to the building.

19. Documents sufficient to identify each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

20. Documents sufficient to identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

21. Documents sufficient to identify any accounting firm that does your accounting.

22. Any contracts governing the relationships between and among Abyssinian Development Corporation, Arthur Ransome, and Prestige in effect during the Relevant Period.

23. Any contracts governing the relationships between and among Abyssinian Development Corporation, Arthur Ransome, and Prestige in effect during the Relevant Period.

PLEASE NOTE: If the documents sought exist in an electronic form (e.g., a database of dates and locations of putative service of process) please produce those documents in its native electronic format.