# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARDA GARCIA,

Plaintiff,

- against -

ERIC H. KAHAN, ET AL.,

Defendants.

25-cv-8489 (JGK)

<u>Memorandum Opinion and Order</u>

**John G. Koeltl, District Judge:**

The plaintiff Leonarda Garcia brings this action against Eric Kahan, Sperber Kahan Law Group PLLC (collectively, "Kahan"), Arthur Ransome Houses LP ("Ransome"), and Prestige Management, Inc. ("Prestige"). Against all defendants, the plaintiff asserts causes of action for negligence, gross negligence, and violations of New York General Business Law ("NYGBL") § 349; against Kahan, the plaintiff also alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and New York Judiciary Law § 487.

The defendant Prestige has moved to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons given below, the motion is **granted**.

**I.**

The following facts are drawn from allegations set out in the complaint and are accepted as true for purposes of this motion to dismiss.

Garcia lives in a Harlem apartment owned by one defendant, Ransome, and managed by another, Prestige. Complaint ("Compl.") ¶¶ 20, 27, ECF No. 1.

Because the plaintiff participates in New York City's Section 8 housing-voucher program, two parties share responsibility for paying the apartment's rent: the plaintiff pays one portion and the City's Department of Housing Preservation and Development ("HPD") pays the other portion. Id. ¶¶ 23–25. HPD may withhold its portion of the rent if HPD determines that the building fails to meet certain housing quality standards ("HQS"). In such a situation, the plaintiff would not become responsible for the unpaid government portion. Id. ¶¶ 26–31.

From May 2022 to February 2024, HPD suspended its rent payments for Garcia's apartment because of HQS violations. Id. ¶ 37. That suspension precipitated the events at issue in this case. In May 2023, Ransome sued Garcia to collect over $5,000 in purported rental arrears from October 2022 through March 2023, a figure that included both the unpaid government portions for which the plaintiff was never responsible and parts of Garcia's own portion that she had already paid. Id. ¶¶ 38–45. After much back-and-forth, Ransome and Garcia eventually stipulated to discontinue that suit in April 2024, after HPD had resumed paying its portion. Id. ¶¶ 46–58. Then, in November 2024, Ransome filed another similar suit, again seeking to collect rent arrears that Ransome would later acknowledge, in a second stipulation of discontinuance signed in early 2025, Garcia did not actually owe. Id. ¶¶ 59–80. Finally, in April and May 2025, several months after the end of the second lawsuit, Ransome, again through its attorney Kahan, sent Garcia a series of letters claiming that Garcia still owed thousands of dollars in rent and threatening a third lawsuit.

Id. ¶¶ 81–89. In both lawsuits, and in the spring 2025 threat of litigation, Kahan and various incarnations of his law firm represented Ransome. See id. ¶ 4.

Garcia brings this suit against Prestige, among others, for violating NYGBL § 349 and for negligence and gross negligence. Although Prestige was not a party to either lawsuit, the plaintiff alleges that Prestige played such an integral role in these debt collection efforts that it may be held liable for Ransome's actions. Id. ¶¶ 13–14. Garcia points to several alleged facts that tie Prestige to Ransome—specifically, Prestige's role in collecting rent, its signing the second stipulation of dismissal on Ransome's behalf, and its continued insistence that Garcia owes Ransome thousands of dollars. Prestige now moves to dismiss the claims against it for failure to state a claim on which relief can be granted.

## II.

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

**III.**

Garcia brings three claims against Prestige: violation of NYGBL § 349, Compl. ¶¶ 116–128; negligence, id. ¶¶ 133–144; and gross negligence, id. The Court addresses each in turn.

**A.**

Garcia first claims that Prestige, by misrepresenting the amount of rent Garcia owed, engaged in deceptive business practices in violation of NYGBL § 349. That law prohibits "[d]eceptive . . . acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service." N.Y. Gen. Bus. Law § 349(a). To plead a prima facie claim under § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015).[1] Prestige contends that the § 349 claim must be dismissed

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

because its alleged conduct was neither directed at consumers nor materially misleading. Mem. Law Supp. Mot. ("Br.") 7–10, ECF No. 46.

While "[c]onsumer-oriented conduct does not require a repetition or pattern of deceptive behavior," plaintiffs pleading a § 349 claim "must demonstrate that the acts or practices have a broader impact on consumers at large." Oswego Laborers' 214 Loc. Pension Fund v. Marine Midland Bank N. Am., 647 N.E.2d 741, 744 (N.Y. 1995). In most cases, therefore, "private contract disputes cannot form the basis of a § 349 claim." Euchner-USA, Inc. v. Hartford Cas. Ins., 754 F.3d 136, 143 (2d Cir. 2015). And although there is no categorical rule barring rent collection disputes from forming the basis of a § 349 claim, a plaintiff-tenant asserting a claim against a defendant-landlord must, as in any § 349 case, make "the requisite showing that [d]efendants' conduct affected other, similarly situated consumers." Sanchez v. Ehrlich, No. 16-cv-8677, 2018 WL 2084147, at *11 (S.D.N.Y. Mar. 29, 2018) ("The Complaint alleges that there is a pattern and practice of Defendants' commencing housing court proceedings against Section 8 recipients for rent they do not owe.").

