UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LEONARDA GARCIA,<br><br>Plaintiff,<br><br>-against-<br><br>ERIC H. KAHAN, SPERBER KAHAN LAW GROUP PLLC, ARTHUR RANSOME HOUSES LP, and PRESTIGE MANAGEMENT, INC.<br><br>Defendants. | : | 1:25-cv-08489 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH**

FURMAN KORNFELD & BRENNAN LLP
*Attorneys for Prestige Management, Inc.*
88 Pine Street, 32nd Floor
New York, New York 10006
Tel: (212) 867-4100

Of Counsel:

Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.

**INTRODUCTION**

This Memorandum of Law is submitted in support of the motion by Prestige Management, Inc. ("Prestige") pursuant to Federal Rules of Civil Procedures 26 and 45, seeking an Order quashing the non-party Subpoena ("Subpoena") served on the New York City Department of Housing Preservation and Development ("HPD") by Plaintiff LEONARDA GARCIA ("Plaintiff") and discovery sought from Defendant ARTHUR RANSOME HOUSES LP, in their entirety.

On or about October 14, 2025, Plaintiff commenced this action against Defendants ERIC H. KAHAN, SPERBER KAHAN LAW GROUP PLLC, ARTHUR RANSOME HOUSES LP ("Ransome"), and Prestige (collectively, "Defendants"), alleging claims predicated on violations of the Fair Debt Collection Practices Act ("FDCPA") against attorney Eric H. Kahan and Sperber Kahan law Group PLLC (collectively, "Kahan"), for debt collection lawsuits (the "Debt Actions") against Plaintiff to collect rent arrears. Prestige was dismissed from this case on June 15, 2026. Plaintiff has until September 30, 2026 to amend the Complaint against Prestige. On August 14, 2026, Plaintiff issued a subpoena on non-party HPD returnable on August 24, 2026 ("the Subpoena").

Significantly, the subpoena to HPD seeks materials irrelevant to the present litigation that pertain solely to other tenants of properties managed by Prestige in an illicit attempt by Plaintiff to fish for information to continue this frivolous action against Prestige. These tenants do not live in the same building that Plaintiff resides in at issue in this suit, and Ransome is not the owner of any of the buildings that the tenants do reside in. Plaintiff's search for information of tenants other than Plaintiff was the subject of extensive motion practice, which resulted in Magistrate Judge Gary Stein directing Plaintiff at oral argument on June 17, 2026 that these requests were overbroad. On the record, Judge Stein cautioned Plaintiff that seeking information about unrelated tenants constituted an improper fishing expedition for additional unrelated clams against Prestige.

Consequently, prior to filing this motion, the undersigned reach out to Plaintiff's counsel and requested that Plaintiff refrain from her inappropriate requests for information about other tenants from other parties and non-parties. However, in what can only be conceived as a thinly-veiled attempt to circumvent the direct instructions of Judge Stein, and harass and inconvenience other parties, Plaintiff has refused. Instead, counsel for Plaintiff has aggressively and repeatedly insisted that a representative of Ransome, who has appeared for a deposition *pro se*, provide responses to the overbroad discovery demands, and is now seeking the same undiscoverable materials from non-party HPD. Plaintiff surreptitiously did this during the interim period when Prestige was temporarily no longer in the case. Plaintiff did not notify Prestige of the deposition, and Prestige was not present nor had an opportunity to object. This puts Prestige in an extremely prejudicial position – Plaintiff is taking advantage of this period to seek illicit information without Prestige's involvement or ability to object. Therefore, Plaintiff should be barred from using any material on tenants unrelated to this litigation surreptitiously obtained.

As a result of Plaintiff's refusal to act in a reasonable or good faith manner, Prestige was forced to file this instant Motion for an Order pursuant to Fed. R. Civ. P. 45 quashing Plaintiff's subpoena dated August 14, 2026 on the grounds that it is overly broad on its face and improperly seeks documents and information not relevant to the operative Complaint.

Prestige seeks an Order staying the enforcement of the Subpoena pending this Honorable Court's determination on the merits of the instant motion.

