**AHMAD KESHAVARZ**
*Attorney at Law*

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

August 28, 2026

**VIA ECF**

Magistrate Judge Gary Stein
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Letter response in opposition to Prestige's Motion to Quash**
***Garcia. v. Sperber Kahan Law Group PLLC, et al.*, 1:25-cv-08489-JGK**

Dear Judge Stein:

The undersigned represents Plaintiff Leonarda Garcia in this action against Defendants Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan ("the Attorney Defendants"); and Arthur Ransome Houses L.P. ("Ransome"). The Complaint alleges Defendants have for years, through billing statements, threats of suit, three actual lawsuits, and a threatened fourth lawsuit, sought to collect rent from Ms. Garcia for rent they admit she does not owe. Plaintiff filed the instant case bringing FDCPA and Judiciary Law § 487 claims against the Attorney Defendants, and violations of GBL § 349 and gross negligence against all Defendants.

Plaintiff submits this letter in response to a formal Motion to Quash by non-party Prestige Management, Inc. ("Prestige") filed August 25, 2026 [Dkt. Nos. 111-113][1], seeking an order quashing (i) Plaintiff's August 14, 2026 non-party subpoena ("Subpoena") served on the New York City Department of Housing Preservation and Development ("HPD") and (ii) discovery sought from Ransome. By way of background, Prestige was initially a defendant in this action but is now a non-party following June 13, 2026 Memorandum Opinion and Order granting Prestige's motion to dismiss all claims against it [Dkt. No. 94]. Plaintiff respectfully requests an order denying Prestige's Motion to Quash.

As preliminary matter, Plaintiff withdraws her August 14, 2026 subpoena to the New York City Department of Housing Preservation and Development ("HPD") without prejudice. Therefore, the Court should deny the portion of Prestige's motion as to the HPD as moot.

The remainder of Prestige's Motion to Quash violates Your Honor's Rule II(C)(1) requiring a party wishing to raise discovery disputes to "meet and confer in good faith with the opposing party in an effort to resolve the dispute." A movant's failure to comply with a court's rules "would, on its own, support the denial of [the motion]." *Innovative Sports Management, Inc. v. Quezada*, No. 25-CV-4710, 2025 WL 3706644, at *1 (S.D.N.Y. Dec. 22, 2025) (denying a motion for, *inter alia*, the movant's failure to comply with the court's Individual Rules.) *See also Park Ok-Gu v. Distrokid, Inc.*, 25-CV-9818, 2026 WL 1649237, at *10 (S.D.N.Y. June 5,

[1] Plaintiff also submits this letter in response to Prestige's almost identical motion to quash filed August 24, 2026 [Dkt. Nos. 108-110].

2026); *Pizzaro v. Sazerac Company, Inc.*, Nos. 23-CV-2751, 23-CV-4323, 2025 WL 2682673, at *11 (S.D.N.Y. Sept. 18, 2025); *Mae v. Quickway Ests. LLC*, No. 22-CV-3048, 2023 WL 6162927, at *9 (S.D.N.Y. Sept. 21, 2023). Here, Prestige claims that it has made good faith efforts to resolve the disputes in its motion. However, Prestige's purported "meet and confer in good faith" (Exhibit D to Motion to Quash) was anything but good faith. In response to the undersigned counsel's August 10, 2026 email seeking professional courtesy seeking consent to enlarge time to file an amended complaint due to upcoming family vacation and obligations in this and other lawsuits, Prestige's counsel initially sought substantive concessions in exchange for the extension. Dkt. 112-4, p. 8 ("we have come to understand that you have been improperly seeking non-relevant materials relating to other tenants of the subject building from unrepresented parties that have been subpoenaed in this action in a fishing expedition. If you agree not to seek these materials, we will agree to an extension of time for an amended complaint.") Plaintiff rejected the substantive limitation. Ultimately Prestige agreed to the 30-day extension "in exchange for reciprocal courtesies." Dkt. 112-4, p. 2.

Prestige states in its application [Dkt. No. 113, p. 4] that, after agreeing the extension on August 10 "it ***later*** [i.e. after the August 10 extension] discovered that Plaintiff was using the additional time to seek discovery from ***Ransome*** related to other tenants." (Emphasis added.) This is untrue. In the above quoted section of the August 11 email in the prior paragraph demonstrates counsel knew the undersigned was seeking discovery that it found "not relevant" but took no steps to intervene. (Note, HPD subpoena, now withdrawn, is a separate issue from Ransome discovery).

