UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

LEONARDA GARCIA, : 1:25-cv-08489

Plaintiff,

-against-

ERIC H. KAHAN, SPERBER KAHAN LAW GROUP PLLC, ARTHUR RANSOME HOUSES LP, and PRESTIGE MANAGEMENT, INC.

Defendants.

---------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH NON-PARTY SUBPOENA**

FURMAN KORNFELD & BRENNAN LLP
*Attorneys for Prestige Management, Inc.*
88 Pine Street, 32nd Floor
New York, New York 10006
Tel: (212) 867-4100

Of Counsel:

Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.

# INTRODUCTION

Prestige[1] submits the instant Reply Memorandum of Law in further support of the motion to quash Plaintiff's demands for discovery irrelevant to Plaintiff's operative claims, sought from representatives of Ransome and non-party ABYSSINIAN DEVELOPMENT CORP. ("Abyssinian") in this matter (the "Motion") and in response to the opposition of Plaintiff to the motion (the "Opposition"). Plaintiff's requests have no valid purpose and will not lead to any relevant discovery in this matter.

In response to the Motion, Plaintiff withdrew her subpoena to HPD which sought information solely on tenants of other properties managed by Prestige, in an admission that such requests are irrelevant to the operative claims and an improper use of the discovery process. Plaintiff, however, opposed the rest of the Motion, refusing to withdraw other requests for information unrelated to Plaintiff's claims.

After Prestige agreed to three separate extensions of Plaintiff's time to amend the Complaint to assert claims against Prestige, Plaintiff has used the additional time to seek discovery from Abyssinian and Ransome related to other tenants without notifying Prestige of any of these requests. Prestige still remains in the dark about the full extent of discovery that has occurred since its dismissal.

Even more alarming, it appears that the actual purpose of Plaintiff's demands constitute a desperate attempt to contrive evidence via an inappropriate fishing expedition to attempt to support new claims against Prestige following its June 15, 2026 dismissal from this matter. This is a blatantly improper use of discovery proceedings in this matter. Plaintiff's requests must therefore be quashed.

---

[1] Defined terms in the moving papers are incorporated herein by reference.

*First*, the Opposition does not even attempt to dispute that on the merits, the discovery Plaintiff seeks is patently irrelevant, and therefore impermissible. Therefore, the Opposition does not overcome the Motion's key substantive argument.

*Second,* the Motion is a substantive application governed by the strict requirements of Fed. R. Civ. P. 45, not a discovery dispute between parties. Therefore, Prestige's memorandum of law, which complies with this Court's page limits set forth in rule III.D, is proper.

*Third,* Plaintiff's contention that Prestige's counsel failed to meet and confer with Plaintiff's counsel regarding Plaintiff's inappropriate requests for irrelevant information which the Motion seeks to quash is patently incorrect. Plaintiff and Prestige's counsel did meet over the phone to discuss these concerns, but the conversation was unproductive as Plaintiff's counsel refused to cease these requests. This conversation is memorialized in Exhibit D to the Motion, demonstrating that it is Plaintiff, not Prestige, who fails to act in good faith.

*Fourth*, Plaintiff's contention that Prestige had an opportunity to respond to her previous March 12, 2026 and March 25, 2026 subpoenas to Abyssinian and March 25, 2026 subpoena to Ransome is of no moment because those subpoenas did not seek the kind of irrelevant, improper information about tenants in other properties managed by Prestige or its practices regarding such tenants that the Motion is seeking to quash.

*Fifth,* Prestige has standing to bring the Motion. Courts in this jurisdiction have held that third parties from which discovery is not requested may move to quash those requests where the movant has a "real interest" in the discovery sought and the requests seek information "from or about" the movant. The scope of the discovery that Prestige seeks to quash pertains narrowly to this very type of highly sensitive information "from or about" Prestige, and thus, the standing requirements have been met here.

Accordingly, Plaintiff should be barred from using any material on tenants unrelated to this litigation surreptitiously obtained, and any attempts to obtain further such material should be quashed.

