**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
LEONARDA GARCIA,

Plaintiff,

-against-

ERIC H. KAHAN, *et al.*,

Defendants.
----------------------------------------------------------------------X

**25 Civ. 8489 (JGK) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's letter-motion to compel documents against defaulting Defendant Arthur Ransome Houses LP ("Ransome") and non-party Abyssinian Development Corporation ("Abyssinian"). (Dkt. No. 97). Neither entity has filed a response, nor have they requested an extension of their deadlines to respond. Accordingly, the Court treats Plaintiff's motion as unopposed.

"Federal Rule of Civil Procedure 45 permits the issuance of a subpoena duces tecum to non-parties." *In re Subpoena Duces Tecum served on Clarick Gueron Reisbaum, LLP*, No. M8-85, 2010 WL 4967441, at *1 (S.D.N.Y. Nov. 30, 2010). In addition, "[f]ederal courts have consistently held that a defaulting defendant should be treated as a non-party with respect to any discovery sought." *La Barbera v. Pass 1234 Trucking, Inc.*, No. 04 Civ. 1364 (SJ) (MDG), 2008 WL 2564153, at *1 (E.D.N.Y. June 25, 2008). When a motion to compel is unopposed, the lack of opposition "may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion." *Liz v. A Perfect Dealer, Inc.*, No. 23 Civ. 10670 (JLR) (SDA), 2024 WL 4250364 at *2

(S.D.N.Y. Sept. 20, 2024) (quoting *Freudenvoll v. Target Corp.*, No. 13 Civ. 6197L (MWP), 2013 WL 6243706, at *1 (W.D.N.Y. Dec. 3, 2013)); *see also In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. 2005) ("The fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections."). The subject subpoenas are procedurally compliant and generally appear to seek information that is relevant and proportional to the needs of the case. (See Dkt. No. 97 at 1; *see also* Fed. R. Civ. P. 26(b)(1), 45). Additionally, both Ransome and Abyssinian failed to timely respond, object, or articulate any basis for their failure to comply, and have similarly failed to respond to Plaintiff's motion.

Accordingly, Plaintiff's motion to compel production from Ransome and Abyssinian is hereby **GRANTED**. Ransome and Abyssinian shall produce the documents responsive to the subpoenas within 30 days of service of this Order by Plaintiff.

**SO ORDERED.**

DATED: New York, New York
September 23, 2026

The Honorable Gary Stein
United States Magistrate Judge