# EXHIBIT D

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART G

---------------------------------------------------------------x

ARTHUR RANSOME HOUSES LP, :

Petitioner (Landlord), : **L&T Index No. 308781-23/NY**

-against- :

LEONARDA GARCIA, : **PROPOSED AMENDED VERIFIED ANSWER**

Respondent (Tenant). :

Address of the Subject Premises: :
151 West 123rd Street, Apartment 6C
New York, NY 10027 :

---------------------------------------------------------------x

**PLEASE TAKE NOTICE** that the Respondent, LEONARDA GARCIA hereby interpose the following amended answer, to the petition herein:

1. Respondent specifically denies the allegations alleged in the predicate notices.

2. Respondent lacks sufficient information to form a belief as to the veracity of the allegations in paragraphs 1, 2, 3, 4, 5, 8, and 10.

3. Respondents admit that the premises are subject to Rent Stabilization Law. Respondents lack sufficient information to form a belief as to the veracity of the remainder of paragraph 7.

4. Respondent specifically denies paragraph 6 and 9 of the Petition.

## AS AND FOR A FIRST OBJECTION IN POINT OF LAW

5. The rent demand is improper because it fails to provide Respondent with adequate notice of the rent arrears assertedly due.

6. This failure includes the fact that the rent demand seeks the Section 8 share for the subject premises despite no new agreement being entered between the parties after the voucher was terminated after the apartment failed the HQS inspection.

7. Therefore, the proceeding must be dismissed.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. Respondent paid or partially paid the arrears that the Petitioner asserts are allegedly due through July 2023.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Respondent held a Section 8 voucher issued by the New York City Department of Housing Preservation and Development. Between in or around 2017 through on or about July 1, 2022, Respondent's Section 8 voucher was registered with the subject premises.

10. Upon information and belief, the Respondent's Section 8 voucher was terminated on or about July 1, 2022 because the subject premises failed the HQS inspection.

11. Upon information and belief, Respondent did not enter into a new rental agreement with Petitioner after the termination of Respondent's Section 8 voucher.

12. Therefore, Respondent is not liable for the Section 8 share of the arrears and Petitioner's claim in excess of Respondent's share of the arrears must be dismissed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

13. The statutory warranty of habitability requires that petitioner maintain the subject premises and all areas used in connection therewith in a condition fit for human habitation and for all reasonably intended uses and also requires that the occupants of the premises shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health and safety.

14. There now exist and/or have existed in the subject premises conditions and HPD violations which violate the warranty of habitability including but not limited to the following:

    a. HPD Violation No. 14997010: § 27-2026 adm code repair the leaky and/or defective faucets at sink in the kitchen located at apt 6c, 6th story, 1st apartment from west at north;

    b. HPD Violation No. 14997033: § 27-2005 adm code properly repair the broken or defective electric outlet at south wall in the 3rd room from east at south located at apt 6c, 6th story, 1st apartment from west at north;

    c. HPD Violation No. 14997029: § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color the ceiling , north and east walls in the 1st room from east located at apt 6c, 6th story, 1st apartment from west at north:

d. HPD Violation No. 14997024: § 27-2005 adm code replace with new the broken or defective formica counter top in the kitchen located at apt 6c. 6th story, 1st apartment from west at north;

e. HPD Violation No. 14997038: § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color the south wall in the 3rd bathroom from east at north located at apt 6c, 6th story, 1st apartment from west at north;

f. HPD Violation No. 14997043: § 27-2005 adm code repair the broken or defective plastered surfaces and paint in a uniform color window stool in the 4th room from east at north located at apt 6c, 6th story, 1st apartment from west at north;

g. HPD Violation No. 15015183: § 27-2005 adm code replace with new the broken or defective metal fire proof door in the entrance located at apt 6c, 6th story, 1st apartment from west at north;

h. HPD Violation No. 14997087: § 27-2013 adm code paint with light colored paint to the satisfaction of this department the east wall at public hall stairs, 5th story;

i. HPD Violation No. 14997085: § 27-2005 adm code properly repair with similar material the broken or defective fire retardant material at east wall at public hall stairs, 5th story;

j. HPD Violation No. 14997080: § 27-2005 adm code properly repair with similar material the broken or defective fire retardant material at east wall at bulkhead at public hall, 6th story;

k. HPD Violation No. 14997083: § 27-2013 adm code paint with light colored paint to the satisfaction of this department the east wall at bulkhead at public hall, 6th story

15. Further. on or about July 1, 2022 date, Respondent's Section 8 voucher was terminated because the subject premises failed the HQS inspection.

