CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK HOUSING PART

ARTHUR RANSOME HOUSES LP

*Petitioner (Landlord),*

against

LEONARDA GARCIA

*Respondent (Tenant)*

Address:

151 WEST 123 STREET
APT. 6-C
NEW YORK , NY 10027

Index No. L/T

**NON-PAYMENT**

**PETITION DWELLING**

Petitioner's Business Address:
1776 EASTCHESTER ROAD,
STE#210
BRONX, NY 10461

THE PETITION OF ARTHUR RANSOME HOUSES LP, alleges, upon Information and Belief:

1. Petitioner(s) is(are) the landlord(s) of the premises.

2. Respondent(s) LEONARDA GARCIA, is(are) tenant(s) in possession of said premises pursuant to a(n) WRITTEN lease agreement wherein respondents promised to pay to landlord or landlord(s) predecessor as rent $481.20 each month in advance on the 1ST day of each month.

3. Respondent(s) are now in possession of said premises.

4. The premises are the residence of the tenant(s) and the undertenant(s) herein.

5. The premises for which removal is sought was rented for Dwelling purposes and are described as follows: All Rooms, Apartment # 6-C in the building known as 151 West 123 Street New York, NY 10027, situated within the territorial jurisdiction of this Court.

6. Pursuant to said agreement there was due from respondent tenant(s), the sum of $11,712.91 in rent and additional

**RENT:** **$11,712.91**

**** * SEE RIDER ATTACHED * ****

**7. THE PREMISES ARE SUBJECT TO THE RENT STABILIZATION LAW OF 1969 AS AMENDED AND HAVE BEEN DULY REGISTERED WITH THE N.Y. STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL -DHCR- AND THE RENT DEMANDED HEREIN DOES NOT EXCEED THE REGISTERED RENT AND DOES NOT EXCEED THE LAWFUL RENT STABILIZED RENT. THE LANDLORD AND TENANT ARE PARTIES TO A LEASE. THE TENANT RECEIVES SECTION 8 RENT SUPPLEMENT AND ADMINISTERED BY THE NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT ACTING AS A PUBLIC HOUSING AGENCY.**

8. Said rent has been demanded from the tenant since same became due by fourteen day written-notice, a copy of which, with proof of service is annexed hereto.

9. Please note that the subject premises are subject to the requirements of the Good Cause Eviction as defined under Article 6A of the NYS Real Property Law (RPL) and to RPL 231-c unless an exemption to same is otherwise noted herein and/or attached hereto.

10. Respondent(s) have defaulted in the payment thereof and continue in possession of premisess without permission after said default.

11. The premises are a multiple dwelling a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

**Agent ARLYANE McGLASHAN 237 WEST 145TH STREET NEW YORK, NY 10039**
**Multiple Dweliing No. 116480**

WHEREFORE Petitioner requests a final judgment against respondents(s) for the rent demanded therein, awarding of the premises to the petitioner landlord, and directing the issuance of a warrant to remove respondent(s) from premises together with the costs and disbursements of this proceeding.

ARTHUR RANSOME HOUSES LP, **Dated October 29, 2024**

STATE OF NEW YORK, COUNTY OF NEW YORK
The Undersigned affirms under penalty of perjury which under the laws of the State of NY may include fines or imprisonment, that he is one of the attorneys for the petitioner, that he has read the foregoing petition and knows the contents thereof: that the same are true to his own knowledge except as to matters stated to be upon information and belief: and as to those matters he believes them to be true. The grounds of his belief as to matters not stated upon his knowledge are statements and/or records provided by the petitioner, its agents and/or employees and contained in the file in the Attorney's office. Petitioner is not in the County in which Attorney's office is located. This verification is made pursuant to the provisions of RPAPL 741.

October 29, 2024

ERIC H. KAHAN
**SKH Heiberger LLP**
**Attorneys for Petitioner-Landlord**
**228 East 45th Street**
**14th Floor**
**New York, NY 10017**
**Phone: (917) 351-1335**
**Email: info@sdkhlaw.com**

****Please see attached Notice of Occupancy Rights under the Violence Against Women ACT and accompanying certification which are being served as mandate by law and without prejudice to any of the Landlord's rights to proceed accordingly should you fail to comply with the notice to which said documents are attached.**

PR22 -02 -6-C FILE NO: 322003

# ARTHUR RANSOME HOUSES LP[1]

## Notice of Occupancy Rights under the Violence Against Women Act[2]

### To all Tenants and Applicants

The Violence Against Women Act (VAWA) provides protections for victims of domestic violence, dating violence, sexual assault, or stalking. VAWA protections are not only available to women, but are available equally to all individuals regardless of sex, gender identity, or sexual orientation.[3] The U.S. Department of Housing and Urban Development (HUD) is the Federal agency that oversees that **Project Based Section 8 and/or Section 8 of Federal Rent subsidies** is in compliance with VAWA. This notice explains your rights under VAWA. A HUD-approved certification form is attached to this notice. You can fill out this form to show that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking, and that you wish to use your rights under VAWA."

