**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF NEW YORK: Housing Part F**
**-------------------------------------------------------------**
**ARTHUR RANSOME HOUSES, LP** **Index No. L&T 319223/24**

**Petitioner,**

**-against-**
**LEONARDA GARCIA,**

**Respondent.**

---

**NOTICE OFAPPEARANCE AND VERIFIED AMENDED ANSWER**

**PLEASE TAKE NOTICE THAT** the Respondent **LEONARDA GARCIA RAMIRIEZ,** sued herein as **LEONARDA GARCIA** ("Respondent") hereby appears in this proceeding by her attorney, Fishman Law Group, PLLC and demands that all papers be served upon the undersigned at the address set forth below.

**PLEASE TAKE FURTHER NOTICE**, that Respondent**,** as and for her Amended Answer to the Petition, amending as of right pursuant to CPLR 3025(a), hereby states the following, upon information and belief:

1. GENERAL DENIAL
2. Respondent specifically denies the allegations set forth in the predicate notices attached to or filed with the Petition.
3. Respondent lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraphs 1, 5, 7, 9 and 11 of the petition.

4. Respondent admits the allegations set forth in paragraphs 3 to the extent it alleges that Respondent is in possession of the premises.

5. Respondent denies the allegations set forth in paragraph 2 to the extent it alleges the amount of monthly rent for the premises to be paid by Respondent.

6. Respondent denies the allegations set forth in paragraph 4 to the extent it alleges that the premises are the residence of any undertenants in that the Petition does not name any such undertenants as party respondents.

7. Respondent denies the allegations set forth in paragraphs 6, 8 and 10 of the Petition.

**FIRST DEFENSE: Failure to State a Cause of Action Based on a Defective Rent Demand**

8. Respondent repeats each allegation above.

9. A rent demand, constituting a good faith estimate of the arrears owed, is a non-waivable, jurisdictional prerequisite to the commencement of a summary proceeding for non-payment of rent.

10. The rent demand filed with the Court is defective and improper in that it seeks the Section 8 share for the rent for the subject premises.

11. The Respondent has no legal obligation to pay the Section 8 share of the rent for the subject premises.

12. Service of a proper rent demand is required by RPAPL § 711.

13. A defective rent demand cannot be amended.

14. Because the rent demand is defective, the Petition must be dismissed.

**SECOND DEFENSE: FAILURE TO SERVE A RENT DEMAND**

15. Petitioner failed to serve a rent demand for the rent sought in the Petition in violation of RPAPL § 711.

16. The failure to serve a rent demand requires dismissal of the Petition.

**THIRD DEFENSE: LACK OF PERSONAL JURISDICTION**

17. The Petitioner failed to serve the Petition and Notice of Petition upon Respondent prior to the commencement of this proceeding.

18. The allegations of the Petitioner's process server, to the extent it is alleged that service of process was made upon Respondent, are false.

19. The Petition and Notice of Petition were never served upon Respondent, in any manner.

20. Respondent learned of the commencement of this proceeding upon receipt of a postcard from the Court advising that it had been commenced.

21. The Petition must be dismissed as the Court lacks jurisdiction over Respondent.

**THIRD DEFENSE: NO LIABILTIY FOR SECTION 8 SHARE OF RENT**

22. Respondent holds a Section 8 voucher (the "Voucher") issued by the New York City Department of Housing Preservation and Development ("HPD") for the subject premises.

23. Respondent's Voucher was terminated in or about July 1, 2022, because the subject premises failed the required HQS inspection based upon conditions which the Petitioner was required to correct.

24. None of the conditions which resulted in the termination of the Voucher were caused by any act of conduct by, Respondent or any person residing with her in the subject premises.

25. Respondent is not liable for the Section 8 share of the alleged rent arrears.

26. The Petition must be dismissed.

**FOURTH DEFENSE: BREACH OF THE WARRANTY OF HABITABILTY**

27. Conditions exist, and have existed, in the subject premises which constitute a violation of the warranty of habitability.

28. Such conditions include, but are not limited to, HPD Class C violation No. 16725005 HMC § 27-2031 provide hot water at all hot water fixtures in the entire apartment located at apt 6C, 6th story, 1st apartment from west at north;

29. HPD Class C violation Nos. 16717474 and 16725008 HMC § 27-2033 provide ready access to buildings heating system door locked at boiler room.

30. Such conditions were not caused by Respondent or any guest or invitee of Respondents.

31. Petitioner has had actual knowledge of such conditions and despite such knowledge has failed and refused to correct them.

32. Respondent has provided access to Petitioner to correct such conditions, to the extent access was required, but it has failed and refused to correct them.

33. Petitioner is in breach of the warranty of habitability.

34. Respondent seeks an order pursuant to Administrative Code § 27-2121, requiring Petitioner to repair and correct all violations of record.

35. As a result of the breach of the warranty of habitability, the value of the subject premises was diminished by an amount to be determined by the Court.

36. In the event the Court determines that Respondent has any liability for rent such liability must be reduced by such amount.

**WHEREFORE**, Respondent respectfully requests that the Court issue an order and judgment dismissing the petition, with prejudice, granting Respondent a money judgment on her counterclaim for attorney's fees and granting such other relief as may be just.

Dated: New York, New York
December 14 , 2024

James Fishman

JAMES B. FISHMAN
FISHMAN LAW GROUP, PLLC
950 THIRD AVENUE SUITE2600
New York, NY 10022
(212) 897-5840
jfishman@fishmanlaw.nyc
Attorneys for Respondent

TO: **SDK Heiberger, LLP**
*Attorney for Petitioner*
228 East 45th Street
14th Floor
New York, NY 10017
(via NYSCEF)

## VERIFICATION

Respondent **LEONARDA GARCIA RAMIRIEZ,** affirms, pursuant to CPLR §2106, this 13 day of December 2024, under penalty of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law as follows:

I am the Respondent in the within proceeding. I am fluent in Spanish and partially fluent in English. The within Amended Answer was read to me in Spanish by Clifford Rotbert, who is fluent in Spanish and English.

The contents of the foregoing Amended Answer are true to the best of my knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

Leonarda Garcia

**LEONARDA GARCIA RAMIRIEZ**

### Affirmation of Translation

Clifford Rotbert affirms, pursuant to CPLR §2106, this 13 day of December 2024, under penalty of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law as follows:

I am fluent in English and Spanish.

I read the foregoing Notice of Appearance and Verified Answer to **LEONARDA GARCIA RAMIRIEZ** in Spanish. Ms. **GARCIA RAMIRIEZ** advised me that the contents of such document were true and accurate to the best of her knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, she believes them to be true.

CLIFFORD ROTBERT