CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK HOUSING PART

HERITAGE HOUSES DEVELOPMENT L.P.
*Petitioner (Landlord),*
against
TANEQUA CARTHENS
*Respondent (Tenant)*

Address:

56 EAST 131ST STREET
APT. 3-A
NEW YORK , NY 10037

Index No. L/T

**NON-PAYMENT**
**PETITION DWELLING**

Petitioner's Business Address:
1776 EASTCHESTER ROAD,
STE#210
BRONX, NY 10461

THE PETITION OF HERITAGE HOUSES DEVELOPMENT L.P., alleges, upon Information and Belief:

1. Petitioner(s) is(are) the landlord(s) of the premises.

2. Respondent(s) TANEQUA CARTHENS, is(are) tenant(s) in possession of said premises pursuant to a(n) WRITTEN lease agreement wherein respondents promised to pay to landlord or landlord(s) predecessor as rent $271.38 each month in advance on the 1ST day of each month.

3. Respondent(s) are now in possession of said premises.

4. The premises are the residence of the tenant(s) and the undertenant(s) herein.

5. The premises for which removal is sought was rented for Dwelling purposes and are described as follows: All Rooms, Apartment # 3-A in the building known as 56 East 131st Street New York, NY 10037, situated within the territorial jurisdiction of this Court.

6. Pursuant to said agreement there was due from respondent tenant(s), the sum of $11,995.36 in rent and additional

**RENT:** **$11,995.36**

**** * SEE RIDER ATTACHED * ****

**7. THE PREMISES ARE SUBJECT TO THE RENT STABILIZATION LAW OF 1969 AS AMENDED AND HAVE BEEN DULY REGISTERED WITH THE N.Y. STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL -DHCR- AND THE RENT DEMANDED HEREIN DOES NOT EXCEED THE REGISTERED RENT AND DOES NOT EXCEED THE LAWFUL RENT STABILIZED RENT. THE LANDLORD AND TENANT ARE PARTIES TO A LEASE. THE TENANT RECEIVES SECTION 8 RENT SUPPLEMENT AND ADMINISTERED BY THE NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT ACTING AS A PUBLIC HOUSING AGENCY.**

8. Said rent has been demanded from the tenant since same became due by thirty day written-notice, a copy of which, with proof of service is annexed hereto.

9. Please note that the subject premises are subject to the requirements of the Good Cause Eviction as defined under Article 6A of the NYS Real Property Law (RPL) and to RPL 231-c unless an exemption to same is otherwise noted herein and/or attached hereto.

10. Respondent(s) have defaulted in the payment thereof and continue in possession of premisess without permission after said default.

11. The premises are a multiple dwelling a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

**Agent ARLYANE McGLASHAN 237 WEST 145TH STREET NEW YORK, NY 10039**
**Multiple Dweliing No. 143390**

WHEREFORE Petitioner requests a final judgment against respondents(s) for the rent demanded therein, awarding of the premises to the petitioner landlord, and directing the issuance of a warrant to remove respondent(s) from premises together with the costs and disbursements of this proceeding.

HERITAGE HOUSES DEVELOPMENT L.P., **Dated May 30, 2024**

STATE OF NEW YORK, COUNTY OF NEW YORK
The Undersigned affirms under penalty of perjury that he is one of the attorneys for the petitioner, that he has read the foregoing petition and knows the contents thereof: that the same are true to his own knowledge except as to matters stated to be upon information and belief: and as to those matters he believes them to be true. The grounds of his belief as to matters not stated upon his knowledge are statements and/or records provided by the petitioner, its agents and/or employees and contained in the file in the Attorney's office. Petitioner is not in the County in which Attorney's office is located. This verification is made pursuant to the provisions of RPAPL 741.

May 30, 2024

ERIC H. KAHAN
**SKH Heiberger LLP**
**Attorneys for Petitioner-Landlord**
**228 East 45th Street**
**14th Floor**
**New York, NY 10017**
**Phone: (917) 351-1335**
**Email: info@sdkhlaw.com**

PR12 -173 -3-A FILE NO: 319978

CIVIL COURT OF CITY OF NEW YORK
COUNTY OF NEW YORK HOUSING PART

HERITAGE HOUSES DEVELOPMENT L.P.

