**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------X
LEONARDA GARCIA,

Plaintiff,

-against-

ERIC H. KAHAN, *et al.*,

Defendants.
----------------------------------------------------------------------X

**25 Civ. 8489 (JGK) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of two motions to quash filed by Prestige Management, LLC ("Prestige"). (Dkt. Nos. 111, 116). The Court decides these motions as follows:

1. Prestige's request to quash Plaintiff's non-party subpoena issued to the New York City Department of Housing Preservation and Development (Dkt. No. 111) is **DENIED** as moot, as Plaintiff represents that the subpoena has been withdrawn (Dkt No. 114 at 1).
2. Prestige's request to quash Plaintiff's August 27, 2026 non-party subpoena issued to Abyssinian Development Corp. has not been opposed by Plaintiff. This request is therefore **GRANTED** and the subpoena is **QUASHED**.
3. In both of its motions, Prestige contends that Plaintiff has been improperly seeking discovery from non-parties concerning other tenants of Prestige. Prestige seeks an order prohibiting Plaintiff from using any such information "surreptitiously obtained," including for the purpose of reasserting her General Business Law ("GBL") § 349 claim against Prestige (dismissed by

Judge Koeltl in his June 15, 2026 Memorandum Opinion and Order) in an amended complaint. (Dkt. No. 113 at 2, 9; Dkt. No. 118 at 1). However, as Prestige acknowledges, it does not know exactly what information Plaintiff has obtained, or what information would be used by Plaintiff and how. (*See* Dkt. No. 113 at 8; Dkt. No. 118 at 11). The Court believes that any limitations on Plaintiff's use of information she obtained about other tenants through discovery of non-parties should be decided in the context of a concrete controversy, not in the abstract. Accordingly, these requests are **DENIED** without prejudice. The Court notes that Plaintiff has now filed her First Amended Complaint, which, *inter alia*, reasserts Plaintiff's GBL § 349 claim against Prestige. (Dkt. No. 122). If Prestige believes that the First Amended Complaint includes information that was improperly obtained and is being improperly used by Plaintiff, it may file a motion to strike those allegations from Plaintiff's new pleading or seek other appropriate relief.

The Court intends to schedule a case management conference to determine the next steps in this action following Defendants' response to Plaintiff's Amended Complaint.

**SO ORDERED.**

DATED: New York, New York
October 7, 2026

[signature]

The Honorable Gary Stein
United States Magistrate Judge