# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
LEONARDA GARCIA,

Civil Action No. 1:25-cv-08489-JGK-GS

Plaintiff,

-against-

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP,
PRESTIGE MANAGEMENT, INC., and
ARTHUR RANSOME HOUSING CORPORATION

Defendants.
----------------------------------------------------------x

**PLAINTIFF'S NOTICE OF SUBPOENA TO PRESTIGE MANAGEMENT, INC.**

Plaintiff, LEONARDA GARCIA, serves the above-referenced discovery instrument to the above-referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
/s/
Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court Street, Suite 2600
Brooklyn, NY 11241
Phone: (347) 308-4859
Fax: (877) 496-7809 (toll-free)
Email: ahmad@newyorkconsumerattorney.com

**C E R T I F I C A T E  O F  S E R V I C E**

I hereby certify that on this day I served the above referenced document to the parties listed below via email to:

***Former Attorneys of Record for Prestige Management, Inc.***

Sarah Igarashi
Rachel Aghassi
Furman Kornfeld & Brennan LLP
61 Broadway, 26th Floor
New York, NY 10006

sigarashi@fkblaw.com
raghassi@fkblaw.com

Date: October 20, 2026
Brooklyn, NY
/s/
Ahmad Keshavarz
*Counsel for Plaintiff*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

LEONARDA GARCIA
*Plaintiff*
v.
ERIC H. KAHAN, et al.,
*Defendant*

Civil Action No. 1:25-CV-08489-JGK-GS

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Prestige Management, Inc., 1776 Eastchester Road, Suite 210, Bronx, NY 10461

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: The Law Office of Ahmad Keshavarz<br>16 Court St., 26th Fl, Brooklyn, NY 11241 (or via Zoom) | Date and Time:<br>11/02/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and via Zoom, with video recording

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached rider.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/20/2026

*CLERK OF COURT*

OR

/s/ Ahmad Keshavarz

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Leonarda Garcia , who issues or requests this subpoena, are:

Ahmad Keshavarz, 16 Court St., 26th Fl, Brooklyn, NY 11241, ahmad@newyorkconsumerattorney.com, 347-308-4859

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:25-CV-08489-JGK-GS

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## AMENDED DEFINITIONS AND INSTRUCTIONS

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

2. "**Plaintiff**" means the Plaintiff in this federal lawsuit, Leonarda Garcia.

3. "**Defendants**" means all defendants in this federal lawsuit: Eric H. Kahan, Sperber Kahan Law Group PLLC, Arthur Ransome Houses LP, Prestige Management, Inc. ("Prestige"), and Arthur Ransome Housing Corporation.

4. "**Landlord Defendants**" means Prestige Management, Inc., Arthur Ransome Houses LP, and Arhtur Ransome Housing Corporation.

5. "**Attorney Defendants**" means Eric H. Kahan and Sperber Kahan Law Group PLLC, including various incarnations of Mr. Kahan's firm during the course of the collection activities noted in the Original Complaint [Dkt. No. 1] in this action.[1]

6. "**Abyssinian**" means Abyssinian Development Corporation, as referred to in the First-Amended Complaint in this action.

7. "**Building**" means the property bearing the address 151 West 123rd Street, New York, New York 10027.

8. "**You**", "**you**", "**Your**" or "**your**" means the person this subpoena is directed to, the person's successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding person or its successors, predecessors, divisions, and subsidiaries.

9. "**Possession, custody, or contro**l" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[2]

---

[1] Mr. Kahan's firm changed during the course of the collection activities from SDK Heiberger LLP, to SKH Heiberger LLP, and finally Sperber Kahan Law Group PLLC. This federal action was brought against the most recent incarnation of the firm for activities from approximately April 1, 2024 onward, as the prior incarnations of the firm no longer exist. However, for simplicity this discovery instrument will use the term "Attorney Defendants" to apply to Mr. Kahan and the various incarnations of his firm.

