# EXHIBIT H

**From:** Ahmad Keshavarz
**To:** Rachel Aghassi, Esq.
**Cc:** Adam M. Marshall; Sarah Igarashi, Esq.; Luke J. Lee
**Subject:** RE: [Request for Extension of Time to Respond] Garcia v. Kahan et al (FKB File No. 314.064)
**Date:** Saturday, October 31, 2026 5:29:34 PM
**Attachments:** 2026-08-31 produced Undated.Unsworn Prestige Affidavit of Record Search.pdf

**[EXTERNAL]** This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

A few things.

1. The last hearing was in the context of discovery prior to the amended complaint. The complaint has been amended. Those concerns – evidence through discovery as to Prestige – are no longer the issue. The hearing was on June 17, 4 ½ months ago. Discovery closes on November 9. The Court has indicated it was disinclined to extend discovery beyond then. Therefore Plaintiff was required to depose all persons sought, including Prestige and persons with knowledge of relevant fact related to Prestige at risk of waiving her right to doing so.
2. In terms of complying with June 17 orders:
   a. The Court ordered Prestige's compliance with its May 12 Stipulation (Dkt. No. 81) that:

      > Prestige will supplement its document production and will amend its production responses for which it indicates it has produced responsive documents to affirmatively state that, *after a reasonable inquiry*, *Prestige has produced all documents responsive to the document production demand that is in possession, custody, or control*

   b. Prestige has produced no additional documents nor provided the certification.
   c. In a recent order, Judge Stein made clear the broad scope of the requirement of "possession, custody, or control"

      > Rule 34 requires parties to produce documents and electronically stored information ("ESI") within their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Evidence in a party's 'control' has been interpreted to mean evidence that the party has the legal right, authority, or practical ability to obtain by virtue of its relationship with the party in possession of the evidence." *R.F.M.A.S., Inc. v. So*, 271 F.R.D. 13, 24 (S.D.N.Y. 2010) (collecting cases), *aff'd*, 271 F.R.D. 55 (S.D.N.Y. 2010). Thus, "[a] party may be ordered to produce documents where that party has the legal right to obtain the documents, even though that party retains no copy, and regardless of whether the documents are beyond the jurisdiction of the court." *M.L.C., Inc. v. N. Am. Philips Corp.*, 109 F.R.D. 134, 136 (S.D.N.Y.

1986); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party." (quoting *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994) (internal quotation marks omitted))).

*4 More specifically, and as relevant here, " 'the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's possession, custody and control' " under Rule 34. *Lifeguard Licensing Corp. v. Kozak*, No. 15 Civ. 8459 (LGS) (JCF), 2016 WL 3144049, at *5 (S.D.N.Y. May 23, 2016) (quoting *MTB Bank v. Fed. Armored Express*, No. 93 Civ. 5594 (LBS), 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998)). Similarly, "documents held by [a] party's agent are deemed to be in a party's control" under Rule 34. *Am. Rock Salt Co. v. Norfolk S. Corp.*, 228 F.R.D. 426, 457 (W.D.N.Y. 2004); *see also Annunziato v. Collecto, Inc.*, 304 F.R.D. 360, 363 (E.D.N.Y. 2015) (finding that where a non-party was an agent of a party, the principal-agent relationship established the necessary control such that party-principal had the "right, authority or practical ability to obtain [ ] documents from [the] non-party to the action" (citation omitted)); *Mazzei v. Money Store*, No. 01 Civ. 5694 (JGK) (RLE), 2014 WL 3610894, at *4 (S.D.N.Y. July 21, 2014) ("A principal is deemed in control of the documents held by its agents."); *In re Glob. Power Equip. Grp. Inc.*, 418 B.R. 833, 843 (Bankr. D. Del. 2009) ("Courts have held consistently that documents in possession of the responding party's agent are within the party's control."); *McKesson Corp. v. Islamic Rep. of Iran*, 185 F.R.D. 70, 78 (D.D.C. 1999) (noting that "the control required for Rule 34 purposes may be established by virtue of a principal-agent relationship").

YUCHEN JUSTIN SUN, Plaintiff & Counterclaim Defendant, v. DAVID GEFFEN & ITHAKA TRUST, Defendants & Counterclaim Plaintiffs. & LE NEZ, a sculpture, Defendant-in-rem., No. 25 CIV. 995 (AT) (GS), 2026 WL 2719735, at *3–4 (S.D.N.Y. Sept. 15, 2026)

d. However the only certification Prestige made to comply with the Court′s order from the last hearing, stating the ″search included review of Prestige′s physical files and electronic records located at located at the premises.″ (which is not defined). That is not within the scope of ″possession, custody, or control″ as defined by Judge Stein, or per the stipulation ordered by the court that, Prestige

"affirmatively state that, after a reasonable inquiry, Prestige has produced all documents responsive to the document production demand that is in possession, custody, or control.".

