**AHMAD KESHAVARZ**
*Attorney at Law*

16 COURT STREET, #2600
BROOKLYN, NY 11241

WWW.NEWYORKCONSUMERATTORNEY.COM
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900
Fax: (877) 496-7809

November 6, 2026

**VIA ECF**

Judge Gary Stein
United States District Court,
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: Consent application to vacate the current discovery deadline of November 9, 2026 and to set a status conference.**
***Garcia. v. Eric Kahan, et al.,* 1:25-cv-08489-JGK**

Dear Judge Stein:

The undersigned represents Plaintiff Leonarda Garcia in the above-entitled action against Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan (collectively, the "Attorney Defendants"), as well as Arthur Ransome Houses LP ("Ransome LP"), Prestige Management, Inc ("Prestige"), and Arthur Ransome Housing Corporation ("Ransome Corp.") (collectively, the "Landlord Defendants").

Plaintiff and Attorney Defendants seek an order to:

(i) vacate the November 9, 2026 discovery deadline and the November 16 joint status report deadline ordered by Your Honor on August 11, 2026. [Dkt. No. 105]; and

(ii) set a status conference to determine a new discovery deadline after Prestige re-appears in this action and to address discovery disputes among the parties.

In the interim discovery should proceed.

By way of procedural background, Plaintiff's original Complaint asserted claims against Sperber Kahan Law Group PLLC, a debt collection law firm, and a principal Eric Kahan (collectively, the "Attorney Defendants"), as well as Arthur Ransome Houses LP ("Ransome LP"), and Prestige Management, Inc. ("Prestige"). Dkt. No. 1. Ransome LP has defaulted in answering the original Complaint. Dkt. No. 63. Prestige was dismissed from the action without prejudice to Plaintiff's ability to file an amended complaint. Dkt. No. 94.

Plaintiff amended her Complaint on September 30, 2026 based on newly-discovered information about the various roles played by the Landlord Defendants concerning the claims in this action. Dkt. No. 122. On consent, Prestige has requested an extension of time until December 11, 2026 to respond to the Amended Complaint, and the Court has granted that request. Dkt. Nos. 129, 134, 135. Neither Ransome LP nor Ransome Corp. has appeared in this action.

Plaintiff will address Prestige's Motion to Quash separately.

There is good cause for this request. There have been ongoing discovery disputes and certain stipulations[1] among Plaintiff, Prestige, and the Attorney Defendants. As to document production, Plaintiff has only received few documents from Prestige in response to discovery demands and believes Prestige has other responsive documents. Prestige, on the other hand, appears to suggest in its November 2, 2026 motion to quash that it intends to "engage in written discovery, including receiving all outstanding written discovery from Plaintiff." Dkt. No. 131, p. 1. The Attorney Defendants, for their part, said that they expect to move to compel against Plaintiff after a discovery extension. As to depositions, party depositions still remain outstanding. In addition, Plaintiff and Prestige have a dispute. After filing the Amended Complaint, Plaintiff has noticed now non-party Prestige and its current and former employees for depositions. Prestige opposed any depositions of its current employees before its 30(b)(6) deposition and its response to the Amended Complaint. On November 2, 2026, Prestige has filed a motion to quash Plaintiff's subpoena for Prestige's 30(b)(6) deposition until it has had an opportunity to respond to the Amended Complaint and engage in written discovery. Dkt. Nos. 130, 131. Plaintiff does not withdraw her subpoena for the 30(b)(6) deposition of Prestige.

Given the ongoing discovery dispute, vacating the November 9, 2026 discovery deadline and setting a status conference date to determine a new discovery date will allow existing parties to continue with discovery while awaiting the status conference.

This is the third request for extension of discovery. On November 6, 2026, Your Honor said "the Court will entertain a further request for extension of the discovery deadline." Dkt. No. 136.

We thank the Court for its consideration.

Sincerely,

/s/
Ahmad Keshavarz

---

[1] Plaintiff's position is that Prestige has never complied with, and continues to refuse to comply with, items in the stipulation, including on Dkt. No. 81, p. 5:

> By May 21, Prestige will supplement its document production and will amend its production responses for which it indicates it ***has*** produced responsive documents to ***affirmatively state that, after a reasonable inquiry, Prestige has produced all documents responsive to the document production demand that is in possession, custody, or control*** (emphasis added).

Plaintiff asserts that the Court indicated at the most recent hearing in this case that it expected Prestige to do the above. Prestige refused to do so despite repeated emails over the weeks following the hearing to do so. Ultimately Prestige took the position that it does not have to comply with the above. Therefore, Plaintiff does not know if Prestige has produced all responsive documents given the failure to certify the above. Given the paucity of documents Prestige has produced, Plaintiff can only conclude Prestige has responsive documents in its possession, custody, or control that it has not produced. Moreover, Plaintiff herself has letters from Prestige that Prestige has not produced. The testimony of Princess Palmer identified whole classes of documents Prestige have not produced regarding Plaintiff such as 1) documents stored its Yardi system; 2) documents it sends, receives, or has access to from HPD, the Section 8 provider; 3) the different types of rent ledger their Yardi system generates.