UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONARDA GARCIA,<br><br>Plaintiff,<br><br>-against-<br><br>ERIC H. KAHAN,<br>SPERBER KAHAN LAW GROUP PLLC,<br>ARTHUR RANSOME HOUSES LP, and<br>PRESTIGE MANAGEMENT, INC.,<br><br>Defendants. | **Case No. 1:25-cv-08489**<br><br>**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** |

**COUNSELORS**

**PLEASE TAKE NOTICE**, that pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, this testimony, upon oral examination of PLAINTIFF, will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any part prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity of affinity to any party herein, at the office of FURMAN KORNFELD & BRENNAN LLP, located at 88 Pine Street, 32nd Floor, New York, New York, NY 10005, or remotely at an agreed upon date and time, with respect to evidence and material necessary in the defense of this action.

That the said person to be examined is required to produce at such examination any and all documents relative to the claims in the Plaintiff's Complaint.

Dated: New York, New York
May 4, 2026

FURMAN KORNFELD & BRENNAN LLP

By: /s/Sarah Igarashi
Rachel Aghassi, Esq.
Sarah Igarashi, Esq.
*Attorneys for Defendant*
PRESTIGE MANAGEMENT, INC.
88 Pine St., 32nd Floor
New York, New York 10005
Tel: (212) 867-4100
FKB File No.: 314.064

To: *All Parties via Email*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

LEONARDA GARCIA,

Plaintiff,

- against -

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and
PRESTIGE MANAGEMENT, INC.,

Defendants.

---------------------------------------------------------------------

**Case No. 1:25-cv-08489**

**DEMAND FOR DOCUMENTS**

PLEASE TAKE NOTICE that Defendant PRESTIGE MANAGEMENT, INC. ("Defendant" or "Prestige"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff LEONARDA GARCIA produce at the office of Furman Kornfeld & Brennan LLP, 88 Pine Street, 32nd Floor, New York, NY 10005, the following documents for discovery, inspection and copying by Defendant, its attorneys, or other representatives.

**PLEASE TAKE FURTHER NOTICE** that these requests are continuing in nature and require that Plaintiff produce all responsive documents which are obtained after the time of initial production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions are to be used for all discovery demands:

1. "You," "Your," or "Plaintiff," refers to LEONARDA GARCIA, along with any of her employees, agents, attorneys, representatives, or other persons or entities that otherwise act, acted or are acting by, through or on their behalf.

2. "Complaint" refers to the Complaint filed by Plaintiff in the instant action.

3. "Defendant" or "Prestige" refers to PRESTIGE MANAGEMENT, INC., along with any of its employees, agents, attorneys, representatives, or other persons or entities that otherwise act, acted or are acting by, through or on their behalf.

4. "151 West 23rd"or "The Subject Unit" refers to the property located at 151 West 23rd St, Apt. 6-C, New York, New York 10027.

5. "Ransome Houses" refers to ARTHUR RANSOME HOUSES LP, along with any of its employees, agents, attorneys, representatives, or other persons or entities that otherwise act, acted or are acting by, through or on their behalf.

6. The term "document(s)" and "documentation" shall be construed in the broadest sense possible under applicable rules, and mean and refer to, without limitation, every writing, record and tangible thing of every type and description, however produced or reproduced, whether written, printed, typed, recorded, taped, photographed, or electronically or magnetically recorded or stored, or recorded upon any tangible thing, or stored in any retrievable form, by any means of communication, representation or data generation or retention, whether sent or received or neither, originals (both sides thereof), drafts, copies, copies not identical with the original or another copy, and any material underlying, supporting, or used in the preparation thereof, now or at any time in the possession, custody or control of Plaintiff, whether or not prepared by Plaintiff, including without limitation: writings; correspondence; text messages; electronic direct messages on any platform; voice messages; records; agreements; contracts; studies; reports; transcripts; exhibits; pleadings; memoranda; court decisions; e-mails; tables; charts; graphs; notes and notations; telegrams; telexes; telefax transmittals; cables; messages; journals; journal entries; diaries; diary entries; desk calendars; appointment books; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intra- and inter-office communications;

