UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONARDA GARCIA,<br><br>Plaintiff,<br><br>-against-<br><br>ERIC H. KAHAN, SPERBER KAHAN LAW GROUP PLLC, ARTHUR RANSOME HOUSES LP, and PRESTIGE MANAGEMENT, INC.<br><br>Defendants. | 1:25-cv-08489 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA**

FURMAN KORNFELD & BRENNAN LLP
*Attorneys for Prestige Management, Inc.*
88 Pine Street, 32nd Floor
New York, New York 10006
Tel: (212) 867-4100

Of Counsel:

Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.

**INTRODUCTION**

Prestige[1] submits the instant Reply Memorandum of Law in further support of the motion to quash Plaintiff's Subpoena ("Subpoena") served on Prestige by Plaintiff in this matter (the "Motion"). Plaintiff's attempts to depose Prestige and its non-party employees before Prestige has had the opportunity to respond to the Amended Complaint and before Plaintiff has responded to any written demands are premature.

In response to the Motion, Plaintiff attempts to mischaracterize Prestige's position as an attempt to avoid its deposition "indefinitely". On the contrary, the Motion seeks very specific relief, for which a timeline has already been ordered by the Court in setting a December 11, 2026 deadline for Prestige to respond to the Amended Complaint. Dkt. No. 135. After Prestige agreed to three separate extensions of Plaintiff's time to amend the Complaint to assert claims against Prestige, Plaintiff now seeks to frame Prestige's request as unreasonable despite prior representations that she would extend reciprocal courtesies to Prestige.

This behavior exemplifies Plaintiff's larger pattern of abusive litigation tactics in this matter. Previously, Plaintiff improperly unilaterally scheduled a number of depositions, and despite counsel's notifications in writing and over the phone that counsel and the witness were unavailable, Plaintiff informed of his intent to attend the virtual deposition in what seemed to be an inappropriate attempt to drive up fees. After Prestige's dismissal in this case, Plaintiff sought information irrelevant to the operative claims that this Court had already expressly held to be undiscoverable without informing Prestige's counsel, taking advantage of Prestige's noninvolvement. To obtain more time to seek such discovery, Plaintiff's counsel repeatedly

[1] Defined terms in the moving papers are incorporated herein by reference.

reassured Prestige that any courtesies granted would be reciprocated, which Plaintiff clearly failed to honor, necessitating the present motion.

To date, the parties are still unaware of Prestige's potential defenses to the new claims against it, along with any relevant documentation that may be in Plaintiff's possession relevant to those demands. It is appropriate that Prestige's 12(b)(6) deposition should only be held after the parties have this information so that Prestige does not risk having to appear for multiple potentially duplicative depositions.

Plaintiff also contends that Prestige did not attempt to meet and confer through counsel before filing the Motion. It was Plaintiff's own conduct, however, that made it impossible for Prestige's counsel to meet and confer about the Motion by stating in no uncertain terms that it would only respond to a motion to quash two days before the deadline and refusing to withdraw the subpoena.

Even though Plaintiff's refusal to accommodate a request for an extension of time to comply with the Subpoena is clearly memorialized in the October 31, 2026 emails between counsel, annexed to the Motion as Exhibit H, Plaintiff now dishonestly contends that "[h]ad Prestige simply asked, Plaintiff would have agreed to reschedule the deposition for a date after December 11." Opposition, p. 11. As is memorialized in the email communication thread, Prestige did ask, and Plaintiff explicitly rejected such a request unless Prestige made the present motion. Therefore, Prestige should be awarded costs because Plaintiff necessitated the filing of this otherwise avoidable Motion.

Accordingly, the Subpoena should be quashed until Prestige has an opportunity to answer the Amended Complaint and written discovery is complete, and Prestige should be awarded

attorneys' fees and costs incurred in bringing the Motion, which Plaintiff's conduct made necessary.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF DOES NOT OVERCOME THAT PLAINTIFF'S SUBPOENA TO PRESTIGE SHOULD BE QUASHED

As discussed at length in the Motion, Plaintiff's subpoena to Prestige and its employees is premature given that Plaintiff has not produced any documents to any party to date, and Prestige has not yet had a chance to respond to the Amended Complaint. *LaPolice v. FAM, LLC*, 23 CIV.7091 (DEH), 2024 WL 2133823, *2 (S.D.N.Y. Apr. 2, 2024). Prestige's deadline to respond to the Amended Complaint is now December 11, 2026. Furthermore, Plaintiff does not dispute that she has failed to produce any documents or discovery responses in this matter, nor has she disclosed any responses received to her numerous subpoenas to the other parties.