The complaint in this case has offered only three sentences' worth of conclusory allegations about the broader impact that Prestige's conduct would have on other consumers. See Compl. ¶ 118 ("These acts were done by Defendants systematically and, as such, have had a broad impact on consumers at large."); id. ¶ 122 ("The Defendants' deceptive conduct towards Plaintiff is the type of conduct that has a broad impact on consumers at large."); id. ¶ 143 ("Upon information and belief, Defendants have engaged in a pattern and

practice of similar behavior against other tenants."). These allegations lack "any factual detail, such as examples of other affected consumers or similar instances of misconduct" to support Garcia's claim that Prestige's debt collection efforts were consumer oriented, and are therefore insufficient to support Garcia's § 349 claim. Timber Hill Enter., LLC v. Alta Equip. Co., No. 26-cv-2, 2026 WL 1346622, at *3 (N.D.N.Y. May 14, 2026); see also Brodie v. Green Spot Foods, LLC, 503 F. Supp. 3d 1, 13 (S.D.N.Y. 2020) ("Courts in this circuit look unfavorably upon conclusory pleadings made on information and belief, especially with regard to consumer fraud claims such as those under [] § 349.").

Prestige also argues that the complaint fails on the second prong of § 349's tripartite test—the requirement that a business's conduct be "materially misleading." Orlander, 802 F.3d at 300. According to Prestige, a necessary condition for satisfying this element is that the defendant's conduct actually misled the plaintiff. Br. 9–10. And because the complaint does not assert that Garcia herself was misled—the plaintiff knew all along, in other words, that she did not owe the rent that the lawsuits and letters claimed she did—Prestige's conduct therefore cannot be materially misleading. Garcia responds that the standard for materially misleading conduct is an objective, not subjective, one, and thus her internal beliefs as to whether Prestige's representations were accurate are irrelevant—and in any event, Garcia contends that she was genuinely deceived. Mem. Law Opp'n Mot. ("Opp. Br.") 18–20, ECF No. 54. The Court need not reach this second question, however, because the complaint's failure to allege that Prestige's conduct was consumer-oriented is fatal to

Garcia's § 349 claim. Prestige's motion to dismiss the claims against it under NYGBL § 349 is thus **granted**.

### B.

Garcia also charges that Prestige, acting as Ransome's agent, was both negligent and grossly negligent in participating in the debt-collection campaigns. Compl. ¶¶ 133–144. The elements of a negligence claim under New York law are: "(1) a duty owed to the plaintiff by the defendant; (2) breach of that duty; and (3) injury substantially caused by that breach." Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002). Moreover, "a plaintiff claiming gross negligence must prove the elements of negligence, plus that the defendant's conduct evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing." Abdel-Karim v. EgyptAir Airlines, 116 F. Supp. 3d 389, 410 (S.D.N.Y. 2015).

Garcia's negligence claims fail because the complaint does not adequately allege a basis for Prestige's duty to Garcia. Garcia suggests that Prestige breached duties of care generally owed by creditors and debt collectors, as well as those imposed under the FDCPA and NYGBL § 349. Compl. ¶¶ 138–141. But the complaint does not claim that Prestige violated the FDCPA—or even that Prestige was subject to the FDCPA—and therefore cannot allege a breach of any duty under that law. Similarly, while the complaint cites the general proposition that "creditors and debt collectors owe debtors a

duty of reasonable care in the collection of their debts," id. ¶ 139, the complaint does not claim that Prestige was either a creditor or debt collector.

That leaves only NYGBL § 349 as the basis for Prestige's duty to Garcia. For the proposition that the consumer protection law may supply an independent duty in tort, Garcia relies on Sanchez, 2018 WL 2084147, at *7, a factually similar case in which a plaintiff-tenant successfully pleaded both § 349 and derivative negligence claims against a defendant-landlord for erroneous debt collection efforts. See Opp. Br. 23–24. But, as explained above, the complaint in this case does not plead adequately the consumer-oriented-conduct prong of a § 349 claim, and without a cognizable claim under the statute itself, § 349 cannot ground a negligence claim. See Neala Commc'ns LLC v. Xerox Corp., 747 F. Supp. 3d 625, 642 (W.D.N.Y. 2024) (distinguishing Sanchez and dismissing negligence claims where the only basis for the defendant's duty was a § 349 claim that was also dismissed). To hold otherwise would mean that § 349 could provide the basis for a negligence claim arising out of almost any commercial dispute, regardless of whether that dispute actually satisfied the elements of a § 349 claim. But that is not the law. Garcia has failed to plead an adequate § 349 claim; therefore, she cannot rest her common-law negligence claim on any duty flowing from that statute. And "without a viable claim of negligence, the plaintiff cannot prove gross negligence," either. Abdel-Karim, 116 F. Supp. 3d at 410.

For these reasons, the defendant's motion to dismiss Garcia's negligence and gross-negligence claims is also **granted**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, Prestige's motion to dismiss the complaint as it pertains to Prestige is **granted without prejudice** to the plaintiff's ability to file an amended complaint within 21 days. If an amended complaint is not filed within 21 days, the dismissal as to Prestige will be with prejudice.

**SO ORDERED.**

**Dated:** **New York, New York**
**June 13, 2026**

**John G. Koeltl**
**United States District Judge**