## BACKGROUND

### I. The Instant Action

On or about October 14, 2025, Plaintiff commenced the instant action by the filing of a Complaint in the U.S. District Court, Southern District of New York. The instant action asserts

claims predicated on an alleged violation of the FDCPA against Kahan for the Debt Actions against Plaintiff to collect rent arrears. The Complaint also attempted to assert tenuous claims under New York's General Business Law § 349 and for negligence against defendant landlord Arthur Ransome Houses LP ("Ransome"), and Prestige, which is Ransome's agent. A copy of the Complaint is annexed to the Aghassi Declaration as **Exhibit "A".**

On March 4, 2026, Prestige moved to dismiss Plaintiff's claims against it. *See* Dkt. No. 44.

On April 16, 2026, while the motion was pending and discovery ongoing, the Court held a status conference hearing. At that hearing, Prestige's counsel specifically raised a concern that Plaintiff would seek materials not relating to the allegations of Plaintiff specifically. **Exhibit "B"**, p. 42. The Court then confirmed that the Court would "not authorize a fishing expedition into hundreds or thousands of files" pertaining to other tenants. *Id.*, p. 45.

On May 12, 2026, while Prestige's motion was still pending, the parties filed a joint status letter on discovery, wherein Prestige again pointed out that Plaintiff was seeking irrelevant, non-discoverable information about tenants other than Plaintiff. *See* Dkt. No. 81. On June 15, 2026, two days before a scheduled oral argument on the discovery disputes in the matter, including Plaintiff's demands for the same undiscoverable documents and information, the Court dismissed Plaintiff's claims against Prestige for failure to state a cause of action. **Exhibit "C"**. The Court found that the § 349 claim against Prestige failed because Plaintiff did not establish that Prestige's actions or practices had a broader impact on consumers at large, as required to show consumer-oriented conduct. *Id.* at 5. Accordingly, the Court also found that Plaintiff's negligence claims against Prestige also failed as a matter of law because Plaintiff relied entirely on the deficient § 349 claim as the sole basis to establish a duty owed by Prestige to Plaintiff. *Id.* at 7-8.

All parties, including Prestige, appeared for a hearing on discovery before Judge Stein on June 17, 2026. At that oral argument, it was agreed that some discovery could proceed before Plaintiff's time to amend the Complaint to assert additional claims against Prestige expired, but Plaintiff was explicitly directed by Judge Stein not to turn this process into a fishing expedition for documents and information unrelated to Plaintiff and the Debt Actions at issue in order to find additional claims to bring against Prestige. This specifically included information about other tenants.

As a courtesy, before the Subpoena was issued, Prestige agreed to three separate extensions of Plaintiff's time to amend the Complaint to assert claims against Prestige. Plaintiff's counsel most recently requested an extension until September 30, 2026, citing a variety of personal matters including a week-long vacation, status as a solo practitioner, obligations to onboard a new associate, and work in unrelated cases. *See* **Exhibit "D".** Instead, Prestige later discovered that Plaintiff was using the additional time to seek discovery from Ransome related to other tenants. Plaintiff did not provide Prestige with notice of any of these requests or other developments in discovery, provide Prestige with any of the materials disclosed, or involve Prestige in discovery in any way. Prestige remains in the dark about the full extent of discovery that has occurred since its dismissal.

Two days after Prestige granted Plaintiff the extension of time to amend the complaint as a professional courtesy due to Plaintiff's counsel's claimed personal obligations, Prestige became aware that Plaintiff conducted the deposition of a representative of Ransome, who appeared *pro se*, and that at the deposition, Plaintiff sought a significant amount of testimony about other tenants of buildings managed by Prestige. Plaintiff then apparently insisted that the *pro se* deponent provide documents related to those tenants.