Since there has been no good faith meet and confer to resolve the dispute via telephone or otherwise regarding the relief requested, Prestige has failed to comply with Your Honor's Rule II(C)(1) requiring good faith meet and confer. Based on that alone, the Court should deny Prestige's Motion to Quash out of hand.

Second, Prestige's Motion to Quash violates Your Honor's Rule II(C)(2) providing for an ECF letter motion to the Court no longer than 3 single-spaced pages. Instead, Prestige filed a formal motion consisting of Notice of Motion to Quash, an attorney affirmation, and Memorandum of Law, totaling 15 pages, exclusive of exhibits. Prestige's formal motion does not represent acts seeking "the just, speedy, and inexpensive determination" Federal Rules of Civil Procedure and Your Honor's Rule II(C)(2) expressly sought to promote. Accordingly, the Court should deny Prestige's Motion to Quash. *See Quezada*, 2025 WL 3706644, at *1.

Third, Prestige, who did not object to Plaintiff's subpoenas to Ransome, a (defaulting) party to this action, cannot now object to seek to prevent such discovery as a non-party. More to the point, if there was any issue with the subpoena, that is an issue for the subpoenaed party.

Prestige first complains that Plaintiff has not informed Prestige about discovery occurring *after* its dismissal from this action. Dkt. No. 113, at 5 and 9 of 11. However, neither the Federal Rules of Civil Procedure nor the Court's Rules require a party to notify a non-party of ongoing discovery. *E.g.*, Fed. R. Civ. P. 5(a)(1)(c) (discovery paper required to be served on a party must be served on every *party*), 30(b)(1) (requiring deposition notice on every other *party*), 33(a)(1) (interrogatories served on any other *party*), 34(a) (document production request on any other *party*), and 45(a)(1)(A)(iii), (a)(4) (subpoena notices to the subject of the subpoena and other *parties*). Therefore, Plaintiff has no obligation to provide a non-party like Prestige of notice of

discovery in this action.

Third, in any event, Prestige has had sufficient opportunities to object to Plaintiff's discovery demands against Ransome and has failed to do so. Plaintiff has repeatedly subpoenaed Ransome and an apparently affiliated non-party Abyssinian Development Corporation ("Abyssinian") when Prestige was a party and provided notice of the subpoenas. On June 22, 2026, Plaintiff filed a motion to enforce subpoenas on Ransome and Abyssinian. Dkt. No, 97. Counsel for Prestige received an ECF notification of the motion. Yet Prestige took no steps to quash the subpoenas or the motion to enforce the subpoenas. In sum, Prestige has taken no action to object to Plaintiff's discovery demands against Ransome (and Abyssinian) that were pending while it was a party to this action. Accordingly, its delay in objecting to the demands constitutes a waiver.

Fourth, and perhaps most importantly, Prestige has no standing to bring its application. A non-subpoenaed entity generally lacks standing to object to a subpoena against a non-party witness. *Langford v. Chrysler Motors Corp*., 513 F.2d 1121, 1126 (2d Cir. 1975); *US Bank Nat. Ass'n v. PHL Variable Ins*. Co., No. 12-CV-6811, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012). The non-subpoenaed entity can establish standing only if it has a proprietary or confidential interest in the discovery sought by the subpoena. Fed. R. Civ. P. 45(d)(3)(B); *Universitas Educ., LLC v. Nova Group, Inc*., No. 11-CV-1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013). Here, Prestige does not claim any proprietary or confidential interest in the discovery Plaintiff sought against Ransome. Instead, Prestige merely claims prejudice based on Plaintiff's pursuit of "non-party discovery." Dkt. No. 113, at 10 of 11. However, contrary to Prestige's claim, subpoenaed entity Ransome is a party, albeit a defaulting one. Therefore, Prestige's claim is erroneous. Even if Ransome were a non-party, Prestige does not claim any proprietary or confidential interest in the discovery Plaintiff seeks against Ransome. Fed. R. Civ. P. 45(d)(3)(B); *Universitas*, 2013 WL 57892, at *5.

Since Prestige's bare assertion of prejudice is insufficient to establish standing to move to quash, the Court should deny Prestige's motion.

Respectfully,

/s/
Ahmad Keshavarz