## LEGAL ARGUMENT
## POINT I
## PLAINTIFF DOES NOT OVERCOME THAT IMPROPER DISCOVERY SOUGHT BY PLAINTIFF SHOULD BE QUASHED

As discussed at length in the Motion, pursuant to Fed. R. Civ. P. 26(b)(1), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action." Nonetheless, Plaintiff has used the intervening period to pursue discovery from the landlord concerning other tenants of Prestige, seemingly to establish that Prestige allegedly engaged in similar conduct with other tenants and thus manufacture a claim for a violation of GBL § 349. Significantly, the Court has previously recognized that such discovery was speculative and amounted to a fishing expedition. **Exhibit "B".**

Notably, Plaintiff does not even attempt to argue that the discovery sought is relevant to its only remaining claims in this action against Kahan. Instead, Plaintiff relies on other procedural arguments, which will be addressed *infra.* As a threshold matter, however, Plaintiff seemingly admits that these requests for other tenant information have been made and are inexcusably irrelevant to the operative claims.

As referenced in the Motion, Plaintiff has a history of using discovery in this action as a fact-finding endeavor to explore claims unrelated to her allegations, which this Court has previously acknowledged as an inappropriate use of discovery. *See* ECF Doc. 113; ECF Doc. 112 Exhibit "B". Given that Plaintiff previously asked Prestige for three extensions of time to file an amended Complaint asserting claims against it, citing counsel's personal reasons unrelated to the

present action, and then proceeded to seek irrelevant discovery about other tenants of properties managed by Prestige, Plaintiff's continued discovery attempts are simply an end-run seeking to bolster future frivolous litigation against Prestige. Plaintiff's conduct is a grave abuse of discovery powers: Plaintiff is seeking material immaterial to its claims against Kahan, the party who is actually participating in discovery, strategically at a time when Prestige is no longer involved in the discovery process and therefore when Plaintiff is not obligated to notify Prestige of these activities, highly prejudicing Prestige. The Court should not entertain such practices as it is evident that such requests for discovery cannot shed any light on any facts in dispute in this action.

Accordingly, these requests for discovery must be quashed.

## POINT II
## THE MOTION IS GOVERNED BY RULE 45 RATHER THAN DISCOVERY-DISPUTE PROCEDURES

Plaintiff classifies the Motion as a discovery dispute, arguing that as such, Prestige was required to comply with the Court's Rule II.C, including II.C.1, which requires a meet-and-confer, and II.C.2, which requires a three-page letter motion for a discovery conference. As discussed *infra*, Prestige did make good faith attempts to meet and confer with Plaintiff about the discovery issues. The Motion, however, is a substantive motion governed by the strict requirements of Fed. R. Civ. P. 45, rather than a discovery dispute. Pursuant to this Court's rules III.B and III.C, a pre-motion conference is generally not required for a Motion, and a letter motion is only required in the event of a requests for an adjournment or extension of time, to resolve a discovery dispute, for a pre-motion conference, and for a settlement conference. Therefore, Prestige's memorandum of law, which complies with this Court's page limits set forth in rule III.D, is proper.

Plaintiff's position that Prestige, now a non-party, must invoke procedures for resolving discovery disputes before seeking relief from the Subpoena indicates that Plaintiff regards the

requests as discovery it could have sought from Prestige. Plaintiff cannot simultaneously treat Prestige as a functional party for purposes of imposing the obligations of the discovery process on it while denying Prestige the protections that Fed. R. Civ. P. 45 affords to those who are non-parties.

**POINT III**
**PRESTIGE'S COUNSEL MET AND CONFERRED WITH PLAINTIFF'S COUNSEL IN GOOD FAITH**

Contrary to Plaintiff's contention, Prestige did meet and confer with Plaintiff in good faith. Prestige's counsel initially raised its concerns about Plaintiff's non-relevant discovery requests pertaining solely to other tenants of the subject building from unrepresented parties in its August 11, 2026 email. ECF Doc. 112 Exhibit "D" p. 8. The next day, a phone call was held, as is clearly referenced in the follow-up email sent by Prestige's counsel on August 12, 2026. ECF Doc. 112 Exhibit "D" p. 4. This phone call was not productive, as Prestige's counsel raised its arguments on its concerns with Plaintiff's irrelevant discovery requests, only to be met with Plaintiff's counsel's refusal to consider these substantive concerns and insistence that an extension of time to amend the Complaint was only to accommodate for counsel's personal, unrelated plans, which Plaintiff again references in the Opposition. As evidenced by the discovery conducted after Prestige granted this extension that necessitated the Motion, including the deposition of Abyssinian's representative the following day, wherein Plaintiff sought a significant amount of testimony about other tenants of buildings managed by Prestige, this representation by Plaintiff's counsel was untrue.[2] Therefore, it is Plaintiff that failed to act in good faith, not Prestige.