16. The petitioner and/or its agents knew or should have known of each and every one of these conditions.

17. The petitioner has failed and/or refused to repair these conditions or to maintain these services in the subject premises, as required by the warranty of habitability.

18. These conditions were not caused by any act or omission on the part of the respondent.

19. By reason of this failure and refusal to make repairs and to maintain services. petitioner has breached the warranty of habitability, thereby relieving respondent of the obligation to pay rent.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

20. The allegations of paragraphs 13 through 19 above are repeated and realleged.

21. Some or all of the conditions referred to above have constituted a partial constructive eviction of the Respondent.

22. Respondent is thereby relieved of the obligation to pay the rent claimed in the petition.

**AS AND FOR A FIRST COUNTERCLAIM**

23. Respondent repeats and realleges paragraphs 13 through 22 as if fully contained herein.

24. A judgment should be entered in favor of respondent in an amount to be determined by the court.

**AS AND FOR A SECOND COUNTERCLAIM**

25. Respondent repeats and realleges paragraphs 13 through 19 as if fully contained herein.

26. The conditions referred to above constitute violations of decent housing standards as set forth in the Multiple Dwelling Law of the State of New York, the Housing Maintenance Code of the City of New York, the Building Code the City of New York, the Health Code of the City of New York, and the Real Property Law Section 235-b.

27. Under Section 110(c) of the New York City Civil Court Act and Section 27-2121 of the Administrative Code of the City of New York, this Court has jurisdiction and authority to issue an order, requiring petitioner and its agents to correct the conditions referred to above.

28. Such order is required to enforce the housing standards referred to above and to protect the life, health, and safety of respondent.

**AS AND FOR A THIRD COUNTERCLAIM**

29. As Petitioner seeks an award of attorneys' fees, Respondent is entitled to a reciprocal right of attorneys' fees pursuant to RPL § 234.

**RELIEF REQUESTED**

**WHEREFORE**, Respondent respectfully requests an Order:

1. Petitioner take nothing by this proceeding;
2. The Petition be dismissed in its entirety with prejudice;
3. Granting a judgment in favor of Respondent;
4. Granting Respondent's first, second, and third counterclaims;

5. Granting reasonable attorney's fees; and.

6. Granting all other and further relief as the Court deems just and proper.

Dated: July 12, 2023
New York, New York

Respectfully submitted,

Eliza Chung, Of Counsel
Twyla Carter, Attorney-in-Chief
The Legal Aid Society
Harlem Community Law Office
2090 Adam Clayton Powell, Jr. Blvd, 3rd Fl.
New York, New York 10027
(347) 213-0179
Echung@legal-aid.org
*Attorneys for Respondent*

To: Clerk, Civil Court of the City of New York

SDK Heiberger LLP
205 East 42nd Street, 6th Floor
New York, NY 10017
(917) 351-1335
info@sdkhlaw.com
*Attorneys for Petitioner*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART G

----------------------------------------------------------------x

ARTHUR RANSOME HOUSES LP, :

Petitioner (Landlord), : **L&T Index No. 308781-23/NY**

-against- :

LEONARDA GARCIA, : **VERIFICATION**

Respondent (Tenant). :

Address of the Subject Premises: :
151 West 123rd Street, Apartment 6C
New York, NY 10027 :

----------------------------------------------------------------x

LEONARDA GARCIA-RAMIREZ, being duly sworn, deposes and says:

I am the Respondent in the within entitled proceeding; I have read the foregoing Proposed Amended Answer and know its contents; that the same is true to my own knowledge except as to matters herein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

[signature]
LEONARDA GARCIA-RAMIREZ

Sworn before me this
12th day of July, 2023

[signature]
NOTARY PUBLIC

Eliza Chung
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Queens County
01CH6349545
MY COMMISSION EXPIRES 10/24/2024