### Protections for Applicants

If you otherwise qualify for assistance under **Project Based Section 8 and/or Section 8 of Federal Rent subsidies** you cannot be denied admission or denied assistance because you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

### Protections for Tenants

[1] The notice uses HP for housing provider but the housing provider should insert its name where HP is used. HUD's program-specific regulations identify the individual or entity responsible for providing the notice of occupancy rights.
[2] Despite the name of this law, VAWA protection is available regardless of sex, gender identity, or sexual orientation.
[3] Housing providers cannot discriminate on the basis of any protected characteristic, including race, color, national origin, religion, sex, familial status, disability, or age. HUD-assisted and HUD-insured housing must be made available to all otherwise eligible individuals regardless of actual or perceived sexual orientation, gender identity, or marital status.

If you are receiving assistance under **Project Based Section 8 and/or Section 8 of Federal Rent subsidies** you may not be denied assistance, terminated from participation, or be evicted from your rental housing because you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

Also, if you or an affiliated individual of yours is or has been the victim of domestic violence, dating violence, sexual assault, or stalking by a member of your household or any guest, you may not be denied rental assistance or occupancy rights under **Project Based Section 8 and/or Section 8 of Federal Rent subsidies** solely on the basis of criminal activity directly relating to that domestic violence, dating violence, sexual assault, or stalking.

Affiliated individual means your spouse, parent, brother, sister, or child, or a person to whom you stand in the place of a parent or guardian (for example, the affiliated individual is in your care, custody, or control); or any individual, tenant, or lawful occupant living in your household.

**Removing the Abuser or Perpetrator from the Household**

HP may divide (bifurcate) your lease in order to evict the individual or terminate the assistance of the individual who has engaged in criminal activity (the abuser or perpetrator) directly relating to domestic violence, dating violence, sexual assault, or stalking.

If HP chooses to remove the abuser or perpetrator, HP may not take away the rights of eligible tenants to the unit or otherwise punish the remaining tenants. If the evicted abuser or perpetrator was the sole tenant to have established eligibility for assistance under the program, HP must allow the tenant who is or has been a victim and other household members to remain in the unit for a period of time, in order to establish eligibility under the program or under another HUD housing program covered by VAWA, or, find alternative housing.

In removing the abuser or perpetrator from the household, HP must follow Federal, State, and local eviction procedures. In order to divide a lease, HP may, but is not required to, ask you for documentation or certification of the incidences of domestic violence, dating violence, sexual assault, or stalking.

**Moving to Another Unit**

Upon your request, HP may permit you to move to another unit, subject to the availability of other units, and still keep your assistance. In order to approve a request, HP may ask you to provide documentation that you are requesting to move because of an incidence of domestic violence, dating violence, sexual assault, or stalking. If the request is a request for emergency transfer, the housing provider may ask you to submit a written request or fill out a form where you certify that you meet the criteria for an emergency transfer under VAWA. The criteria are:

**(1) You are a victim of domestic violence, dating violence, sexual assault, or stalking.** If your housing provider does not already have documentation that you are a victim of domestic violence, dating violence, sexual assault, or stalking, your housing provider may ask you for such documentation, as described in the documentation section below.

**(2) You expressly request the emergency transfer.** Your housing provider may choose to require that you submit a form, or may accept another written or oral request.

**(3) You reasonably believe you are threatened with imminent harm from further violence if you remain in your current unit.** This means you have a reason to fear that if you do not receive a transfer you would suffer violence in the very near future.

**OR**

**You are a victim of sexual assault and the assault occurred on the premises during the 90-calendar-day period before you request a transfer.** If you are a victim of sexual assault, then in addition to qualifying for an emergency transfer because you reasonably believe you are threatened with imminent harm from further violence if you remain in your unit, you may qualify for an emergency transfer if the sexual assault occurred on the premises of the property from which you are seeking your transfer, and that assault happened within the 90-calendar-day period before you expressly request the transfer.

HP will keep confidential requests for emergency transfers by victims of domestic violence, dating violence, sexual assault, or stalking, and the location of any move by such victims and their families.

HP's emergency transfer plan provides further information on emergency transfers, and HP must make a copy of its emergency transfer plan available to you if you ask to see it.

**Documenting You Are or Have Been a Victim of Domestic Violence, Dating Violence, Sexual Assault or Stalking**

HP can, but is not required to, ask you to provide documentation to "certify" that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking. Such request from HP must be in writing, and HP must give you at least 14 business days (Saturdays, Sundays, and Federal holidays do not count) from the day you receive the request to provide the documentation. HP may, but does not have to, extend the deadline for the submission of documentation upon your request.

You can provide one of the following to HP as documentation. It is your choice which of the following to submit if HP asks you to provide documentation that you are or have been a victim of domestic violence, dating violence, sexual assault, or stalking.

- A complete HUD-approved certification form given to you by HP with this notice, that documents an incident of domestic violence, dating violence, sexual assault, or stalking. The form will ask for your name, the date, time, and location of the incident of domestic violence, dating violence, sexual assault, or stalking, and a description of the incident. The certification form provides for including the name of the abuser or perpetrator if the name of the abuser or perpetrator is known and is safe to provide.
- A record of a Federal, State, tribal, territorial, or local law enforcement agency, court, or administrative agency that documents the incident of domestic violence, dating violence, sexual assault, or stalking. Examples of such records include police reports, protective orders, and restraining orders, among others.
- A statement, which you must sign, along with the signature of an employee, agent, or volunteer of a victim service provider, an attorney, a medical professional or a mental health professional (collectively, "professional") from whom you sought assistance in addressing domestic violence, dating violence, sexual assault, or stalking, or the effects of abuse, and with the professional selected by you attesting under penalty of perjury that he or she believes that the incident or incidents of domestic violence, dating violence, sexual assault, or stalking are grounds for protection.
- Any other statement or evidence that HP has agreed to accept.