*Petitioner (Landlord),*

Index No. L/T

against

TANEQUA CARTHENS

*Respondent (Tenant)*

Address:

56 EAST 131ST STREET
APT. 3-A
NEW YORK , NY 10037

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 208.4-a)

**You have received this Notice because:**

- o The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York Courts e-filing system, and
- o You are a defendant/Respondent (a party) in this case.

**If you are represented by an attorney:** give this Notice to your attorney (Attorneys: see "Information for Attorneys" pg 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

**Benefits of E-Filing**

You can:

- o serve and file your documents electronically
- o view your case file on-line
- o limit the number of trips to the courthouse
- o pay any court fees on-line

There are no additional fees to file, view, or print you case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- o visit www.nycourts.gov/efile-unrepresented or
- o go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact NYSCEF Resource Center (phone: 646 386-3033; email: efile@nycourts.gov).

Dated: May 30, 2024

| | |
|---|---|
| Name | ERIC H. KAHAN |
| Firm Name | SKH Heiberger LLP |
| Address: | 228 East 45th Street<br>14th Floor<br>New York, NY 10017 |
| Phone | (917) 351-1335 |
| Email | info@sdkhlaw.com |

TO: TANEQUA CARTHENS
56 EAST 131ST STREET
APT. 3-A
NEW YORK , NY 10037

7/19/19

Index # Page 2 of 2 EFCIV-3

PR12 -173 -3-A FILE NO: 319978

TRIBUNAL CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE NEW YORK: PARTE DE LA VIVIENDA

HERITAGE HOUSES DEVELOPMENT L.P.
*Parte Demandante,*

contra

TANEQUA CARTHENS

*Parte Demandada*
Dirección

56 EAST 131ST STREET
APT. 3-A
NEW YORK , NY 10037

Numero de Indice L/T

**Aviso Presentación Electrónica**
**(Causa mutuo acuerdo)**
(Regla Uniforme §208.4-a)

**Ha recibido este aviso porque:**

- La parte demandante anteriormente nombrada ha iniciado este caso utilizando el sistema de presentación electrónica de demandas (e-filing) de los Tribunales del estado de Nueva York, y
- Usted es una de las partes demandadas en esta causa

**Si cuenta con representación legal:** entréguele este aviso a su abogado(a) (Abogados: véase "Información para Abogados" en la segunda página.)

**Si no cuenta con representación legal:** no se le requiere presentar su demanda por medios electrónicos. Podrá presentar y entregar sus documentos impresos. No obstante como una de las partes del caso podrá presentar su causa por medios electrónicos.

**Beneficios de la presentación electrónica (e-filing)**

Puede:
- entregar y presentar sus documentos por medios electrónicos
- ver su caso en línea
- limitar sus viajes al tribunal
- pagar costos judiciales en línea

No hay cobros adicionales para presentar, ver o imprimir el expediente judicial.

Para inscribirse en la presentación electrónica (e-filing) o para más información sobre cómo funciona:

- visite www.nycourts.gov/efile-unrepresented o
- Preséntese al centro de ayuda o a la secretaría del tribunal. Para información legal para litigantes por derecho proprio visite: www.nycourthelp.gov

## Información Para Abogados(as)

El(la) abogado(a) que represente a una de las partes de una demanda ya notificada de este aviso debe aceptar o rechazar la presentación y la entrega electrónica de los documentos a través del sistema de presentación electrónica de demandas (e-filing) de los Tribunales del estado de NY (NYSCEF).

Los/las abogados(as) registrados(as) con NYSCEF pueden dar su consentimiento por medio electrónico según las directivas dadas en el sitio web del NYSCEF. Los/las abogados(as) que non están registrados(as) con el NYSCEF con intenciones de participar en la presentación electrónica deberán crear una cuenta y obtener una identificación de usario y contraseña en www.nycourts.gov/efile antes de dar su consentimiento.

Los/las abogados(as) que se nieguen a dar su consentimiento de entrega deben presentar al tribunal y a todo participante un aviso de la declinación de consentimiento.