[2] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'" *MTB Bank v. Federal Armored Express*, 93 Civ. 5594 (LBS), 1998 WL 43125 at * 4 (S.D.N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.'"). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391 at * 2 (S.D.N.Y. July 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order,

10. The term the "**2025 Putative Debt**" means the Putative Debt alleged in the documents attached as Exhibit Y and Exhibit Z to the Original Complaint in this action.
11. The term the "**2024 Putative Debt**" means the Putative Debt alleged in the state court case captioned *Arthur Ransome Houses L.P. against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.
12. The term the "**2023 Putative Debt**" means the Putative Debt alleged in the state court case captioned *Arthur Ransome Houses LP against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.
13. The term the "**2023 Lawsuit**" means the state court case captioned *Arthur Ransome Houses LP against Leonarda Garcia,* LT-308781-23/NY in New York County Civil Court Housing Part.
14. The term the "**2024 Lawsuit**" means the state court case captioned *Arthur Ransome Houses LP against Leonarda Garcia,* LT-319223-24/NY in New York County Civil Court Housing Part.
15. The term the "**Lawsuits**" means the 2023 Lawsuit and the 2024 Lawsuit.
16. The term the "**2025 Collection Letter**" means the document attached as Exhibit Y to the Original Complaint in this action.
17. The term the "**2025 Certification to HPD**" means the May 2, 2025 pre-suit certification to HPD, notifying them of their intent to pursue a nonpayment eviction proceeding against Ms. Garcia, attached as Exhibit Z to the Original Complaint in this action (a copy of which was included with the "**2025 Collection Letter**" mailed to Ms. Garcia.)
18. The term the "**2025 Billing Statements**" means the rent billing statements dated 03/28/2025 and 06/20/2025 attached as Exhibit X and Exhibit BB to the Original Complaint in this action.
19. The term "**Fourteen Day Notice**" means the documents with that name dated April 3, 2023 attached to the 2023 Lawsuit, NYSCEF Doc. No. 1, p. 9.
20. The term "**Eviction Notice**" means the document entitled Notice and/or Request to Commence Eviction Proceedings, including the "breakdown" referenced therein attached to the 2024 Lawsuit and filed as NYSCEF Doc. No. 1, pp. 17-20.
21. The term "**Pre-Petition Notice**" means the Eviction Notice, the 2025 Collection Letter, the 2025 Certification to HPD, and/or a letter that is the same or substantially similar to the 2025 Certification to HPD and made to the New York City Department of Housing of Preservation and Development or the New York City Housing Authority.
22. The term the "**Rent Seeking Documents**" means the 2023 Lawsuit, the 2024 Lawsuit, the 2025 Collection Letter, the 2025 Certification to HPD, the 2025 Billing Statements, the Fourteen Day Notice, and the Eviction Notice.

---

produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.").

23. The term the "**Rent Ledger**" means a document that is the same or substantially similar to the document attached as Exhibit S to the Original Complaint in this action.

24. The term the "**Putative Debt**" means the rental arrears the Attorney Defendants or the Landlord Defendants alleged are or were owed by Plaintiff including, inter alia, the debts sought to be collected in the Rent Seeking Documents.

25. "**Section 8**" means the federal housing subsidy program created 42 U.S.C. § 1437 and regulated by 24 C.F.R. § in which participants' monthly rent is subsidized by the government.

26. "**Public Housing Agency**" or "**PHA**" means the state or local governmental entity that administers the Section 8 program. Examples include NYCHA, HUD, HPD, DHCR, CDCLI.

27. "**NYCHA**" means New York City Housing Authority, a PHA that administers Section 8.

28. "**HPD**" means New York City Department of Housing of Preservation and Development, a PHA that administers Section 8.

29. "**HQS Violations**" means Housing Quality Standards violations.

30. "**Tenant Share**" means the rental portion a Section 8 participant is responsible for paying to the landlord, which is 30% of the tenant's income.

31. "**Section 8 Share**" means the rental portion the PHA is responsible to pay the landlord pursuant to a tenant's Section 8 participation.

32. The term "**Non-payment Proceeding**" means an action filed by Sperber Kahan Law Group PLLC, or its predecessors as counsel to the Landlord Defendants, that includes a demand for rent alleged to be due pursuant the alleged breach of a lease.