3. Prestige has in fact not produced all documents in its possession custody and control. Obviously, Plaintiff cannot identify the full scope of documents in its possession, it is clear Prestige has not produces, for example:
   a. All of the ledger reports as to my client (eg tenant-only ledgers, Alternate Balance or Subsidy Only Ledgers)
   b. All (or any) of the Yardi screens about my client;
   c. All of the documents on Yardi related to my client;
   d. Documents reflecting the Yardi program, its operations, and the package of its functions;
   e. Communications with the Attorney Defendants, subject to a privilege log. No communications were produced by Prestige, nor a privilege log produced. No emails have been produced. Attorney Defendants have produced a redacted intake sheet they claim was provided by Prestige. Prestige has produced no such document, redacted or otherwise;
   f. Documents it has access to through the various online housing agency portals, such as the two types of HPD portals. See Dkt No. 122 p. 7;
   g. All documents to or from the Section 8 Tenant Profiles accessible at the NYCHA or or HPD Portal regarding Plaintiff,
   h. All billing statements or invoices, electronic or physical, related to Plaintiff,
   i. Communications to our from any insurance carrier, Ransome, or Abyssinian. Ms. Palmer testified that there were many such documents and yet Prestige has not produced them.
   j. Documents sufficient to show why Prestige alleged the amounts in the various written communications (eg lawsuit, collection letter, rent ledgers, billing statements, HPD certification letter) and how it was calculated;
   k. Emails;
4. The corporate representative of Prestige is set first, as your request.
5. I will agree to withdraw the subpoenas as to the Prestige employees without prejudice.
6. The only request at the last hearing as to delaying the depositions of the corporate representative
   a. As you know, the court ordered the disclosure of certain addresses (which you have since refused to provide).
7. As to the immediate issue of depositions:
   a. You have to comply with the 30b6 subpoena as to Prestige.
      i. When we were contacting you a few weeks ago with the deposition subpoenas you requested the 30b6 go before the fact witnesses. We have complied with your request. We emailed you the subpoenas weeks ago and immediately sent out for service.

ii. If you do not want to show up for the 30b6 witness then it is incumbent on you, over the last few weeks, to file a motion to quash, not wait until the Saturday before the Monday deposition to raise the issue of quashing the subpoena. I obviously have had to pay money to have a court reporter to come. Also, would like to spend my weekend with my family rather than deal with this.

iii. If you need more time to file the motion to quash the 30b6, without prejudice to the rights of my client I will agree to have the 30b6 deposition on 11/4 rather than on 11/2 so long as you, by Nov 2:

1. File the MTQ the 30b6 by 11/2 can make changes with the court reporter as needed for 11/4

2. Let me know by 11/2 who the corporate representative will be.

b. I will agree to withdraw, without prejudice the deposition of Prestige employees Devon Kelly and Arlyane McGlashan.

i. served the subpoenas

ii. We have complied with your own interpretation for the

iii.

iv. And now you are seeking to use our compli

v. You requested those depositions first, you indicated that the Court allowed those to go forward.

vi. At the last hearing you contended you needed to see the amended complaint before producing the 30b6 witness. You have the amended complaint.

8. It seems like there are scheduling issues (e.g. close of fact discovery) and apparently some discovery items to be queued up for resolution or, more likely motion practice. I suggest we have a zoom meeting on 11/4 at 4:00.

Please let me know as to the above.

Thanks.

**Ahmad Keshavarz**
**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859 Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com Email: ahmad@NewYorkConsumerAttorney.com

---

**From:** Rachel Aghassi, Esq. [mailto:raghassi@fkblaw.com]
**Sent:** Saturday, October 31, 2026 1:18 PM
**To:** Ahmad Keshavarz
**Cc:** Adam M. Marshall; Sarah Igarashi, Esq.; Luke J. Lee
**Subject:** Re: [Request for Extension of Time to Respond] Garcia v. Kahan et al (FKB File No. 314.064)

As you know the judge previously ruled when you tried to do this last time that the depos of party witnesses cannot occur before the 30b6. It's law of the case. If you make me move to quash on this settled issue, I'm going to ask for costs.

FKB Furman Kornfeld & Brennan LLP

**Rachel Aghassi, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 341
Direct:212-293-7341
Fax:212-867-4118

raghassi@fkblaw.com
Bio | LinkedIn

www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

On Oct 31, 2026, at 10:42 AM, Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:

**[EXTERNAL]** This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

Consent to the December 11 extension to answer or otherwise move We are going to have to work out a briefing schedule to the MTD since it will be coming around the holidays. We disagree about everything else it seems. If you want to file a motion to quash to the subpoenas I cannot prevent you from doing that but it might have been helpful to know you were going to do that before we incur the expense of court reporters. If no motion to quash then we will be proceeding as per the subpoenas.

Please circulate a stip just on the extension issue in advance.