accounts; financial statements; papers; brochures; articles; statements; letters; telephone message pads or slips; recordings; or jottings of telephone conversations; other conversations; discussions; acts; meetings; conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; social media; agendas; bulletins; brochures; manuals; schedules; ledgers; commercial paper; work papers; minutes; affidavits; opinions; evaluations; analyses; summaries; notices; transmittal documents; addenda; bills of lading; airbills; freight bills; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; desktop publishing/graphic files, .tif files and other document images in electronic form, Adobe Acrobat images/files, .jpeg files, data files, logs of internet activity, archived media (any digital or analog media used to preserve electronic files in a format other than the original format, such as .dat, .dlt, cartridge, CD, or optical media),any notes, summaries or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained. This includes, without limitation, computer output and input, including data and other electronic documents and communication that may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, databases, hard drives, back-up tapes, cloud storage, flash or thumb drives, hard or floppy disks, CD-ROMs, ZIP drives and cartridges and cassettes from tape back-up devices, or other storage media.

7. Document level extracted text or OCR shall be provided for all documents included in the production. An Opticon load file shall be included in the production. The following metadata shall be included in the load file: Custodian, From, To, Cc, Bcc, Subject, Date Sent, Time Sent, File Extension, Author, Company, Date Created, Date Last Modified, Date Last Accessed, File Name, Original File Path, File Size, and MD5 Hash.

8. "Document(s)" and "documentation" further mean and include the original and every non-identical or non-exact copy of such documents of whatever date; copies containing any commentary or notations of any kind that do not appear in the original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

9. "Communicate" or "communication(s)" shall be construed in the broadest sense possible under applicable rules and mean and refer to each and every transmittal, exchange, or receipt of fact, information, ideas, inquiries, opinion or thought, whether formal or informal, and whether made orally, in writing, or otherwise, including, without limitation, any and all electronic forms of communication, documents incorporating, summarizing or describing the contents of the transmission, meetings and discussions, telephone conversations, telegraphic communications, or any document containing a recording, transcription, summary or description or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission, drafts of all communications and final versions thereof.

10. "Concerning" means referring to, describing, evidencing, constituting, summarizing, reflecting, embodying, memorializing, containing, documenting, mentioning, discussing, commenting on, or having any logical or factual connection whatsoever with the subject matter in question.

11. "Relating to" and "relate to" means referring to, describing, evidencing, constituting, summarizing, reflecting, embodying, memorializing, containing, documenting, mentioning, discussing, commenting on, or having any logical or factual connection whatsoever with the subject matter in question.

12. "Correspondence" means and refers to any written communication, whether printed, recorded, computerized, reproduced by any process, or written or produced by hand, and

includes, without limitation, any letters, memoranda, emails, and other electronic forms of communication.

13. "And" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of these requests any and all information or documents which might otherwise be construed beyond their scope.

14. "All" shall be construed as "any and all," the term "any" shall be construed as "any and all," and the term "each" shall be construed as "all and each," so as to bring within the scope of these requests any and all information or documents which might otherwise be construed beyond their scope.

15. The use of the singular shall include the plural and the use of the plural shall include the singular.

16. "Include" and "including" are illustrative and are in no way a limitation of the information or documentation requested.

17. The past tense includes the present tense where the meaning is not distorted and the verb form of a noun or pronoun may be used, as appropriate in a particular context.

18. "Date" means the exact day, month, and year, if ascertainable, or if not, the best available approximation (including its relationship to other events).

19. "Person" is defined as any natural person or any business, legal, or governmental entity or association, including without limitation all predecessors in interest, groups, associations, partnerships, corporations, or agencies.

## DEMAND FOR PRODUCTION OF DOCUMENTS INSTRUCTIONS

1. In producing documents requested herein, produce documents in full, without abridgment, abbreviation, or expurgation of any sort.

2. With respect to all documents to be produced, please segregate such documents in accordance with the numbered and lettered paragraphs and subparagraphs demands herein, or produce all documents as they are kept in the regular course of business including all labels, folder, and other identifying markings associated with the keeping of such documents.

3. If a document is called for under more than one Document Request, it should be produced in response to the first request and a notice appended to it stating the other Request(s) to which it is responsive.

4. If requested documents herein have been destroyed, placed beyond your control, or otherwise disposed of, please identify such documents by: author(s), addressee(s), date, type of document, subject matter, number of pages, number of attachments or appendices, indicated or blind copies, all person(s) to whom distributed; further provide and explain, date of destruction or other disposition, reason for destruction or other disposition, person(s) authorizing destruction or other disposition, person(s) destroying or otherwise disposing of document(s), and if not destroyed, the person(s) in possession of the document otherwise disposed of.