Plaintiff now claims to have no objection to Prestige's deposition proceeding after Prestige responds to the Amended Complaint, and that "[h]ad Prestige asked, Plaintiff would have agreed to that schedule without motion practice." Opposition, p. 1. This is untrue, as Prestige did ask, and Plaintiff refused. Plaintiff's counsel's October 31, 2026 email refutes that claim. Exhibit H. When Prestige requested a voluntary abeyance of depositions, Plaintiff's counsel refused and offered only to reschedule Prestige's 30(b)(6) deposition to November 4, 2026 to allow Prestige "more time" to file a motion to quash. Exhibit H, p. 4-5. The Opposition admits that its offer to resolve the matter was only to delay the deposition until November 4, 2026, which is far before the date Plaintiff consented to extend Prestige's time to respond to the Amended Complaint. Opposition, p. 9. Thus, contrary to Plaintiff's characterization in the Opposition, Prestige did attempt to resolve this issue without motion practice. It was Plaintiff's counsel that declined and signaled that Plaintiff would engage only if Prestige moved to quash.

Prestige's request to quash its deposition until written discovery is complete is not an attempt to "put off its deposition indefinitely", and Plaintiff's insistence that it is reveals Plaintiff's own dilatory intentions. Opposition, p. 1. Once Prestige has an opportunity to respond to the new allegations in the amended complaint, it will issue discovery demands to seek required information tailored to the new claims in the Amended Complaint, and at that time, Plaintiff will have limited time to respond to these demands. Once she does so, Prestige will produce its 30(b)(6) witness for its party deposition. Plaintiff's entire theory is premature given that Prestige still has significant time to respond to the Amended Complaint, and thus cannot be said to be delaying issuance of its demands for written discovery. Plaintiff's attempt to recast this prong of Prestige's motion as an attempt to delay the deposition until Plaintiff is satisfied with Prestige's discovery responses is a dishonest mischaracterization of the Motion.

Plaintiff seemingly now admits that she was wrong not to agree to Prestige's reasonable request and force this motion, as evidenced by the desperate attempt to misrepresent the Motion to Quash as having completely different arguments. To be clear, contrary to Plaintiff's characterization, the Motion is not a request to quash Prestige's deposition until after a motion to dismiss is decided, and the Motion does not make this argument. Opposition, p. 15. Prestige recognizes that the Court has already identified that it would not be inclined to grant such a stay. Nonetheless, it is appropriate that Prestige should have at least an opportunity to respond to the new claims against it and seek discovery relating to those claims before being compelled to appear for a deposition.

It would be prejudicial for Prestige to appear for a deposition without the benefit of Plaintiff's document production. The parties would crucially lose the ability to collect any information from Prestige's 30(b)(6) representative on the documents in Plaintiff's exclusive

possession, custody, or control. This would likely lead to a need for duplicative depositions of Prestige and potentially its employees, which would be a waste of resources for all parties. Once again, Prestige is not moving for an "indefinite" protective order as Plaintiff attempts to characterize, but a reasonable stay until Prestige can respond to the new claims, issue written discovery demands, and receive a response from Plaintiff. If, at that point, Plaintiff seeks to prolong the written discovery process indefinitely, Prestige will move to compel as appropriate. Given the Court's November 10, 2026 Order vacating the November 9, 2026 discovery deadline, Dkt. No. 140, Plaintiff identifies no logical reason to prematurely rush Prestige's deposition before the parties have the benefit of Prestige's response to the Amended Complaint and Plaintiff's written discovery responses. Plaintiff's attempt to compel the deposition before this point appears to be yet another an end-run seeking to bolster future frivolous litigation against Prestige.