As stated above, in the course of litigating the present case, on or about August 14, 2026, Plaintiff issued a subpoena on non-party HPD, seeking production of documents by August 24, 2026 (*See* Aghassi Decl., **Exhibit "E"**). Plaintiff did not provide Prestige or its counsel with a copy of the subpoena. On their face, the document requests (and their multiple sub-requests) are overbroad and irrelevant to Plaintiff's claims, amounting to an impermissible fishing expedition to seek evidence unrelated to the presently operative complaint in order to assert additional claims against Ransome and Prestige. Exhibit "B" of the Subpoena contains a list of thirty-two tenants about whom HPD's records are sought, none of whom are Plaintiff. None of these tenants reside in the building at issue in this case, where Plaintiff resides. Nor does Ransome own any of the buildings that these tenants reside in. The only apparent connection between the tenants about whom the Subpoena seeks documents is that Prestige manages the buildings they reside in. Plaintiff makes no attempt to characterize these tenants as related to Plaintiff or her claims in the Complaint in any way.

Thus, the demands are undeniably overly broad, and unreasonable. They are also patently irrelevant to the claims asserted in the Complaint and constitute the very type of fishing expedition to fashion new claims against Prestige which Plaintiff was explicitly directed not to pursue.

## II. Prestige's Good Faith Efforts to Attempt to Resolve the Issues Raised Herein.

On August 11, 2026, Plaintiff requested a third extension of time to amend the Complaint until September 30, 2026. **Exhibit "E".** The undersigned responded that while we wanted to compromise in good faith to accommodate Plaintiff's requests, we had been made aware that Plaintiff had actively sought information and documents pertaining to other tenants that were unrelated to Plaintiff's current claims, thus constituting the exact kind of overbroad fishing expedition for irrelevant materials that Judge Stein specifically directed Plaintiff to refrain from.

*Id.* Prestige was concerned that this additional time was sought in order to obtain illicit information related to other tenants. Prestige thus sought assurance that Plaintiff would cease her efforts to obtain such materials, at least until any future motion for dismissal of an amended Complaint by Prestige is fully decided. *Id.* The undersigned reasonably anticipated that Plaintiff would agree to such a request, given Plaintiff's counsel's prior representation to Judge Stein during the oral argument that he would refrain from pursuing discovery for irrelevant information around which the Court explicitly expressed concern.

However, in a thinly-veiled attempt to circumvent Judge Stein and seek improper, irrelevant documents and information from non-parties unaware of the full facts and circumstances of this case, Plaintiff has refused and insisted that he needed the extension due to a planned vacation. Prestige subsequently learned that Plaintiff took Ransome's deposition the following day and demanded material related to other tenants. As a result, Prestige was forced to file this instant Motion for Order pursuant to Fed.R.Civ.P. 45 quashing the Subpoenas on the grounds that they are overly broad on their face and seek irrelevant information not pertinent to Plaintiff's claims.

## LEGAL ARGUMENT
## POINT I
## PLAINTIFF'S SUBPOENA TO HPD MUST BE QUASHED

Pursuant to Fed.R.Civ.P. 45(d)(3), courts must quash subpoenas where they require disclosures of protected matter, if no exception or waiver applies, or subjects a party to an undue burden. *Citizens Union of City of New York v Attorney Gen. of New York*, 269 F.Supp.3d 124, 139 (S.D.N.Y. 2017). In assessing this standard, courts weigh factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Id.*, 269 F.Supp.3d at 139 (internal quotations omitted). Determinations of these issues are committed to

the discretion of the trial court. *See e.g., In re Subpoena Issued to Dennis Friedman,* 350 F.3d 65, 68–70 (2d Cir.2003); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996); *see also* Fed.R.Civ.P. 26 - 1970 Advisory Committee's Note (Rule 26 "confers broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of [discovery under Fed.R.Civ.P.] 26(b), and these powers have always been freely exercised.").

The party seeking discovery bears the burden of proving that the information and documents sought are relevant and proportional to the needs of the case. *Citizens Union*, 269 F.Supp.3d at 140. A subpoena that "sweepingly pursues material with little apparent or likely relevance to the subject matter runs the greater risk of being found overbroad and unreasonable." *Concord Boat*, 169 F.R.D. 44 at 48.