[2] Plaintiff contends that the August 11, 2026 email indicates that Prestige's counsel knew that a deposition of Ransome/Abyssinian's representative was scheduled prior to granting the extension, and that Prestige's counsel failed to intervene in that deposition. This is a mischaracterization. To Prestige's counsel's knowledge, at least two depositions of Ransome/Abyssinian's representative have occurred: one of which was held before the extension was requested, and one of which was after. Prestige's counsel was unaware that a subsequent deposition was scheduled

## POINT IV
## PRESTIGE'S LACK OF RESPONSE TO PRIOR SUBPOENAS IS IRRELEVANT BECAUSE SUCH SUBPOENAS DID NOT SEEK IRRELEVANT, IMPERMISSIBLE DISCOVERY

The Opposition inexplicably argues that Prestige somehow is not permitted to these requests for discovery because Prestige had the opportunity to object to Plaintiff's prior March 12, 2026 and March 25, 2026 subpoenas to Abyssinian and March 25, 2026 subpoenas to Ransome and Plaintiff's subsequent motion to compel these subpoenas. Opposition; ECF No. 97. These subpoenas are of no moment to the present Motion. Prestige does not dispute that Plaintiff can seek *some* discovery from these parties – it is only the improper requests for information on other tenants as outlined at length in the Motion that should be quashed.

## POINT V
## PRESTIGE HAS STANDING TO MOVE TO QUASH

Plaintiff contends that Prestige does not have standing to quash her improper discovery demands to other parties. This is a misstatement of the law as it is applied in the Southern District of New York. Courts in this jurisdiction have held that third parties with a "real interest" in the discovery sought may object to their production under Fed. R. Civ. P. 45. *Solow v. Conseco, Inc*., 2008 WL 190340 (S.D.N.Y. 2008). A third party is found to have such an interest where the requests seek information "from or about" the third party. *Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgt. Co., Ltd*., 650 F.Supp. 3d 199 (S.D.N.Y. 2023). "The inquiry the courts apply is whether the information itself is private, confidential, privileged, or highly sensitive, and not the form the records take. *Solow*, 2008 WL at *4.

after the August 12, 2026 email interaction between counsel. Prestige's counsel is also still unaware of the full extent of Plaintiff's improper discovery requests made after the grant of the extension on August 12, 2026.

As explained in the Motion, Prestige does yet not know the full extent of the discovery sought by Plaintiff about the tenants of buildings Prestige manages and Prestige's practices regarding these unrelated tenants. At the very least, however, it is clear that Plaintiff has sought substantial materials and information about other tenants at a representative of Abyssinian's deposition, as evidenced by the limited portions of the deposition transcript that Prestige has access to. ECF No. 117, Exhibit G. This information clearly pertains entirely to Prestige's proprietary business practices for tenants unrelated to Plaintiff or her claims, which Prestige clearly has an interest in, and which this Court has already acknowledged as inappropriate use of the discovery process. **Exhibit "B",** p. 45. Furthermore, the Motion only seeks to quash discovery to the extent that Plaintiff seeks information that Prestige does have a "real interest" in. Therefore, Prestige has standing to bring the present motion.

## CONCLUSION

Accordingly, Prestige respectfully requests that the Court grant the instant motion and quash Plaintiff's improper requests for discovery.

Dated: New York, New York
September 22, 2026

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

By: /s/ *Rachel Aghassi*

Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.
*Attorneys for* PRESTIGE MANAGEMENT, INC.
88 Pine St. 32nd Floor
New York, New York 10005
Tel.: (212) 867-4100
FKB File No.: 314.064