If you fail or refuse to provide one of these documents within the 14 business days, HP does not have to provide you with the protections contained in this notice.

If HP receives conflicting evidence that an incident of domestic violence, dating violence, sexual assault, or stalking has been committed (such as certification forms from two or more members of a household each claiming to be a victim and naming one or more of the other petitioning household members as the abuser or perpetrator), HP has the right to request that you provide third-party documentation within thirty 30 calendar days in order to resolve the conflict. If you fail or refuse to provide third-party documentation where there is conflicting evidence, HP does not have to provide you with the protections contained in this notice.

**Confidentiality**

HP must keep confidential any information you provide related to the exercise of your rights under VAWA, including the fact that you are exercising your rights under VAWA.

HP must not allow any individual administering assistance or other services on behalf of HP (for example, employees and contractors) to have access to confidential information unless for reasons that specifically call for these individuals to have access to this information under applicable Federal, State, or local law.

HP must not enter your information into any shared database or disclose your information to any other entity or individual. HP, however, may disclose the information provided if:

- You give written permission to HP to release the information on a time limited basis.
- HP needs to use the information in an eviction or termination proceeding, such as to evict your abuser or perpetrator or terminate your abuser or perpetrator from assistance under this program.
- A law requires HP or your landlord to release the information.

VAWA does not limit HP's duty to honor court orders about access to or control of the property. This includes orders issued to protect a victim and orders dividing property among household members in cases where a family breaks up.

**Reasons a Tenant Eligible for Occupancy Rights under VAWA May Be Evicted or Assistance May Be Terminated**

You can be evicted and your assistance can be terminated for serious or repeated lease violations that are not related to domestic violence, dating violence, sexual assault, or stalking committed against you. However, HP cannot hold tenants who have been victims of domestic violence, dating violence, sexual assault, or stalking to a more demanding set of rules than it applies to tenants who have not been victims of domestic violence, dating violence, sexual assault, or stalking.

The protections described in this notice might not apply, and you could be evicted and your assistance terminated, if HP can demonstrate that not evicting you or terminating your assistance would present a real physical danger that:

1) Would occur within an immediate time frame, and

2) Could result in death or serious bodily harm to other tenants or those who work on the property.

If HP can demonstrate the above, HP should only terminate your assistance or evict you if there are no other actions that could be taken to reduce or eliminate the threat.

**Other Laws**

VAWA does not replace any Federal, State, or local law that provides greater protection for victims of domestic violence, dating violence, sexual assault, or stalking. You may be entitled to

additional housing protections for victims of domestic violence, dating violence, sexual assault, or stalking under other Federal laws, as well as under State and local laws.

**Non-Compliance with The Requirements of This Notice**
You may report a covered housing provider's violations of these rights and seek additional assistance, if needed, by contacting or filing a complaint with **the HUD Field office** at 26 Federal Plaza #3541, New York, NY 10278

**For Additional Information**

You may view a copy of HUD's final VAWA rule https://www.hud.gov/states/new_york/offices

Additionally, HP must make a copy of HUD's VAWA regulations available to you if you ask to see them.

For questions regarding VAWA, please contact 311 or 212-NEW-YORK (212-639-9675)

For help regarding an abusive relationship, you may call the National Domestic Violence Hotline at 1-800-799-7233 or, for persons with hearing impairments, 1-800-787-3224 (TTY). You may also contact

For tenants who are or have been victims of stalking seeking help may visit the National Center for Victims of Crime's Stalking Resource Center at https://www.victimsofcrime.org/our-programs/stalking-resource-center.

For help regarding sexual assault, you may contact **the local police or authorities of 911 or 311**

Victims of stalking seeking help may contact **the local police or authorities of 911 or 311**

**Attachment:** Certification form HUD-5382 **[form approved for this program to be included]**

**CERTIFICATION OF DOMESTIC VIOLENCE, DATING VIOLENCE, SEXUAL ASSAULT, OR STALKING, AND ALTERNATE DOCUMENTATION**

**U.S. Department of Housing and Urban Development**

OMB Approval No. 2577-0286
Exp. 06/30/2017

**Purpose of Form:** The Violence Against Women Act ("VAWA") protects applicants, tenants, and program participants in certain HUD programs from being evicted, denied housing assistance, or terminated from housing assistance based on acts of domestic violence, dating violence, sexual assault, or stalking against them. Despite the name of this law, VAWA protection is available to victims of domestic violence, dating violence, sexual assault, and stalking, regardless of sex, gender identity, or sexual orientation.

**Use of This Optional Form:** If you are seeking VAWA protections from your housing provider, your housing provider may give you a written request that asks you to submit documentation about the incident or incidents of domestic violence, dating violence, sexual assault, or stalking.