Para más información sobre la presentación electrónica de demandas o sobre cómo crear una cuenta NYSCEF, visite el sitio web www.nycourts.gov/efile o comuníquese con el Centro de Recursos del NYSCEF (teléfono: 646-386-3033; correo electrónico: efile@nycourts.gov).

Fechado: Mayo 30, 2024

| | |
|---|---|
| Nombre | ERIC H. KAHAN |
| Nombre del Bufete de Abogados | SKH Heiberger LLP |
| Dirección: | 228 East 45th Street<br>14th Floor<br>New York, NY 10017 |
| Telefono: | (917) 351-1335 |
| Correo Electrónico: | info@sdkhlaw.com |

Para: TANEQUA CARTHENS
56 EAST 131ST STREET
APT. 3-A
NEW YORK , NY 10037

Numero de Indice: Página 2 de 2 7/21/20

PR12 -173 -3-A FILE NO: 319978

## *NOTICE AND/OR REQUEST*
## *TO COMMENCE EVICTION PROCEEDINGS*

*TO:* TANIQUA CARTHENS *HPD #* ______

56 EAST 131ST STREET 3A

NEW YORK, NY 10037

***PLEASE TAKE NOTICE,*** *that you are justly indebted and required to pay the Landlord of the* above describedpremises the sum of $ **11,995.36** for rent of said premises through **Apr-24**

**A COPY OF RENT HISTORY ANNEXED HERETO FOR THE PERIOD OF SEE BREAKDOWN**

***PLEASE TAKE FURTHER NOTICE, that you are required to pay said sum within thirty (30)*** working days from the service of this Notice or to give up possession of the premises to the Landlord.

***PLEASE TAKE FURTHER NOTICE, that in the event you fail to comply fully with this Notice the*** Landlord will commence legal proceedings to collect this sum and/or recover possession of the premises. If legal proceedings are commenced you have the right to be represented by an attorney and may raise any defense recognized under law.

***XXXXXXX*** Regulations of the Department of Housing and Urban Development and/or New York Department of Housing Preservation and Development are applicable to this apartment unit and you are afforded opportunity to discusss the proposed termination of tenancy with the landlord within thirty (30) days from the date notice is served upon you.

**PLEASE NOTE THAT THIS THIRTY (30) DAY PERIOD DOES NOT ENLARGE OR EFFECT YOUR OBLIGATION TO COMPLY WITH THE PAYMENT DEMANDED HEREUNDER WITHIN THE PREVIOUSLY NOTED THIRTY (30) DAY TIME PERIOD.**

***Petitioners Address:***

HERITAGE HOUSES DEVELOPMENT L.P. ***Landlord***

***By:***

***SKH Heiberger, LLP***
***Eric H. Kahan***
***228 East 45th Street, 14th Floor***
***New York, New York 10017***
***(917)351-1335***

***cc: Director of Rent Subsidies***
***100 Gold Street***
***New York, NY 10038***

Building Number: 56E131
Unit Number: 3A

Tenant Ledger
CARTHENS, TANEQUA

HPD.