33. "**Identify**" **as to non-payment proceedings** means the caption and index number of the Petition in the Non-Payment Proceeding and the total number of the Non-Payment Proceedings.

34. "**Eviction Certification Form**" means the certified form that is required to be sent to NYCHA before initiating an eviction proceeding – including a non-payment proceeding – against a NYCHA Section 8 participant, such as the document attached as Exhibit Z to the Original Complaint in this action.

35. **Property Management Services** means services provided by property management companies, such as those Prestige provides for properties, that includes rent collection, rent billing, or obtaining rent payment from tenants.

36. **"Tenant-Only Ledger**," "**Alternate Balance or Subsidy Only Ledger**," and "**Combined Ledgers**" have the meanings set forth in deposition testimony of Princess Palmer, Exhibit EE to the First Amended Complaint (Palmer Dep. pt. 2) 89:21-90:3; 90:7-12; see also 24:20-23 (Tenant Only Ledger), Alternate Balance or Subsidy Only Ledger (87:23-88:6, 89:14-90:3) and Combined Ledger (90:7-12),

37. **Landlord** means the owner of the property in which a tenant resides, including the name the Landlord would use in filing a non-payment petition.

38. When a document production demand asks for "documents sufficient to demonstrate…," you

may use an affidavit to respond to the demand if you wish.

39. These requests are continuing in nature. If any responsive documents come into your possession, custody or control after the service of your responses hereto, said additional documents shall be delivered to the undersigned expeditiously thereafter.

40. If a requested document no longer exists, state the reasons for the document's unavailability or nonexistence. If the requested document is no longer in your possession, identify the location of the document and from whom the document could be obtained.

41. Produce all documents in their original files as they are kept in the usual course of business. If any document produced has been removed from its original location, indicate such on the document produced, or produce a separate index noting the location in which the document was found.

42. Unless otherwise requested in a specific demand, **the Relevant Time Period for the requests is January 1, 2019 to the present**.

43. PLEASE NOTE: If the documents sought exist in an electronic form please produce those documents in their native electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

**Fed.R.Civ.P. 30(b)(6) NOTICE OF DEPOSITION TO PRESTIGE MANAGEMENT, INC.**

Please take notice that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of **PRESTIGE MANAGEMENT, INC. ("Prestige") by the videoconferencing program Zoom or a similar videoconferencing program on November 2, 2026, at 10:00 AM, or at a date and time to be agreed by the parties.** The deposition will be recorded stenographically before a court reporter and will be videotaped. Prestige is directed to designate a corporate representative to testify on its behalf on the following topics:

(NOTE: When this notice seeks information from you, it also equally applies to your agents. Should Prestige designate Arlyane McGlashan or Horace Henry as its corporate representative, Plaintiff will take the deposition of such person in both a 30(b)(1) capacity and a 30(b)(6) capacity to save all parties the expense of a second deposition.)

1. The claims raised in the Original Complaint in this action, and the response and defenses raised by Prestige and the other Defendants in their Answers in this action.
2. The claims raised in the First-Amended Complaint [Dkt. No. 122] in this action, and the response and defenses raised by Prestige and the other Defendants in their Answers in this action.
3. Prestige's substantive answers to Plaintiff's discovery demands, and the factual basis for the answers.
4. The identity of persons listed in Prestige's document production and, if known, in the document production of any person, including the other Defendants, even if identified by abbreviation or code, and whether they work for Prestige or not.
5. The terms of any agreements governing the Putative Debt, the Lawsuits and Rent Seeking Documents, or the HQS Violations in Plaintiff's apartment, including any documents incorporated by reference or supplements or addendums to such agreements.
6. The contents of any documents relating to the Putative Debt, the 2023 Putative Debt, the 2024 Putative Debt, the 2025 Putative Debt, the Lawsuits, the Rent Seeking Documents, or the HQS Violations in Plaintiff's apartment, including any documents incorporated by reference or supplements or addendums to such agreements.
7. Your relationship to and role regarding (i) Plaintiff; (ii) each of the other Defendants; (iii) Abyssinian; and (iv) the Lawsuits and the Rent Seeking Documents. The identity of any other persons so involved (including Defendants, vendors), and the manner in which they are involved.
8. The identity of the current custodian or owner of the documents concerning Plaintiff, the Putative Debt, the 2023 Putative Debt, the 2024 Putative Debt, the 2025 Putative Debt, the Lawsuits, and the Rent Seeking Documents.
9. The identity of every person to whom You communicated with regarding the Putative Debt, the 2023 Putative Debt, the 2024 Putative Debt, the 2025 Putative Debt, the Lawsuits, or the Rent Seeking Documents, when the communications happened, and the sum and