**Ahmad Keshavarz**
**The Law Office of Ahmad Keshavarz**
16 Court St., Suite 2600, Brooklyn, NY 11241-1026
Cell: (347) 308-4859 Fax: (877) 496-7809
Website: www.NewYorkConsumerAttorney.com Email: ahmad@NewYorkConsumerAttorney.com

**From:** Rachel Aghassi, Esq. [mailto:raghassi@fkblaw.com]
**Sent:** Friday, October 30, 2026 11:49 PM
**To:** Adam M. Marshall; Ahmad Keshavarz
**Cc:** Sarah Igarashi, Esq.; Luke J. Lee
**Subject:** RE: [Request for Extension of Time to Respond] Garcia v. Kahan et al (FKB File No. 314.064)

It is mind boggling that you are unwilling to respond to our request for an extension. You previously repeatedly represented that you would accommodate any extension requests in exchange for our grant of three extensions of time to amend the complaint, including on the phone and in the attached email threads as well as during a break at a court appearance. This is our first request for an extension of time to respond to the complaint. In lieu of your consent, we can write to the court on Monday to request an extension and will note your position accordingly and many broken promises.

We are not agreeing to produce our client until paper discovery is completed. We also will not assess whether production is appropriate of the individual employees of our client until party depositions are complete, which will include not only Prestige's 30(b)(6) deposition but also your client's deposition and the deposition of the Kahan defendants, pursuant to the Court's directive on page 25 of the transcript of the most recent hearing. In any case, we do not see the relevance of this discussion on depositions to our request.

Best regards,
Rachel and Sarah

<image002.jpg>

**Rachel Aghassi, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 341
Direct:212-293-7341
Fax:212-867-4118

raghassi@fkblaw.com
Bio | LinkedIn

www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain

information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

**From:** Adam M. Marshall <amarshall@kaufmandolowich.com>
**Sent:** Friday, October 30, 2026 7:12 PM
**To:** Rachel Aghassi, Esq. <raghassi@fkblaw.com>; Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Cc:** Sarah Igarashi, Esq. <sigarashi@fkblaw.com>; Luke J. Lee <luke@newyorkconsumerattorney.com>
**Subject:** Re: [Request for Extension of Time to Respond] Garcia v. Kahan et al (FKB File No. 314.064)

**[EXTERNAL]** This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

Ahmad, with every email like this you underscore the ridiculousness of Plaintiff's failure to respond to our discovery demands. What are you thinking?

**ADAM M. MARSHALL**
Attorney At Law

**Direct: 516-283-8731 | Cell: 516-557-1460**
**Email: amarshall@kaufmandolowich.com**

135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

<image004.png>

PLEASE NOTE: This message, including any attachments, may include privileged, confidential and/or inside information. Any distribution or use of this communication by anyone other than the intended recipient(s) is strictly prohibited and may be unlawful. If you are not the intended recipient, please notify the sender by replying to this message and then delete it from your system. Please consider the environment before printing.

---

**From:** Rachel Aghassi, Esq. <raghassi@fkblaw.com>
**Date:** Friday, October 30, 2026 at 7:06 PM
**To:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Cc:** Sarah Igarashi, Esq. <sigarashi@fkblaw.com>; Luke J. Lee <luke@newyorkconsumerattorney.com>; Adam M. Marshall <amarshall@kaufmandolowich.com>
**Subject:** Re: [Request for Extension of Time to Respond] Garcia v. Kahan et al (FKB File No. 314.064)

[EXTERNAL SENDER]
You want us to give you a response after you refused to respond to our request for an extension?

Also you have to stop doing this. 30b6 depos cannot happy before paper discovery and we haven't even gotten our demands out. This is getting unprofessional at this point.

<image002.jpg>

**Rachel Aghassi, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 341
Direct:212-293-7341
Fax:212-867-4118

raghassi@fkblaw.com
Bio | LinkedIn

www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.

On Oct 30, 2026, at 6:53 PM, Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com> wrote:

**[EXTERNAL]** This email originated from outside of **FKB.** Do not click links or open attachments unless you trust the sender and know the content is safe.

May I have a response please? Having not received a motion to quash I have lined up a court reporter for Monday.

---

**From:** Ahmad Keshavarz <ahmad@newyorkconsumerattorney.com>
**Sent:** Friday, October 30, 2026 12:06 PM
**To:** Sarah Igarashi Esq. <sigarashi@fkblaw.com>
**Cc:** Luke J. Lee <luke@newyorkconsumerattorney.com>; Rachel Aghassi Esq. <raghassi@fkblaw.com>; Adam M. Marshall <amarshall@kaufmandolowich.com>
**Subject:** Re: [Request for Extension of Time to Respond] Garcia v. Kahan et al (FKB File No. 314.064)

What are we doing about the upcoming depositions?

**Ahmad Keshavarz**

On Oct 30, 2026, at 12:04 PM, Sarah Igarashi, Esq. <sigarashi@fkblaw.com> wrote:

Dear Ahmad and Luke,

We write to ask if you would consent to an extension of our time to respond to the above-referenced amended complaint until December 11, 2026. Please let us know, thank you.

Best regards,
Sarah Igarashi

<image001.jpg>

**Sarah Igarashi, Esq.**
Wall Street Plaza
88 Pine Street, 32nd Floor
New York, NY 10005
Tel:212-867-4100 Ext. 339
Direct:212-293-7339
Fax:212-867-4118

sigarashi@fkblaw.com
www.fkblaw.com

CONFIDENTIALITY NOTICE: This email is intended only for the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited, and you are requested to please notify us immediately by telephone, and return the original message to us at the above address. Thank you.