5. If requested documents are withheld based on a claim of privilege, please provide a privilege log denoting: the type of privilege being claimed, the basis for such privilege, author(s), addressee(s), recipients, and a general description of the subject matter of the document.

**DOCUMENT DEMANDS**

1. Any and all documents concerning the allegations set forth in the Complaint.

2. A complete copy of any files maintained by Plaintiff concerning the subject matter of this lawsuit.

3. Any and all documents and communications relating to or concerning any allegation that any defendant in this action engaged in violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et.seq., GBL § 349, New York Judiciary Law § 487, or committed negligence *per se* or gross negligence.

4. Any and all audio or visual recordings created by Plaintiff in connection with any of the factual assertions described in the Complaint.

5. Any and all documents which detail Plaintiff's residential history from 2014 to the present.

6. Any and all documents and communications between Plaintiff and any representative of Prestige.

7. Any and all communications between Plaintiff and any defendant in this action.

8. Any and all documents and communications relating to or concerning ERIC H. KAHAN, including any and all documents relating to any communications with ERIC H. KAHAN by Plaintiff or Plaintiff's representatives.

9. Any and all documents and communications relating to or concerning SPERBER KAHAN LAW GROUP PLLC, SDK HEIBERGER LLP, SDH HEIBERGER LLP, SDL HEIBERGER LLP, and/or SKH HEIBERGER LLP, including any and all documents relating to any communications with any representative of SPERBER KAHAN LAW GROUP PLLC, SDK HEIBERGER LLP, SDH HEIBERGER LLP, SDL HEIBERGER LLP, and/or SKH HEIBERGER LLP by Plaintiff or Plaintiff's representatives.

10. Any and all documents and communications relating to or concerning ARTHUR RANSOME HOUSES LP, including any and all documents relating to any communications with ARTHUR RANSOME HOUSES LP by Plaintiff or Plaintiff's representatives.

11. Any and all documents and communications which form the basis of the assertion that "Prestige is and was at all relevant times the property management company responsible for

the day-to-day operations of Ransome Houses at the 151 West 123rd Street building, including but not limited to sending rent invoices to tenants like Ms. Garcia. While Ransome Houses I the owner of the property and the plaintiff in the rental arrears suit, on information and belief many of the relevant actions for Ransome Houses are done by Prestige" as alleged in ¶ 13 of the Complaint.

12. Any and all documents and communications which form the basis of the assertion that "Prestige, in the course and scope of being agent for Ransome Houses, has charged Ms. Garcia more than her monthly share from at least January 2023 through February 2024, overcharging her by up to $91.20 per month in excess of the HPD-approved rent" as alleged in ¶ 34 of the Complaint.

13. Any and all documents demonstrating that Prestige held or acted with any actual or apparent authority for Ransome Houses.

14. Any and all documents and communications relating to, describing or concerning any alleged damages incurred by Plaintiff, including any applicable medical records.

15. Written authorizations to allow Defendant to obtain complete office medical records relating to the Plaintiff from each health care provider who has consulted, examined, or treated the Plaintiff for each of the conditions allegedly caused or exacerbated by the occurrence described in the Complaint, including the dates of such consultation, treatment, or examination.

16. Any and all documents and communications which Plaintiff intends to produce at trial.

17. Any and all documents and communications relating to or concerning witnesses Plaintiff intends to produce at trial.

18. Any and all documents and communications relating to or concerning expert witnesses Plaintiff intends to produce at trial, including but not limited to reports and memoranda.

19. Any and all documents demonstrating that Prestige engaged in consumer-oriented conduct.

20. Any and all documents and communications relating to or concerning Plaintiff's Section 8 eligibility, status, recertification, or vouchers.

21. Any and all documents and communications purporting to evidence that Defendant's conduct affects public policies.

22. Any and all documents and communications relating to or concerning purported Housing Quality Standards ("HQS") violations.

23. Any and all documents and communications demonstrating that the New York City Department of Housing Preservation and Development ("HPD") did not pay Plaintiff's Section 8 subsidies due to purported HQS violations.

24. Any and all documents and communications evidencing or otherwise related to Plaintiff's alleged overpayment in rent, including receipts and cancelled checks.

25. Any and all documents and communications showing that Plaintiff was misled by any of the conduct at issue in this litigation.