Plaintiff argues that Prestige has not fulfilled the meet and confer requirement identified by the Court in *LaPolice v. FAM, LLC,* 23 CIV.7091 (DEH), 2024 WL 2133823, *2 (S.D.N.Y. Apr. 2, 2024), and therefore that Prestige is not entitled to the relief it seeks. Plaintiff, however, made it impossible for Prestige to meet and confer when her counsel informed that it would only entertain a request to extend time for Prestige to appear for a deposition through a motion to quash two days before Prestige's deadline to move. Exhibit H, p. 4-5.

After Prestige's counsel made their first inquiry regarding an extension of time to respond to the Amended Complaint, Plaintiff responded only by stating that counsel had lined up Prestige's deposition for November 2, despite never having received any agreement from Plaintiff. In response, Prestige's counsel pointed out that Prestige hadn't gotten its demands out on the Amended Complaint, and counsel for Eric H. Kahan and Sperber Kahan Law Group PLLC

(collectively, "Kahan") pointed out that Plaintiff's response "underscore[s] the ridiculousness of Plaintiff's failure to respond to [Kahan's] discovery demands." Exhibit H, p. 8-9.

Prestige's counsel then pointed out that Plaintiff's counsel "previously represented that [he] would accommodate any extension requests in exchange for our grant of three extensions of time to amend the complaint, including on the phone and in the attached email threads as well as during a break at a court appearance." Prestige's counsel also notified Plaintiff that "[w]e are not agreeing to produce our client until paper discovery is completed. We also will not assess whether production is appropriate of the individual employees of our client until party depositions are complete, which will include not only Prestige's 30(b)(6) deposition but also your client's deposition and the deposition of the Kahan defendants, pursuant to the Court's directive on page 25 of the transcript of the most recent hearing. *Id.* at 7.

In response, Plaintiff's counsel stated, "[i]f you want to file a motion to quash to the subpoenas I cannot prevent you from doing that […] If no motion to quash then we will be proceeding as per the subpoenas. *Id.* at 6.

Thus, Plaintiff's actions left Prestige no choice but to file this Motion, which otherwise would have been unnecessary. Plaintiff cannot now attempt to seem reasonable by misrepresenting that Prestige could have avoided this Motion by meeting and conferring with counsel in direct contradiction of Plaintiff's explicit statements. Instead, Prestige should be awarded the costs for having to file this Motion.

Furthermore, contrary to Plaintiff's characterization, Prestige has not changed its position that Plaintiff's deposition can be held after the previously noticed 30(b)(6) depositions of defendants, as agreed in the May 12, 2026 joint letter. Dkt. No. 81 at 2 ¶ B.6. As this Court has already held, however, it is appropriate for these 30(b)(6) depositions *and* Plaintiff's deposition as

a party to this action to be held before the depositions of non-parties, including Prestige's individual employees. **Exhibit "B",** p. 24:24-25:1. Therefore, Prestige's request that Plaintiff be required to confer in good faith regarding any outstanding discovery that needs to be sought from additional witnesses, if any, to avoid duplicative efforts and unnecessary fees, is in compliance with the Court's statements at the June 17, 2026 hearing and not an attempt by Prestige to renege on its prior agreements with Plaintiff. To the contrary, it is Plaintiff who attempts to contravene the orders of the Court by insisting that depositions proceed in an order arbitrarily and unilaterally decided by Plaintiff which would have had nonparty witness depositions conducted before the deposition of Plaintiff and other parties.

Plaintiff continues in bad faith to mischaracterize Prestige's statements and seek premature and potentially duplicative testimony from Prestige, contrary to the interests of efficiency. The Court should not entertain such practices.

Accordingly, the Subpoena must be quashed until Prestige has an opportunity to answer the Amended Complaint and written discovery is complete.

## CONCLUSION

Accordingly, Prestige respectfully requests that the Court grant the instant motion (1) quashing the Subpoena until Prestige has an opportunity to answer the Amended Complaint and written discovery is complete, and (2) awarding Prestige attorneys' fees and costs incurred in bringing this motion, which Plaintiff's conduct made necessary.

Dated: New York, New York
November 18, 2026

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

By: /s/ *Rachel Aghassi*

Rachel Aghassi, Esq.
Sarah M. Igarashi, Esq.
*Attorneys for* PRESTIGE MANAGEMENT, INC.
88 Pine St. 32nd Floor
New York, New York 10005
Tel.: (212) 867-4100
FKB File No.: 314.064