In the instant matter, Plaintiff's Subpoena imposes a clear undue burden as it seeks to obtain irrelevant information from HPD as to Plaintiff's current claims for violations of the FDCPA, GBL § 349, New York Judiciary Law § 487, negligence *per se* and gross negligence. Plaintiff has proffered no evidence that reflects the relevance of the sought-after evidence to the instant matter. Further, the demand for the production of documents pertaining solely to tenants of other properties managed by Prestige is in no way formulated to obtain necessary or material discovery. Thus, as the breadth of the requests of the Subpoena for documents completely unrelated to Plaintiff or her claims are overly broad, impermissibly irrelevant, and unduly burdensome, and as such the Subpoena is undeniably enforceable and must be quashed in its entirety as a matter of law.

## POINT II
## OTHER IMPROPER DISCOVERY SOUGHT BY PLAINTIFF SHOULD BE QUASHED

The other improper material Plaintiff sought in discovery since Prestige was dismissed from this matter should also be quashed. Discovery is not unlimited. Pursuant to Fed.R.Civ.P.

26(b)(1), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action."

Here, Plaintiff has not even informed Prestige about any of the apparently significant amount of discovery that has taken place since Prestige's dismissal from this action, but Prestige is aware that substantial materials and information about other tenants were sought at Ransome's deposition. This information has already been well established as improper at the discovery hearings on this case. *Id.* Plaintiff now seeks to take advantage of the substantial amount of time that Prestige granted as a professional courtesy based on Plaintiff's counsel's professed personal obligations to seek these improper and undiscoverable materials during the interim period while Prestige is out of the case. For these same reasons, Plaintiff must also be barred from using any material related to other tenants that she obtained during this time period.

Plaintiff should not be permitted to use the period afforded to amend its pleading as an opportunity to conduct a new, undisclosed fishing expedition aimed at curing the precise pleading defect that resulted in dismissal of its claim against Prestige. The Court dismissed Plaintiff's General Business Law § 349 claim against Prestige because Plaintiff failed to establish that Prestige's alleged conduct was consumer-oriented—i.e., that it had the requisite broader impact on consumers at large. That requirement is substantive and goes to the viability of the claim. See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25 (1995) (plaintiff must demonstrate that the challenged conduct has "a broader impact on consumers at large").

Rather than amend based on facts properly available to it, Plaintiff has apparently used the intervening period to pursue discovery from the landlord and HPD concerning other tenants of Prestige—information plainly directed at establishing that Prestige allegedly engaged in similar

conduct with other tenants. Indeed, the Court has previously recognized that such discovery was speculative and amounted to a fishing expedition. **Exhibit "B".** Plaintiff nonetheless proceeded with that discovery without notifying or involving Prestige, thereby depriving Prestige of any meaningful opportunity to object, seek appropriate limitations, or protect its interests.

This is particularly prejudicial because Plaintiff is attempting to develop, through non-party discovery, evidence that it lacked when the Court dismissed the § 349 claim and then use that evidence to manufacture the broader consumer impact necessary to revive the claim. Rule 26(b)(1) does not permit discovery untethered to a properly pleaded claim; discovery must be relevant to a party's claims or defenses and proportional to the needs of the case. And courts in this District have recognized that discovery must be more than a mere fishing expedition, with the scope of permissible discovery informed by the allegations actually pleaded.

Plaintiff should not be permitted to circumvent those limitations simply because it has been given an opportunity to amend. Allowing Plaintiff to spend the amendment period developing an entirely new factual record concerning other Prestige tenants—without Prestige's participation—would unfairly prejudice Prestige and effectively allow Plaintiff to cure a dismissed claim through discovery rather than through a properly supported amended pleading. The Court should therefore decline to permit Plaintiff to rely on such discovery to resurrect its § 349 claim and should prevent further discovery concerning other Prestige tenants absent a properly pleaded claim establishing its relevance.

## CONCLUSION

For the foregoing reasons, Prestige's instant motion should be granted and an Order should be issued (1) quashing the Subpoena; (2) staying the enforcement of the Subpoena pending the

Court's determination on the merits of the instant motion and any appeal of that determination; and (3) awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 24, 2026.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

By: /s/ *Rachel Aghassi*
Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.
*Attorneys for* PRESTIGE MANAGEMENT, INC.
88 Pine St. 32nd Floor
New York, New York 10005
Tel.: (212) 867-4100
FKB File No.: 314.064