In response to this request, you or someone on your behalf may complete this optional form and submit it to your housing provider, or you may submit one of the following types of third-party documentation:

(1) A document signed by you and an employee, agent, or volunteer of a victim service provider, an attorney, or medical professional, or a mental health professional (collectively, "professional") from whom you have sought assistance relating to domestic violence, dating violence, sexual assault, or stalking, or the effects of abuse. The document must specify, under penalty of perjury, that the professional believes the incident or incidents of domestic violence, dating violence, sexual assault, or stalking occurred and meet the definition of "domestic violence," "dating violence," "sexual assault," or "stalking" in HUD's regulations at 24 CFR 5.2003.

(2) A record of a Federal, State, tribal, territorial or local law enforcement agency, court, or administrative agency; or

(3) At the discretion of the housing provider, a statement or other evidence provided by the applicant or tenant.

**Submission of Documentation:** The time period to submit documentation is 14 business days from the date that you receive a written request from your housing provider asking that you provide documentation of the occurrence of domestic violence, dating violence, sexual assault, or stalking. Your housing provider may, but is not required to, extend the time period to submit the documentation, if you request an extension of the time period. If the requested information is not received within 14 business days of when you received the request for the documentation, or any extension of the date provided by your housing provider, your housing provider does not need to grant you any of the VAWA protections. Distribution or issuance of this form does not serve as a written request for certification.

**Confidentiality:** All information provided to your housing provider concerning the incident(s) of domestic violence, dating violence, sexual assault, or stalking shall be kept confidential and such details shall not be entered into any shared database. Employees of your housing provider are not to have access to these details unless to grant or deny VAWA protections to you, and such employees may not disclose this information to any other entity or individual, except to the extent that disclosure is: (i) consented to by you in writing in a time-limited release; (ii) required for use in an eviction proceeding or hearing regarding termination of assistance; or (iii) otherwise required by applicable law.



Form HUD-5382
(12/2016)

**TO BE COMPLETED BY OR ON BEHALF OF THE VICTIM OF DOMESTIC VIOLENCE, DATING VIOLENCE, SEXUAL ASSAULT, OR STALKING**

1. **Date the written request is received by victim:** ____________________
2. **Name of victim:** ____________________
3. **Your name (if different from victim's):** ____________________
4. **Name(s) of other family member(s) listed on the lease:** ____________________
____________________
5. **Residence of victim:** ____________________
6. **Name of the accused perpetrator (if known and can be safely disclosed):** ____________________
____________________
7. **Relationship of the accused perpetrator to the victim:** ____________________
8. **Date(s) and times(s) of incident(s) (if known):** ____________________
____________________

10. **Location of incident(s):** ____________________

In your own words, briefly describe the incident(s):
____________________
____________________
____________________
____________________

This is to certify that the information provided on this form is true and correct to the best of my knowledge and recollection, and that the individual named above in Item 2 is or has been a victim of domestic violence, dating violence, sexual assault, or stalking. I acknowledge that submission of false information could jeopardize program eligibility and could be the basis for denial of admission, termination of assistance, or eviction.

Signature ____________________ Signed on (Date) ____________________

**Public Reporting Burden:** The public reporting burden for this collection of information is estimated to average 1 hour per response. This includes the time for collecting, reviewing, and reporting the data. The information provided is to be used by the housing provider to request certification that the applicant or tenant is a victim of domestic violence, dating violence, sexual assault, or stalking. The information is subject to the confidentiality requirements of VAWA. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid Office of Management and Budget control number.

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK HOUSING PART

ARTHUR RANSOME HOUSES LP

*Petitioner (Landlord),*

Index No. L/T

against

LEONARDA GARCIA

*Respondent (Tenant)*

Address:

151 WEST 123 STREET
APT. 6-C
NEW YORK , NY 10027

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 208.4-a)

**You have received this Notice because:**

- o The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York Courts e-filing system, and
- o You are a defendant/Respondent (a party) in this case.

**If you are represented by an attorney** give this Notice to your attorney (Attorneys: see "Information for Attorneys" pg 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

**Benefits of E-Filing**

You can:

- o serve and file your documents electronically
- o view your case file on-line
- o limit the number of trips to the courthouse
- o pay any court fees on-line

There are no additional fees to file, view, or print you case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- o visit www.nycourts.gov/efile-unrepresented or
- o go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact NYSCEF Resource Center (phone: 646 386-3033; email: efile@nycourts.gov).

Dated: October 29, 2024

| | |
|---|---|
| Name | ERIC H. KAHAN |
| Firm Name | SKH Heiberger LLP |
| Address: | 228 East 45th Street<br>14th Floor<br>New York, NY 10017 |
| Phone | (917) 351-1335 |
| Email | info@sdkhlaw.com |

TO: LEONARDA GARCIA
151 WEST 123 STREET
APT. 6-C
NEW YORK , NY 10027

7/19/19

Index #



EFCIV-3

PR22 -02 -6-C FILE NO: 322003

TRIBUNAL CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE NEW YORK: PARTE DE LA VIVIENDA

ARTHUR RANSOME HOUSES LP

*Parte Demandante,*

Numero de Indice L/T

contra

LEONARDA GARCIA

*Parte Demandada*
Dirección

151 WEST 123 STREET
APT. 6-C
NEW YORK , NY 10027

**Aviso Presentación Electrónica**
**(Causa mutuo acuerdo)**
(Regla Uniforme §208.4-a)

**Ha recibido este aviso porque:**

- La parte demandante anteriormente nombrada ha iniciado este caso utilizando el sistema de presentación electrónica de demandas (e-filing) de los Tribunales del estado de Nueva York, y
- Usted es una de las partes demandadas en esta causa

**Si cuenta con representación legal:** entréguele este aviso a su abogado(a) (Abogados: véase "Información para Abogados" en la segunda página.)