Page 1 Of 2
Printed: 03/19/24 at 11:13am

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
| | | | July 2022 | | | | | |
| Opening Balance | | | | | | | | 271.38 |
| 07/01/22 | SYS | BILL | 07/01/22 | Rent | 1,528.38 | | | 1,799.76 |
| 07/01/22 | SYS | BILL | 07/01/22 | Sec. 8 | -1,257.00 | | | 542.76 |
| | | | August 2022 | | | | | |
| Opening Balance | | | | | | | | 542.76 |
| 08/01/22 | SYS | BILL | 08/01/22 | Rent | 1,528.38 | | | 2,071.14 |
| 08/01/22 | SYS | BILL | 08/01/22 | Sec. 8 | -1,257.00 | | | 814.14 |
| | | | September 2022 | | | | | |
| Opening Balance | | | | | | | | 814.14 |
| 09/01/22 | SYS | BILL | 09/01/22 | Rent | 1,528.38 | | | 2,342.52 |
| 09/01/22 | SYS | BILL | 09/01/22 | Sec. 8 | -1,257.00 | | | 1,085.52 |
| | | | October 2022 | | | | | |
| Opening Balance | | | | | | | | 1,085.52 |
| 10/01/22 | SYS | BILL | 10/01/22 | Rent | 1,528.38 | | | 2,613.90 |
| 10/01/22 | SYS | BILL | 10/01/22 | Sec. 8 | -1,257.00 | | | 1,356.90 |
| 10/01/22 | 98715 | ADJ | 10/15/22 | Adj Db-Subsidy | 1,257.00 | | | 2,613.90 |
| | | | November 2022 | | | | | |
| Opening Balance | | | | | | | | 2,613.90 |
| 11/01/22 | SYS | BILL | 11/01/22 | Rent | 1,528.38 | | | 4,142.28 |
| 09/01/22 | 2814 | ADJ | 11/30/22 | Adj Db-Subsidy | 1,257.00 | | | 5,399.28 |
| | 2814 | Reapplied | 11/30/22 | | | | 0.00 | 5,399.28 |
| | | | December 2022 | | | | | |
| Opening Balance | | | | | | | | 5,399.28 |
| 12/01/22 | SYS | BILL | 12/01/22 | Rent | 1,528.38 | | | 6,927.66 |
| | | | January 2023 | | | | | |
| Opening Balance | | | | | | | | 6,927.66 |
| 01/01/23 | SYS | BILL | 01/01/23 | Rent | 1,528.38 | | | 8,456.04 |
| | 6683 | PAID | 01/17/23 | | | 4764 | 260.00 | 8,196.04 |
| | | | February 2023 | | | | | |
| Opening Balance | | | | | | | | 8,196.04 |
| 02/01/23 | SYS | BILL | 02/01/23 | Rent | 1,528.38 | | | 9,724.42 |
| 02/01/23 | 9643 | ADJ | 02/15/23 | Adj Cr-Subsidy | -1,257.00 | | | 8,467.42 |
| | | | March 2023 | | | | | |
| Opening Balance | | | | | | | | 8,467.42 |
| 03/01/23 | SYS | BILL | 03/01/23 | Rent | 1,528.38 | | | 9,995.80 |
| 03/01/23 | SYS | BILL | 03/01/23 | Sec. 8 | -1,257.00 | | | 8,738.80 |
| | | | April 2023 | | | | | |
| Opening Balance | | | | | | | | 8,738.80 |
| 04/01/23 | SYS | BILL | 04/01/23 | Rent | 1,528.38 | | | 10,267.18 |
| 04/01/23 | SYS | BILL | 04/01/23 | Sec. 8 | -1,257.00 | | | 9,010.18 |
| | | | May 2023 | | | | | |
| Opening Balance | | | | | | | | 9,010.18 |
| 05/01/23 | SYS | BILL | 05/01/23 | Rent | 1,528.38 | | | 10,538.56 |
| 05/01/23 | SYS | BILL | 05/01/23 | Sec. 8 | -1,257.00 | | | 9,281.56 |
| | | | June 2023 | | | | | |
| Opening Balance | | | | | | | | 9,281.56 |
| 06/01/23 | SYS | BILL | 06/01/23 | Rent | 1,528.38 | | | 10,809.94 |
| 06/01/23 | SYS | BILL | 06/01/23 | Sec. 8 | -1,257.00 | | | 9,552.94 |
| | | | July 2023 | | | | | |
| Opening Balance | | | | | | | | 9,552.94 |
| 07/01/23 | SYS | BILL | 07/01/23 | Rent | 1,528.38 | | | 11,081.32 |
| 07/01/23 | SYS | BILL | 07/01/23 | Sec. 8 | -1,257.00 | | | 9,824.32 |
| | | | August 2023 | | | | | |
| Opening Balance | | | | | | | | 9,824.32 |