substance of what was communicated, and identify by bate-stamp number the documents that reflect the same.

10. The substance of what You communicated to whom and when either directly or through another person including, without limitation, the other Defendants, regarding Plaintiff, the Putative Debt, the 2023 Putative Debt, the 2024 Putative Debt, the 2025 Putative Debt, the Lawsuits, and the Rent Seeking Documents.

11. Each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

12. The decision:

    a. to file the 2023 Lawsuit,

    b. to file the 2024 Lawsuit,

    c. to send the 2025 Collection Letter,

    d. to send the 2025 Certification to HPD to Plaintiff, and

    e. to send the 2025 Billing Statements.

13. The decision as to how much money should be alleged to be due in:

    a. the 2023 Lawsuit,

    b. the 2024 Lawsuit,

    c. the Rent Ledger,

    d. the 2025 Collection Letter,

    e. the 2025 Certification to HPD,

    f. the rent ledger attached to the 2025 Certification to HPD, and

    g. the 2025 Billing Statements.

14. The information provided to the Attorney Defendants concerning how much Plaintiff owed and how such amount was calculated:

    a. to file the 2023 Lawsuit,

    b. to file the 2024 Lawsuit,

    c. to send the 2025 Collection Letter, and

    d. to send the 2025 Certification to HPD.

15. Why have You brought or caused to bring non-payment proceedings which include the Section 8 Share in the amount alleged to be due?

16. Efforts to address or remedy the alleged HQS Violations in the Building.

17. Any accounting involved in the calculation of rents alleged to be due.

18. How much the Attorney Defendants were paid, or how much the Landlord Defendants or Abyssinian paid for:

    a. the 2023 Lawsuit,

    b. the 2024 Lawsuit,

    c. the 2025 Collection Letter,

    d. the 2025 Certification to HPD, and

    e. the 2025 Billing Statements.

19. The persons who issued the 2025 Billing Statements and the decision to issue them.

20. What share of the amount alleged to be due was due to the Section 8 Share, and what share of the amount alleged to be due was due to the tenant share, in each of the following:

    a. the 2023 Lawsuit,

    b. the 2024 Lawsuit,

    c. the 2025 Collection Letter,

    d. the 2025 Certification to HPD, and

    e. the 2025 Billing Statements.

21. The number of properties You have managed since January 1, 2021.

22. The number of tenants who are beneficiaries of Section 8 program and have lived in properties You have managed since January 1, 2021.

23. Reports generated using Yardi software concerning properties managed by Prestige, including but not limited to the tenant-share-only ledgers, alternate balance or subsidy-only ledgers, the combined ledgers showing both tenant and subsidy activity, ledgers generated using “gross potential billing”, and ledgers generated using net potential billing methods.

24. What documents Prestige has generated concerning properties managed by Prestige, through NYCHA’s Section 8 portal.

25. What documents Prestige has generated concerning properties managed by Prestige, through HPD’s Section 8 portal.

26. What documents You received from NYCHA regarding Housing Quality Standards Inspection and/or Reports for the Building, including Plaintiff’s apartment.

27. What documents You received from HPD regarding Housing Quality Standards Inspection and/or Reports for the Building, including Plaintiff’s apartment.

28. The identity of tenants who are Section 8 beneficiaries and whose accounts were handed over to a lawyer or law firm for potential legal action.