26. Any and all documents relating to *Arthur Ransome Houses LP v. Leonarda Garcia*, Index No. LT-308781-23 (Civ. Ct. N.Y. Cty) and/or *Arthur Ransome Houses LP v. Leonarda Garcia*, Index No. LT-319223-24 (Civ. Ct. N.Y. Cty).

27. Any and all documents and communications relating to any repairs made to the Subject Unit.

28. Any and all documents and communications relating to Plaintiff's granting of access to the Subject Unit for any repairs.

PLEASE TAKE FURTHER NOTICE, that this is a continuing demand, creating an ongoing obligation to furnish the above demanded information upon Plaintiff's acquisition of same, until conclusion of the litigation.

PLEASE TAKE FURTHER NOTICE, that this demand is subject to amendment based on Plaintiff's intended amended Complaint, and Defendant reserves the right to amend this demand in accordance with any amended pleading.

Dated: May 4, 2026
New York, NY

Yours, etc.,

FURMAN KORNFELD & BRENNAN LLP

/s/Sarah Igarashi

By: Rachel Aghassi, Esq.
Sarah Igarashi, Esq.
*Attorneys for Defendant*
PRESTIGE MANAGEMENT, INC.
88 Pine Street, 32nd Floor
New York, New York 10005
(212) 867-4100
FKB File No.: 314.064

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LEONARDA GARCIA,

Plaintiff,

- against -

ERIC H. KAHAN,
SPERBER KAHAN LAW GROUP PLLC,
ARTHUR RANSOME HOUSES LP, and
PRESTIGE MANAGEMENT, INC.,

Defendants.

---

**Case No. 1:25-cv-08489**

**DEMAND FOR INTERROGATORIES**

**COUNSELORS:**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant, PRESTIGE MANAGEMENT, INC., ("Defendant") hereby requests that Plaintiff LEONARDA GARCIA ("Plaintiff"), serve answers, under oath, to Defendant's First Set of Interrogatories within thirty (30) days of service of this request.

**PLEASE TAKE FURTHER NOTICE** that these requests are continuing in nature and require that Plaintiff produce all responsive documents which are obtained after the time of initial production in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

Unless specifically indicated, or otherwise required by the context in which the terms, names, and instructions are used, the following definitions shall be applicable herein:

1. To the extent that any terms defined herein were used in the Complaint and were intended therein to have any broader definition than those set forth herein, those terms, as used herein, shall encompass both definitions set forth herein and in Plaintiff's broader definition.

2. The term "document" and/or "documents" shall be construed in the broadest sense possible under applicable rules, and to mean and refer to, without limitation, every writing, record

and tangible thing of every type and description, however produced or reproduced, whether written, printed, typed, recorded, taped, photographed, or electronically or magnetically recorded or stored, or recorded upon any tangible thing, or stored in any retrievable form, by any means of communication, representation or data generation or retention, whether sent or received or neither, originals (both sides thereof), drafts, copies, copies not identical with the original or another copy, and any material underlying, supporting, or used in the preparation thereof, now or at any time in the possession, custody or control of Plaintiff, whether or not prepared by Plaintiff, including without limitation: writings; correspondence; text messages; electronic direct messages on any platform; voice messages; records; agreements; contracts; studies; reports; transcripts; exhibits; pleadings; memoranda; court decisions; e-mails; tables; charts; graphs; notes and notations; telegrams; telexes; telefax transmittals; cables; messages; journals; journal entries; diaries; diary entries; desk calendars; appointment books; invoices; canceled checks; memoranda, including without limitation intra- and inter-office memoranda; intro- and inter-office communications; accounts; financial statements; papers; brochures; articles; statements; letters; telephone message pads or slips; recordings; or jottings of telephone conversations; other conversations; discussions; acts; meetings; conferences or activities of any kind or nature; log books; computer tapes; computer disks or printouts; tape recordings; books; accounting records; social media; agendas; bulletins; brochures; manuals; schedules; ledgers; commercial paper; work papers; minutes; affidavits; opinions; evaluations; analyses; summaries; notices; transmittal documents; addenda; bills of lading; airbills; freight bills; microfilms; microfiches; records kept by any photographic, mechanical, magnetic or electronic means; desktop publishing/graphic files, .tif files and other document images in electronic form, Adobe Acrobat images/files, .jpeg files, data files, logs of internet activity, archived media (any digital or analog media used to preserve electronic files in a

format other than the original format, such as .dat, .dlt, cartridge, CD, or optical media), any notes, summaries or drafts relating to any of the foregoing; and any and all other tangible things or media containing information or from which information can be obtained. This includes, without limitation, computer output and input, including data and other electronic documents and communication that may or may not be reduced to hard copy in the normal course of business and which may be stored or archived on file servers, databases, hard drives, back-up tapes, cloud storage, flash or thumb drives, hard or floppy disks, CD-ROMs, ZIP drives and cartridges and cassettes from tape back-up devices, or other storage media.