**Si no cuenta con representación legal:** no se le requiere presentar su demanda por medios electrónicos. Podrá presentar y entregar sus documentos impresos. No obstante como una de las partes del caso podrá presentar su causa por medios electrónicos.

**Beneficios de la presentación electrónica (e-filing)**

Puede:

- entregar y presentar sus documentos por medios electrónicos
- ver su caso en línea
- limitar sus viajes al tribunal
- pagar costos judiciales en línea

No hay cobros adicionales para presentar, ver o imprimir el expediente judicial.

Para inscribirse en la presentación electrónica (e-filing) o para más información sobre cómo funciona:

- visite www.nycourts.gov/efile-unrepresented o
- Preséntese al centro de ayuda o a la secretaría del tribunal. Para información legal para litigantes por derecho proprio visite: www.nycourthelp.gov

## Información Para Abogados(as)

El(la) abogado(a) que represente a una de las partes de una demanda ya notificada de este aviso debe aceptar o rechazar la presentación y la entrega electrónica de los documentos a través del sistema de presentación electrónica de demandas (e-filing) de los Tribunales del estado de NY (NYSCEF).

Los/las abogados(as) registrados(as) con NYSCEF pueden dar su consentimiento por medio electrónico según las directivas dadas en el sitio web del NYSCEF. Los/las abogados(as) que non están registrados(as) con el NYSCEF con intenciones de participar en la presentación electrónica deberán crear una cuenta y obtener una identificación de usario y contraseña en www.nycourts.gov/efile antes de dar su consentimiento.

Los/las abogados(as) que se nieguen a dar su consentimiento de entrega deben presentar al tribunal y a todo participante un aviso de la declinación de consentimiento.

Para más información sobre la presentación electrónica de demandas o sobre cómo crear una cuenta NYSCEF, visite el sitio web www.nycourts.gov/efile o comuníquese con el Centro de Recursos del NYSCEF (teléfono: 646-386-3033; correo electrónico: efile@nycourts.gov).

Fechado: Octubre 29, 2024

| | |
|---|---|
| Nombre | ERIC H. KAHAN |
| Nombre del Bufete de Abogados | SKH Heiberger LLP |
| Dirección: | 228 East 45th Street<br>14th Floor<br>New York, NY 10017 |
| Telefono: | (917) 351-1335 |
| Correo Electrónico: | info@sdkhlaw.com |

Para: LEONARDA GARCIA
151 WEST 123 STREET
APT. 6-C
NEW YORK , NY 10027

## *NOTICE AND/OR REQUEST*
## *TO COMMENCE EVICTION PROCEEDINGS*

*TO:* LEONARDA GARCIA *HPD #* ________

151 WEST 123 STREET 6C

NEW YORK, NY 10027

***PLEASE TAKE NOTICE,*** *that you are justly indebted and required to pay the Landlord of the* above describedpremises the sum of $ 11,712.91 for rent of said premises through May-24

A COPY OF RENT HISTORY ANNEXED HERETO FOR THE PERIOD OF SEE BREAKDOWN

***PLEASE TAKE FURTHER NOTICE, that you are required to pay said sum within thirty (30)*** working days from the service of this Notice or to give up possession of the premises to the Landlord.

***PLEASE TAKE FURTHER NOTICE, that in the event you fail to comply fully with this Notice the*** Landlord will commence legal proceedings to collect this sum and/or recover possession of the premises. If legal proceedings are commenced you have the right to be represented by an attorney and may raise any defense recognized under law.

***XXXXXXX*** Regulations of the Department of Housing and Urban Development and/or New York Department of Housing Preservation and Development are applicable to this apartment unit and you are afforded opportunity to discusss the proposed termination of tenancy with the landlord within thirty (30) days from the date notice is served upon you.

PLEASE NOTE THAT THIS THIRTY (30) DAY PERIOD DOES NOT ENLARGE OR EFFECT YOUR OBLIGATION TO COMPLY WITH THE PAYMENT DEMANDED HEREUNDER WITHIN THE PREVIOUSLY NOTED THIRTY (30) DAY TIME PERIOD.

***Petitioners Address:*** ARTHUR RANSOME HOUSES LP ***Landlord***

***By:***

***SKH Heiberger, LLP***
***Eric H. Kahan***
***228 East 45th Street, 14th Floor***
***New York, New York 10017***
***(917)351-1335***

***cc: Director of Rent Subsidies***
***100 Gold Street***
***New York, NY 10038***

Building Number: 151W123
Unit Number: 6C

Tenant Ledger
GARCIA, LEONARDA

HPD.