Building Number: 56E131
Unit Number: 3A

Tenant Ledger
CARTHENS, TANEQUA

Page 2 Of 2
Printed: 03/19/24 at 11:13am

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
| 08/01/23 | SYS | BILL | 08/01/23 | Rent | 1,528.38 | | | 11,352.70 |
| 08/01/23 | SYS | BILL | 08/01/23 | Sec. 8 | -1,257.00 | | | 10,095.70 |
| | | | September 2023 | | | | | |
| Opening Balance | | | | | | | | 10,095.70 |
| 09/01/23 | SYS | BILL | 09/01/23 | Rent | 1,528.38 | | | 11,624.08 |
| 09/01/23 | SYS | BILL | 09/01/23 | Sec. 8 | -1,257.00 | | | 10,367.08 |
| | | | October 2023 | | | | | |
| Opening Balance | | | | | | | | 10,367.08 |
| 10/01/23 | SYS | BILL | 10/01/23 | Rent | 1,528.38 | | | 11,895.46 |
| 10/01/23 | SYS | BILL | 10/01/23 | Sec. 8 | -1,257.00 | | | 10,638.46 |
| | | | November 2023 | | | | | |
| Opening Balance | | | | | | | | 10,638.46 |
| 11/01/23 | SYS | BILL | 11/01/23 | Rent | 1,528.38 | | | 12,166.84 |
| 11/01/23 | SYS | BILL | 11/01/23 | Sec. 8 | -1,257.00 | | | 10,909.84 |
| | | | December 2023 | | | | | |
| Opening Balance | | | | | | | | 10,909.84 |
| 12/01/23 | SYS | BILL | 12/01/23 | Rent | 1,528.38 | | | 12,438.22 |
| 12/01/23 | SYS | BILL | 12/01/23 | Sec. 8 | -1,257.00 | | | 11,181.22 |
| | | | January 2024 | | | | | |
| Opening Balance | | | | | | | | 11,181.22 |
| 01/01/24 | SYS | BILL | 01/01/24 | Rent | 1,528.38 | | | 12,709.60 |
| 01/01/24 | SYS | BILL | 01/01/24 | Sec. 8 | -1,257.00 | | | 11,452.60 |
| | | | February 2024 | | | | | |
| Opening Balance | | | | | | | | 11,452.60 |
| 02/01/24 | SYS | BILL | 02/01/24 | Rent | 1,528.38 | | | 12,980.98 |
| 02/01/24 | SYS | BILL | 02/01/24 | Sec. 8 | -1,257.00 | | | 11,723.98 |
| | | | March 2024 | | | | | |
| Opening Balance | | | | | | | | 11,723.98 |
| 03/01/24 | SYS | BILL | 03/01/24 | Rent | 1,528.38 | | | 13,252.36 |
| 03/01/24 | SYS | BILL | 03/01/24 | Sec. 8 | -1,257.00 | | | 11,995.36 |

PRESTIGE MANAGEMENT INC.
Management Office
56 East 131st Street
New York, NY 10037

## NOTICE TO TENANT OF APPLICABILITY OR INAPPLICABILITY OF THE NEW YORK STATE GOOD CAUSE EVICTION LAW

This notice, provided to you pursuant to the requirements of RPL 231-c, RPL 226-c, and the New York State Good Cause Eviction Law (Article 6-A of the Real Property Law), does not constitute legal advice. You may wish to consult a lawyer if you have any questions about your rights under the New York State Good Cause Eviction Law or about this notice.

This notice from your landlord serves to notify you of the applicability of the New York State Good Cause Eviction Law (Article 6-A of the Real Property Law) to your unit/apartment/home and, if applicable, the reason permitted under the New York State Good Cause Eviction Law that your landlord is not renewing your lease. Even if your apartment is not protected by Article 6-A, you may have other rights under other local, state, or federal laws and regulations concerning rents and evictions.

This notice does not vitiate any prior litigation notices or pleading served upon you, nor does this notice revive or reinstate any previously terminated tenancy. The word "tenant" as recited in the notice is solely for identification purposes and not a statement of legal status. No admissions or concessions of an owner right or remedy may be construed from the text or sending of this notice.