29. Which nonpayment proceedings Prestige has brought or caused to be brought against

tenant seeking Section 8 Share of rent from the tenants, and the identities of such tenants.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE NOTE**: If the documents sought exist in an electronic form (e.g., a database of dates and locations of putative service of process) please produce those documents in its native electronic format. Please produce a privilege log if you are asserting any attorney-client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

Please produce all of the following documents in your possession, custody, or control:

1. Documents regarding Plaintiff, the Putative Debt, or attempts to collect the Putative Debt.
2. The recordings of telephone calls with Plaintiff or any person regarding Plaintiff, the Putative Debt, or attempts to collect the Putative Debt.
3. Your account notes, screen shots, and any other documentation regarding Plaintiff, the Putative Debt, or attempts to collect the Putative Debt.
4. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the Putative Debt.
5. Any contracts or agreements that govern the collection of the Putative Debt.
6. The documents, if any, reflecting your policies and procedures as to consumers or tenants who participate in Section 8.
7. The documents reflecting the policies and procedures in connection with the use of rent ledgers and/or breakdowns such as the Rent Ledgers used in the Lawsuits against Plaintiff.
8. The documents reflecting the policies and procedures in connection with the 2025 Collection Letter, including any template or program used to generate the letter.
9. The documents reflecting the policies and procedures in connection with the 2025 Collection Letter, including any template or program used specifically for tenants who participate in Section 8.
10. Documents reflecting the policies and procedures in verifying the amounts sought in rent ledgers, including, without limitation, any documents used to verify the amounts sought from Ms. Garcia.
11. The documents that were the basis of the demand for $12,478.43 in the 2025 Collection Letter, including but not limited to account notes, court documents, and screenshots of any program used to generate the 2025 Collection Letter.
12. Any insurance policies and declaration sheets, and renewals, that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your

insurance carrier.

13. The correspondence regarding insurance coverage for the claims brought in this suit, including the application for coverage and response from the carrier, if any.
14. The documents you refer to in your initial disclosures.
15. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.
16. Every document that you intend to use or introduce into evidence at the trial of this case.
17. Correspondence and other documents, including emails and texts, with any person regarding the Putative Debt or The Rent Seeking Documents or the Lawsuits.
18. Documents related to Plaintiff you received from or sent to NYC Housing Preservation and Development regarding Housing Quality Standards Inspection and/or Reports for the Building.
19. Documents concerning payments you received from or on behalf of Plaintiff.
20. The contracts that would govern Attorney Defendants' representation of Landlord Defendants related to The Rent Seeking Documents.
21. The contracts that govern the ownership of the Building, or the property management, accounting, or billing services related to the building.
22. Documents that are sufficient to show why the Section 8 Share were included in the amount alleged to be owed in the
    a. the 2023 Lawsuit,
    b. the 2024 Lawsuit, and
    c. the 2025 Collection Letter.
    d. the 2025 Certification to HPD to Ms. Garcia.
    e. the 2025 Billing Statements
23. The documents upon which the amount Attorney Defendants based their allegations of the amount due and the calculation of those amounts, in the
    a. the 2023 Lawsuit,
    b. the 2024 Lawsuit, and
    c. the 2025 Collection Letter.
    d. the 2025 Certification to HPD to Ms. Garcia.
24. The documents that form the basis of the assertion of the Attorney Defendants that they performed a meaningful attorney review that the amounts alleged to be due were lawfully chargeable against Ms. Garcia in:
    a. the 2023 Lawsuit,

b. the 2024 Lawsuit, and

c. the 2025 Collection Letter.

d. the 2025 Certification to HPD to Ms. Garcia.

25. The documents sufficient to show the reason why you included the Section 8 Share in the amount alleged to be owed in

a. the 2023 Lawsuit,

b. the 2024 lawsuit, and

c. the 2025 Collection Letter.

d. the 2025 Certification to HPD to Ms. Garcia.

e. the 2025 Billing Statements

26. Documents sufficient to identify each person who has an ownership interest in the Building or who provides accounting, billing, and property management services for the Building.