3. Document level extracted text or OCR shall be provided for all documents included in the production. An Opticon load file shall be included with the production. The following metadata shall be included in the load file: Custodian, From, To, Cc, Bcc, Subject, Date Sent, Time Sent, File Extension, Author, Company, Date Created, Date Last Modified, Date Last Accessed, File Name, Original File Path, File Size, and MD5 Hash.

4. "Documents" and "documentation" shall further mean and include the original and every non-identical or non-exact copy of such documents of whatever date; copies containing any commentary or notations of any kind that do not appear in the original; drafts; revisions; handwritten and typed versions; and earlier or later versions.

5. "Correspondence" means and refers to any written communication, whether printed, recorded, computerized, reproduced by any process, or written or produced by hand, and includes, without limitation, any letters, memoranda, emails, and other electronic forms of communication.

6. "Relating to" and "relate to" means referring to, describing, evidencing, constituting, summarizing, reflecting, embodying, memorializing, containing, documenting,

mentioning, discussing, commenting on, or having any logical or factual connection whatsoever with the subject matter in question.

7. “Concerning” means referring to, describing, evidencing, constituting, summarizing, reflecting, embodying, memorializing, containing, documenting, mentioning, discussing, commenting on, or having any logical or factual connection whatsoever with the subject matter in question.

8. “And” and “or” shall be construed either conjunctively or disjunctively so as to bring within the scope of these requests any and all information or documents which might otherwise be construed beyond their scope.

9. If any document called for by any interrogatory is withheld because a party or a party's counsel claims such document is privileged:

a. Identify and generally describe each such document; and

b. State the basis upon which the privilege is claimed.

10. As used herein, the term "person" means the plural as well as the singular and includes any natural person and any firm, corporation, association, joint venture, partnership or other entity.

11. As used herein, the term "identify" means:

a. When referring to a natural person or persons, state the full name, age, address of last known residence and of principal place of business of each such person, and a description of their business affiliation and position during the period to which the interrogatory refers;

b. When used with reference to a business organization or entity, state the full name of such organization or entity, the address of its principal place of business and a description of the nature of the business during the period to which the interrogatory refers;

c. When used with reference to a document state:

i. the type of document, its date, and stated subject matter or general subject matter;

ii. the full name, address and position of the person in charge of preparing and signing each such document;

iii. the date of preparation thereof;

iv. the full name and position of each person to whom such item of written matter was distributed; and

d. When used with reference to an oral discussion, conversation or communication, state the date upon which and the place where it occurred, identify each person who participated therein or who was present when it was made, state its substance, and identify each document which, in whole or in part, refers or relates to said oral communication.

12. Singular shall refer to the plural and plural to the singular whenever applicable.

13. "You," "Your," or "Plaintiff," refers to LEONARDA GARCIA, along with any of her employees, agents, attorneys, representatives, or other persons or entities that otherwise act, acted or are acting by, through or on their behalf.

14. "Complaint" refers to the Complaint filed by Plaintiff in the instant action.

15. "Defendant" or "Prestige" refers to PRESTIGE MANAGEMENT, INC., along with any of its employees, agents, attorneys, representatives, or other persons or entities that otherwise act, acted or are acting by, through or on their behalf.

16. "151 West 23rd" refers to the property located at 151 West 23rd St, Apt. 6-C, New York, New York 10027.

17. "Ransome Houses" refers to ARTHUR RANSOME HOUSES LP, along with any of its employees, agents, attorneys, representatives, or other persons or entities that otherwise act, acted or are acting by, through or on their behalf.

**INSTRUCTIONS**

1. Whenever an interrogatory asks for the identity of any document, Plaintiff may, in lieu of identifying the document, produce the document for inspection and copying with an identification of the interrogatory to which the document responds.

2. Where information is requested which is personal to or within the sole knowledge of one person, provide the information requested and indicate which person the information is personal to or within the sole knowledge of. If the information requested is personal to or within the sole knowledge of more than one person, provide the answer requested and identify the information pertaining to or of each such person's knowledge.