Printed: 09/10/24 at 03:05pm

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
| | | | July 2022 | | | | | |
| Opening Balance | | | | | | | | -398.62 |
| 07/01/22 | SYS | BILL | 07/01/22 | Rent | 966.70 | | | 568.08 |
| 07/01/22 | SYS | BILL | 07/01/22 | Sec. 8 | -568.08 | | | 0.00 |
| 05/01/22 | 90653 | ADJ | 07/22/22 | Adj Db-Subsidy | 568.08 | | | 568.08 |
| | 90918 | PAID | 07/29/22 | | | CP_ACH | 398.62 | 169.46 |
| | | | August 2022 | | | | | |
| Opening Balance | | | | | | | | 169.46 |
| 08/01/22 | SYS | BILL | 08/01/22 | Rent | 966.70 | | | 1,136.16 |
| | | | September 2022 | | | | | |
| Opening Balance | | | | | | | | 1,136.16 |
| 09/01/22 | SYS | BILL | 09/01/22 | Rent | 966.70 | | | 2,102.86 |
| | 94471 | PAID | 09/06/22 | | | CP_ACH | 398.62 | 1,704.24 |
| | | | October 2022 | | | | | |
| Opening Balance | | | | | | | | 1,704.24 |
| 10/01/22 | SYS | BILL | 10/01/22 | Rent | 966.70 | | | 2,670.94 |
| | 97121 | PAID | 10/04/22 | | | CP_ACH | 398.62 | 2,272.32 |
| | | | November 2022 | | | | | |
| Opening Balance | | | | | | | | 2,272.32 |
| 11/01/22 | SYS | BILL | 11/01/22 | Rent | 966.70 | | | 3,239.02 |
| | 99804 | PAID | 11/01/22 | | | CP_ACH | 398.62 | 2,840.40 |
| | | | December 2022 | | | | | |
| Opening Balance | | | | | | | | 2,840.40 |
| 12/01/22 | SYS | BILL | 12/01/22 | Rent | 966.70 | | | 3,807.10 |
| | 2825 | PAID | 12/06/22 | | | CP_ACH | 398.62 | 3,408.48 |
| | | | January 2023 | | | | | |
| Opening Balance | | | | | | | | 3,408.48 |
| 01/01/23 | SYS | BILL | 01/01/23 | Rent | 966.70 | | | 4,375.18 |
| | 5090 | PAID | 01/03/23 | | | CP_ACH | 398.62 | 3,976.56 |
| | 7733 | PAID | 01/31/23 | | | CP_ACH | 398.62 | 3,577.94 |
| | | | February 2023 | | | | | |
| Opening Balance | | | | | | | | 3,577.94 |
| 02/01/23 | SYS | BILL | 02/01/23 | Rent | 966.70 | | | 4,544.64 |
| | 10662 | PAID | 02/28/23 | | | CP_ACH | 398.62 | 4,146.02 |
| | | | March 2023 | | | | | |
| Opening Balance | | | | | | | | 4,146.02 |
| 03/01/23 | SYS | BILL | 03/01/23 | Rent | 966.70 | | | 5,112.72 |
| | | | April 2023 | | | | | |
| Opening Balance | | | | | | | | 5,112.72 |
| 04/01/23 | SYS | BILL | 04/01/23 | Rent | 966.70 | | | 6,079.42 |
| | 14316 | PAID | 04/04/23 | | | CP_ACH | 398.62 | 5,680.80 |
| | | | May 2023 | | | | | |
| Opening Balance | | | | | | | | 5,680.80 |
| 05/01/23 | SYS | BILL | 05/01/23 | Rent | 966.70 | | | 6,647.50 |
| | 17224 | PAID | 05/02/23 | | | CP_ACH | 398.62 | 6,248.88 |
| | | | June 2023 | | | | | |
| Opening Balance | | | | | | | | 6,248.88 |
| 06/01/23 | SYS | BILL | 06/01/23 | Rent | 966.70 | | | 7,215.58 |
| | 20408 | PAID | 06/06/23 | | | CP_ACH | 398.62 | 6,816.96 |
| | | | July 2023 | | | | | |
| Opening Balance | | | | | | | | 6,816.96 |
| 07/01/23 | SYS | BILL | 07/01/23 | Rent | 966.70 | | | 7,783.66 |
| | 23099 | PAID | 07/05/23 | | | CP_ACH | 398.62 | 7,385.04 |
| | 25857 | PAID | 07/31/23 | | | CP_ACH | 398.62 | 6,986.42 |
| | | | August 2023 | | | | | |
| Opening Balance | | | | | | | | 6,986.42 |
| 08/01/23 | SYS | BILL | 08/01/23 | Rent | 966.70 | | | 7,953.12 |