1. IS THIS UNIT SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW?

_____YES

X___NO

2. IF THE UNIT IS EXEMPT FROM ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, WHY IS IT EXEMPT FROM THAT LAW? (PLEASE MARK

ALL APPLICABLE EXEMPTIONS)

_____Village/Town/City outside of New York City has not adopted good cause eviction under section 213 of the Real Property Law;

_____Unit is owned by a "small landlord," as defined in subdivision 3 of section 211 of the Real Property Law, who owns no more than 10 units for small landlords located in New York City or the number of units established as the maximum amount a "small landlord" can own in the state by a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, or no more than 10 units, as applicable.

_____Unit is located in an owner-occupied housing accommodation with no more than 10 units (exemption under subdivision 2 of section 214 of the Real Property Law);

__X___Unit is subject to regulation of rents or evictions pursuant to local, state, or federal law (exemption under subdivision 5 of section 214 of the Real Property Law);

_____Unit must be affordable to tenants at a specific income level pursuant to statute, regulation, restrictive declaration, or pursuant to a regulatory agreement with a local, state, or federal government entity(exemption under subdivision 6 of section 214 of the Real Property Law);

_____Unit is on or within a housing accommodation owned as a condominium or cooperative, or unit is on or within a housing accommodation subject to an offering plan submitted to the office of the attorney general (exemption under subdivision 7 of section 214 of the Real Property Law);

_____Unit is in a housing accommodation that was issued a temporary or permanent certificate of occupancy within the past 30 years (only if building received the certificate on or after January 1st, 2009) (exemption under subdivision 8 of section 214 of the Real Property Law);

Case 1:25-cv-08489-JGK-GS Document 122-43 Filed 09/30/26 Page 12 of 18

_____Unit is a seasonal use dwelling unit under subdivisions 4 and 5 of section 7-108 of the General Obligations Law (exemption under subdivision 9 of section 214 of the Real Property Law);

_____Unit is in a hospital as defined in subdivision 1 of section 2801 of the Public Health Law, continuing care retirement community licensed pursuant to Article 46 or 46-A of the Public Health Law, assisted living residence licensed pursuant to Article 46-B of the Public Health Law, adult care facility licensed pursuant to Article 7 of the Social Services Law, senior residential community that has submitted an offering plan to the attorney general, or not-for-profit independent retirement community that offers personal emergency response, housekeeping, transportation and meals to their residents (exemption under subdivision 10 of section 214 of the Real Property Law);

_____Unit is a manufactured home located on or in a manufactured home park as defined in section 233 of the Real Property Law (exemption under subdivision 11 of section 214 of the Real Property Law);

_____Unit is a hotel room or other transient use covered by the definition of a class B multiple dwelling under subdivision 9 of section 4 of the Multiple Dwelling Law (exemption under subdivision 12 of section 214 of the Real Property Law);

_____Unit is a dormitory owned and operated by an institution of higher education or a school (exemption under subdivision 13 of section 214 of the Real Property Law);

_____Unit is within and for use by a religious facility or institution (exemption under subdivision 14 of section 214 of the Real Property Law);

_____Unit has a monthly rent that is greater than the percent of fair market rent established in a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York Good Cause Eviction Law, or 245 percent of the fair market rent, as applicable. Fair market rent refers to the figure published

by the United States Department of Housing and Urban Development, for the county in which the housing accommodation is located, as shall be published by the Division of Housing and Community Renewal no later than August 1st in any given year. The Division of Housing and Community Renewal shall publish the fair market rent and 245 percent of the fair market rent for each unit type for which such fair market rent is published by the United States Department of Housing and Urban Development for each county in New York State in the annual publication required pursuant to subdivision 7 of section 211 of the Real Property Law (exemption under subdivision 15 of section 214 of the Real Property Law);

3. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES, WHAT IS THE LANDLORD'S JUSTIFICATION FOR INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES? (PLEASE MARK AND FILL OUT THE APPLICABLE RESPONSE)

_____The rent is not being increased above the threshold for presumptively unreasonable rent increases described above:

_____The rent is being increased above the threshold for presumptively unreasonable rent increases described above for the following reasons:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

____________________________________________

4. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS NOT RENEWING A LEASE, WHAT IS THE GOOD CAUSE FOR NOT RENEWING THE LEASE? (PLEASE MARK ALL APPLICABLE REASONS)