27. Documents sufficient to identify the person(s) who made the decision

a. to file the 2023 Lawsuit,

b. to the 2024 Lawsuit, and

c. to send the 2025 Collection Letter.

d. to send the 2025 Certification to HPD to Ms. Garcia.

e. to send the 2025 Billing Statements

28. Documents sufficient to identify the person(s) who made the decision as to how much money should be alleged to be due in

a. the 2023 Lawsuit,

b. the 2024 Lawsuit,

c. the Rent Ledger

d. the 2025 Collection Letter.

e. the 2025 Certification to HPD

f. the rent ledger attached to the 2025 Certification to HPD.

g. the 2025 Billing Statements

29. Documents sufficient to identify who provided the information to the Attorney Defendants as to how much Ms. Garcia owed and how it was calculated in the

a. the 2023 Lawsuit,

b. the 2024 Lawsuit,

c. the 2025 Collection Letter.

d. the 2025 Certification to HPD to Ms. Garcia.

30. Documents sufficient to identify the persons who received Section 8 against whom you have brought or caused to bring non-payment proceedings.

31. Documents sufficient to identify the persons involved in addressing or remedying the alleged HQS Violations in the Building.

32. Documents sufficient to identify any accounting firm that does your accounting.

33. Documents sufficient to identify the person who knows how much the Attorney Defendants were paid or how much the Landlord Defendants paid for

e. the 2023 Lawsuit,

f. the 2024 Lawsuit, and

g. the 2025 Collection Letter.

h. the 2025 Certification to HPD to Ms. Garcia.

i. the 2025 Billing Statements

34. Documents sufficient to show how much was the Section 8 Share in the amount Ms. Garcia was alleged to owe in

j. the 2023 Lawsuit,

k. the 2024 Lawsuit, and

l. the 2025 Collection Letter.

m. the 2025 Certification to HPD to Ms. Garcia.

n. the 2025 Billing Statements

35. Documents sufficient to demonstrate the identity of every person who was involved in attempts to collect the 2023 Putative Debt, the 2024 Putative Debt, or the 2025 Putative Debt.

36. Documents sufficient to identify by caption every non-payment proceeding petition You caused to be filed since January 1, 2022 seeking Section 8 Share of rent from the tenant.

37. Documents sufficient to identify the person(s) against whom the Landlord Defendants have brought or caused to bring non-payment proceedings since January 1, 2022 seeking Section 8 Share of rent in the amount alleged to be due.

38. Documents sufficient to identify the petitioner(s) in any non-payment proceedings for breach of a residential lease You caused to be filed since January 1, 2022, as well as the caption of the case and the law firm used to file the lawsuit.

39. All reports regarding Plaintiff you generated and could generate using the Yardi software including but not limited to:

a. Tenant-Only Ledgers;

b. Alternate Balance or Subsidy Only Ledgers; and

c. “Combined Ledgers” tenant-only ledgers,

d. Ledgers based on the “gross potential billing method”

e. Ledgers based on the “net potential billing method”

40. All documents that have been or can be generated by Yardi regarding Plaintiff. See e.g. Exhibit DD to First-Amended Complaint 25:23-26:5, 28:20-31:7.

41. All documents you sent, received, or have access to through the NYCHA or HPD Section 8 portal regarding Plaintiff or her apartment.

42. Without limiting the above request, the Section 8 Tenant Profiles accessible at the NYCHA or HPD Portal regarding Plaintiff, including those generated at or near the time of the forwarding of Plaintiff’s account to the Attorney Defendants for filing a non-payment petition and of the filing of the nonpayment petition.

43. All emails sent from to the Landlord Defendants:

a. to a law firm, including the Attorney Defendants

b. for the purpose of sending a Pre-Petition Notice or filing a residential non-payment petition

c. where the emails have attachments that are the same or substantially to the Rent Ledger;

d. and where the Rent Ledger contains the term “Sec. 8”, “Sec 8”, or “Section 8”.

44. Produce a document listing the Landlords for whom Prestige provides Property Management Services.

45. Produce a document listing the Section 8 tenants for Landlords for whom Prestige provides Property Management Services where the Landlord Defendants forwarded to a law firm for the purpose of sending a Pre-Petition Notice or filing a residential non-payment petition.