3. In responding to these interrogatories, Plaintiff is to obtain and furnish all information available to Plaintiff or any of Plaintiff's representatives, employees, agents, servants or attorneys, and to obtain and furnish all information that is in Plaintiff's possession or under the control of any of Plaintiff's representatives, employees, agents, servants, or attorneys.

4. Diligent inquiries should be undertaken to obtain answers to these interrogatories as specific and as responsive as possible. Answers may be based on both personal knowledge as well as information from others, unless indicated otherwise, although in each instance where information from others is provided it the name and address of the source should also be indicated. The replies "no personal knowledge" or "no knowledge" are not responsive to an interrogatory since they do not reflect whether information in Plaintiff's possession is responsive to the interrogatory that is not being answered. If after diligent inquires Plaintiff does not have knowledge or information to answer an interrogatory, state that "this party does not possess knowledge or information sufficient to answer this interrogatory."

5. These interrogatories are intended to be continuing, and Plaintiff is instructed to make prompt, further, and supplemental production upon discovery of additional responsive information.

6. If any information called for by these requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery, set forth the ground or grounds for withholding the information and any other information necessary to allow the Court to adjudicate the propriety of the withholding.

7. Where Plaintiff cannot furnish exact information Plaintiff is to supply estimated or approximated information. Where Plaintiff uses an estimate or approximation, identify it as such and explain the basis on which Plaintiff made the estimate or approximation and the reason Plaintiff cannot furnish exact information.

8. Where an interrogatory calls for an identification of any paper, Plaintiff is to attach a copy of such paper to Plaintiff's answers to these interrogatories in addition to providing a written response to such interrogatory.

9. If any documents are produced in response to these interrogatories, Plaintiff must identify the specific request or requests to which those documents relate.

## INTERROGATORIES

**Interrogatory No. 1**

Set forth in sufficient detail, identify, and itemize all documents supporting the allegations in the Complaint, including their location and form.

**Interrogatory No. 2**

Set forth in sufficient detail, identify, and itemize all witnesses supporting the allegations in the Complaint.

**Interrogatory No. 3**

Set forth an itemized statement of damages claimed to have been sustained by Plaintiff in sufficient detail, and identify all documents (including their location and form) and witnesses which support or demonstrate Plaintiff's assessment of damages.

**Interrogatory No. 4**

Set forth and describe in sufficient detail any evidence forming the basis for Your assertion that that Defendant Prestige is and was at all relevant times the property management company responsible for the day-to-day operations of Ransome Houses at the 151 West 123rd Street building, including but not limited to sending rent invoices to tenants like Ms. Garcia. While Ransome Houses I the owner of the property and the plaintiff in the rental arrears suit, on information and belief many of the relevant actions for Ransome Houses are done by Prestige" as alleged in ¶ 13 of the Complaint, including but not limited to any and all documents or statements upon which this assertion is predicated.

**Interrogatory No. 5**

Set forth and describe in sufficient detail any evidence forming the basis for Your assertion that Prestige, in the course and scope of being agent for Ransome Houses, has charged Ms. Garcia more than her monthly share from at least January 2023 through February 2024, overcharging her by up to $91.20 per month in excess of the HPD-approved rent" as alleged in ¶ 34 of the Complaint, including but not limited to any documents or statements upon which this assertion is predicated.

**Interrogatory No. 6**

Set forth in sufficient detail, and identify and describe the names and addresses of all physicians or other providers of every description who have consulted, examined, or treated the

Plaintiff for each of the conditions allegedly caused or exacerbated by the occurrence described in the Complaint, including the dates of such consultation, treatment, or examination.

PLEASE TAKE FURTHER NOTICE, that this is a continuing demand, creating an ongoing obligation to furnish the above demanded information upon Plaintiff's acquisition of same, until conclusion of the litigation.

PLEASE TAKE FURTHER NOTICE, that this demand is subject to amendment based on Plaintiff's intended amended Complaint, and Defendant reserves the right to amend this demand in accordance with any amended pleading.

Dated: May 4, 2026
New York, NY

Yours, etc.,

FURMAN KORNFELD & BRENNAN LLP

/s/Sarah Igarashi
By: Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.
*Attorneys for Defendant*
PRESTIGE MANAGEMENT, INC.
88 Pine Street, 32nd Floor
New York, New York 10005
(212) 867-4100
FKB File No.: 314.064