Building Number: 151W123
Unit Number: 6C

Tenant Ledger
GARCIA, LEONARDA

Page 2 Of 3
Printed: 09/10/24 at 03:05pm

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
| | | | September 2023 | | | | | |
| Opening Balance | | | | | | | | 7,953.12 |
| 09/01/23 | SYS | BILL | 09/01/23 | Rent | 966.70 | | | 8,919.82 |
| | 29278 | PAID | 09/01/23 | | | CP_ACH | 398.62 | 8,521.20 |
| | | | October 2023 | | | | | |
| Opening Balance | | | | | | | | 8,521.20 |
| 10/01/23 | SYS | BILL | 10/01/23 | Rent | 966.70 | | | 9,487.90 |
| | 32098 | PAID | 10/03/23 | | | CP_ACH | 398.62 | 9,089.28 |
| | | | November 2023 | | | | | |
| Opening Balance | | | | | | | | 9,089.28 |
| 11/01/23 | SYS | BILL | 11/01/23 | Rent | 966.70 | | | 10,055.98 |
| | 35030 | PAID | 11/01/23 | | | CP_ACH | 398.62 | 9,657.36 |
| | | | December 2023 | | | | | |
| Opening Balance | | | | | | | | 9,657.36 |
| 12/01/23 | SYS | BILL | 12/01/23 | Rent | 966.70 | | | 10,624.06 |
| | 38248 | PAID | 12/05/23 | | | CP_ACH | 398.62 | 10,225.44 |
| | | | January 2024 | | | | | |
| Opening Balance | | | | | | | | 10,225.44 |
| )1/01/24 | SYS | BILL | 01/01/24 | Rent | 966.70 | | | 11,192.14 |
| )1/01/24 | SYS | BILL | 01/01/24 | Security Depos | 26.58 | | | 11,218.72 |
| | 40496 | PAID | 01/03/24 | | | CP_ACH | 398.62 | 10,820.10 |
| | 41608 | PAID | 01/12/24 | | | 8641 | 26.58 | 10,793.52 |
| | | | February 2024 | | | | | |
| Opening Balance | | | | | | | | 10,793.52 |
| )2/01/24 | SYS | BILL | 02/01/24 | Rent | 993.28 | | | 11,786.80 |
| | 43158 | PAID | 02/01/24 | | | CP_ACH | 425.20 | 11,361.60 |
| | 44837 | PAID | 02/27/24 | | | CP_ACH | 425.20 | 10,936.40 |
| | | | March 2024 | | | | | |
| Opening Balance | | | | | | | | 10,936.40 |
| )3/01/24 | SYS | BILL | 03/01/24 | Rent | 993.28 | | | 11,929.68 |
| )3/01/24 | 48730 | ADJ | 03/20/24 | Adj Cr-Subsidy | -568.08 | | | 11,361.60 |
| )2/01/24 | 48730 | ADJ | 03/20/24 | Adj Cr-Subsidy | -195.89 | | | 11,165.71 |
| | 47321 | PAID | 03/28/24 | | | CP_ACH | 334.00 | 10,831.71 |
| | | | April 2024 | | | | | |
| Opening Balance | | | | | | | | 10,831.71 |
| 4/01/24 | SYS | BILL | 04/01/24 | Rent | 993.28 | | | 11,824.99 |
| 4/01/24 | 50979 | ADJ | 04/08/24 | Adj Cr-Subsidy | -568.08 | | | 11,256.91 |
| | 49762 | PAID | 04/30/24 | | | CP_ACH | 390.00 | 10,866.91 |
| | | | May 2024 | | | | | |
| Opening Balance | | | | | | | | 10,866.91 |
| 5/01/24 | SYS | BILL | 05/01/24 | Rent | 993.28 | | | 11,860.19 |
| 5/01/24 | 50982 | ADJ | 05/10/24 | Adj Cr-Subsidy | -512.08 | | | 11,348.11 |
| | | | June 2024 | | | | | |
| Opening Balance | | | | | | | | 11,348.11 |
| 6/01/24 | SYS | BILL | 06/01/24 | Rent | 993.28 | | | 12,341.39 |
| 6/01/24 | SYS | BILL | 06/01/24 | Sec. 8 | -512.08 | | | 11,829.31 |
| | 52550 | PAID | 06/04/24 | | | CP_ACH | 390.00 | 11,439.31 |
| | 54428 | PAID | 06/27/24 | | | CP_ACH | 390.00 | 11,049.31 |
| | | | July 2024 | | | | | |
| Opening Balance | | | | | | | | 11,049.31 |
| 7/01/24 | SYS | BILL | 07/01/24 | Rent | 993.28 | | | 12,042.59 |
| 7/01/24 | SYS | BILL | 07/01/24 | Sec. 8 | -512.08 | | | 11,530.51 |
| | 56783 | PAID | 07/30/24 | | | CP_ACH | 390.00 | 11,140.51 |
| | | | August 2024 | | | | | |
| Opening Balance | | | | | | | | 11,140.51 |
| 8/01/24 | SYS | BILL | 08/01/24 | Rent | 993.28 | | | 12,133.79 |
| 8/01/24 | SYS | BILL | 08/01/24 | Sec. 8 | -512.08 | | | 11,621.71 |

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
| | 59501 | PAID | 08/30/24 | | | CP_ACH | 390.00 | 11,231.71 |
| | | | September 2024 | | | | | |
| Opening Balance | | | | | | | | 11,231.71 |
| 09/01/24 | SYS | BILL | 09/01/24 | Rent | 993.28 | | | 12,224.99 |
| 09/01/24 | SYS | BILL | 09/01/24 | Sec. 8 | -512.08 | | | 11,712.91 |

## NOTICE TO TENANT OF APPLICABILITY OR INAPPLICABILITY OF THE NEW YORK STATE GOOD CAUSE EVICTION LAW

This notice, provided to you pursuant to the requirements of RPL 231-c, RPL 226-c, and the New York State Good Cause Eviction Law (Article 6-A of the Real Property Law), does not constitute legal advice. You may wish to consult a lawyer if you have any questions about your rights under the New York State Good Cause Eviction Law or about this notice.