_____The landlord is not renewing the lease because the unit is sublet and the sublessor seeks in good faith to recover possession of the unit for their own personal use and occupancy (exemption under subdivision 3 of section 214 of the Real Property Law):

_____The landlord is not renewing the lease because the possession, use or occupancy of the unit is solely incident to employment and the employment is being or has been lawfully terminated (exemption under subdivision 4 of section 214 of the Real Property Law):

_____The landlord is not renewing the lease because the tenant has failed to pay rent due and owing, and the rent due or owing, or any part there- of, did not result from a rent increase which is unreasonable. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published not later than August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent (good cause for eviction under paragraph a of subdivision 1 of section 216 of the Real Property Law):

_____The landlord is not renewing the lease because the tenant is violating a substantial obligation of their tenancy or breaching any of the landlord's rules and regulations governing the premises, other than the obligation to surrender possession of the premises, and the tenant has failed to cure the violation after written notice that the violation must cease within 10 days of receipt of the written notice. For this good cause to apply, the obligation the tenant violated cannot be an obligation that was imposed for the purpose of circumventing the intent of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law. The landlord's rules or regulations that the tenant has violated also must be reasonable and have been accepted in writing by the tenant or made a part of the lease at the beginning of the lease term (good cause for eviction under paragraph b of subdivision 1 of section 216 of the Real Property Law):

_____The landlord is not renewing the lease because the tenant is either(a) committing or permitting a nuisance on the unit or the premises; (b)maliciously or grossly negligently causing substantial damage to the unit or the premises; (c) interfering with the landlord's, another tenant's, or occupants of the same or an adjacent building or structure's comfort and safety (good cause for eviction under paragraph c of subdivision 1 of section 216 of the Real Property Law):

_____The landlord is not renewing the lease because the tenant's occupancy of the unit violates law and the landlord is subject to civil or criminal penalties for continuing to let the tenant occupy the unit. For this good cause to apply, a state or municipal agency having jurisdiction must have issued an order requiring the tenant to vacate the unit. No tenant shall be removed from possession of a unit on this the court finds that the cure of the violation of law requires the removal of the tenant and that the landlord did not, through neglect or deliberate action or failure to act, create the condition necessitating the vacate order. If the landlord does not try to cure the conditions causing the violation of the law, the tenant has the right to pay or secure payment, in a manner satisfactory to the court, to cure the violation. Any tenant expenditures to cure the violation shall be applied against rent owed to the landlord. Even if removal of a tenant is absolutely essential to the tenant's health and safety, the tenant shall be entitled to resume possession at such time as the dangerous conditions have been removed. The tenant also retains the right to bring an action for monetary damages against the landlord or to otherwise compel the landlord to comply with all applicable state or municipal housing codes (good cause for eviction under paragraph d of subdivision 1 of section 216 of the Real Property Law):

_____The landlord is not renewing the lease because the tenant is using or permitting the unit or premises to be used for an illegal purpose (good cause for eviction under paragraph e of subdivision 1 of section 216 of the Real Property Law):

_____The landlord is not renewing the lease because the tenant has unreasonably refused the landlord access to the unit for the purposes of making necessary repairs or improvements required by law or for the purposes of showing the premises to a prospective purchaser, mortgagee, or other person with a legitimate interest in the premises (good cause for eviction under paragraph f of subdivision 1 of section 216 of the Real Property Law):

______The landlord is not renewing the lease because the landlord seeks in good faith to recover possession of the unit for the landlord's personal use and occupancy as the landlord's principal residence, or for the personal use and occupancy as a principal residence by the landlord's spouse, domestic partner, child, stepchild, parent, step-parent, sibling, grandparent, grandchild, parent-in-law, or sibling-in-law. The landlord can only recover the unit for these purposes if there is no other suitable housing accommodation in the building that is available. Under no circumstances can the landlord recover the unit for these purposes if the tenant is (a) 65 years old or older; or (b) a "disabled person" as defined in subdivision 6 of section 211 of the Real Property Law. To establish this good cause in an eviction proceeding, the landlord must establish good faith to recover possession of a housing accommodation for the uses described herein by clear and convincing evidence(good cause for eviction under paragraph g of subdivision 1 of section 216 of the Real Property Law);