This notice from your landlord serves to notify you of the applicability of the New York State Good Cause Eviction Law (Article 6-A of the Real Property Law) to your unit/apartment/home and, if applicable, the reason permitted under the New York State Good Cause Eviction Law that your landlord is not renewing your lease. Even if your apartment is not protected by Article 6-A, you may have other rights under other local, state, or federal laws and regulations concerning rents and evictions.

This notice does not vitiate any prior litigation notices or pleading served upon you, nor does this notice revive or reinstate any previously terminated tenancy. The word "tenant" as recited in the notice is solely for identification purposes and not a statement of legal status. No admissions or concessions of an owner right or remedy may be construed from the text or sending of this notice.

1. IS THIS UNIT SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW?

_____YES

X____NO

2. IF THE UNIT IS EXEMPT FROM ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, WHY IS IT EXEMPT FROM THAT LAW? (PLEASE MARK ALL APPLICABLE EXEMPTIONS)

_____Village/Town/City outside of New York City has not adopted good cause eviction under section 213 of the Real Property Law;

_____Unit is owned by a "small landlord," as defined in subdivision 3 of section 211 of the Real Property Law, who owns no more than 10 units for small landlords located in New York City or the number of units established as the maximum amount a "small landlord" can own in the state by a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, or no more than 10 units, as applicable.

_____Unit is located in an owner-occupied housing accommodation with no more than 10 units (exemption under subdivision 2 of section 214 of the Real Property Law);

__X__Unit is subject to regulation of rents or evictions pursuant to local, state, or federal law (exemption under subdivision 5 of section 214 of the Real Property Law);

_____Unit must be affordable to tenants at a specific income level pursuant to statute, regulation, restrictive declaration, or pursuant to a regulatory agreement with a local, state, or federal government entity(exemption under subdivision 6 of section 214 of the Real Property Law);

_____Unit is on or within a housing accommodation owned as a condominium or cooperative, or unit is on or within a housing accommodation subject to an offering plan submitted to the office of the attorney general (exemption under subdivision 7 of section 214 of the Real Property Law);

_____Unit is in a housing accommodation that was issued a temporary or permanent certificate of occupancy within the past 30 years (only if building received the certificate on or after January 1st, 2009) (exemption under subdivision 8 of section 214 of the Real Property Law);

_____Unit is a seasonal use dwelling unit under subdivisions 4 and 5 of section 7-108 of the General Obligations Law (exemption under subdivision 9 of section 214 of the Real Property Law);

_____Unit is in a hospital as defined in subdivision 1 of section 2801 of the Public Health Law, continuing care retirement community licensed pursuant to Article 46 or 46-A of the Public

ARTHUR RANSOME HOUSES LP

Index #:

# AFFIDAVIT OF *Conspicuous* SERVICE

Faisal Taher
Lic # 2124107
New York

State of New York, County of Queens ss:

I **Faisal Taher** Being duly sworn, deposes and says that deponent is not party to this proceeding, is over 18 years of age and resides in New York, New York

That on **September 20, 2024** at **10:27 AM**

At the property sought to be recovered at: **151 WEST 123 STREET NEW YORK NY 10027** Apt# **6C**

The: **NOTICE AND/OR REQUEST TO COMMENCE EVICTION PROCEEDINGS**

Was served on: **LEONARDA GARCIA**

☐ Personal service on Individual: Individually served the within-named person with true copy(ies) of the paper(s) aforementioned.

☐ Deponent was unable to serve:

Additional respondents by personal delivery but by gaining admittance to said property and delivering and leaving a true copy thereof for each respondent personally with aforementioned respondent who was willing to accept same and was of suitable age and discretion who thereat ...thereby completing service to all respondents.

☐ Suitable age person: substitute served by delivering thereat a true copy for each respondent personally with '' , a person of suitable age and discretion, who was willing to receive same and who at said property.

☒ Posted on door: By affixing a true copy thereof for each respondent on a conspicuous part to wit: the entrance door of said property, the tenant(s)/occupant(s) place of business. premises is recipients *dwelling* within state. Deponent was unable to find respondent(s) or to find a person of suitable age and discretion who *resided* thereat during either of the two service attempts made on the following dates...

Prior Attempt Made On: **September 19, 2024** at: **07:02 PM**

Second Attempt Made On: **September 20, 2024** at: **10:27 AM**

Approx. Description: Sex: Skin color: Age: Height: Weight: Hair:

other identifying features / comments:

☒ State of New York, County of Queens, being duly sworn and says that I am not a party to this action and I am over 18 years of age.

On **September 21, 2024** I mailed a true copy to each respondent of the above mentioned notification properly enclosed, addressed, and mailed in postpaid envelopes by regular first class and certified mail **(marked personal and confidential)** within New York State to each respondent at the address sought to be recovered which is respondents residence or corporate respondent(s) principal office or principal place of business.

Additional copies mailed regular and certified to:

**DIRECTOR OF RENT SUBSIDIES** **100 GOLD STREET** **NEW YORK** **NY** **10038**

**Faisal Taher**
Lic # 2124107
New York

**Sworn to before me on:**

**September 21, 2024**

Yasodra Seenarine
Notary Public State of New York
No. 01SE6163476
Qualified in Queens County Commission expiration 03/26/27

SP

A&M ACCUSERVICE INC
LIC# 2033461
2444 78TH STREET FL 1
EAST ELMHURST, NY. 11370