______The landlord is not renewing the lease because the landlord in good faith seeks to demolish the housing accommodation. To establish this good cause in an eviction proceeding, the landlord must establish good faith to demolish the housing accommodation by clear and convincing evidence (good cause for eviction under paragraph h of subdivision 1 of section 216 of the Real Property Law):

______The landlord is not renewing the lease because the landlord seeks in good faith to withdraw the unit from the housing rental market. To establish this good cause in an eviction proceeding, the landlord must establish good faith to withdraw the unit from the rental housing market by clear and convincing evidence (good cause for eviction under paragraph i of subdivision 1 of section 216 of the Real Property Law):

______The landlord is not renewing the lease because the tenant has failed to agree to reasonable changes at lease renewal, including reasonable increases in rent, and the landlord gave written notice of the changes to the lease to the tenant at least 30 days, but no more than 90 days, before the current lease expired. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage

change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published by August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent(good cause for eviction under paragraph j of subdivision 1 of section 216 of the Real Property Law):

HERITAGE HOUSES DEVELOPMENT L.P.

Index #:

# AFFIDAVIT OF *Conspicuous* SERVICE

**FELIX VAZQUEZ**
**Lic # 2097885**
**BROOKLYN**

State of New York, County of Queens ss:

I **FELIX VAZQUEZ** Being duly sworn, deposes and says that deponent is not party to this proceeding, is over 18 years of age and resides in BROOKLYN , New York

That on **April 25, 2024** at **07:12 AM**

At the property sought to be recovered at: **56 EAST 131ST STREET NEW YORK NY 10037** Apt# **3A**

The: **NOTICE AND/OR REQUEST TO COMMENCE EVICTION PROCEEDINGS**

Was served on: **TANIQUA CARTHENS**

[ ] Personal service on Individual: Individually served the within-named person with true copy(ies) of the paper(s) aforementioned.

[ ] Deponent was unable to serve:

Additional respondents by personal delivery but by gaining admittance to said property and delivering and leaving a true copy thereof for each respondent personally with aforementioned respondent who was willing to accept same and was of suitable age and discretion who thereat ...thereby completing service to all respondents.

[ ] Suitable age person: substitute served by delivering thereat a true copy for each respondent personally with ' ' , a person of suitable age and discretion, who was willing to receive same and who at said property.

[X] Posted on door: By affixing a true copy thereof for each respondent on a conspicuous part to wit: the entrance door of said property, the tenant(s)/occupant(s) place of business. premises is recipients *dwelling* within state. Deponent was unable to find respondent(s) or to find a person of suitable age and discretion who *resided* thereat during either of the two service attempts made on the following dates...

Prior Attempt Made On: **April 24, 2024** at: **03:19 PM**

Second Attempt Made On: **April 25, 2024** at: **07:12 AM**

Approx. Description: Sex: Skin color: Age: Height: Weight: Hair:

other identifying features / comments:

[X] State of New York, County of Queens, being duly sworn and says that I am not a party to this action and I am over 18 years of age.

On **April 26, 2024** I mailed a true copy to each respondent of the above mentioned notification properly enclosed, addressed, and mailed in postpaid envelopes by regular first class and certified mail **(marked personal and confidential)** within New York State to each respondent at the address sought to be recovered which is respondents residence or corporate respondent(s) principal office or principal place of business.

Additional copies mailed regular and certified to:

**DIRECTOR OF RENT SUBSIDIES** **100 GOLD STREET** **NEW YORK** **NY** **10038**

**FELIX VAZQUEZ**
**Lic # 2097885**
**BROOKLYN**

**Sworn to before me on:**

**April 26, 2024**

Yasodra Seenarine
Notary Public State of New York
No. 01SE6163476
Qualified in Queens County Commission expiration 03/26/27

**SP**

A&M ACCUSERVICE INC
LIC# 2033461
2444 78TH STREET FL 1
EAST ELMHURST, NY, 11370